IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HAROLD R. FEEZLE<br>50263 State Route 14<br>East Palestine, Ohio 44413<br><br>And<br><br>SUSAN E. SCHEUFELE<br>298 East Clark Street<br>East Palestine, Ohio 44413<br><br>And<br><br>DAVID J. SCHEUFELE<br>298 East Clark Street<br>East Palestine, Ohio 44413<br><br>On Behalf of Themselves and<br>All Others Similarly Situated<br><br>    Plaintiffs<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY CO.<br>c/o Statutory Agent<br>Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221<br><br>And<br><br>NORFOLK SOUTHERN CORP.<br>650 w. Peachtree Street NW<br>Atlanta, GA 30308<br><br>    Defendants. | Case No.:<br><br>Judge: |

**COMPLAINT**
**JURY DEMAND ENDORSED HEREON**

Representative Plaintiffs, by and through their counsel, for their Complaint against the Defendants herein, state and allege the following:

**NATURE OF ACTION, JURISDICTION, AND VENUE**

1. This is a class action on behalf of the Representative Plaintiffs and other persons adversely affected by a train derailment and chemical spill (vinyl chloride) which occurred on February 3, 2023, in or near East Palestine, Ohio ("the Site"), which was proximately caused by the negligence of Defendant, Norfolk Southern Railway Company ("NSR") and/or Defendant, Norfolk Southern Corporation ("NS") ("the Incident").

2. The negligence causing the derailment and chemical spill necessitated immediate evacuation of all homes and businesses in an approximate one-to-two-mile radius of the Site. Representative Plaintiffs and the Putative Class Members were forced to evacuate and be involuntarily displaced from their homes and businesses.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) in that this is a class action, as defined in 28 U.S.C. §1332(d)(1)(B), in which the matter in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs. Additionally, this Court has jurisdiction because there is diversity of citizenship between the Representative Plaintiffs and the Defendant.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the Incident occurred in the Northern District of Ohio, the Representative Plaintiffs (as well as a substantial number of the members of the Putative Class they seek to represent) reside in the Northern District of Ohio, damages to the Putative Class occurred within the Northern District of Ohio, and

a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Ohio.

**PARTIES**

5. The following Representative Plaintiffs are residents of Columbiana County, Ohio who resided and/or owned real property in the vicinity of the Incident (within a two mile radius from the Site), or were present in or about the vicinity of the Site and are representatives of the Putative Class they seek to represent.

6. Harold R. Feezle is an individual owning a business located at 50263 State Route 14, East Palestine, Ohio 44413.  Said business was located within the area required to evacuate as a result of the train derailment that is the subject of this case.  Mr. Feezle was forced to close his business during the time of the forced evacuation and suffered damages therefrom.

7. Susan E. Scheufele is an individual residing at 298 East Clark Street, East Palestine, Ohio 44413.  As a result of the train derailment that is the subject of this case, Ms. Scheufele was forced to evacuate her residence and suffered damages therefrom.

8. David J. Scheufele is an individual residing at 298 East Clark Street, East Palestine, Ohio 44413.  As a result of the train derailment that is the subject of this case, Mr. Scheufele was forced to evacuate his residence and suffered damages therefrom.  Mr. Scheufele also suffered injuries as a direct and proximate result of his exposure to the toxic chemicals and fumes emanating from the accident site.

9. The Representative Plaintiffs and the members of the Putative Class, as a result of the Incident, were among the hundreds of persons who were adversely exposed to, among other

things, toxic chemicals, fumes, and carcinogens and were ordered to be evacuated from their residences and businesses as a result of Defendants' train derailment and resulting chemical spill.

10. Defendant NSR is a Class I railroad organized and existing under the laws of Virginia with its principal place of business in Norfolk, Virginia. NSR is a wholly owned subsidiary of Defendant NS. NS is organized and existing under the laws of Virginia, with its principal place of business in Atlanta, Georgia. NS is a publicly traded corporation.

11. NSR operates approximately 19,300 route miles in 22 states and the District of Columbia, and serves every major container port in the eastern United States.

**RELEVANT FACTUAL ALLEGATIONS**

12. On February 3, 2023 at approximately 9:00 p.m., a train operated by NSR traveling from Illinois to Pennsylvania derailed. Approximately 100 cars derailed, including about 10 to 20 cars carrying hazardous materials, including vinyl chloride. The hazardous chemicals ignited, and the resulting fire is still burning.

13. Vinyl chloride is a toxic chemical that is unstable and could explode. A 5-minute exposure to airborne concentrations of vinyl chloride at 8,000 ppm can cause dizziness. As airborne levels increase to 20,000 ppm, effects can include drowsiness, loss of coordination, visual and auditory abnormalities, disorientation, nausea, headache, and burning or tingling of the extremities. Exposure to higher concentrations of vinyl chloride can cause death due to central nervous system and respiratory depression. Vinyl chloride exposure is also associated with an increased risk of a rare form of liver cancer (hepatic angiosarcoma), as well as primary liver cancer (hepatocellular carcinoma), brain and lung cancers, lymphoma, and leukemia.

