Approved as amended.
*/s/ Benita Y. Pearson* on 5/12/2023
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, YOUNGSTOWN

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT<br><br>Steven McKay, Susan Scheufele, Kayla Baker, Neely Jack, Dawn Baughman, David Anderson, James Ross, Jon Luke Affeltranger, Rosemary Mozuch, Charles Mozuch, Gregory Swan, Lance Beck, Clarissa Cohan, Rollerena Auto Sales LLC, Harold Feezle, DalQan Holdings, LLC, Valley View MPH LLC, Competition & Luxury Vehicle Club of Darlington, LLC,<br><br>Individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>Norfolk Southern Corporation and Norfolk Southern Railway Company,<br><br>        Defendants. | CASE NO.: 4:23-cv-00242<br><br>JUDGE BENITA Y. PEARSON |

PROCEDURAL CASE MANAGEMENT ORDER NO. 1:
ESTABLISHING CLASS/COMMON BENEFIT FEE AND EXPENSE FUND AND
GUIDELINES RELATED THERETO
[Resolving ECF No. 32]

SCOPE OF ORDER

On April 5, 2023, this Court appointed attorneys Seth Katz, Elizabeth Graham and Jayne Conroy as Interim Class Counsel and Co-Lead Counsel in this case, and appointed attorney Michael Morgan as Co-Lead as well. This Court also appointed Plaintiffs' Liaison Counsel, Plaintiffs' Executive Committee, and Plaintiffs' Steering Committee members (collectively referred to herein as the PSC) to allow this action to proceed in a streamlined and manageable

1

fashion. On May 4, 2023, counsel filed the Consolidated Class Complaint on behalf of all classes of plaintiffs as described therein. This Order is entered to provide for the fair and equitable sharing among all plaintiffs, whether named as litigants or absent class members, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the Common Benefit of all plaintiffs in this complex litigation.

1. **Application of this Order**

As of this date, the Consolidated Class Action Complaint encompasses all claims on behalf of the putative class, excepting any claims for wrongful death or bodily physical injury. There is at least one claim for bodily physical/personal injury that has been filed and it is likely more will be filed in the future. Individual cases and the Consolidated Class Action collectively are referred to as the "*In Re: East Palestine Train Derailment*" litigation.

This Order applies to the court appointed PSC members and their firms, the Consolidated Cases themselves, as well as to any case later filed in, transferred to, or removed to this Court and treated as part of the *In Re: East Palestine Train Derailment* litigation. This Order further applies to all cases whether filed or not (including cases filed in a different court) in which each attorney who represents a plaintiff in the *In Re: East Palestine Train Derailment* litigation has a fee interest.

This Order shall also apply to any private lien holder who obtains reimbursement from any plaintiff whose case is subject to this Order, because that lien holder is benefiting from the Common Benefit work performed by PSC members. Such entities shall be subject to this Case Management Order, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court. Private lien holders' counsel shall not be eligible to make a claim to receive any distribution from any Class Action Fee, and/or any Common Benefit Fee Fund.

2. **Capital Contributions**

In order to fund the costs of the litigation as it moves forward, Plaintiffs' Co-Leads Committee have sought capital contributions from members of the Plaintiffs' Court-Appointed

PSC on an "as needed" basis, and may continue to do so without further order of this Court. Such contributions have been and will continue to be deposited into a "In Re East Palestine Derailment Capital Account" (hereinafter sometimes referred to as "Account") and the contributions will be considered held costs, that is, costs that will be carried by each law firm until resolution.

Failure of any PSC or Plaintiffs' Executive Committee (referred to herein as the PEC) member to contribute to the Account as requested by Leadership shall result in his/her/their removal from the PSC/PEC upon thirty days' notice by Leadership, without further motion to the Court.

