IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) ) | CASE NO. 4:23-cv-00242-BYP <br><br> JUDGE BENITA Y. PEARSON |

### **PROTECTIVE ORDER**

It is ORDERED:

1. **Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom) (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.  As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.**  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL

1

ATTORNEYS' EYES ONLY" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY designation. Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or CONFIDENTIAL ATTORNEYS' EYES ONLY, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4. **Documents Which May be Designated CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**. Any party may designate documents as CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY. Such designations may be made either (a) at the time the testimony is given, or (b) within thirty (30) business days following receipt of a transcript by written notice to the court reporter, with a copy of the notice to counsel for each Party to the Action of the specific pages and lines of the transcript that contain material that is

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY. All deposition transcripts shall be treated as CONFIDENTIAL in their entirety until thirty (30) business days following receipt of the transcript unless receipt of confidentiality designations is received earlier. After designation, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY, pending the resolution of any objection, under the terms of this Order.

6. **Protection of Confidential and Confidential Attorneys' Eyes Only Material.**

(a) **General Protections.** Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) or 6(c), as applicable, for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

(b) **Limited Disclosures for Confidential Documents.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER (all such persons, including parties, shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound):

4

(1) **Counsel.** Outside counsel for the parties and employees and agents of outside counsel who have responsibility for the preparation and trial of the action;

(2) **Parties.** Parties and employees of a party to this Order who are directly and actively involved in assisting with the prosecution or defense of this Action.

(3) **Court, Court Reporters and Recorders.** The Court, court reporters, videographers, stenographers, and court personnel, as are necessarily incident to depositions, hearings, or trial;

(4) **Consultants, Investigators and Experts.** Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5) **Litigation Support Personnel.** Outside photocopying, graphic production services, eDiscovery service providers, or litigation support services employed by the Parties' counsel to assist in this Action, and computer service personnel performing duties in relation to a computerized litigation system;

(6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as

may be agreed or ordered.

(c) **Limited Disclosures for Confidential Attorneys' Eyes Only Documents.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents to any person or entity except those set forth in sections 6(b)(1) and 6(b)(3)-(5), above.

(d) **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(e) **Security**.  Any person in possession of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information, protect against any reasonably anticipated threats or hazards to the security of such information, and protect against unauthorized access to such information.  To the extent a party or person does not have an information security program, they may comply with this provision by having the "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" managed by and/or stored with eDiscovery vendors or

claims administrators that maintain such an information security program. If a receiving party or authorized recipient discovers any loss of "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information or a breach of security, including any potential or suspected unauthorized access, relating to another party's confidential information, the receiving party or authorized recipient shall: (1) immediately provide written notice to the producing or designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the producing or designating party with assurances reasonably satisfactory to the producing or designating party that such breach shall not recur; and (3) provide sufficient information about the breach that the producing or designating party can reasonably ascertain the size and scope of the breach. The receiving party or authorized recipient shall cooperate with the producing or designating party or law enforcement in investigating any such security incident. In any event, the receiving party or authorized recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

(f) **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" if such legend does not already appear on the copy. With respect to electronic copies of documents produced in native format, this requirement may

be satisfied by including "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" in the file name of the documents. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(g) **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall be governed consistent with how inadvertently produced privileged documents are treated in the Stipulation and Order Regarding Inadvertent Disclosure of Privileged or Protected Information entered by the Court on June 30, 2023.

7. **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** Filings may only be sealed by Order of the Court. This Protective Order will not constitute blanket authority to file entire documents under seal. Only confidential portions of relevant documents are subject to sealing. In the event a party seeks to file with the Court any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER material subject to protection under this Order, unless otherwise ordered by the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure. This Order authorizes a party filing a document containing CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or

8

CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER material utilizing the following procedure.

 (a) The party filing the motion, opposition, or any other filing containing CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER material ~~is authorized by this Order to~~ shall not file such document ~~provisionally~~ under seal until authorized to do so by an explicit Order of the Court. All filings made under seal shall be submitted electronically and shall be linked to the Order of the Court authorizing the sealing ~~this Stipulated Protective Order~~. B.Y.P.

 (b) This Order authorizes persons set forth in Sections 6(b)(1)-(6), above, to have access to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents filed ~~provisionally~~ under seal. This Order authorizes persons set forth in Sections 6(b)(1) and 6(b)(3)-(5), above, to have access to CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents filed ~~provisionally~~ under seal. B.Y.P.

 (c) ~~Within fourteen days after~~ Prior to the filing of a document ~~provisionally~~ under seal, the party who has previously designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER material ~~referred to in (or attached as an exhibit to) the document~~ may file a motion to seal. It shall be the designating party's burden to demonstrate to the Court that such material should ~~remain~~ be filed under seal. ~~Only confidential portions of relevant documents are subject to sealing, and the party requesting sealing shall simultaneously provide the Court with a proposed redacted version of the document provisionally filed under seal. If no motion to seal is filed within fourteen days after the~~ B.Y.P.

9

~~filing of a document filed provisionally under seal, the document shall be made public~~.

