PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT ) ) ) ) ) ) ) | CASE NO. 4:23CV0242  JUDGE BENITA Y. PEARSON  **ORDER**  [Resolving ECF No. 128] |

Pending is the parties' Joint Motion Regarding Plaintiffs' Proposed First Amended Master Consolidated Class Action Complaint ("First Amended Complaint") (ECF No. 128). The parties jointly move the Court to enter an Order regarding the First Amended Complaint and related matters. For good cause shown, the motion is granted.

**I.**

Plaintiffs attached a copy of the proposed First Amended Complaint (ECF No. 128-1) and a red-line version (ECF No. 128-2) to the motion. The amended pleading names as additional defendants the four parties that Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (the "Norfolk Southern Defendants") named as Third-party Defendants in their Third-Party Complaint (ECF No. 119).

(4:23CV0242)

The First Amended Complaint shall forthwith be filed by Plaintiffs and served upon lead counsel of record for the Norfolk Southern Defendants, and service of it and the summons upon New Party Defendants Oxy Vinyls LP, GATX Corporation, General American Marks Company, and Trinity Industries Leasing Company shall be attempted immediately.

**II.**

The Norfolk Southern Defendants' Motion to Dismiss and to Strike (ECF No. 76) is pending. Although there can be circumstances when an amended complaint renders a motion to dismiss moot, that is not the case here. Moreover, in situations when a motion to dismiss addresses purported defects that remain even after the filing of the amended complaint, it is an ill use of resources to require a defendant to file a new motion. Wright and Miller's *Federal Practice and Procedure* summarizes the situation:

> A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading. . . . [D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance.

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (footnotes omitted). Because of the limited scope of the new allegations in the First Amended Complaint, the Court will not require the Norfolk Southern Defendants to file a new Motion to Dismiss and to Strike, repeating its arguments simply because Plaintiffs have

2

(4:23CV0242)

introduced a limited amended pleading while the motion was pending. The Court will now consider the briefing for ECF No. 76 as being addressed to the First Amended Complaint.

**III.**

The Norfolk Southern Defendants' Answer to the First Amended Complaint shall be served and filed 21 days after the Court rules on their pending Motion to Dismiss and to Strike (ECF No. 76).

    IT IS SO ORDERED.

   __August 14, 2023__                               __/s/ Benita Y. Pearson__
Date                                               Benita Y. Pearson
                                                         United States District Judge