IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE<br>TRAIN DERAILMENT | )<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:23-cv-00242-BYP<br><br>JUDGE BENITA Y. PEARSON |

**STIPULATION AND ORDER REGARDING**
**PRIVILEGE LOGS AND CHALLENGES**

**IT IS HEREBY STIPULATED** to, between Plaintiffs and defendant Norfolk Southern Corporation (collectively the "Parties," and each individually a "Party"), through their respective counsel, and **ORDERED** by this Court as follows:

A. **Scope:**  This Stipulation and Order constitutes the protocols and procedures to withhold privileged and protected information from discovery between Plaintiffs and defendant Norfolk Southern Corporation on the bases of the attorney-client privilege or the work product protection, in compliance with the Federal Rules of Civil Procedure (hereinafter, "Privileged or Protected Information").

B. **Withholding Privileged or Protected Information:**

1. A Party producing documents (i.e., a "Producing Party") is entitled to withhold from discovery otherwise-discoverable information that is Privileged or Protected Information, provided that the Producing Party identifies the withheld Privileged or Protected Information on a privilege log conforming to section D of this Stipulation and Order, unless the Privileged or Protected Information is within a category excluded from entry on a privilege log under section C of this Stipulation and Order (hereinafter, "excluded category").  A Party is not

1

precluded from identifying on the privilege log other applicable privileges and protections for withholding a document from production, if any.

    2. Parties are entitled to request that produced Privileged or Protected Information be returned, sequestered, or destroyed pursuant to the provisions of the Stipulation and Order Regarding Inadvertent Disclosure of Privileged or Protected Information, entered June 30, 2023 (Dkt. 102). In such an event, the Producing Party shall:

    a. Provide a privilege log entry for the withheld Privileged or Protected Information to the Party receiving the document production (i.e., the "Receiving Party") within 14 days of the Receiving Party returning or confirming that it has sequestered or destroyed the withheld Privileged or Protected Information, unless the information is within an excluded category; and

    b. If the Privileged or Protected Information is to be redacted, provide a redacted version of the document within 21 days from the time when the Producing Party gave notice of the inadvertently produced material.

C. **Privilege Log Exclusions:**

    1. The following categories of Privileged or Protected Information are excluded from required entry on a privilege log:

    a. Privileged or Protected Information consisting of attorney-client privileged communications or work product sent to or from outside counsel created or received on or after February 3, 2023.

    b. Privileged or Protected Information consisting of attorney-client privileged communications or work product sent to or from in-house counsel created or received on or after May 5, 2023.

    c. For the avoidance of doubt, sub-provisions (a) and (b) above excuse logging requirements only as to emails for which counsel is on the "to" or "from" line. Other communications over which attorney-client privilege or work product is asserted after the relevant logging cutoff date in (a) or (b) must be included in a privilege log, including any emails for which counsel is only on the "cc" line.

    d. Privileged or Protected Information subject to protection under Rule 26(b)(4)(C) (trial-preparation protection for communications between a Party's attorney and expert witnesses).

    e. Redacted information where the face of the unredacted discoverable information provides objective information that otherwise would appear on the privilege log. Redactions of Privileged or Protected Information shall be designated with a legend or overlay that identifies the privilege or protection upon which the redaction is based (e.g., "Attorney-Client Privileged" or "Work Product").  Redactions shall not obscure any non-privileged or non-protected information in any document, including the sender, recipients, and date and time of emails for which the text of the email has been redacted in full or part.  A Receiving Party within 21 days of production (or as soon as practicable if there is a large number of privilege log entries) may request additional information regarding specific redactions of Privileged or Protected Information if the information is necessary to assess the claim of privilege or protection.  The Producing Party shall respond within 10 days of the request, or as soon as practicable if there is a large number of privilege log entries at issue.  If the Producing Party does not agree to provide the requested information, the Parties shall meet and confer within 10 days of rejecting the request, after which conference the Receiving Party may seek relief from the

3

Court within 21 days,  or as soon as practicable if there is a large number of privilege log entries at issue.

      2.  A Receiving Party may request, upon a showing of good cause, that the Producing Party log specific documents within an excluded category in compliance with section D of this Stipulation and Order. Within 10 days of such a request, or as soon as practicable if there is a large number of privilege log entries at issue, the Parties shall meet and confer in relation to the privilege claims over the documents identified by the Receiving Party. In conferring, the Parties shall discuss a schedule for the Producing Party to log any documents it agrees to log, based upon factors including the nature and number of documents at issue.  If the Parties are unable to resolve the dispute in conference, then within 10 days of the conference, or as soon as practicable if there is a large number of privilege log entries at issue, the Receiving Party shall move for an order to compel the Producing Party to log documents over which the Producing Party maintains its exclusion from logging.

    D.  **Privilege Log Format:**

      1.  Producing Parties shall prepare privilege logs in a cumulative electronic spreadsheet format that includes all past documents that were withheld on the basis that they contain Privileged or Protected Information, and identifies documents for which claims that they contain Privileged or Protected Information have been withdrawn. Privilege log entries shall identify the type of privilege or protection claimed (e.g., Attorney-Client Privilege or Work Product), and shall provide a short statement of the basis for the privilege or protection asserted for each entry, consistent with Rule 26(b)(5)(A). The Producing Party shall also provide the following information, to the extent reasonably available and practicable and not itself privileged:

      a. Date;

      b. From (emails) or Author (non-emails);

      c. To, CC, and BCC (emails);

      d. The log also shall include Privilege ID numbers for documents or ESI logged.

      e. Attorneys, including in-house attorneys, identified on the log shall be designated by a symbol, e.g., * or ^.  B.Y.P.

      f. For hard copy documents that, if subject to production would be produced in image format, the Producing Party, to the extent practicable, will provide information corresponding to the categories set forth above and identify that the document is an imaged hard copy.

