IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) Case No. 4:23-cv-00242-BYP<br>)<br>) JUDGE BENITA Y. PEARSON<br>)<br>) CARMEN E. HENDERSON<br>) UNITED STATES MAGISTRATE<br>) JUDGE<br>)<br>) **ORDER**<br>) |

This matter was referred to the Honorable Carmen E. Henderson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), for resolution of the parties' discovery disputes. *See* ECF No. 282.

A telephone conference was held on December 8, 2023, to discuss the referred discovery disputes. This Order memorializes the Court's oral rulings at the conference. Present at the conference were:

      Attorneys for Plaintiffs: Seth Katz (Plaintiff - Interim class counsel), Beth Graham (co-lead and interim co-class counsel), Jayne Conroy (co-lead and interim co-class counsel), and Melanie Bailey

      Attorneys for Defendant Norfolk Southern: Alan Shoenfeld, Albinas Prizgintas, Chris Rheinheimer, Paul Roman, Andrew Rhys Davies, Monica McCarroll, and Martin Tully.

      Attorneys for Defendant Oxy Vinyls: Alicia Broz, Kim Herlihy

Attorney for Defendant Trinity:         <u>John Byars</u>

Attorneys for Defendants GATX and General American:    <u>Hariklia Karis, Robert Ellis, Ben Barnes, and Jonathan Emmanuel</u>

Attorneys for National Transportation Safety Board ("NTSB"):    <u>Ruchi Asher and Sara DeCaro</u>

**1. NTSB Dispute**

On October 26, 2023, Plaintiffs submitted a letter to the District Court requesting an order overruling and striking Norfolk Southern's NTSB-related objections to certain document requests and compelling the production of documents responsive to certain discovery requests. Between the date of the letter and the date of the conference, the parties had partially resolved the dispute so that several requests were no longer in dispute and Norfolk Southern had further narrowed the objection based upon guidance from NTSB.

For the reasons explained during the telephone conference, this Court found that Congress authorized the NTSB to create a regulation restricting dissemination of investigative information prior to the issuance of the final report. Accordingly, at this time, parties to the investigation are prohibited from producing documents restricted pursuant to 49 C.F.R. § 831.13. *See Caves v. Beechcraft Corp.*, 2016 WL 355491, at *5 (N.D. Okla. Jan. 29, 2016) (denying motion to compel information that could not be disclosed under § 831.13); *cf. Miami Herald Media Co*, 345 F. Supp. 3d at 1363 (rejecting effort to "effectively overturn[] the NTSB's non-disclosure directive," which would "interfere[e] with the administration of the national government by undermining the NTSB's authority to control its investigative operations, including the authority to control the timing of the release of investigative information").

2

Accordingly, Plaintiffs' request to order the disclosure of the restricted documents is DENIED. However, recognizing that the Plaintiffs may be entitled to the disclosure of the requested information outside of the discovery period, the Court ORDERS the parties to create a log of the withheld information consistent with the requirements of Fed. R. Civ. P. 26(5). By December 13, 2023, the parties shall agree to a deadline for providing the log.

In addition to the Plaintiffs' raised dispute, Third-Party Defendants GATX and OxyVinyls also sought the Court's assistance regarding obtaining access to certain evidence held by or on behalf of NTSB. For example, GATX stated that the NTSB possesses the wheel bearing and pressure relief devices with the intent to conduct further testing and that GATX has not had the opportunity to conduct a full analysis of the physical evidence to support its defense of the litigation. OxyVinyls stated that the NTSB maintains control of the pressure relief devices on the five railcars that were carrying stabilized vinyl chloride and it needs access to that evidence to support its defense. NTSB stated that no litigant has made an appropriate request for the physical evidence and, thus, the issue is not ripe. The Court declined to rule on a dispute that was not properly raised. The parties are instructed to make their formal requests to NTSB and attempt to resolve the potential dispute prior to requesting the Court's assistance.

**2. Norfolk Southern's Request to Compel Plaintiffs Discovery Responses**

In the second discovery dispute before the Court, Norfolk Southern requests an Order compelling all Plaintiffs to request reports of any sampling investigations completed by their insurers. Norfolk Southern provided specific information that Plaintiff Steve McKay had such a report in his possession, custody, or control, but that he had provided only four out of eighty-some pages of the report. Plaintiff McKay is ORDERED to request the full report from his insurer and

provide the full report to Norfolk Southern. Plaintiffs represented that, with the exception of McKay, no other plaintiff had such reports in their possession, custody, or control. This Court ruled that as the requested documents are outside the remaining Plaintiffs' possession, custody, or control, no other plaintiff shall be required to obtain such information from the third-party insurance companies. Instead, Norfolk Southern may attempt to obtain the reports, if they exist, by issuing a subpoena to the respective insurance companies.

Additionally, Norfolk Southern sought an order compelling Plaintiffs to produce environmental sampling data and non-privileged documents concerning environmental sampling and testing performed by Plaintiffs' consultants. Plaintiffs argued that such data and documents are work-product as they were obtained and/or prepared in anticipation of litigation. Additionally, Plaintiff's argued that Norfolk Southern had access to the same sites at the same times as Plaintiffs and that Norfolk Southern's representative and consultants were, in fact, on site but chose not to perform the sampling at that time. Norfolk Southern cited *City of E. St. Louis v. Monsanto Co.*, 2022 WL 16552958, at *3-4 (S.D. Ill. Oct. 31, 2022) in support of requiring the disclosure of the sampling data. However, this Court found *City of E. St. Louis* distinguishable for two reasons. First, Plaintiffs here have not waived the work-product doctrine by voluntarily providing portions of the data. Instead, Plaintiffs have always maintained that the data from its consultants was not discoverable as it is work product. Second, Norfolk Southern had the opportunity to collect the samples at the same time as Plaintiffs but chose not to do so.

Accordingly, Norfolk Southern's request is DENIED.

### 3. Norfolk Southern's Request to Reconsider the Allocation of Time for Depositions

Prior to the telephone conference, Norfolk Southern contacted the Court requesting that the Court reconsider its earlier ruling regarding the time allotted for the Railcar Defendant depositions. After hearing from the parties, the Court declined to revisit its previous ruling at this time.

Accordingly, Norfolk Southern's request for reconsideration of ECF No. 287 is DENIED.

**IT IS SO ORDERED.**

Dated: December 12, 2023

                                            _s/Carmen E. Henderson_
                                            Carmen E. Henderson
                                            United States Magistrate Judge