IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT § <br> § <br> STEVEN MCKAY; SUSAN SCHEUFELE; KAYLA § <br> BAKER; NEELY JACK; DAWN BAUGHMAN; § <br> DAVID ANDERSON; JAMES ROSS; JON LUKE § <br> AFFELTRANGER; ROSEMARY MOZUCH; § <br> CHARLES MOZUCH; GREGORY SWAN; LANCE § <br> BECK; CLARISSA COHAN; ROLLERENA AUTO § <br> SALES, LLC; HAROLD FEEZLE; DALQAN § <br> HOLDINGS, LLC; VALLEY VIEW MPH, LLC; and § <br> COMPETITION & LUXURY VEHICLE CLUB OF § <br> HARLINGTON, LLC, Individually and on Behalf of § <br> All Others Similarly Situated, § <br>     Plaintiffs § <br> § <br> v. § <br> § <br> NORFOLK SOUTHERN CORPORATION and § <br> NORFOLK SOUTHERN RAILWAY COMPANY, § <br>     Defendants/Third-Party Plaintiffs § <br> § <br> v. § <br> § <br> OXY VINYLS, LP; GATX CORPORATION; § <br> GENERAL AMERICAN MARKS LEASING § <br> COMPANY; and TRINITY INDUSTRIES LEASING § <br> COMPANY, § <br>     Third-Party Defendants. § | Case No. 4:23-cv-00242-BYP <br><br> JUDGE BENITA Y. PEARSON |

**NON-PARTY SAFECO INSURANCE COMPANY OF AMERICA'S MOTION TO QUASH**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES Non-Party Safeco Insurance Company of America, and files this Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action in accordance with Federal Rule of Civil Procedure 45.

**I.     THE SUBPOENA**

On January 17, 2024, Norfolk Southern Railway Company ("Norfolk Southern") served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") (Exhibit A).  It provided a response deadline of January 31, 2024. (*Id*.) These objections and Motion to Quash are therefore timely. Fed. R. Civ. P. 45(d)(2)(B).

The Subpoena seeks from Safeco:

> The requested information and documents refer to the monitoring, sampling, and testing conducted by Safeco Insurance Company of America in and around East Palestine, Ohio following the derailment of Norfolk Southern Railway Company Train 32N on February 3, 2023.

(Exhibit A at Appendix A.)

**II.    GROUNDS FOR OBJECTING AND MOTION TO QUASH**

The Subpoena is overly broad and unduly burdensome as to the requested information and materials quoted above. It is also not reasonably limited in scope or time. On its face it requests materials regarding any investigation or information gathered by Safeco pertaining to any insured (or otherwise) in and around East Palestine, Ohio at any time on or after February 3, 2023.

There is also a lack of foundation to potentially render the requested materials discoverable (notwithstanding the overbreadth of the request). Work product privilege attaches to any materials obtained in anticipation of litigation, yet the request is so broad that work product privileged materials are included in the materials sought.

Finally, Safeco is a non-party to this litigation. There are no claims asserted against Safeco. But the extremely broad request would arguably include materials in any claim file Safeco maintains pertaining to the subject matter at issue. Such a claim file is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence when there are no claims or allegations against Safeco. And in any event, claim file materials bearing Safeco's name

(particularly when Safeco is not a party) would likely not be admissible given Federal Rule of Evidence 411.

### III. RELIEF SOUGHT

For all of these reasons, the Subpoena and materials requested are not discoverable. The Court should therefore quash the Subpoena outright or enter an order limiting the Subpoena. As to the latter, counsel for Safeco has spoken to counsel for Norfolk Southern by phone about the Subpoena. Counsel for Safeco inquired as to the precise nature of what Norfolk Southern was seeking in the Subpoena. In response to this conversation and what it believes Norfolk Southern is actually seeking, counsel for Safeco has proposed the following modified request, and agreed to comply (with an extended response date to February 9, 2024):

> The requested information and documents refer to the sampling, testing, and findings conducted in and around Steven McKay's residence on or about February 22, 2023 that are in Safeco's possession.

Counsel for Safeco proposed the agreement to fully respond to the Subpoena without asserting objections or privileges by February 9, 2024 if counsel for Norfolk Southern agreed to modify the Subpoena as quoted above (Exhibit B). As of this filing, counsel for Norfolk Southern has not agreed to limit the Subpoena in this manner.

Safeco therefore asks the Court to grant this Motion to Quash in accordance with Federal Rule of Civil Procedure 45(d)(3), enter an order quashing the Subpoena as served or modifying the Subpoena as set forth above and in Exhibit B, and award any other relief to which Safeco may be entitled.

Respectfully submitted,

s/Alexander B. Mahler
Alexander B. Mahler
Illinois ARDC No. 6273483
amahler@nicolaidesllp.com
NICOLAIDES FINK THORPE
    MICHAELIDES SULLIVAN, LLP
10 South Wacker Street, Suite 2100
Chicago, IL 60606
312.585.1400
312.585-1401 – FAX

Michael A. Yanof, *pro hac vice* pending
TX State Bar No. 24003215
myanof@nicolaidesllp.com
Ellen Van Meir, *pro hac vice* pending
TX State Bar No. 00794164
evanmeir@nicolaidesllp.com
NICOLAIDES FINK THORPE
    MICHAELIDES SULLIVAN, LLP
2501 North Harwood Street, Suite 1210
Dallas, TX 75201
469.290.9047
469.290.9041 – FAX

**COUNSEL FOR NON-PARTY**
**SAFECO INSURANCE COMPANY OF AMERICA**

### CERTIFICATE OF SERVICE

This is to certify that on January 31, 2024, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Transmission (NEF) upon all counsel of record.

s/Alexander B. Mahler
Alexander B. Mahler