**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:23-CV-00242-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br><br>MAGISTRATE JUDGE<br>CARMEN E. HENDERSON<br><br>**ORDER** |

Pursuant to Fed. R. Civ. P. 60(a) and (b)(6), Plaintiffs move this Court to reconsider its March 5, 2024 discovery Order allowing Plaintiffs to attend an inspection of the wheelset evidence via remote video feed. (ECF No. 433). Plaintiffs assert that the Court should have allowed Plaintiffs to attend the inspection in-person and that failure to order as such was either an oversight (*id.* at 4 (citing Fed. R. Civ. P. 60(a))) or inequitable (*id*. at 3 (citing Fed. R. Civ. P. 60(b)(6)). Plaintiffs' motion for reconsideration is DENIED.

**A. The Court's Order does not contain an error arising from oversight.**

"Rule 60(a) provides, in relevant part, that '[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party ...." *In Re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (quoting Fed. R. Civ. P. 60(a)). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *Id*. Importantly, "[t]he rule does not [ ] authorize the court to revisit its legal analysis

1

or otherwise correct an 'error[ ] of substantive judgment.'" *Id.* (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). As the Sixth Circuit explained:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987) (emphasis in original)).

The Court's order permitting only GATX to attend the inspection in person, while allowing the remaining parties to attend via remote video feed was not an error arising from a mistake or oversight. The March 5, 2024 order states that it "memorializes the Court's oral orders", but it also clarifies and supplements the Court's statements during the hearing. During the hearing, the Court stated that it was "inclined" to order an in-person inspection (ECF No. 412 at 32) and thereafter did so. Although the Court did not specify during the hearing which parties would be allowed to participate in-person, it was addressing GATX's motion to compel and explained in the written Order how *GATX* demonstrated that the potential value to the information that it may obtain through a limited, in-person inspection of the wheelset evidence outweighs the burden imposed upon the NTSB in allowing the inspection. Permitting the remaining parties to attend the inspection via video was not an oversight. The Court gave the NTSB wide latitude in determining how to plan the inspection (*see* ECF No. 412 ("I will leave it up to the NTSB to figure out among all of these things, what is the best way it wants to do it. So I will leave it up to the NTSB to come up with a plan for how we can make an in-person inspection work.")) and explained in the written Order that within that plan, GATX must be allowed in-person inspection of the wheelset evidence.

Plaintiffs do not ask the Court to correct a clerical mistake or a "blunder in execution." Instead, they ask this Court to revisit its analysis, and that kind of alleged mistake "cannot be corrected pursuant to Rule 60(a)." *In Re Walter*, 282 F.3d at 440. Plaintiffs motion is DENIED.

### B. Plaintiffs are not entitled to reconsideration of this Court's order under Fed. R. Civ. P. 60(b)(6).

Rule 60(b)(6) states in pertinent part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of judgment." Rule 60(b)(6) requires a movant to demonstrate "exceptional and extraordinary circumstances, which are defined as those unusual and extreme situations where principles of equity mandate relief." *Guy v. Lexington–Fayette Urban County Government*, 624 Fed. Appx. 922, 931 (6th Cir.2015) (citing *Exp.-Imp. Bank of U.S. v. Advanced Polymer Sciences, Inc.*, 604 F.3d 242, 247 (6th Cir.2010)). Relevant factors "may include, in an appropriate case, the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citations omitted).

Plaintiffs' request – that this Court allow them to be present in-person at the inspection instead of by video – is not such a circumstance. First, Plaintiffs did not serve a *Touhy* request or motion to compel on the NTSB instead opting to file a "brief in support" of the motion to compel filed by OxyVinyls (and/or GATX).[1] Second, in determining that GATX – the party that moved to compel the NTSB for an in-person inspection – should be allowed an in-person inspection, the Court balanced GATX's need for the information against the cost, effort, and expense to be

---

[1] Because the NTSB did not object to allowing the Plaintiffs to participate in a video inspection of the wheelset evidence, the Court did not analyze whether Plaintiffs had standing to file their brief.

incurred by the NTSB. As this Court explained, GATX's needs outweighed the NTSB's costs because GATX owns the evidence at issue and needs to inspect it to defend itself against the claims filed against it, and because the evidence would not be otherwise available until after the discovery period has closed. Third, even assuming Plaintiffs' have standing, their motion for reconsideration does not include any extraordinary circumstances explaining why their need to be physically present at the inspection outweighs the NTSB's costs. The NTSB argued that allowing the parties an in-person inspection would require additional ESi or NTSB staff to attend the inspection in order to enforce the limits of the inspection and to ensure the participants do not access any evidence housed at the facility. (*See* ECF No. 412 at 29-30). It follows that the more party participants there are, the more ESi or NTSB staff would be required to minimize those concerns. Although the Court found that GATX's needs outweighed the NTSB's additional costs, it found that the interests of the remaining parties could adequately be served through the live video feed.

For these reasons, the Court will not amend its March 5, 2024 Order pursuant to Fed. R. Civ. P. 60(b)(6), to allow Plaintiffs to attend the inspection in-person. Plaintiffs' motion is DENIED.

IT IS SO ORDERED.

Dated: March 22, 2024

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE