## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE:  EAST PALESTINE TRAIN DERAILMENT | CASE NO. 4:23CV0242<br><br>JUDGE BENITA Y. PEARSON |

### ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPOINTMENT OF LEAD CLASS COUNSEL, AND APPROVAL OF NOTICE

Before the Court is the Motion for Preliminary Approval of Settlement, Appointment of Lead Class Counsel, and Approval of Notice Under Fed. R. Civ. P. 23(e) ("Motion for Preliminary Settlement Approval") (ECF No. 452), filed by Plaintiffs.  Plaintiffs and Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively, "Norfolk Southern") have entered into a Class Action Settlement Agreement, dated April 26, 2024 ("Settlement Agreement") (ECF No. 452-2).  Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion for Preliminary Settlement Approval, and the papers and arguments in connection therewith, and good cause appearing, the Court hereby **ORDERS** as follows:

1. The capitalized terms used in this Order Granting Preliminary Settlement Approval have the same meaning as defined in the Settlement Agreement.

2. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein.  The Court finds that the proposed Settlement Class, as defined in the Settlement Agreement, meets the requirements for class certification for settlement purposes only under Fed. R. Civ. P. 23(a) and 23(b)(3) as follows:

a. The Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable;

b. The members of the Settlement Class share common questions of law and fact;

c. The Class Representatives' claims are typical of those of the Settlement Class Members;

d. The Class Representatives and Interim Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so; and,

e. Questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.[1]

3. The Court finds, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i), that the proposed Settlement Agreement is fair, reasonable, and adequate, entered into in good faith, and free from collusion. The Court further finds that Interim Class Counsel have ably represented the proposed Settlement Class. They conducted a thorough investigation of the facts and law prior to filing suit, engaged in and reviewed substantial discovery, and are knowledgeable about the strengths and weaknesses of the case. The involvement of Hon. Layn R. Phillips (Ret.), a highly qualified mediator, in the settlement process supports the Court's finding that the Settlement Agreement was reached at arm's length and is free from collusion. The relief provided for in the Settlement

---

[1] As reflected in the Settlement Agreement, excluded from the Settlement Class are: Norfolk Southern, and any of its parents, subsidiaries, or affiliates; all duly elected and approved officers of Norfolk Southern, and all directors of Norfolk Southern; Norfolk Southern employees, and contractors of Norfolk Southern and their employees, who were specifically sent by Norfolk Southern to the area in and around the Derailment Site to respond to the Incident and do not otherwise fall within the definition of Settlement Class; Norfolk Southern's Counsel; Class Counsel; a government, political subdivision, public entity, or public agency; and the judge presiding over this Action and the judge's staff, which, the Parties agree, is defined to include any magistrate judge assisting the presiding judge and that judge's staff.

Agreement outweighs the substantial costs, delay, and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal.  Based on these factors, the Court concludes that the Settlement Agreement meets the criteria for preliminary settlement approval and is deemed fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate.

4. Having considered the factors set forth in Fed. Riv. Civ. P. 23(g), the Court appoints Interim Class Counsel Seth A. Katz, Jayne Conroy, and M. Elizabeth Graham and their respective law firms, as Lead Class Counsel.

5. A Final Approval Hearing shall be held before the Court on September 25, 2024, at 10:00 AM EDT, to: (a) determine whether the proposed Settlement should be finally approved as fair, reasonable, and adequate, so that the Final Approval Order and Judgment should be entered; (b) consider any timely objections to this Settlement and the Parties' responses to such objections; (c) rule on any application for attorneys' fees and expenses and any objections thereto; (d) rule on any application for service awards; and, (e) determine whether the plan of allocation that will be submitted by Lead Class Counsel should be approved.

6. Consideration of the plans of allocation, any application for attorneys' fees and expenses and any objections thereto, and any application for service awards and any objections thereto, shall be separate from consideration of whether the proposed Settlement should be approved, and the Court's rulings on each motion or application shall be embodied in a separate order.

7. Plaintiffs shall file their motion for final settlement approval no later than September 6, 2024.

8. The Court appoints Kroll Settlement Administration, LLC as the Settlement Administrator in this Action.  In accordance with the Parties' Settlement Agreement and the Orders

of the Court, the Settlement Administrator shall effectuate the provision of notice to Settlement Class Members and shall administer the Settlement Agreement and distribution process.

9. The Court finds that the Parties' Notice Plan (a) constitutes the best notice practicable under the circumstances of this Action; (b) constitutes due and sufficient notice to the Class of the terms of the Settlement Agreement and the Final Approval Hearing; and, (c) complies fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

10. The Court approves, as to form and content, the direct notice plan and the Long-Form and Short-Form publication notices substantially in the forms in the Notice Plan attached as Exhibits C, D, and E to the Motion for Preliminary Settlement Approval (collectively, "Notice Plan") (ECF Nos. 452-4, 452-5, and 452-6).

   a. The Settlement Administrator shall complete direct notice substantially in the form attached to the Notice Plan by May 31, 2024.

   b. Within ten (10) days of the Court's entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Long-Form Notice to be published on the website created for this settlement, www.EastPalestineTrainSettlement.com. The Long-Form Notice shall be substantially in the forms in the Notice Plan.

   c. Not later than thirty-five (35) days following the entry of this Preliminary Approval Order, the Settlement Administrator shall file with the Court declarations attesting to compliance with this paragraph.

11. Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement Agreement, including the release of all claims to the extent

set forth in the Settlement Agreement, unless such person requests exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

12. A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must comply with all applicable requirements stated in the Settlement Agreement, including that it must (1) be in writing; (2) identify the case name (*In re: East Palestine Train Derailment*, No. 4:23CV0242 (N.D. Ohio)); (3) state the full name, current address, and address of the Settlement Class member seeking exclusion; (4) be signed by the Settlement Class member seeking exclusion; (5) be mailed to the Settlement Administrator at the address specified in the Notice; (6) be postmarked no later than July 1, 2024; and, (7) clearly state the Settlement Class Member's desire to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of a Settlement Class from the Settlement.

13. Members of the proposed Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Norfolk Southern.

14. All members of the proposed Settlement Class who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against the Defendants.

15. The Settlement Administrator will provide promptly, and no later than 14 days following the cutoff date for members of the Settlement Class to opt-out, Plaintiffs and Norfolk Southern with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

16. Any Settlement Class Member may object to the Settlement Agreement, any application for attorneys' fees and expenses, any application for incentive awards, and/or the plan of allocation submitted by Lead Class Counsel. Any Settlement Class Member who wishes to object must file with the Court and serve on all counsel listed in paragraph 18, below, no later than the cutoff dates set forth in paragraph 24, a detailed statement of the specific objections being made and the basis for those objections. In addition to the statement, the objecting Settlement Class Member must comply with all applicable requirements in the Settlement Agreement, including setting forth the objecting Settlement Class Member's name, address, and telephone number. Any objecting Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's expense. Any Settlement Class Member who intends to appear at the Final Approval Hearing either in person or through counsel must file with the Court and serve on all counsel listed in paragraph 18, no later than ten (10) days prior to the hearing, a written notice of intention to appear. Failure to file a notice of intention to appear will result in the Court declining to hear the objecting Settlement Class Member or the Settlement Class Member's counsel at the Final Approval Hearing.

17. Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, the payment of

attorneys' fees and expenses and incentive awards, the plans of allocation, the Final Approval Order, and the Judgment.

18. Service of all papers on counsel for the Parties shall be made as follows:  For Lead Class Counsel, to:  Seth A. Katz at Burg Simpson Eldredge Hersh & Jardine, P.C., 40 Inverness Drive East Englewood, CO 80112; M. Elizabeth Graham at Grant & Eisenhofer P.A., 123 S. Justison Street, 6th Floor, Wilmington, DE 19801; and, Jayne Conroy at Simmons Hanly Conroy, 112 Madison Avenue, 7th Floor, New York, NY 10016.  For Norfolk Southern, to: Alan Schoenfeld at Wilmer Cutler Pickering Hale and Dorr, LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007, and Albinas Prizgintas at Wilmer Cutler Pickering Hale and Dorr, LLP, 2100 Pennsylvania Avenue, NW, Washington, DC 20037.

19. Lead Class Counsel shall file a supplemental brief in support of Final Settlement Approval and a supplemental brief in support of the plans of allocation no later than September 18, 2024.

20. In the event that the proposed Settlement is not approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Order and all Orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy.  In such event, the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

21. Norfolk Southern stipulates for settlement purposes only to the certification of the Settlement Class but does not waive, and instead expressly reserves, its right to challenge the propriety of conditional or class certification for any other purpose.

22. The Court may, for good cause, extend any of the cutoff dates set forth in this Order without further notice to the Class Members. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members, be continued by order of the Court.

23. The following schedule is hereby ordered:

| | |
|---|---|
| Notice to be Completed | **May 31, 2024** |
| Last day to file Objections or Opt-Out Requests | **July 1, 2024** |
| Last Day for the Plaintiffs to file Plans of Allocation | **September 6, 2024** |
| Last day for Plaintiffs to File motion for Final Approval of Settlement and Approval of Plans of Allocation, and for Lead Class Counsel to file Application for Fees and Expenses and for Service Awards | **September 6, 2024** |
| Last day to file replies in support of Final Approval, Plans of Allocation, Attorneys' Fees and Expenses, and Service Awards, and any objections to Application for Fees and Expenses, Service Awards, and Plans of Allocation. | **September 18, 2024** |
| Final Approval Hearing | **September 25, 2024** |

**IT IS SO ORDERED.**

DATED this 21st day of May, 2024

       /s/ *Benita Y. Pearson*
Benita Y. Pearson
United States District Judge