PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) | CASE NO. 4:23CV0242<br><br>JUDGE BENITA Y. PEARSON<br><br>**ORDER**<br>[Resolving ECF No. 485 and 486] |

Pending is Class Member Rev. Joseph Sheely's Motion to Enlarge Time to Opt Out of Property Portion of Class Settlement Agreement (ECF No. 485). Also pending is Class Member Jami R. Wallace's Motion to Enlarge Time to Opt Out of Property Portion of Class Settlement Agreement (ECF No. 486). Both motions were filed on July 1, 2024 by Attorney David Graham.[1] These Class Members request the opt out date be enlarged from July 1, 2024 until no earlier than August 30, 2024 to be excluded from the property portion of the Class Settlement Agreement. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the following reasons, the Court denies the Motions to Enlarge Time.

**I.**

The Settlement Class Members are people whose lives have been disrupted for over 18 months who need, and deserve, timely distribution of compensation for their losses. On May 21,

---

[1] Attorney Graham is a member in good standing of the Florida State Bar. *See* Declaration of David Graham (ECF No. 483-1) at PageID #: 7293, ¶ 3. On July 2, 2024, his Motion to Admit *Pro Hac Vice* was granted. *See* Order (ECF No. 488).

2024, the Court preliminarily approved the Settlement. The Order provided 10 days for direct notice to be completed. This resulted in a 31-day window from May 31, 2024, to July 1, 2024, for Settlement Class Members to receive notice and decide whether to opt out of this well-publicized Settlement.² *See* Order Granting Motion for Preliminary Approval of Settlement, Appointment of Lead Class Counsel, and Approval of Notice (ECF No. 458).³ According to Class Plaintiffs, sufficient information about the Settlement is easily accessible and provided to Settlement Class Members, including (1) not only via the robust direct notice program the Court approved, but (2) through an on-site brick-and-mortar claims office in East Palestine opened the week of June 3, 2024 and staffed by the Settlement Administrator and Class Counsel to provide in-person assistance, (3) a call center staffed by settlement administrators, and (4) by multiple community meetings held in East Palestine and Columbiana, Ohio.⁴ *See* Response in Opposition (ECF No. 495) at PageID #: 8871. Class Member Jami R. Wallace, whom now requests that the Court enlarge the time to opt out of the property portion of the Class Settlement Agreement, was aware of the settlement by at least April 19, 2024 – 73 days before the July 1, 2024 opt out

---

² The public announcement of the Settlement in principal occurred on April 9, 2024. *See* Notice From Plaintiffs and Norfolk Southern of Settlement Agreement in Principle (ECF No. 445). The Settlement received extensive local and national coverage in the media. *See, e.g.*, *Some oppose Norfolk-Southern $600M settlement*, The Vindicator, April 11, 2024 (last visited Aug. 19, 2024); *Norfolk Southern agrees to $600 million settlement in Ohio train derailment*, NBC News, April 9, 2024 (last visited Aug. 19, 2024).

³ A Final Approval Hearing will be held before the Court on September 25, 2024, at 10:00 AM EDT. *See* ECF No. 458 at PageID #: 6176, ¶ 5.

⁴ Class Counsel and other lead attorneys answered questions regarding the Settlement in town halls shortly after the public announcement of the Settlement in principal, including two on April 15, 2024 (77 days before the opt out date) – one at the East Palestine public library and one at the Main Street Theater in Columbiana, Ohio.

2

request date – as evidenced by the fact she was quoted in *The New Yorker* concerning her opinion that the Settlement is "ridiculous." *See* E. Tammy Kim, *East Palestine, After the Crash*, April 19, 2014 (last visited Aug. 19, 2024). Should the Settlement be finally approved, payments to the community could not occur before the end of 2024 if the Court were to grant the within Motions to Enlarge Time.

ECF No. 458 provided a schedule that required Plaintiffs to distribute direct notice to Settlement Class Members by May 31, 2024. *See* ECF No. 458 at PageID #: 6177, ¶ 10(a). The long- and short-form notices listed the July 1, 2024 opt out request date for exclusion from the Settlement Class. The information was also posted online at https://www.eastpalestinetrainsettlement.com/documents (last visited Aug. 19, 2024) – a website created specifically as part of the Settlement. *See* ECF No. 458 at PageID #: 6177, ¶ 10(b).

Settlement Class Members have had multiple channels through which to investigate their options in this Settlement and make informed timely decisions about whether to opt out of the Settlement Class. The Unity Council for the East Palestine Train Derailment ("Unity Council'),[5] with the support of 120 community members, sent a letter dated June 12, 2024 to Class Counsel with questions about the Settlement (ECF No. 495-2). The letter contained three pages of questions. On June 18, 2024, Class Counsel provided a 10-page response to the Unity Council's letter (ECF No. 495-3) that included detailed responses and information about the settlement process. Paragraph 13 of the response, *see* ECF No. 495-3 at PageID #: 8941, addressed a concern brought up again in the Motions to Enlarge Time that "settlement cash benefits [will be determined] based on an undisclosed formula." ECF No. 485 at PageID #: 7306, ¶ 15; ECF No.

