PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  EAST PALESTINE TRAIN DERAILMENT ) ) ) ) ) ) ) | CASE NO.  4:23CV0242<br><br>JUDGE BENITA Y. PEARSON<br><br>**ORDER**<br>[Resolving ECF No. 518] |

Pending is Plaintiffs' Motion for Final Approval of Settlement (ECF No. 518) related to the Class Action Settlement Agreement reached between Plaintiffs and Defendants Norfolk Southern Corporation and Norfolk Southern Railway Company ("Norfolk Southern"), filed on April 26, 2024.  ECF No. 452-2.  Plaintiffs, as representatives of the Settlement Class, now move the Court to approve the proposed Settlement as set forth in the Settlement Agreement.  The approval of the plan of distribution of settlement funds and application for attorneys' fees, expenses, and service awards are the subject of separate contemporaneous Orders of the Court. The Court has been advised, having reviewed the Settlement Agreement, the record, including, but not limited to, the parties' briefs, objections made with and without declarations, and the applicable law.  The Court has also considered the oral arguments of counsel offered during the fairness hearing conducted on September 25, 2024.  For the reasons stated on the record and the following reasons, the Court grants the Motion and ORDERS as follows:

1. The capitalized terms used in this Order have the same meaning as defined in the Settlement Agreement.

(4:23CV0242)

2. The Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement and enter this Order.

3. The Court finds that the proposed Settlement Class is certified for settlement purposes only. This shall not be construed to mean that class certification would be proper in this Action. Certification of the Settlement Class remains appropriate for the reasons set out in the Court's Order Granting Motion for Preliminary Approval of Settlement, Appointment of Lead Class Counsel, and Approval of Notice ("Preliminary Approval Order") (ECF No. 458) entered on May 21, 2024. This includes that (a) the Settlement Class is so numerous that joinder of all members in a single proceeding would be impracticable, (b) the members of the Settlement Class share common questions of law and fact, (c) the Class Representatives' claims are typical of those of the Settlement Class Members, (d) the Class Representatives and Interim Class Counsel have fairly and adequately represented the interests of the Settlement Class, and (e) questions of law and fact common to the Settlement Class predominate over the questions affecting only individual Settlement Class Members, and certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy.

4. Each and every member of the Settlement Class is bound by this Order and the terms of the Settlement Agreement, including the release of all Released Claims as set forth in the Settlement Agreement, unless such person requested exclusion from the Settlement in a valid manner as set forth in the Preliminary Approval Order.

5. Settlement Class Members have been provided with sufficient Notice informing them of the terms of the proposed Settlement and Final Approval Hearing.

(4:23CV0242)

6. Plaintiffs filed proof of completion of Notice with the Court prior to the Final Approval Hearing.  ECF No. 476.  The Court finds that Notice to Settlement Class Members was adequate and sufficient and comported with Plaintiffs' proposed Notice Plan (ECF No. 452-4), Settlement Agreement, and the Preliminary Approval Order.  Kroll Settlement Administration LLC, effectuated Notice as the settlement administrator appointed by this Court in this Action.  The Notice (a) constitutes the best notice practicable under the circumstances, (b) constitutes due and sufficient notice to the Class of the terms of the Settlement Agreement and Final Approval Hearing, and (c) fully complies with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

7. The Court gives final approval to the Settlement and finds that the Settlement is fair, reasonable, and adequate and in the best interest of Settlement Class Members.  The Court has specifically considered the factors relevant to class settlement approval.  *See, e.g.*, Fed. R. Civ. P. 23; *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007).  Among the factors supporting the Court's determination are:  the significant relief provided to the Settlement Class Members; the risks of ongoing litigation, trial, and appeal; the extensive discovery completed to date; and, the positive reactions of Settlement Class Members.

8. The Court finds that the Class Representatives and Class Counsel have adequately represented the Class.  Class Representatives were engaged in the litigation, assisted with or participated in the discovery process, and appeared before the Court at hearings, including at the Final Approval Hearing.  Class Counsel has engaged in extensive discovery, robust litigation, and negotiated this Settlement over the course of several months.

3

(4:23CV0242)

9. The Settlement was vigorously negotiated, conducted at arm's length, entered in good faith, and is free of fraud or collusion. The Settlement was negotiated with experienced, adversarial counsel. The terms of the Settlement were reached with the assistance of a highly qualified mediator, retired United States District Judge Layn Phillips, over the course of multiple mediation conferences and lengthy negotiations. Judge Phillips presented a Mediator's Recommendation to the Parties after a second formal mediation, which the Parties agreed to after individually considering the proposal. Following this agreement, the Parties continued frequent negotiation discussions and ultimately reached the Settlement Agreement.

