UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: East Palestine Train Derailment   :   CASE NO.: 4:23-CV-00242-FYP

JUDGE: BENITA Y. PEARSON

MOTION FOR LEAVE TO FILE
MEMORANDUM OF LAW IN EXCESS OF 15 PAGES

Proceeding under L.Civ.R. 7.1(f), Rev. Joseph Sheely, class member, moves for leave to file a Memorandum of Law in Opposition to Plaintiffs' Motion for an Order Requiring Objector Rev. Joseph Sheely to Post an Appeal Bond, and in support thereof Rev. Sheely shows as follows:

1. Plaintiffs electronically filed their Motion for an Order Requiring Objector Rev. Joseph Sheely to Post an Appeal Bond (ECF No. 567) and supporting Memorandum of Law (ECF No. 567-1) late in the afternoon of Monday, October 7, 2024.

2. Under L.Civ.R. 7.1(d), undersigned counsel expected to have 14 days in which to respond.

3. Plaintiffs' one-page Motion (ECF No. 567) included the following concluding paragraph:

Plaintiffs respectfully request that the Court set a deadline for responding to this Motion of October 9, 2024, at 4:00 p.m., Eastern Time.

4. That request to reduce the time for response by 86% was unsupported by any citation to authority, or by any facts or logic, and did not even reference L.Civ.R. 7.1(d).

5. With no notice to undersigned counsel that the request to reduce time would be considered by this Court, and no opportunity to respond in light of the Court's decision to treat

1

the request as properly cognizable without Class Counsel complying with F.R.Civ.P. 7(b)(1)(B) (All motions must "state with particularity the grounds for seeking the order"), this Court on Tuesday afternoon, October 8, 2024, ordered (ECF No. 573) that any response to the Motion be filed by 4:30 p.m. EDT October 9, 2024.

6. Although undersigned counsel respectfully protests the extraordinarily short time allowed for responding to plaintiff's Motion (ECF No. 567), and similarly respectfully objects to the unfairness of the process by which such an extraordinarily short deadline was imposed when no claim of emergency was tendered or supported, he is complying with the deadline by timely submitting Rev. Sheely's Response and Memorandum of Law in Opposition to Plaintiffs' Motion.

7. However, undersigned counsel, in order to respond to all the allegations, insinuations, accusations, and arguments propounded in connection with Plaintiffs' Motion, finds that his Memorandum of Law in Opposition to Plaintiffs' Motion comprises 18 pages.

9. Per L.Civ.R. 7.1(f), a Memorandum of Law in relation to a non-dispositive motion is limited to 15 pages.

10. Arguably, Plaintiffs' Motion, which seeks to require Rev. Sheely to post an appeal bond of $850,000, IS a "dispositive motion", in the sense that, if the Motion is granted, Rev. Sheely lacks the ability to furnish such a bond, even in a lesser amount that exceeds a nominal sum (Exhibit A, Para. 13), thereby preventing Rev. Sheely from ever briefing the merits of his appeal. Regarding Plaintiffs' Motion as dispositive in that sense, Rev. Sheely's Memorandum of Law in Opposition to Plaintiffs' Motion is well within the 20 pages allowed for "standard cases" and 40 pages for "mass tort cases".

11. Ordinarily, undersigned counsel would have several days in which to further edit his Memorandum of Law, seeking ways to minimize wording, to cull quotations to the bone, and thus to pare the Memorandum to 15 pages or fewer (without sacrificing any substance), but the short time frame allowed makes that impossible.

12. As exemplary of undersigned counsel's good faith, the Memorandum of Law in Opposition to Plaintiffs' Motion has been reduced from an original 20 pages to the present 18 pages. Undersigned Counsel still has necessary religious observance preparations to make and travel to accommodate in order to arrive at our destination in order to celebrate the religious observance of a biblically mandated, religious observance (well-known to this court) commonly known to the Jewish faith as Sukkot and amongst many evangelical circles as the Feast of Tabernacles (Booths). Time for further winnowing and editing is expiring and thus this motion is being submitted herein.

13. Yom Kippur is one of the most sacred Holy Days in the undersigned counsel's religious faith. This court previously noted my absence from the minutes of proceedings for a telephonic conference call between counsel for the appellees and this honorable court, which was scheduled on October 3, 2024, coinciding with Yom Kippur. The meeting was ordered and held within hours on that same day. As counsel for the appellant(s), I was neither present nor able to attend due to my prior commitment to observe Yom Kippur. This situation arose due to the lack of notice, lack of procedural fairness, and lack of an adequate opportunity to participate in the hearing, compounded by the court's last-minute emergency scheduling of the same-day meeting on Yom Kippur, a well-known Jewish High Holy Day. See **Notice of Electronic Filing** entered on 10/3/2024 at 3:51 PM EDT and filed on 10/3/2024. **Docket Text**:

> "Minutes of proceedings [non-document] before Judge Benita Y. Pearson. ==Telephonic Conference Call held on 10/3/2024 to discuss the Notice of Appeal [558] filed by David Graham as counsel for Objecting Settlement Class Member Rev. Joseph Sheely and Rev. Sheely's subsequent public statements about the Notice of Appeal.== Present were Attorneys Seth A. Katz, M. Elizabeth ("Beth") Graham, Adam Gomez, and Mark P. Chalos as counsel for Plaintiffs; Attorneys Alan E. Schoenfeld and Albinas Prizgintas as counsel for Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation. ==Attorney David Graham was required to be present, but was not.== See Order [563]; ==Non-document Order dated 10/3/2024. He may not have been present due to observance of the high holiday of Rosh Hashanah today and Fri., 10/4/2024, which began at sundown on Wed., 10/2/2024.== The Court will consider a motion to be filed by counsel for Plaintiffs on or before 10/8/2024 at 4:00 PM EDT requesting that the Court enter a final appealable order concerning the final approval of the class action settlement; approval and implementation of the plan of distribution; and, award of attorneys' fees and expenses and service awards. (Court Reporter: Mary Uphold); Time: 13 Minutes. (JLG) [Highlighting added.]

The above issues were exacerbated through Plaintiffs Class-Counsels attempt to coordinate this meeting via email and compounded with the undersigned counsel's non-availability due to his religious observance of Yom Kippur which is a day of attending service, reciting prayers, and fasting from food and drink.

14. Undersigned counsel filed his original Motion For Leave To File Memorandum Of Law In Excess Of 15 Pages on Wednesday, October 9, 2024 and after 6 calendar days of silence on the issue an order was suddenly entered at 3:35 p.m., Tuesday, October 15, 2024 denying the undersigned counsel's motion and mandated that Rev. Joseph Sheely, through undersigned counsel file an abbreviated motion by Wednesday, October 16, 2024 at 4:30 p.m.. This deadline borders right up to the Jewish Holy Day of Sukkot which begins at sunset just hours after this revised Memorandum is supposed to be due. Undersigned counsel, like other observant members of the Jewish faith, is religiously precluded from engaging in work on Holy Days such as Yom

4

Kippur and Sukkot (among others).

15. Rev. Sheely files this motion to remedy the issues given in the Order (ECF No. 648) pointed out that the previous motion was denied, in part, on the following basis "*Motions for relief from length restrictions which are filed contemporaneously with the memorandum exceeding the page limits will be denied.*" ECF No. 98 at PageID #: 1170-71 (emphasis added)." ECF No. 648 at PageID #: 45669-70

WHEREFORE Rev. Sheely respectfully requests that his Memorandum of Law in Opposition to Plaintiffs' Motion be accepted at its current length of 18 pages (noting, in compliance with L.Civ.R. 7.1(f), that Memorandum includes "a table of contents, a table of authorities cited, a brief statement of the issue(s) to be decided, and a summary of the argument presented.").

    Respectfully submitted,

    s/ David Graham
    Attorney for Objector
    David Graham, Esq.
    David Graham Insurance Lawyers, P.A.
    Florida Bar No. 95588
    Appearing *pro hac vice*
    210 E. Forsyth St.
    Jacksonville, FL 32202
    (904) 567-6529
    Primary e-mail: dgraham@dginslaw.com
    Secondary e-mail: EastPalestine@dginslaw.com