PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) | CASE NO. 4:23CV0242<br><br>JUDGE BENITA Y. PEARSON<br><br>**ORDER**<br>[Resolving ECF No. 664] |

Pending is Morgan & Morgan & Co-Lead Counsel T. Michael Morgan's Motion to Clarify, Alter, Amend or Reconsider Order (ECF No. 556), and to Enjoin Distribution of Attorneys Fees Prior to Resolution of Appeals (ECF No. 664), filed on October 25, 2024. After notice to Co-Lead Class Counsel Seth A. Katz, M. Elizabeth Graham, and Jayne Conroy ("Co-Lead Class Counsel"), as well as Co-Lead Counsel T. Michael Morgan, the Court conducted a telephonic conference call on November 1, 2024. The Court has been advised, having reviewed the record, the motion, memorandum in support (ECF No. 664-1), and the applicable law. The Court has also considered the oral arguments of counsel offered during the telephonic conference and the email messages from Co-Lead Class Counsel and Attorney Morgan dated November 6, 2024. For the reasons set forth below, the motion is denied.

**I.**

On April 5, 2023, T. Michael Morgan and his law firm of Morgan & Morgan, P.A. were appointed as one of the four Co-Lead Counsel to manage the putative class actions and the individual actions. *See* Order (ECF No. 28) at PageID #: 562-63. Attorney Morgan represents

(4:23CV0242)

individuals and entities who have elected to file cases outside the class action, but are not opposed to the class structure. See ECF No. 28 at PageID #: 563 n. 3. Attorneys Katz, Graham, and Conroy, and their respective law firms, were appointed as Interim Class Counsel. See ECF No. 28 at PageID #: 562.

On April 26, 2024, Interim Class Counsel Seth A. Katz, M. Elizabeth Graham, and Jayne Conroy, as well as Co-Lead Counsel T. Michael Morgan, signed the Class Action Settlement Agreement. See ECF No. 452-2 at PageID #: 6038. ECF No. 452-2 is Exhibit 2 to Plaintiffs' Motion for Preliminary Approval of Settlement, Appointment of Lead Class Counsel, and Approval of Notice (ECF No. 452). It provides, in relevant part:

> D. The Fee Award awarded to Class Counsel will be paid from the Settlement Fund into the Escrow Account pursuant to Section XII.F (*i.e.*, within fourteen (14) days after the grant of Final Approval) and wired from the Escrow Account to an account number identified by Class Counsel. If, however, at the time of the grant of Final Approval the Court has not issued its order on the Fee Award, Class Counsel will be paid from the Escrow Account to an account number identified by Class Counsel within two (2) business days of such order on the Fee Award.
> E. If this Settlement is terminated pursuant to Section XI or modified or reversed in any material respect by a final order of any appellate court, or if the Fee Award is modified or reversed on any appeal, Class Counsel shall return to Norfolk Southern any and all attorneys' fees and costs previously paid to Class Counsel as any part of the Fee Award, plus accrued interest at the same net rate as is earned by the Settlement Fund, within fourteen (14) days of such termination or entry of an order on appeal modifying or reversing Final Approval or the Fee Award.

ECF No. 452-2 at PageID #: 6028-29. Clearly, the distribution method for the Fee Award is set forth in the Class Action Settlement Agreement (ECF No. 452-2), which was signed by Attorney Morgan.

2

(4:23CV0242)

On May 21, 2024, only Interim Class Counsel Seth A. Katz, M. Elizabeth Graham, and Jayne Conroy, and their respective law firms, were appointed as Lead Class Counsel. *See* Order (ECF No. 458) at PageID #: 6176.

Plaintiffs Motion for Award of Attorney's Fees and Expenses and Service Awards (ECF No. 520) was filed on September 6, 2024. Attorney Morgan's signature is on the motion. *See* ECF No. 520 at PageID #: 11305. Attorney Morgan also signed a Declaration (ECF No. 518-9) in support of final approval of the settlement.

Attorney Morgan appeared in person and was in the courtroom during the Fairness Hearing held on September 25, 2024, but did not speak. *See* Non-document Minutes of Proceedings; Transcript of Fairness Hearing (ECF No. 553) at PageID #: 14429. Co-Lead Class Counsel stated during the hearing, without objection from Attorney Morgan:

> In my humble opinion, we have done that, and we have done it well. And I am going to request that Your Honor should follow the lead of other judges in this district, such as Judge Zouhary in the *Polyurethane Foam Antitrust* cases, and follow the well-established principle that we, as appointed class counsel, are best suited to apportion fees to those firms who perform work that [benefitted] the class and allow us to continue this litigation in that role.

ECF No. 553 at PageID #: 14523. Any and all objections made to the settlement, to the fees and expenses (to the extent there were any), and/or the distribution of those fees were overruled. *See* Non-document Minutes of Proceedings; ECF No. 553 at PageID #: 14537, 14539.

On September 27, 2024, the Court entered an Order (ECF No. 556) granting Plaintiffs' Motion for Award of Attorney's Fees and Expenses and Service Awards. It delegated the Court's authority and provides, in relevant part:

> Finally, Co-Lead Class Counsel, "who are most familiar with the work done by each firm and each firm's overall contribution to the litigation," are best suited to apportion these fees among the firms involved. *In re Auto. Refinishing Paint*

3

(4:23CV0242)

>  *Antitrust Litig.*, No. MDL NO 1426, 2008 WL 63269, at *7 (E.D. Pa. Jan. 3, 2008); *see* Bowling v. Pfizer, Inc., 102 F.3d 777, 781 (6th Cir. 1996) (upholding the district court's decision to "not become involved" in class counsel's division of its fee); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 533 n.15 (3d Cir. 2004) (noting "the accepted practice of allowing counsel to apportion fees amongst themselves").

ECF No. 556 at PageID #: 14574.

> . . . The Court grants Co- Lead Class Counsel authority to distribute the fees in a manner that, in the judgment of Co-Lead Class Counsel, fairly compensates each attorney and/or firm for their contribution to the prosecution of Plaintiffs' class claims.

ECF No. 556 at PageID #: 14578. The above provisions do not appear in the original Proposed Order (ECF No. 520-5), submitted on September 6, 2024 because the language was proposed for the first time on September 23, 2024 in the Revised Proposed Order (ECF No. 538-5), which was submitted as an attachment to Plaintiffs' Reply (ECF No. 538). According to Co-Lead Class Counsel, the language in ECF No. 538-5 was put forward for consideration by the Court in response to Plaintiffs Ray and Judith Hall and Tzangas Plakas Mannos Ltd.'s Objection to Motion for Award of Attorneys' Fees and Expenses and Service Awards (ECF No. 526), filed on September 18, 2024. T. Michael Morgan's signature is on Plaintiffs' Reply. *See* ECF No. 538 at PageID #: 12349. According to Attorney Morgan, his signature block was used despite ECF Nos. 538 and 538-5 not being provided to him before being filied and without having obtained his consent to a fee allocation procedure that would exclude him from the process. *See* ECF No. 664-1 at PageID #: 46333; 46336.

Co-Lead Class Counsel utilized a model and methodology in allocating fees based on objective information and the Court's Order (ECF No. 556) granting Co-Lead Class Counsel the authority to apportion attorney's fees among the 39 law firms, including Morgan & Morgan,

4

(4:23CV0242)

P.A., that are all receiving a portion of fees based on the class fee. The model was applied equally and is based on an objective number at the starting point for every single firm. The objective number is the number of approved hours as of August 23, 2024, under the process set forth in the Time and Expense Billing Guidelines and Case Management Order (ECF No. 33),[1] after a review and audit by Plaintiffs' Liaison Counsel Michelle L. Kranz of Zoll & Kranz, LLC. "From the inception of this litigation through August 23, 2024, Class Counsel have collectively logged 59,042.63 hours performing work on behalf of the Class." Declaration of Michelle L. Kranz (ECF No. 520-4) at PageID #: 11523, ¶ 15.

From the objective number, Co-Lead Class Counsel backed-out the first level of document review hours for every firm to arrive at a flat rate for all non-document review hours. Every first level document review hour was treated the same for every single law firm to which it was applied, a $150 per hour rate.

Next, all non-document review hours were weighted by applying multipliers to them. Different multipliers were applied for different law firms based on whether they were a Co-Lead Counsel, a member of Plaintiffs' Executive Committee ("PEC"), a member of Plaintiffs' Steering Committee ("PSC"), and so on. Multipliers were assessed based in part on which law firms had a greater role in contributing to the funding of the litigation. After that, the type of work was given a multiplier, which was applied equally to all firms without regard to whether the attorney was a Co-Lead Counsel, a member of PEC, a member of PSC, and so on. For

---

[1] ECF No. 33 was entered on May 12, 2023 – at the beginning of the case when Interim Class Counsel and Co-Lead Counsel did not know how the case would resolve, if at all.

(4:23CV0242)

example, self-reported time for taking a deposition, doing some investigation or working up an expert versus administrative tasks.

Settlement time was treated a bit differently. Staffing at the Claims Center was given a multiplier. Whereas, time submitted by a law firm for helping their individually retained clients fill out claim forms was not.[2] *See* Co-Lead Counsel's letter sent to all Plaintiffs' counsel on August 8, 2024 advising them how time spent assisting existing clients or any other Class Member with the submission of their claim would be treated for consideration relative to compensation from the common fund/class recovery – that it could be submitted and treated the same way as lawyers staffing the Claims Center was going to be treated, but it would not be a percentage of the client's recovery. The letter also reminded all counsel about the Billing Guidelines ([ECF No. 33](#)).

A comparison of the submission of hours for the respective law firms of Co-Lead Class Counsel and Morgan & Morgan reveals that the latter firm had the lowest number of approved hours. According to Co-Lead Class Counsel, the Morgan & Morgan hours were treated the same as the other Co-Lead Counsel firms and all other law firms. And the three other Co-Lead Counsel firms were Co-Lead Class Counsel. Moreover, the respective law firms of Co-Lead Class Counsel, plus Lieff Cabraser (a member of the PEC), are still working and dealing with appeal issues. After the books were closed for approved hours on August 23, 2024, Co-Lead Class Counsel also dealt with numerous objections prior to the Fairness Hearing. Attorneys Katz and Graham also presented oral argument and demonstrative exhibits at the hearing.

---

[2] The respective law firms of Co-Lead Class Counsel did not submit time for helping their individual retained clients fill out their claim forms.

6

(4:23CV0242)

On October 7, 2024, Co-Lead Class Counsel sent an email to Attorney Morgan "saying, 'We have finalized the allocations and need wire instructions'[.]" ECF No. 664-1 at PageID #: 46335. According to Attorney Morgan, "[e]ven after talking with class counsel, it was unclear to him how the class counsel calculated the allocation for Morgan & Morgan or for any other firm." Id.

It was not until October 25, 2024 (the last day to file a Fed. R. Civ. P. 59(e) motion[3]) that Morgan & Morgan & Co-Lead Counsel T. Michael Morgan filed their Motion to Clarify, Alter, Amend or Reconsider Order (ECF No. 556), and to Enjoin Distribution of Attorneys Fees Prior to Resolution of Appeals (ECF No. 664). Morgan & Morgan & Attorney Morgan move the Court to enjoin the distribution of attorney's fees pending the resolution of appeals, to amend ECF No. 556 to include a process for judicial review of the fee allocation pursuant to Fed. R. Civ. P. 23(h), and to appoint Co-Lead Counsel T. Michael Morgan to participate in the allocation process with Co-Lead Class Counsel to ensure fair compensation for common benefit work.

## II.

### A.

The Court considers ECF No. 664 as analogous to bringing a discovery dispute to the attention of the Court. As such, it does not comply with LR 37.1, which provides for a three-step process for resolution of discovery disputes. The first step is a telephone conference. A discovery motion should only be filed after having been solicited by the Court. *See Mohney v. USA Hockey, Inc.*, 5 Fed.Appx. 450, 459-60 (6th Cir. 2001); *Infocision Management Corp. v. Foundation for Moral Law, Inc.*, No. 5:08CV1342, 2009 WL 1661650, at *2 (N.D. Ohio June

---

[3] Twenty-eight (28) days from September 27, 2024.

(4:23CV0242)

15, 2009) (Lioi, J.); *see, e.g. Zehentbauer Family Land LP v. Chesapeake Exploration, L.L.C., No. 4:15CV2449 (N.D. Ohio filed Nov. 30, 2015)* (Pearson, J.) at ECF Nos. 149, 150, and 151. Morgan & Morgan & Co-Lead Counsel T. Michael Morgan should have given the Court the courtesy of a telephone conference to let the Court know that the issues set forth in ECF No. 664 were of such concern to movants before filing against their own side on the public docket.

B.

1.

Movants state "it has come to the attention of Attorney Morgan that class counsel intend to make fee payments to attorneys, despite the appeal that is staying direct payments to clients. *Had Attorney Morgan been aware of this*, he would have objected to paying the attorneys while the process for paying class members remain stayed on appeal. This is another reason to establish a process for judicial oversight and for a transparent allocation process." ECF No. 664-1 at PageID #: 46336 (emphasis added). During the telephonic conference call, Co-Lead Class Counsel referred to this as Attorney Morgan's complaint that the "quick pay" method is not proper. The "quick pay" language is set forth at Section XIV(D) and (E) of the Class Action Settlement Agreement. *See* ECF No. 452-2 at PageID #: 6028-29.

Attorney Morgan should have been aware because "quick pay" is a term in the Settlement Agreement that he signed. *See* ECF No. 452-2 at PageID #: 6028-29, 6038. In addition, movants' argument is untimely. The cutoff date for class members to object to the preliminary approval was July 1, 2024. *See* Order Granting Motion for Preliminary Approval of Settlement, Appointment of Lead Counsel, and Approval of Notice (ECF No. 458) at PageID #: 6182. In addition, if Attorney Morgan were going to object to the quick pay method, he should

8

(4:23CV0242)

have done so before he signed the Class Action Settlement Agreement (ECF No. 452-2) on April 26, 2024.

**2.**

Movants request that the Court preserve the status quo and direct Co-Lead Class Counsel to "refrain from distributing fees before all appeals are resolved." ECF No. 664-1 at PagID #: 46336. *See FTC. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (the purpose of a preliminary injunction is, in part, to preserve the status quo pending a determination on the merits). To determine whether preliminary injunctive relief is warranted, courts balance four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (en banc) (per curiam) (quoting *PACCAR Inc. v. TeleScan Techs., LLC*, 319 F.3d 243, 249 (6th Cir. 2003)). Although these factors are ordinarily balanced, "the *existence* of an irreparable injury is mandatory." *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) (emphasis in original). It is well established that preliminary injunctive relief "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). Mere speculation about, or bald assertion of, irreparable harm is insufficient. *See id.*

Movants have failed to establish irreparable harm resulting from Co-Lead Class Counsel's utilization of the model and methodology in allocating fees based on the Court's

(4:23CV0242)

Order (ECF No. 556) granting Co-Lead Class Counsel the authority to apportion attorney's fees among the 39 law firms that are all receiving a portion of fees based on the class fee.

**C.**

Finally, Attorney Morgan – as non-class counsel – is not entitled to be part of the process in allocating the class fee. Co-Lead Class Counsel knew who was doing what and were assigning the work. *See* ECF No. 28 at PageID #: 562 n. 2 ("Interim Class Counsel should try to avoid unnecessary duplication of efforts and control fees and expenses.").

The Court intentionally and, pursuant to Fed. R. Civ. P. 23(h), empowered Co-Lead Class Counsel to allocate or divide awards of the class fee in this class action settlement. *See In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *8 (N.D. Ohio Feb. 26, 2015) ("This Court grants Co-Lead Counsel authority to distribute the fees in a manner that, in the judgment of Co-Lead Counsel, fairly compensates each firm for its contribution to the prosecution of Plaintiffs' claims.") (internal quotation marks omitted); *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 383 (S.D. Ohio 2006) ("Class Counsel shall allocate the award of attorneys' fees among counsel for the Class based on their good-faith assessment of the contribution of such counsel to the prosecution of this Action."); *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp.2d 1029, 1033 (S.D. Ohio 2001) (approving distribution of "a single fee from which the [Plaintiffs' Steering Committee] will allocate the attorneys' fees among the attorneys who provided a benefit to the Class").

(4:23CV0242)

### III.

Accordingly, Morgan & Morgan & Co-Lead Counsel T. Michael Morgan's Motion to Clarify, Alter, Amend or Reconsider Order (ECF No. 556), and to Enjoin Distribution of Attorneys Fees Prior to Resolution of Appeals (ECF No. 664) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| November 15, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |