PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) | CASE NO. 4:23CV0242 <br><br> JUDGE BENITA Y. PEARSON <br><br> **ORDER** <br> [Resolving ECF No. 453] |

Pending is Norfolk Southern Railway Company and Norfolk Southern Corporation's (herein "Norfolk Southern") Motion to Strike Affirmative Defense from Answer of GATX Corporation and General American Marks Company (herein "GATX"). (ECF No. 453). Third-Party Defendant GATX filed its Opposition. (ECF No. 463). Norfolk Southern replied. (ECF No. 471). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons below, the motion is granted.

## I. Background

### 1. Factual

The following passage is cited from the Third-Party Complaint:

> Norfolk Southern is a common carrier, which means it is required by federal law to accept and transport innumerable materials, including chemicals that are used to make everyday products. Train 32N was transporting several railcars containing chemicals, including five railcars containing vinyl chloride. Vinyl chloride is used to make polyvinyl chloride, or PVC, one of the most widely produced synthetic plastics, typically found in clothing, pipes, doors, windows, and residential construction. Norfolk Southern did not manufacture, load, or own the vinyl chloride and other chemicals that Train 32N was carrying on February 3, 2023, nor did it manufacture, lease, or own the railcars that contained the vinyl chloride and other chemicals.

(4:23CV0242)

ECF No. 119 at PageID #: 1408-09.  On February 3, 2023, Train 32N derailed in East Palestine, Ohio, releasing various chemicals, including vinyl chloride from five railcars.

### 2. Procedural

In July 2023, Norfolk Southern filed a Third-Party Complaint seeking derivative damages under theories of negligence and joint and several against the railcar owners: OxyVinyls LP, Gatx Corporation, General American Marks Company, and Trinity Industries Leasing Company. *See* Third-Party Compl. (ECF No. 119).  In June 2024, the Court dropped Trinity Industries Leasing Company as a Third-party Defendant with prejudice pursuant to Fed. R. Civ. P. 21 for the reasons stated in the Unopposed Motion of Third-party Plaintiffs Norfolk Southern Corporation and Norfolk Southern Railway Company and Trinity (ECF No. 460).  *See* Order (ECF No. 464).

Answering the Third-Party Complaint, GATX suggests that the ruling in *State of Ohio*, *et al*., *v. Norfolk S. Ry. Co.*, *et al*., Case No. 23-CV-517 precludes it from liability.  Specifically, it asserts as its thirteenth affirmative defense: "Norfolk Southern's claims for joint and several liability and contribution are precluded by this court's recent decision to hold Norfolk Southern solely liable for [Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")] liability stemming from the February 3, 2023 derailment."  *See* Answer of GATX Corp. and Gen. Am. Marks Co. to Norfolk S.'s Third-Party Compl.  (ECF No. 451).

In that action, the United States, and the State of Ohio filed federal and state environmental claims, and under CERCLA to recover costs associated with the response to the derailment in Case No. 23-CV-517-JRA.[1]  Norfolk Southern filed a Third-Party Complaint that

---

[1] The Court takes judicial notice of the ruling in Case No. 23-CV-517-JRA at ECF No. 113.  *See* Fed. R. Evid. 201.  "'Judicial records are a source of reasonably

2

(4:23CV0242)

sought to impose liability upon GATX as a potential responsible party under CERCLA, but its claims were dismissed.  Judge Adams declined to exercise supplemental jurisdiction over the remaining state law claims, and dismissed the Third-Party Complaint in its entirety.

Arguing that the issues are separate, Norfolk Southern moves to strike GATX's affirmative defense pursuant to Federal Rule of Civil Procedure 12(f).  *See* Norfolk S. Ry. Co. and Norfolk S. Co. Mot. To Strike Affirmative Def. from Answer of GATX Co. and Gen. Am. Marks Co.  (ECF No. 453-1).  Norfolk Southern argues that the issue preclusion affirmative defense does not apply because Case No. 23-CV-517 "has no bearing on GATX's independent liability under state common law in this action."  ECF No. 453-1 at PageID #: 6155.  It also asserts that the Court should strike the affirmative defense because it fails as a matter of law under any pleading standard.  *See* Reply in Supp. of Norfolk S. Ry. Co. and Norfolk S. Co.'s Mot. To Strike Affirmative Defense from Answer of GATX Co. and Gen. Am. Marks Co. (ECF No. 471).

GATX responds that the Court should deny the motion to strike because the affirmative defense plausibly bars Norfolk Southern's claim for damages.  ECF No. 463 at PageID #: 6617.  It also argues that the heightened-pleading standard does not apply, and even if the Court were to apply the heightened-pleadings standard, GATX contends that it notified Norfolk Southern of the

---

indisputable accuracy when they record some judicial action such as dismissing an action, granting a motion, or finding a fact.  Courts can properly notice prior judicial acts for the purpose of acting upon them.'" *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (internal quotations omitted) (citing 21B Charles Alan Wright et al., *Federal Practice and Procedure* § 5106.4 (2d ed. 2005)).

3

(4:23CV0242)

nature of its defense because it identified the claim it seeks to preclude and provided an adequate basis. ECF No. 463 at PageID #: 6624-28.

## II. Standard of Review

Federal Rule of Civil Procedure 8(b)(1)(A) requires a party responding to pleadings to "state in short and plain terms its defenses to each claim asserted against it." Rule 8(c)(1) also requires a responding party to "affirmatively state any avoidance or affirmative defense[.]" Considering that the responding party must plead information beyond the Plaintiff's *prima facie* case to avoid or mitigate liability, the responding party bears the burden of proving the affirmative defense. Batesole v. Stratford, 505 F.2d 804, 810 (6th Cir. 1974).

The burdened party, however, is not required to describe facts supporting those affirmative defenses in its answer. Instead, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, *Federal Practice, and Procedure* § 1274).

Rule 12(f) grants district courts the discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts must "sparingly" grant motions to strike, because "it should be granted only when the pleading to be stricken has no possible relation to the controversy." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953) (citations omitted).

The Sixth Circuit has also held that district courts should strike an affirmative defense when "it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Operating Eng'rs Local 324 Health Care Plan, 783 F.3d 1045, 1050 (6th Cir. 2015). An affirmative

4

(4:23CV0242)

defense fails as a matter of law when the defense cannot succeed under any circumstance. *See e.g.*, *Operating*, 783 F.3d at 1055 (holding that district court should have granted the motion to strike the legally deficient affirmative defense); *see also Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, (W.D. Mich. 1997) ("An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances.") (citation omitted).

### III. Analysis

#### A. The Court Declines to Apply a Heightened Pleading Standard for Affirmative Defenses

Norfolk Southern argues that GATX improperly pled the affirmative defense pursuant to Rule 8, and that it cannot withstand scrutiny under Rule 12.  ECF No. 453-1 at PageID #: 6155. GATX counters that Sixth Circuit precedent, the majority of other courts, and the text of Rule 8(b) do not apply Rule 12(b)(6)'s heightened-pleading standard to affirmative defenses.  ECF No. 463 at PageID #: 6624-28.

The Court declines to apply the heightened pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to the affirmative defense, because the Supreme Court and the Sixth Circuit have not expressly held that the heightened pleading standard applies to affirmative defenses.  *See e.g.*, *Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) (declining to apply a heightened pleading standard to an affirmative defense); *see also Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *3 (E.D. Tenn. July 25, 2011).  The Court follows the Sixth Circuit's holding that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Lawrence*, 182 F. App'x at 456.

5

(4:23CV0242)

Considering that the heightened-pleading standard does not apply, the Court finds that GATX's statement provides fair notice of the nature of the defense.  See *Davis v. Sun Oil Co.*, 148 F.3d 606, 612-13 (6th Cir. 1998) (finding that the statement, "Plaintiff's claims are barred by the doctrine of *res judicata*," provided sufficient notice of the affirmative defense); *see also Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009) (holding that Defendant's statement, "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose," provided fair notice).

### B. The Court Strikes GATX's Thirteenth Affirmative Defense.

Norfolk Southern argues that the Court should strike GATX's issue preclusion affirmative defense, because Case No. 23-CV-517-JRA concerns Norfolk Southern's recovery for environmental cleanup costs under CERCLA, while this action concerns recovery of costs for GATX's purported negligence leading to the derailment.  ECF No. 471 at PageID #: 7128-31.  GATX counters that issue preclusion bars Norfolk Southern's recovery because it arises from the same facts as Case No. 23-CV-517, an action in which Judge Adams dismissed Norfolk Southern's request for contribution, response costs, and declaratory relief under CERCLA.  ECF No. 463 at PageID #: 6619-21.

Issue preclusion, also known as collateral estoppel, "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment."  *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021).  Federal courts rely on federal law to determine the preclusive effect of a judgment issued by a federal court.  See *Stringer v. Lennox*, No. 17-10998, 2018 WL 5095047, at *4 (E.D. Mich. Aug. 27, 2018) (citing *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 650 (6th Cir. 2007)).  For preclusion of an issue, federal common law requires that:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have

6

(4:23CV0242)

> been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Karst Robbins Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 969 F.3d 316, 324-25 (6th Cir. 2020).

GATX argues that issue preclusion bars Norfolk Southern's recovery under a different claim because both actions originated from the same operative facts *i.e.*, the East Palestine train derailment and the subsequent response. ECF No. 463 at PageID #: 6625-26. GATX relies on *Heartland Materials, Inc. v. Warren Paving, Inc.*, 819 F. App'x 323, 329 (6th Cir. 2020) for the proposition that issue preclusion applies to a change in legal theory if a new claim is based on the same operative facts. ECF No. 463 at PageID #: 6626.

The Court disagrees. Collateral estoppel only applies "to the matters litigated, or which might have been litigated in the former case. . . . For the estoppel to be effective, the issues of law and fact must be the same.'" *Paine & Williams Co. v. Baldwin Rubber Co.*, 113 F.2d 840, 843 (6th Cir. 1940) (citations omitted).

In *Heartland*, a limestone quarry purchaser requested that the district court void its contract requiring royalty payments to the unlicensed real estate intermediary because the royalty payments constituted unlawful real estate commission. 819 F. App'x at 325. The district court dismissed the purchaser's contractual claims, agreeing with the intermediary that the statute of limitations barred the purchaser's claims. *Id.* at 325-26. Nearly two years later, in a subsequent action, the intermediary[2] filed a breach of contract claim against the purchaser after the purchaser withheld

---

[2] The Court acknowledges that in the subsequent action there are additional plaintiffs and defendants. For the sake of brevity and considering that it is not relevant to

7

(4:23CV0242)

royalty payments.  *Id*. at 326.  The purchaser re-asserted many of the same legal theories in defense, but it also argued that it was entitled to a set-off or a recoupment.  *Id*. at 326.  The district court struck the purchaser's defenses under a theory of issue preclusion after finding that statute of limitations barred the prior action, given the similarity of the arguments in both actions.  *Id*. at 326-27.  On appeal, the purchaser asserted that the district court erred in precluding the set-off and recoupment defense considering that the statute of limitations seldom bars recoupment claims.  *Id*. at 329.  The Sixth Circuit rejected the argument and upheld the district court's striking of the affirmative defense, because it re-asserted the same issue: whether Kentucky's real estate statute (KRS § 324.020(2)) precluded Plaintiff from collecting royalties under the contract.  *Id*. at 327-28.

       GATX's reliance on *Heartland* is unpersuasive.  Norfolk Southern does not re-argue the same issue under a new legal theory.  Rather, this issue concerns Norfolk Southern's recovery for state common-law negligence—not the recovery for environmental cleanup costs.  In Case No. 23-CV-517, Judge Adams decided whether GATX was a "potentially responsible party" under CERCLA to allocate cleanup costs to the government.  Case No. 23-CV-517, ECF No. 113 at PageID #: 2137.  Furthermore, in Case No. 23-CV-517, Judge Adams declined to exercise supplemental jurisdiction over the remaining state-law claims, and "decline[d] to incorporate any alleged negligence stated in those claims into causation allegations to potentially support Norfolk Southern's CERCLA claims."  *See* Case No. 23-CV-517, ECF No. 113 at PageID #: 2136-37.  Because the two actions involve separate issues, the Court finds the first prong unsatisfied.  Therefore, the Court need not analyze the remaining elements because Plaintiff's issue preclusion

---

the issue preclusion analysis, the Court will continue to refer to the parties as purchaser and intermediary.  *Heartland*, 819 F. App'x at 325-26.

8

(4:23CV0242)

affirmative defense is deficient.  See *Flexiworld Techs., Inc. v. Lexmark Int'l, Inc.*, No. CV 5:22-97-KKC, 2023 WL 2573872, at *7 (E.D. Ky. Mar. 20, 2023).  As a result, GATX's issue preclusion defense fails as a matter of law.

The Court finds that issue preclusion does not bar Norfolk Southern's claims, because Case No. 23-CV-517-JRA did not actually litigate Norfolk Southern's recovery of costs for GATX's purported negligence leading to the derailment.  Accordingly, the Court grants Norfolk Southern's Motion to Strike Affirmative Defense from Answer of GATX Corporation and General American Marks Company (ECF No. 453).

IT IS SO ORDERED.

| | |
|---|---|
| November 20, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |