PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| *IN RE*: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) | CASE NO.  4:23-CV-00242 JUDGE BENITA Y. PEARSON **<u>ORDER</u>** [Resolving ECF No. 569] |

Pending is Third-Party Plaintiffs Norfolk Southern Corporation and Norfolk Southern Railway Company's (collectively "Norfolk Southern") Motion for Leave to File Supplemental Pleading to Third-Party Complaint filed on October 7, 2024.  ECF No. 569.  Third-Party Defendant OxyVinyls LP ("OxyVinyls") filed an Opposition.  ECF No. 662.  Norfolk Southern replied.  ECF No. 665.  The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons below, the Court grants Norfolk Southern's motion to supplement the Third-Party Complaint with its claim for contribution.

## I.      Background

Norfolk Southern filed a Third-Party Complaint against OxyVinyls, GATX Corporation, General American Marks Company, and Trinity Industries Leasing Company[1] ("Third-Party

---

[1] Trinity Industries was dropped as a Third-Party Defendant for the reasons stated in the Unopposed Motion Under Rule 21 to Dismiss Norfolk Southern's Claims Against Trinity Industries.  ECF No. 460.  *See also* Order, ECF No. 464.

(4:23CV242)

Defendants").  ECF No. 119.  Each Third-Party Defendant moved to dismiss the Third-Party

Complaint in its entirety.[2]

The Court denied the motions in all respects except as to Norfolk Southern's contribution

claim, which the Court found premature because Norfolk Southern had not yet paid any amount

to Plaintiffs and certainly had not paid more than its proportionate share of any liability.  ECF

No. 429 at PageID #: 5622 (citing *Frank v. D'Ambrosi*, 4 F.3d 1378, 1387 (6th Cir. 1993)).  The

Court explained that under Ohio Rev. Code § 2307.25(A), the statutory right of contribution is

only available to a tortfeasor that has paid more than the tortfeasor's proportionate share of the

common liability.  ECF No. 429 at PageID #: 5622 and *McPherson v. Cleveland Punch & Shear

Co.*, 816 F.2d 249, 250–51 (6th Cir. 1987).  The Court's dismissal of Count Four, the

contribution claim, was without prejudice.  ECF No. 429 at PageID #: 5624.

Since that ruling, Norfolk Southern and Plaintiffs reached a class action settlement which

the Court has approved.  *See* ECF No. 557, Order granting Plaintiffs' Motion for Final Approval

of Settlement.  Under the approved settlement, Norfolk Southern is "obligated to discharge the

whole of the common liability to Plaintiffs and the Settlement Class for a total amount of $600

million."  ECF No. 569-1 at PageID #: 14679.  Norfolk Southern has paid $315 million, over

half of that obligation.  ECF No. 569-1 at PageID #: 14681.  Its final payment of $285 million

---

[2] OxyVinyls moved to dismiss for failure to state a claim for both the negligence and the contribution claim.  ECF No. 188.  Trinity Industries moved to dismiss for personal jurisdiction and failure to state a claim.  ECF No. 190.  GATX and General American Marks moved to dismiss for failure to state a claim.  ECF No. 194.  Norfolk Southern filed responses to GATX and General American Marks' Motion to Dismiss (ECF No. 227), Trinity Industries' Motion to Dismiss (ECF No. 228) and Oxy Vinyl's Motion to Dismiss (ECF No. 229).  Trinity Industries (ECF No. 234), OxyVinyls (ECF No. 237), and GATX and General American Marks (ECF No. 238) all filed their Replies.

(4:23CV242)

will be due after the Effective Date of the Settlement Agreement.[3]  ECF No. 569-1 at PageID #: 14681.  Appeals are pending that delay the payment of the full $600 million.  ECF No. 558; Acknowledgment [non-document] dated 10/02/2024.  ECF No. 570; Acknowledgment [non-document] dated 10/11/2024.  ECF No. 713.

## II.    Legal Standard

A.  Supplemental pleadings

Fed. R. Civ. P. 15(d) states a "court may, on just terms, permit a party to serve a supplement pleading" even if the "original pleading is defective in stating a claim or defense." FED. R. CIV. P. 15(d).  The allowance of supplemental proceedings "upon reasonable notice and upon such terms as are just" is left to the court's discretion.  McHenry v. Ford Motor Co., 269 F.2d 18, 24 (6th Cir. 1959).  Courts should consider whether the "supplemental complaint sets up occurrences and events arising out of the action . . . since the original complaint was filed" and whether it "arose out of the transactions and occurrences set forth in the original pleading." McHenry, 269 F.2d at 24.

B.  Ripeness

Ripeness, one of several justiciability doctrines that limit judicial power, prevents the courts from being entangled in premature adjudications.  See Kiser v. Reitz, 765 F.3d 601, 606 (6th Cir. 2014) (citing Abbott Labs v. Gardner, 387 U.S. 136, 148–49 (1967)).  A claim is not

---

[3] Before appeals were filed, the Effective Date would have been one business day after "the date upon which the time expires for filing or noticing any appeal of the Final Judgment."  ECF No. 569-3 at PageID #: 14704.  Now it is one business day following either (1) the date of completion of any appeals which leaves in place the Final Judgment without any material modifications, or (2) date of final dismissal of any appeal or proceeding on certiorari with respect to the Final Judgment.  ECF No. 569-3 at PageID #: 14704.  This results in a delay of the final $285 million payment until whichever later Effective Date.

(4:23CV242)

ripe for adjudication if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation marks omitted).

C. Ohio's Joint and Several Liability

Ohio Rev. Code § 2307.25(A) (eff. April 9, 2003) provides a statutory right of contribution for a tortfeasor who has paid more than the tortfeasor's proportionate share of the common liability.  OHIO REV. CODE § 2307.25(A).  Ohio Rev. Code § 2307.26 provides a statutory right to contribution if a judgment imposes joint and several liability against one or more tortfeasors for the same injury or loss to person or property through a motion, upon notice to all parties to the action.  OHIO REV. CODE § 2307.26.  At a minimum, contribution claims require the existence of joint tortfeasors.  *Hoffman v. Fraser*, No, 2010-G-2975, 2011 WL 1782099, at *8 (Ohio Ct. App., May 6, 2011).  Ohio courts have found contribution claims to be premature if (1) the tortfeasor has not paid more than its proportionate share of the common liability, or (2) the tortfeasor has made no payments to the common liability.  *See Westfield Ins. v. Chapel Elec. Co.*, C.A. No. 29956, 2024 WL 3466076, at *4 (Ohio Ct. App., July 19, 2024) (citing *Nat'l Mut. Ins. v. Whitmer*, 435 N.E.2d 1121, 1123–24 (Ohio 1982)).  *See Frank*, 4 F.3d at 1387.

### III.    Analysis

A. The Contribution Claim is Ripe

The supplemental pleading Norfolk Southern seeks leave to file revives the contribution claim which was previously dismissed as premature.  ECF No. 429.  Norfolk Southern argues that because the class action has settled and it is wholly liable to the $600 million figure and has paid $315 million of that total, the issue of contribution is no longer premature.  ECF No. 569 at

4

(4:23CV242)

PageID #: 14683–84.  OxyVinyls disagrees, arguing that the contribution claim is still premature

because "Norfolk Southern is not yet obligated to pay, nor has it paid, the full settlement

amount."  ECF No. # 662 at PageID #: 46320.  Instead, OxyVinyls argues that the contribution

claim will not ripen until either (1) the Effective Date of the Settlement passes, which would be a

day after the conclusion of any and all appeals, or (2) Norfolk Southern pays the entire amount of

$600 million which is not due until the Effective Date.  *See* ECF No. 662 at PageID #: 46322–

24.

        The Court finds that the contribution claim is ripe.  OxyVinyls' objections go to the

merits of the contribution claim, not its sufficiency.  While Norfolk Southern does not yet have a

"complete and enforceable" contribution claim requiring an alleged joint tortfeasor to make a

specific payment, Norfolk Southern has met the standard for pleading the supplemental claim.

The fact of liability (*i.e.* debt assumed by Norfolk Southern *via* settlement) and the amount paid

so far by Norfolk Southern is known.  At this writing, the only unknown is whether there will be

an allocation of that liability.

    B.  Norfolk Southern May File the Supplemental Pleading

        A party may, with court permission, "serve a supplemental pleading setting forth

transactions or occurrences or events which have happened since the date of the pleading."

*Michael v. Ghee*, 498 F.3d 372, 386 (6th Cir. 2007) (citing Fed. R. Civ. P. 15(d)).  The Court

finds that the Court's approval of the Class Action Settlement Agreement and Norfolk

Southern's payment of over half the amount it promises are occurrences and events permitting

the supplemental pleading tendered by Norfolk Southern at ECF No. 569-1.

      *1.  Undue delay or prejudice*

(4:23CV242)

Rule 15(d) permits supplemental pleadings upon "reasonable notice and upon such terms as are just." *McHenry*, 269 F.2d at 24–25 (noting such filings are liberally granted if it is not shown that defendant may be injured by the filing). Norfolk Southern has shown diligence by filing its motion shortly after the Court's final approval of the class action settlement. Third-Party Defendants, including OxyVinyls, are not prejudiced or surprised because they were given notice with the initial filing of the contribution claim. The motions to dismiss that claim and interactions with the Court show that the Third-Party Defendants understood and acknowledged the claim.[4] OxyVinyls has not, nor can it reasonably, raise an issue of undue delay or prejudice. ECF No. 662.

2. *Futility*

OxyVinyls argues that the contribution claim is futile as it will not survive a motion to dismiss. "A motion to dismiss under Rule 12(b)(6) should be granted only when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claims that would entitle [it] to relief.'" *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir., Sept. 30, 2002) (noting that a denial of a motion to supplement may amount to harmless error if the proposed amendment would not survive a motion to dismiss under 12(b)(6)).

Circumstances are different now. Norfolk Southern is no longer simply alleging the possibility of damages based on possible, but not yet concrete, liability from the class action claim. Norfolk Southern has assumed and is obligated to pay a total of $600 million to Plaintiffs, and has, in fact, already paid $315 million. *See Texas v. United States*, 523 U.S. at 300. Norfolk

---

[4] Third-Party Defendants were on notice of the contribution claim through the initial Third-Party Complaint and the October 1, 2024, Telephonic Conference. ECF No. 119. Minutes of proceedings [non-document] dated 10/03/2024; ECF No. 566.

6

(4:23CV242)

Southern alleges that the Third-Party Defendants are joint tortfeasors because their negligence contributed to the derailment.

The contribution claim is not futile, as it does not appear that Norfolk Southern cannot prove any facts to support its contribution claim.

C. No Additional Responsive Pleadings or Motions to Dismiss are Allowed

OxyVinyls urges that if Norfolk Southern's "futile Motion to Supplement" is granted, it should also be permitted to respond to the Supplemental Third-Party Complaint "including, but not limited to, filing a motion to dismiss and, if necessary, an answer." ECF No. 662 at PageID #: 46325.

When OxyVinyls  sought to dismiss the contribution claim, it argued only that it was premature.  ECF No. 188-1 at PageID #: 2165–67.  Even in its opposition to the motion for leave to file the supplemental pleading, OxyVinyls has not indicated what answer or affirmative defenses it would plead, if given the chance.  It relies instead on its arguments about the contribution claim's futility, failure to state a claim, and the prospect of another motion to dismiss.  ECF No. 662 at PageID #: 46325–26.  Providing OxyVinyls, GATX, and General American Marks another opportunity to file a dispositive motion, at this juncture, would be redundant, inefficient, and not assist the Court.  Without weighing in on the merits of the contribution claim, the Court finds that it is ripe, not futile, not prejudicial, and not a surprise.

The Court declines to extend, again, the opportunity for a Third-Party Defendant to file a motion to dismiss the contribution claim.  Accordingly, should OxyVinyls or GATX and General

7

(4:23CV242)

American discern specific answers or affirmative defenses to the contribution claim, the Court will allow those, but no additional dispositive motions.[5]

### IV.    Conclusion

For the reasons above, Norfolk Southern's Motion for Leave to File Supplemental Pleading to the Third-Party Complaint (ECF No. 569) is granted.  Norfolk Southern shall file its Supplemental Pleading to its Third-Party Complaint within one day of the filing of this Order. Within seven days of the filing of this Order, OxyVinyls, GATX, and General American shall file any specific answer or affirmative defenses to the contribution claim they believe appropriate.  No additional dispositive motions may be filed by any party, including Norfolk Southern.


IT IS SO ORDERED.


January 13, 2025
Date

/s/ Benita Y. Pearson
Benita Y. Pearson
United States District Judge

---

[5] This also applies to the filing of a Rule 56 motion.  At the time the pending Rule 56 motions were filed, the contribution claim had been dismissed without prejudice.  Trial will proceed March 31, 2025.  Other than a Rule 50 motion made during trial, a post-trial motion may be the best and soonest opportunity to lodge any opposition to the claim for contribution.

8