14. Upon information and belief, the derailment and subsequent chemical spill was caused by the negligence of Defendants in the operation of the subject train, defects in NSR's track system, and/or defects in one or more of the cars.

15. All residents and businesses within a one to two mile radius of the Site were forced to evacuate as a result of the Incident.

16. Representative Plaintiffs were adversely affected by the Incident, in that they were exposed to the toxic substances, toxic fumes, and carcinogens from the resulting chemical spill, were forced to evacuate from their residences and/or businesses, and/or were prevented from returning to their residences and/or businesses at or after the time of the chemical spill. Business owners in the affected area were unable to operate during the time of the evacuation.

## CLASS ACTION ALLEGATIONS

17. Pursuant to Federal Rule of Civil Procedure 23, the Representative Plaintiffs bring this action on behalf of themselves, and all other members of the Putative Classes defined as follows:

(a) All individuals and/or legal entities who on or about February 3, 2023, owned, rented, and/or resided within the real property around East Palestine, Ohio and surrounding areas in which everyone was forced by police authority to evacuate their homes due to the chemical spill at the site of the subject derailment (hereinafter the "Class Area");

(b) All persons, firms, or entities who operated a business within the Class Area; and,

(c) All persons who suffered physical injuries as a result of the chemical spill, a subclass for which Plaintiffs move for certification under Rule 23(c)(4) only regarding Defendants' conduct.

18. This action satisfies the numerosity, commonality, typicality, and adequacy requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure.

19. The Putative Classes are so numerous that the individual joinder of all its members is impracticable. While the exact number and identification of the Putative Class members are unknown to Representative Plaintiffs at this time and can only be ascertained through appropriate discovery and notice, Representative Plaintiffs are informed and believe that the Putative Class includes at least hundreds of individuals and/or businesses and/or legal entities.

20. Common questions of fact and law exist as to all members of the Putative Class and predominate over any questions affecting only individual Class Members. The common legal and factual questions do not vary from member to member and may be determined without reference to the individual circumstances of any Class Member, including, but not limited to, the following:

(a) Whether Defendants were negligent;

(b) Whether Defendants created a nuisance;

(c) Whether Defendants engaged in abnormally dangerous activity, rendering it strictly liable for any resulting damages;

(d) Whether Defendants trespassed on property of the Representative Plaintiffs and other members of the Putative Class;

(e) Whether the Representative Plaintiffs and other members of the Putative Class were injured by Defendants' conduct; and

(f) Whether Defendants acted with conscious disregard for the rights and safety of other persons causing substantial harm, rendering it liable for punitive or exemplary damages.

21. The above common questions predominate over any questions affecting only individual members of the Putative Class.

22. The Representative Plaintiffs' claims are typical of the claims of the other members of the Putative Class. The Representative Plaintiffs, like all other Putative Class members, resided, rented, and/or owned real property within the Class Area and were required to evacuate their homes. Their claims arise from the same event or course of conduct giving rise to the claims of all members of the Putative Class.

23. The Representative Plaintiffs will fairly and adequately protect the interests of the Putative Class. The Representative Plaintiffs' interests are not antagonistic, but rather identical, to the interests of all members of the Putative Class. The Representative Plaintiffs' counsel have broad experience in handling litigation of this type and are fully qualified to prosecute the claims of the class. The Representative Plaintiffs' counsel has successfully litigated multiple class actions on behalf of claimants, resulting in awards to those claimants of substantial sums. Representative Plaintiffs' counsel are competent and experienced in personal injury, property damage litigation, litigation relating to the loss of use of property, nuisance, and are experts in railroad law matters that will be crucial to prosecuting claims against the instant Defendants.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Adjudication of class members' claims would otherwise require hundreds of individual suits with concomitant duplications of costs, attorney fees, and demand upon court resources. If individual Class members were required to pursue their claims through separate, individual suits, the potential for recovery would be outweighed by the high cost of

investigation, discovery, and expert testimony on the sophisticated scientific and technical issues relating to the liability of Defendants and the appropriate relief.

### FIRST CLAIM FOR RELIEF – NEGLIGENCE

25. Representative Plaintiffs incorporate the allegations contained in Paragraphs 1 through 24 as if fully rewritten herein.

26. Defendants knew or should have known that its activities would present an unreasonable risk of harm to residents and property owners in the vicinity of the subject incident unless reasonable care was exercised to prevent such harm.

27. Defendants had a duty to exercise reasonable care to protect all members of the Putative Class and their properties and businesses.

28. Defendants failed to exercise reasonable care to protect all members of the Putative Class and their properties. Defendants' negligence includes, but is not limited to, failing to maintain and inspect its tracks; failing to maintain and inspect its rail cars; failing to provide appropriate instruction and training to its employees; failing to provide sufficient employees to safely and reasonably operate its trains; and failing to reasonably warn the general public.

29. As a direct and proximate result of Defendants' negligence, all members of the Putative Class sustained injury and damage.

30. In carryout out such conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, Defendants are liable for exemplary and punitive damages.

### SECOND CLAIM FOR RELIEF – NUISANCE

31. Representative Plaintiffs incorporate the allegations contained in Paragraphs 1 through 30 as if fully rewritten herein.

32. The conduct of Defendants alleged herein created a substantial and unreasonable interference with Representative Plaintiffs' and all members of the Putative Class' use and enjoyment of their homes, property, and businesses, as well as a substantial and unreasonable threat to all members of the Putative Class' health and safety. Such conduct by Defendants constitutes a private nuisance.

33. As a direct and proximate result of Defendants' creation of a nuisance, all members of the Putative Class sustained injury and damage.

34. In carrying out such negligent conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, Defendants are liable for exemplary and punitive damages.

**THIRD CLAIM FOR RELIEF – STRICT LIABILITY**

35. Representative Plaintiffs incorporate the allegations contained in Paragraphs 1 through 34 as if fully rewritten herein.

36. In carrying out the conduct alleged herein, Defendants engaged in abnormally dangerous activity in violation of federal, state, and/or local laws and/or regulations rendering it strictly liable for any resulting damages.

37. As a direct and proximate result of Defendants' abnormally dangerous activity, all members of the Putative Class sustained injury and damage.

38. In carrying out such conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, CSXT is liable for exemplary and punitive damages.

### FOURTH CLAIM FOR RELIEF – TRESPASS

38. Representative Plaintiffs incorporate the allegations contained in Paragraphs 1 through 37 as if fully rewritten herein.

39. Defendants caused or permitted noxious fumes, chemicals, carcinogens, odors, and hazardous substances to invade the property of each and every member of the Putative Class. Such invasions constituted trespass.

40. Members of the Putative Class did not authorize or consent to such invasions of their properties.

41. As a direct and proximate result of Defendants' trespass, members of the Putative Class sustained injury and damage.

42. In carrying out such conduct, Defendants acted in violation of law and in conscious disregard for the rights and safety of other persons that had a great probability of causing substantial harm. Therefore, CSXT is liable for exemplary and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiffs on behalf of themselves and all members of the Putative Class pray for judgment against Defendants as follows:

1. For an Order certifying this action and/or common issues raised herein as a Class Action under the appropriate provisions of the Federal Rules of Civil Procedure 23(a), 23(b), and

23(c), designating Class Representatives; and appointing the undersigned to serve as Class counsel;

2. For notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriate under Federal Rule of Civil Procedure 23(d)(2);

3. For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the release of vinyl chloride in the Class Area on February 3, 2023 and thereafter;

4. For an order barring Defendants from removing any property from the derailment Site which will be useful to the Representative Plaintiffs or their experts in determining the cause of the derailment and chemical spill;

5. For an order barring Defendants from destroying or removing any computer or similar records which recorded events regarding the train that derailed for the seventy-two (72) hour period immediately preceding the February 3, 2023, incident;

6. For an order barring Defendants from attempting, on its own or through its agents, to induce any Putative Class member to sign any document which in any way releases any of the claims of any Putative Class member;

7. For an order directing Defendants to abate the nuisance and the risks from the releases of toxic substances, toxic fumes, and carcinogens, and such other orders as may be necessary or appropriate directing Defendants to take all reasonable and sufficient steps to correct the potentially hazardous conditions now existing;

8. For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

9. For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

10. For interest on the above as allowed by law;

11. For an award of attorneys' fees and costs; and

12. For such other and further relief as is warranted in the interest of justice.

Respectfully submitted,

*/s/ Andrew J. Thompson*
Neal E. Shapero (0009426)
Andrew J. Thompson (0071530)
SHAPERO | ROLOFF CO., LPA
1111 Superior Ave. East, Suite 1310
Cleveland, Ohio 44114
T: (216) 781-1700
F: (216) 781-1972
nshapero@shaperoroloff.com
athompson@shaperoroloff.com

and

Nicholas T. Amato (0041277)
Amato Law Office, LPA
420 Broadway Ave.
Wellsville, Ohio 43968
T: (330) 532-9500
F: (330) 532-4044
amato.lawyer@gmail.com
**Attorneys for the Plaintiffs**

JURY DEMAND

Plaintiff hereby requests a trial by jury in the manner specified by law.

*/s/ Andrew J. Thompson*
Andrew J. Thompson, Esq.