3. **Shared and Held Costs**

    a. **Shared Costs**

    "Shared Costs" are costs incurred for the Common Benefit of the litigation. Shared Costs are costs that will be paid out of the Account established by Leadership and funded by periodic capital contributions as described above. Shared Costs eligible for reimbursement will include but will not be limited to: expert witness fees, conference costs, maintaining the virtual document depository, vendor bills, and other such items necessary for the day-to-day running of the litigation. All Shared Costs must be approved by Leadership prior to payment and shall be paid timely as they are incurred.

    b. **Held Costs**

    "Held Costs" are those that will be carried by each law firm. Held costs can also include reasonable, unreimbursed and authorized Shared Costs. Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs, in general.

    Examples of Held Costs include, but are not limited to, the expenses associated with: airfare; lodging and meals at depositions; ancillary costs attendant to meetings with expert witnesses; and costs attendant to participating in Court hearings for Common Benefit work. All expenses of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualified to be submitted for consideration by Leadership and the Court for future reimbursement. No specific client related costs shall be

considered as Held Costs, unless the case is determined by Plaintiffs' Co-Lead Counsel to be a Common Benefit cost.

4. **Authorization and Submission**

The Co-Leads have adopted guidelines for authorizing and submitting expenses incurred on behalf of the class, for the Common Benefit of all members. Those guidelines are attached hereto as Exhibit A.

5. **Reporting to the Court**

The Co-Leads have appointed Liaison Counsel, Attorney Michelle Kranz of Zoll & Kranz, LLC as counsel responsible for record keeping related to time and expenses. It is contemplated that such time spent and expenses incurred on behalf of the *In Re: East Palestine Train Derailment* litigation will be submitted to the Court upon resolution of the case(s) pursuant to the Sixth Circuit's guidelines for such fee petitions. Accordingly, Attorney Kranz shall provide periodic time and expense reports to the Court, approximately quarterly.

Date:  May 12, 2023

Respectfully submitted,

 /s/ *Seth A. Katz*
Seth A. Katz (pro hac vice)
BURG SIMPSON ELDREDGE HERSH
& JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
303-708-0527 (fax)
skatz@burgsimpson.com

M. Elizabeth Graham (pro hac vice)
GRANT & EISENHOFER, P.A.
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
303-622-7000
303-622-7100 (fax)

        egraham@gelaw.com

        Jayne Conroy (pro hac vice)
        SIMMONS HANLY CONROY
        112 Madison Avenue, 7th Floor
        New York, NY 10016
        212-784-6400
        212-213-5949 (fax)
        jconroy@simmonsfirm.com

        Michael Morgan*
        MORGAN & MORGAN
        20 North Orange Ave., Suite 1600
        Orlando, FL 32801
        407-420-1414
        407-245-3389 (fax)
        mmorgan@forthepeople.com

        *Plaintiffs Interim Class Counsel and Co-Lead Counsel*

*pro hac vice pending or forthcoming

Certificate of Service

    I hereby certify that on May 12, 2023 a copy of foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

        / s/ *Seth A. Katz*
        Seth A. Katz

Exhibit A

MEMORANDUM

**To:** *In re East Palestine Train Derailment* **Plaintiffs' Executive Committee, Steering Committee, Community Liaison Counsel, And All Committee Members**

**From:** **Plaintiffs' Interim Class Counsel & Co-Lead Counsel** – Seth A. Katz, M. Elizabeth Graham, Jayne Conroy, Michael Morgan

**Date:** May 9, 2023

**Re:** Time & Expense Billing Guidelines Class &/or Common Benefit

This memo will explain the billing guidelines for time and expenses that have been established by Interim Class Counsel and Co-Lead Counsel in the *In re: East Palestine Train Derailment* litigation. These guidelines will be incorporated in [Proposed] Case Management Order No. 1 Governing Class Attorneys' Fees and Costs and/or Common Benefit Attorneys' Fees and Costs.

Pending the resolution of this litigation, we anticipate that time expended for the class or Common Benefit will be compensated via a class action fee application and/or a Common Benefit fees and expenses application from the assessment of individual cases. Class Counsel and Co-lead Counsel shall submit on behalf of all attorneys who are authorized to bill time and incur expenses in this litigation consistent with the law in the Sixth Circuit. These guidelines are critical to a successful application for payment of class and/or Common Benefit fees and expenses to you and your firm.

It is important that you take the time to both read this Memo and provide it to (1) others in your office who may be submitting time and expenses to be considered for either a class fee or Common Benefit submission, and (2) those will be doing the data entry and the uploading of your time and expenses.

In addition to following these guidelines, you must sign the Acknowledgement & Acceptance of this memorandum, attached hereto, in order to bill for class and/or Common Benefit work.

Plaintiffs' Liaison Counsel, Michelle Kranz, has agreed that Christy Reaster at Zoll & Kranz LLC shall collect, review and keep record of all time and expenses submitted by attorneys

1

in this litigation. From time to time, Ms. Reaster and Zoll & Kranz may employ the services of an outside CPA to assist in audits of time and expenses.

Time and expense submissions are to be made on the **31st of each month**, or the last business day of the month, with the first submission scheduled for **May 31, 2023**. Each submission must contain all time and expenses incurred two months pre-dating the month of the submission (*i.e.,* the May 31, 2023 submission must include all time and expenses incurred during the month of March; the June, 2023 submission must include all time and expenses incurred during the month of April, and so on). Time and or expenses incurred but not submitted during the required reporting period will not be considered for inclusion in any fee or cost application, absent contemporaneous approval of late submissions by the Co-Leads. In no event shall time submitted more than six months after the deadline be approved. All time and expense submissions should be accompanied by contemporaneous records, following the guidelines discussed more fully, below. Untimely submissions will be rejected.

While your March time must be submitted by May 31, 2023, the Co-Leads are permitting all billing for class/Common Benefit work prior to March 2023 to be uploaded by **May 31, 2023** as well. In other words, any class/Common Benefit time and expenses you have that pre-date March 31, 2023 must be entered on your firm's Excel spreadsheet, with supporting document for expenses, and uploaded to the portal designated by Zoll & Kranz.

*Only time and costs incurred for the benefit of all plaintiffs will be accepted. Any other time and costs should not be submitted. Costs incurred for your law firm's marketing and case acquisition, including travel to E. Palestine or surrounding areas for the purpose of case acquisition or community meetings, are not for the benefit of all plaintiffs and should not be submitted*.

I. <u>Preliminary Guidelines for Common Benefit Time Submissions</u>

    a. Time that Qualifies as Common Benefit

<u>Counsel shall be eligible for reimbursement for time and efforts expended for class and/or Common Benefit work if said time and efforts are: (a) for the common and/or class benefit; (b)</u>

2

appropriately authorized by Co-Leadership; (c) timely submitted; and (d) verified by a partner or shareholder in the submitting firm.

Co- Leadership asks that you not assign a billing rate or amount to your time at this time. Co-Leads intend to categorize each billing member by his/her/their level of experience (e.g., senior partner, junior partner, senior associate, junior associate, paralegal, etc.) and assigned rates based upon this categorization, as well as consideration of the tasks performed, at the end of the litigation should there be fee and expense distributions.

The below list outlines examples of activities that preliminary qualify as Common Benefit Time:

1. **Pleadings and Briefs:** Factual and legal research and preparation of pleadings and motions – for example, opposition to motions to dismiss, for class certification, *Daubert,* and summary judgment – will be deemed compensable. Although several attorneys may work on a brief, expert reports, and/or other complex filings, they should only do so based on a specific assignment from Law & Briefing Chairs, approved by Class and Co-Lead Counsel. Mere review of other attorneys' work without being specifically asked to work on an assignment will not be compensable.

2. **Depositions:** Appearance at depositions should occur only based on a specific assignment from Discovery Chairs, approved by Class and Co-Lead Counsel. Overstaffing deposition with attorneys that are not primarily responsible for taking or defending the deposition is not permitted. Although there is no hard and fast rule about how many attorneys are needed to prepare and take a deposition, the number of attorneys who attend should be commensurate with the difficulty and importance of the deposition and will be decided by Class and Co-Lead Counsel. Unnecessary attendance by counsel shall not be compensated in any fee application pursuant to Rule 23 or hereunder.

3. **Periodic Status Conferences:** The Court may hold periodic status conferences in person and/or via Zoom, to ensure that the case moves forward efficiently and that legal issues are resolved with guidance from or through formal rulings by the Court. Individual attorneys are

free to attend any status conference held in open court to stay up-to-date on the status of the litigation; but except for Class and Co-Lead Counsel, Liaison Counsel, members of the Executive Committee and members of the Plaintiff's Steering Committee, attending and listening to such conferences is not compensable unless specifically authorized by one or more Class and Co-Lead Counsel.

4. **Emails and Correspondence:** Emails are another area where only those attorneys essential to the issue which is the subject of the email may be compensated for their time in reviewing an email. Emails often go to more than those who are working on a particular matter, and time spent reviewing emails on which the attorney is not the writer nor the recipient will be minimally valued or may be disapproved. Unless working on a specific assignment that requires your firm's internal communications, we discourage billing for intra law firm emails. Similarly, internal law firm meetings to discuss the status of the case are not considered as being held for the benefit of all plaintiffs and should not be submitted as part of your firm's reportable time.

5. **Review of Court Filings and Orders:** Counsel has a duty to keep themselves advised of the progress of the case; however, an attorney who chooses to review pleadings and attend court hearings, even though not assigned responsibility for the matters being briefed or heard, are hereby advised that their time spent on such matters may not be compensable.

6. **Document Review**: Please make sure that any general document review assignment describes the specific custodial file/assignment. Identifying bates stamp range is useful. Document review approved by Class and Co-Lead Counsel and assigned by Class Counsel, Co-lead Counsel or Committee Co-Chairs and should be submitted as part of your firm's reportable time.  Please do not assign senior attorneys to first level document review; it is likely that document review will be assigned a standard rate for this work, irrespective of who is performing such.

7. **Conference Calls and Meetings**: When participating in conference calls indicate as such and the nature of the call (e.g., Participate in telephone conference call re expert witness

4

assignments). When attending a conference *in person*, indicate physical attendance (e.g., Attended in person meeting re expert witness assignments).

        8.       **Travel:** It is important to include in the description information about the To/From/Purpose of your travel. (e.g., Travel from New York to Youngstown to attend monthly court status conference; return trip travel from Youngstown to New York following monthly court status conference). See Costs section below for compensable travel cost information.

        9.       **Expert Preparation**: Identify the name of the expert with whom you are working, his/her/their general role, what work is being performed etc.

    **b.** Time that Does NOT Qualify as Common Benefit

The below list outlines examples of activities that do NOT qualify as Common Benefit Time:

1. Any entry that was not properly authorized by Class and/or Co-Lead Counsel.
2. Any time entry in which the hours of service were not properly submitted or coded in accordance with this memorandum.
3. Any time entry that does not benefit the Putative Class(es) or Common Benefit of the litigation.
4. Any time entry that does not meet the requirements of this memorandum.
5. Any time entry that is not described in sufficient detail to determine the nature and purpose of the service involved. Examples: Reviewing emails, general review of documents without explanation, reviewing court records, phone call with no description of with who or an explanation of what was discussed, review correspondence, internal administration.
6. Excessive and/or unnecessary time entries expended to "review" pleadings, emails, correspondence and similar items.
7. Any submission of time in which the amount of "review" time is excessive individually or as a whole when judged in reference to the role of the timekeeper or which did not substantially benefit the Putative Class(es).

8. Any submission of time that is excessive on its face when considered as a whole in light of the role(s) that the timekeeper(s) had in this litigation, or which did not substantially benefit the common litigating interests.

9. Excessive and/or unnecessary time for "monitoring" or review of Electronic Court Filings ("ECF").

10. Excessive and/or unnecessary items of time for "monitoring" the proceedings of the litigating, coordinated or individual cases by attending hearings, status conferences, or meetings.

11. Any time not reasonably necessary and not part of a bona fide effort to advance the interests of the common litigating interests. Any time in which more than one timekeeper within one firm reviewed a single document, email, deposition or pleading without an independent reason clearly explained by the firm as to why review by more than one timekeeper was necessary and beneficial to the common litigation.

12. Any time within one firm for the purpose of monitoring or reviewing the work of a timekeeper for that firm's internal purposes.

13. Any time related to preparing, amending, or correcting time and expense reports for submission, including preparing audit responses, pursuant to any prior Common Benefit order or this Order.

14. Any time for non-substantive non-class or Common Benefit administrative or clerical work such as a firm's internal filing, docketing, scheduling meetings, making travel arrangements, or general printing and copying unless for a specific Common Benefit task (i.e., expert reports).

15. Any time for traveling to or attending an AAJ, MTMP, Harris Martin or other type of similar convention or conference. Attendance at a meeting during a convention or conference called by Class Counsel or Co-Lead Counsel is compensable, but not the travel time or costs attendant to getting or staying at the

        convention or conference. Attending and/or presenting at Norfolk Southern Derailment webinars and/or Litigation Group meetings are similarly not compensable as Common Benefit time.

16. Any time spent at PSC dinners or meals held before court hearings is not compensable as Common Benefit time unless it is designated a working meeting by Co-Leads.

**Important Notes Regarding Time Entries that Do Not Qualify:**

Unless working on specifically authorized assignments as outlined herein, there is a presumption that no more than two members of your firm should ever bill for work on a single task. This includes participation in meetings, conferences, Zoom meetings, calls and Court appearances. If multiple members of your firm are on calls, etc., their time may be excluded unless they each are necessary to the project at hand.

From our experience auditing billing entries, we have identified certain repeated problems that we want to flag for you and your billing staff. We hope these comments will aid you in creating billing entries that will pass through the audit process. The billing policy as set forth herein is to only allow billing for only tasks that benefit the putative classes or Common Benefit of the litigation, and we are taking a strict view of that for this litigation, given the Judge's comments in particular. Simply, we are not permitting billing for generalized reading of pleadings, routine emails, or other matters that are part of just keeping up with the litigation. We are instituting this policy so that we will not be in a situation where all lawyers in the litigation bill for the same task, e.g., reading the same pleadings. The same goes for when emails are sent by Class Counsel and Co-Lead Counsel or the Co-Chairs of the various committees, we are not permitting every lawyer to bill for reading emails because as counsel in the case you have an obligation to your clients to keep up-to-date on the case and reading these kinds of pleadings and emails is necessary for fulfilling that duty.

II. <u>Preliminary Guidelines for Expense Submissions:</u>

    a. Travel is a held cost; it will be compensated based upon the following guidelines: **Only Refundable coach fare (or equivalent) is authorized and will be considered for reimbursement within 1000 miles; non-refundable business in excess of 1000 miles.**

Hotels on par with a Marriott/Hilton/Westin/Hyatt non-luxury line.

Private air fare will not be compensated, but if you can submit the comparable non-refundable coach fare for that day, you may submit that in lieu of private air expenses.

    b. **Receipts must accompany any expenses for which you seek reimbursement.**

    c. **Any costs that are reimbursable from the Capital Account (e.g. experts, deposition costs etc.) must be detailed and dated, and preapproved by leadership.**

## ACKNOWLEDGEMENT & ACCEPTANCE

On behalf of myself and my law firm, I acknowledge and accept the **Time & Expense Billing Guidelines – Class &/or Common Benefit as set forth in the Memorandum provided by leadership in *In re East Palestine Train Derailment*** cases, dated May 9, 2023.  I understand that failure to adhere to the guidelines as set forth may mean that my time and expenses will not be compensated or reimbursed.

Date: _____                              _____
                                                                [Please Sign & Print Name]