  (d)  Within five days after the filing of a motion to seal ~~and proposed redactions~~, any other party may file a response to such motion ~~and/or propose alternative redactions~~. Replies to such responses are not permitted.   B.Y.P.

  (e)  The parties may submit an agreed proposed redacted version of any document filed ~~provisionally~~ under seal for the Court's consideration. *See* Electronic Filing Policies and Procedures Manual at Sections 19 and 24.   B.Y.P.

  ~~(f)  If the Court denies the motion to seal, the document shall be made public with no redactions. If the Court grants the motion to seal in whole or in part, the moving party shall file a redacted version of the document that complies with the Court's order within three days after the Court's ruling.~~   B.Y.P.

Unless otherwise ordered by the Court, all documents that may have been subject to sealing during discovery or motion practice will not necessarily enjoy a protected or confidential designation if the matter comes on for hearing, argument, or trial on the merits in the courtroom. The hearing, argument, or trial on the merits will be public in all respects, except to the extent otherwise ordered by the Court.

  8.  **Challenges by a Party to Designation as Confidential.** Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-objecting party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or   B.Y.P.

10

CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.**  Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or ~~use~~ used in discovery or at trial.   B.Y.P.

10. **Use of Confidential Documents or Information at Trial.**  All trials are open to the public.  Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial.  Unless otherwise ordered by the Court, if a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents or information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

    (a)     **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    (b)     **Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(f), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL -

B.Y.P.

SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER and CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER documents.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound.** ~~This Order shall take effect when entered and~~ The parties are bound by the terms prior and subsequent to entry of this Order; and it shall be binding

B.Y.P.

13

upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

15. **Rendering Advice to Clients.**  Nothing in this Order is intended to bar or otherwise prevent counsel from rendering advice to their respective clients with respect to this action, and in the course of rendering such advice, from relying upon their examination or knowledge of materials designated as CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER**.**

AGREED AS TO FORM

Dated: July 31, 2023                                Respectfully submitted,


/s/ Seth A. Katz_____
Seth A. Katz (pro hac vice)
BURG SIMPSON ELDREDGE HERSH
& JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
303-708-0527 (fax)
skatz@burgsimpson.com

M. Elizabeth Graham (pro hac vice)
GRANT & EISENHOFER, P.A.
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
303-622-7000
303-622-7100 (fax)
egraham@gelaw.com

Jayne Conroy (pro hac vice)
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
212-784-6400
212-213-5949 (fax)
jconroy@simmonsfirm.com

Michael Morgan (pro hac vice)
MORGAN & MORGAN
20 North Orange Ave., Suite 1600
Orlando, FL 32801
407-420-1414
407-245-3389 (fax)
mmorgan@forthepeople.com
Plaintiffs Interim Class Counsel and Co-Lead Counsel

| | |
|---|---|
| WILMER CUTLER PICKERING HALE AND DORR LLP ALAN SCHOENFELD* 7 World Trade Center 250 Greenwich Street New York, NY 10007 Tel.: (212) 230-8800 Fax: (212) 230-8888 alan.schoenfeld@wilmerhale.com | REDGRAVE LLP /S/ Jonathan M. Redgrave JONATHAN M. REDGRAVE* MONICA MCCARROLL* 4800 Westfields Boulevard, Suite 250 Chantilly, VA 20151 Tel.: (703) 592-1155 Fax: (703) 230-9859 jredgrave@redgravellp.com mmccarroll@redgravellp.com |
| DAVINA PUJARI* CHRISTOPHER A. RHEINHEIMER* One Front Street, Suite 3500 San Francisco, CA 94111 Tel.: (628) 235-1000 Fax: (628) 235-1011 davina.pujari@wilmerhale.com chris.rheinheimer@wilmerhale.com | DICKIE, MCCAMEY & CHILCOTE, P.C. J. LAWSON JOHNSTON SCOTT D. CLEMENTS AARON M. PONZO* PAUL A. ROMAN, JR.* Two PPG Place, Suite 400 Pittsburgh, PA 15222 Tel.: (412) 281-7272 Fax: (412) 888-811-7144 ljohnston@dmclaw.com sclemenets@dmclaw.com aponzo@dmclaw.com proman@dmclaw.com |
| ALBINAS PRIZGINTAS* 2100 Pennsylvania Avenue NW Washington, DC 20036 Tel.: (202) 663-6000 Fax: (202) 663-6363 albinas.prizgintas@wilmerhale.com | |
| MICHELLE LISZT SANDALS* 60 State Street Boston, MA 02109 Tel.: (617) 526-6000 Fax: (617) 526-5000 michelle.sandals@wilmerhale.com * Pro hac vice | |

Counsel for Defendants
Norfolk Southern Corporation and Norfolk Southern Railway Company

IT IS SO ORDERED.

|  |  |
|---|---|
|      August 2, 2023        |   */s/ Benita Y. Pearson*           |
| Date | The Honorable Benita Y. Pearson |
|  | United States District Judge |

# FORM PROTECTIVE ORDER
# ATTACHMENT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) ) | CASE NO. 4:23-cv-00242-BYP <br><br> JUDGE BENITA Y. PEARSON |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated ___August 2, 2023___ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

1

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date:_____ _____
                          Signature