    2. When a Receiving Party believes in good faith that a Producing Party's claim that a document or group of documents contains Privileged or Protected Information requires further explanation, it may request from the Producing Party additional information for a specific privilege log entry or entries at any time. Within 10 days of such a request, or as soon as practicable if there is a large number of privilege log entries at issue, the Parties shall meet and confer in relation to the privilege claims over the documents identified by the Receiving Party. If the Parties are unable to resolve the dispute in conference, then within 10 days of the conference, or as soon as practicable if there is a large number of items at issue, the Receiving Party may move to compel the Producing Party to provide additional information regarding the claim that the document or group of documents contains Privileged or Protected Information.

E. **Timing of Privilege Logs:**

Defendants will produce privilege logs on alternating weeks according to the Parties' production schedule, such that on each Friday Defendants shall either make a production or serve a supplemental rolling privilege log. This alternating schedule shall commence on September 29, 2023. If the Producing Party finds that it is unable to meet the deadline, the Producing Party shall promptly notify the Receiving Party, briefly state the reasons for the delay, and provide the anticipated date on which the log will be provided.  If the revised deadline proposed by the Producing Party is disputed by the Receiving Party, and the Parties are unable to reach agreement, the Receiving Party may seek relief from the Court.

F. **Challenges to Claims of Privilege and Protection:**

1. If a Receiving Party believes in good faith that one or more items on a Producing Party's log is not Privileged or Protected Information, the Receiving Party shall raise the issue in writing to the Producing Party so that party may understand the Receiving Party's complaint.

2. Within 10 days, or as soon as practicable if there is a large number of challenges (in which case the Producing Party will provide a time estimate for its responses and state the reasons for the additional time needed), the Producing Party shall respond in writing.  If the response does not satisfy the Receiving Party, the Parties shall meet and confer in a timely manner not exceeding 10 days from the receipt of the response or as soon as practicable if there is a large number of privilege log entries at issue. After such conference, the Receiving Party may move to compel production of the items at issue within 21 days, or as soon as practicable if there is a large number of items at issue. Upon such a motion, the burden of establishing that a document is privileged rests upon the Party asserting the privilege.

      3.   These procedures for challenges to claims that documents contain Privileged or Protected Information do not modify the Producing Party's burden to establish the Privileged or Protected nature of the withheld or redacted information, or the requirements of Rule 26(b)(5)(A).

      G.  **Changes to Timing and Processes:**  Changes to the timing and procedures set forth in this Stipulation and Order may be made by agreement in writing of the Parties or by Order of the Court.

IT IS SO ORDERED.

| | |
|---|---|
|     August 29, 2023 |    */s/ Benita Y. Pearson* |
| Date | The Honorable Benita Y. Pearson |
| | United States District Judge |

**So stipulated on August 25, 2023, by:**

/s/ *Seth A. Katz*
Seth A. Katz (pro hac vice)
BURG SIMPSON ELDREDGE HERSH
& JARDINE, P.C.
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
303-708-0527 (fax)
skatz@burgsimpson.com

M. Elizabeth Graham (pro hac vice)
GRANT & EISENHOFER, P.A.
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
303-622-7000
303-622-7100 (fax)
egraham@gelaw.com

Jayne Conroy (pro hac vice)
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
212-784-6400
212-213-5949 (fax)
jconroy@simmonsfirm.com

Michael Morgan (pro hac vice)
MORGAN & MORGAN
20 North Orange Ave., Suite 1600
Orlando, FL 32801
407-420-1414
407-245-3389 (fax)
mmorgan@forthepeople.com

*Plaintiffs Interim Class Counsel and Co-Lead Counsel*

**So stipulated on August 25, 2023, by:**

WILMER CUTLER PICKERING
   HALE AND DORR LLP

ALAN SCHOENFELD*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
alan.schoenfeld@wilmerhale.com

DAVINA PUJARI*
CHRISTOPHER A. RHEINHEIMER*
One Front Street, Suite 3500
San Francisco, CA 94111
Tel.: (628) 235-1000
Fax: (628) 235-1011
davina.pujari@wilmerhale.com
chris.rheinheimer@wilmerhale.com

ALBINAS PRIZGINTAS*
2100 Pennsylvania Avenue NW
Washington, DC 20036
Tel.: (202) 663-6000
Fax: (202) 663-6363
albinas.prizgintas@wilmerhale.com

MICHELLE LISZT SANDALS*
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
michelle.sandals@wilmerhale.com

REDGRAVE LLP

/s/ *JONATHAN M. REDGRAVE*
JONATHAN M. REDGRAVE*
MONICA MCCARROLL*
4800 Westfields Boulevard, Suite 250
Chantilly, VA 20151
Tel.: (703) 592-1155
Fax: (703) 230-9859
jredgrave@redgravellp.com
mmccarroll@redgravellp.com

DICKIE, MCCAMEY &
   CHILCOTE, P.C.

J. LAWSON JOHNSTON
SCOTT D. CLEMENTS
AARON M. PONZO*
PAUL A. ROMAN, JR.*
Two PPG Place, Suite 400
Pittsburgh, PA 15222
Tel.: (412) 281-7272
Fax: (412) 888-811-7144
ljohnston@dmclaw.com
sclemenets@dmclaw.com
aponzo@dmclaw.com
proman@dmclaw.com

*\* Pro hac vice*

*Counsel for Defendants
Norfolk Southern Corporation and Norfolk Southern Railway Company*