---

[5] Class Member Jami R. Wallace is the president of the Unity Council.

486 at PageID #: 7973, ¶ 16).  Thereafter, Class Counsel's response letter was posted on the Unity Council's Facebook page[6] so that the whole community could learn about its contents.  *See* Facebook Post from Class Member Jami R. Wallace (ECF No. 495-4).

In addition, there are other active Facebook groups in which residents can ask questions or post information for each other.  One of these Facebook groups, "East Palestine off the Rails!," has approximately 6,300 members.  *See* East Palestine off the Rails! Facebook homepage (ECF No. 495-8).  Local residents have also held meetings to discuss the settlement process and posted about these meetings on Facebook, including a post about a June 28, 2024 Zoom meeting to discuss opting out or objecting/moving the opt out date.  *See* June 28, 2024 Facebook Post from Class Member Jami R. Wallace (ECF No. 495-5).

**II.**

The Court adheres to its prior finding that a 31-day opt out period provided Settlement Class Members in the case at bar with reasonable notice.  Fed. R. Civ. P. 23(c)(2)(B) requires, upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3), that the district court send notice to class members informing them "that the court will exclude from the class any member who requests exclusion" and specifying "the time and manner for requesting exclusion."  Rule 23(c)(2)(B)(v) and (vi).  Rule 23 does not mandate a time period within which class members must exercise their exclusion right, but the Manual for Complex Litigation suggests that class members be given a "reasonable time" and states that courts "usually establish a period of thirty to sixty days (or longer if appropriate) following mailing or publication of the notice for class members to opt out."

---

[6] The Unity Council has approximately 1,000 members in its private group.  *See* Unity Council Facebook homepage (ECF No. 495-9).

Manual for Complex Litigation § 21.321 (4th ed. 2022); *see also* 2 McLaughlin on Class Actions § 6:18 (20th ed.) ("[c]ourts have consistently held that 30 to 60 days between the mailing (or other dissemination) of class notice and the last date to object or opt out, coupled with a few more weeks between the close of objections and the settlement hearing, affords class members an adequate opportunity to evaluate and, if desired, take action concerning a proposed settlement."). "A general extension of time for making the election may be appropriate if logistical or other problems require further mailings or publications." *Id.*  There are, however, no such allegations or deficiencies in the present case.

### III.

Class Members Rev. Joseph Sheely and Jami R. Wallace each separately move for an extension of time of "at least sixty days" to decide whether to opt out of the Class.  *See* ECF No. 485 at PageID #: 7306, ¶ 16; ECF No. 486 at PageID #: 7973, ¶ 17.  These Class Members contend that they need until at least August 30, 2024 to be fully and properly informed and notified of the terms and benefits of the Settlement.  *See* ECF No. 485 at PageID #: 7304; ECF No. 486 at PageID #: 7971.  August 30, 2024, however, is only 26 days before the hearing on settlement approval by the Court.

"Requests for an enlargement of the time to opt out of a class are granted only when the moving party has shown 'both good faith and a reasonable basis for not acting within the specified period.' " *In re Nasdaq Market-Makers Antitrust Litigation*, 182 F.R.D. 69, 71 (S.D. N.Y. 1998) (quoting *In re Prudential Securities Inc. Limited Partnerships Litig.*, 164 F.R.D. 362, 369 (S.D.N.Y. 1996)).  Given the access Settlement Class Members had to news of and information about the Settlement and the consequences of granting the requested enlargements in

5

this well-publicized Settlement, the Court concludes that Class Members Rev. Joseph Sheely and Jami R. Wallace have not established sufficient reasons to extend the time to opt out of the property portion of the Class Settlement Agreement.

**IV.**

Accordingly, Class Member Rev. Joseph Sheely's Motion (ECF No. 485) and Class Member Jami R. Wallace's Motion (ECF No. 486) to Enlarge Time to Opt Out of Property Portion of Class Settlement Agreement are denied.

Class Plaintiffs reserved their response to the remainder of the objections set forth in ECF Nos. 485 and 486.  *See* Class Plaintiffs' Response (ECF No. 495) at PageID #: 8870.  Any written Response to the Objections of Settlement Class Members filed on the docket (ECF Nos. 485, 486, 487, 489, 490, 491, and 493) shall be filed on or before September 6, 2024.

IT IS SO ORDERED.

   August 20, 2024                                      */s/ Benita Y. Pearson*
Date                                                 Benita Y. Pearson
                                                        United States District Judge