10. The relief provided for in the Settlement Fund and Settlement Agreement is fair, adequate, and reasonable. This is particularly true considering the complexity and likely duration of litigation in this Action, including any appeals, and likelihood of success on the merits.

11. Class Counsel have extensive experience handling toxic tort and environmental class actions.

12. The Settlement, Plan of Distribution (ECF No. 519-2), and Supplement to the Plan of Distribution Relating to Appeals of Claim Determinations (ECF No. 525 at PageID #: 11564-66) treat Class Members equitably relative to each other.

13. Class Members overwhelmingly support the settlement. Approximately 28.1% of households within 20 miles of the Derailment Site filed a claim, including about 80% of homes within two miles of the Derailment Site. Only 47 businesses have opted out. Of the 463,271 household Class Members, only 370, or about .083%, have chosen to opt out.

14. Only 84 individuals filed timely objections to the Settlement. In summary, the objectors take issue with the following: Class Counsel did not discover, collect, or consider

(4:23CV0242)

sufficient evidence before reaching the Settlement; Class Counsel withheld or suppressed evidence; Direct Payments are distributed by household rather than by individual; Class Members were not aware of their exact award, or the award formula, prior to the opt-out cutoff date; settlement awards will unfairly be net of any prior payments made by Norfolk Southern; the Personal Injury Payments are not high enough, are unfairly binding or should extend beyond 10-miles from the Derailment Site; the Personal Injury Payments were not properly obtained as a Class benefit; the Settlement does not adequately compensate Class Members for their damages, including mental and emotional injuries and medical monitoring; the Released Parties are overly broad; and, expected attorneys' fees are too high.

15. The Court has considered all objections made in the time and manner provided in the Preliminary Approval Order and any subsequent Order and hereby overrules all objections to the fairness, adequacy, or reasonableness of the Settlement. All Class Members who objected to the Settlement, and did not validly elect exclusion from the Settlement Class, are hereby bound by this Order.

16. This Order constitutes a binding judicial declaration effectuating a judicial compromise of any claim on behalf of protected persons, including minors. The Court will maintain jurisdiction to consider and approve or rule on any protected person's compromise.

17. The Settlement Agreement and every term and provision thereof are deemed incorporated in this Order and have the full force of an order of the Court.

18. The Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement and the Plan of Distribution, according to their terms and conditions.

(4:23CV0242)

  19. This Order, the Settlement Agreement, the Settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement, including other Settlement-related Orders of the Court, are not, and must not be construed as evidence, an admission by Norfolk Southern of any liability or wrongdoing whatsoever or of the validity of any claim or of the existence or amount of damages, or an admission by the Class Representatives or Settlement Class Members of any lack of merit in their claims.

  20. The Court dismisses this Action on the merits and all Released Claims with prejudice.  This dismissal shall not apply to Norfolk Southern's claims against third parties, including Non-Settling Railcar Defendants.  *See* Third-party Complaint (ECF No. 119).  Norfolk Southern's claims arising out of the Incident are preserved.

  21. Upon the Effective Date, the Release is effective and all Settlement Class Members have, by operation of this Order, fully, finally and forever released, relinquished, and discharged the Released Parties pursuant to the Settlement Agreement.

  22. Upon the Effective Date, Settlement Class Members, and their successors, assigns, parents, subsidiaries, affiliates or agents are permanently barred and enjoined from commencing or continuing any action or proceeding in any court or tribunal asserting any claims released under the Settlement Agreement.  This Order is not intended to interfere with Norfolk Southern's claims against third parties, including Non-Settling Railcar Defendants.  Norfolk Southern's claims arising out of the Incident are preserved.

  23. Except as provided in the Settlement Agreement and Orders separately entered by the Court on any application for attorneys' fees and expenses or service awards, and the Plans of Distribution submitted by Class Counsel, the Parties will bear their own attorneys' fees and costs.

(4:23CV0242)

24. The Parties are hereby authorized to agree to adopt such amendments, modifications, and expansions of the Settlement and Plan of Distribution and their implementing documents, including the Settlement Agreement and all Exhibits to the Settlement Agreement, without further approval from the Court, if those amendments, modifications, or expansions (a) are consistent in all material respects with this Order and (b) do not limit the rights of Settlement Class Members.

25. Without affecting the finality of this Order in anyway, the Court retains jurisdiction to consider and rule on approval of protected persons' compromise; retains continuing and exclusive jurisdiction over this action for purposes of resolving issues relating to or ancillary to administration, consummation, interpretation, and enforcement of the Settlement Agreement; and, retains jurisdiction for purposes of ensuring compliance with the terms of the Settlement Agreement and any Order of the Court issued in connection therewith.

    IT IS SO ORDERED.

| | |
|---|---|
|  September 27, 2024 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |