# EXHIBIT A

# IN RE: EAST PALESTINE TRAIN DERAILMENT

## CLASS ACTION SETTLEMENT AGREEMENT

### (SUBJECT TO COURT APPROVAL)

### TABLE OF CONTENTS

I.      Recitals ......................................................................................................... 2

II.     Definitions ..................................................................................................... 5

III.    Court Approval Contingency ........................................................................ 13

IV.     Preliminary Approval .................................................................................... 13

V.      Settlement Administrator ............................................................................. 14

VI.     Notice ............................................................................................................. 15

VII.    Objections to Settlement ............................................................................... 15

VIII.   Exclusions from Settlement .......................................................................... 17

IX.     Claims ............................................................................................................ 18

X.      Final Approval ............................................................................................... 18

XI.     Termination .................................................................................................... 19

XII.    Settlement Fund ............................................................................................. 20

XIII.   Distribution of Settlement Fund ................................................................... 21

XIV.    Attorneys' Fees and Costs ............................................................................. 27

XV.     Service Award to Plaintiffs ........................................................................... 28

XVI.    Release ........................................................................................................... 28

XVII.   No Admission of Liability ............................................................................. 30

XVIII.  Miscellaneous Provisions .............................................................................. 30

Exhibit A:    Individual Claim Form

Exhibit B:    Business Loss Claim Form

Exhibit C:    Notice (Short Form)

Exhibit D:    Notice (Long Form)

Exhibit E:    Personal Injury Release

This SETTLEMENT AGREEMENT, dated as of April 26, 2024 (the "Settlement Date"), is made and entered into by and among Defendants Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively, "Norfolk Southern"), and the Plaintiffs and Class Representatives, individually and on behalf of the Settlement Class, intending that this Action shall be fully and finally compromised, settled, released, and dismissed with prejudice, as to all Parties to this Settlement Agreement and the Released Parties under the terms and conditions set forth herein.

Capitalized terms have the meanings provided in Section II unless a section or subsection of this Settlement Agreement provides otherwise.

## I.  RECITALS

A.      This Action arises out of the February 3, 2023 derailment of a Norfolk Southern train in East Palestine, Ohio.  Following the derailment, numerous individual and putative class action lawsuits were filed against Norfolk Southern in the United States District Court for the Northern District of Ohio.  On April 5, 2023, the Court (Pearson, J.) consolidated those pending lawsuits into a single putative class action lawsuit, *In re: East Palestine Train Derailment*, No. 4:23-CV-00242; subsequent to the Court's consolidation order, additional lawsuits were filed, and those were also consolidated into *In re: East Palestine Train Derailment*.

B.      Also on April 5, 2023, the Court entered an order appointing interim class counsel, co-lead counsel, a Plaintiffs' executive committee, a Plaintiffs' steering committee, Plaintiffs' subcommittees, and community liaison counsel.  Dkt. No. 28.

C.      Plaintiffs Steven McKay, Susan Scheufele, Neely Jack, Dawn Baughman, David Anderson, James Ross, Jon Luke Affeltranger, Rosemary Mozuch, Charles Mozuch, Lance Beck, Clarissa Cohan, Rollerena Auto Sales LLC, Harold Feezle, DalQan Holdings, LLC, Valley View MPH LLC, Competition & Luxury Vehicle Club of Darlington, LLC (together, "Plaintiffs") filed a Master Consolidated Class Action Complaint on May 4, 2023.  Dkt. No. 31. (Kayla Baker and Gregory Swan also were originally named Plaintiffs, but the Court granted their motion to withdraw, as both Plaintiffs and proposed class representatives, on March 13, 2024.)  Plaintiffs filed their First Amended Master Consolidated Class Action Complaint on August 14, 2023, to include claims against new Defendants OxyVinyls LP, GATX Corporation, General American Marks Company, and Trinity Industries Leasing Company.  Dkt. No. 138.

D.      Plaintiffs allege harm to individuals, businesses, and property in the surrounding communities arising out of or relating to the Incident.  Plaintiffs assert claims for negligence, negligence per se, gross negligence/willful and wanton conduct, strict liability, nuisance, trespasses, spoliation, injury to property, and medical monitoring.  Plaintiffs seek compensatory, punitive, and exemplary damages.  Alleged property damages (real and personal) include contamination/damage to real property, loss of use and enjoyment of property, diminution in property value, and loss of inventory.  Alleged economic losses include lost wages, lost business income, out of pocket expenses, and permanent relocation expenses.  Additionally, Plaintiffs

DocuSign Envelope ID: 69FB66F7-7872-4173-9989-A139C0DE3566

seek medical monitoring for alleged exposure to released chemicals; relief for alleged contamination of workplace; and relief for alleged aggravation and upset.

E.       Norfolk Southern denies the merits of Plaintiffs' claims and denies that they are entitled to any relief.

F.       On June 2, 2023, Norfolk Southern filed a motion to dismiss and to strike the complaint, Dkt. No. 76, which Plaintiffs opposed on June 30, 2023, Dkt. No. 103.  On March 13, 2024, the Court granted in part and denied in part the motion to dismiss.  Dkt. No. 428.

G.       The Parties engaged in extensive fact discovery, which concluded on February 5, 2024, subject to certain additional depositions taking place by Party agreement outside the fact discovery period.  The Parties have also engaged in extensive expert development.

H.       The Parties participated in three full-day, in-person mediations before U.S. District Judge Layn R. Phillips (ret.) (the "Mediator" or "Judge Phillips"), and further engaged in numerous telephonic settlement discussions independently and with the aid of Judge Phillips and his team.

I.       On April 9, 2024, with the assistance of Judge Phillips, Plaintiffs and Norfolk Southern announced that they had reached an agreement in principle to resolve the Action in order to avoid the expense, burden, and risk of further litigation and fully and finally resolve the Action and all claims that were or could have been asserted in the Complaint.

J.       Upon careful review and analysis of the extensive record, Class Representatives and Class Counsel have concluded that it is in the best interests of the Class Representatives and the Settlement Class to settle all Released Claims against the Released Parties for consideration reflected in the terms and benefits of this Settlement Agreement.  After arm's length negotiations with Norfolk Southern's Counsel, including through the efforts of Judge Phillips, Class Counsel and Class Representatives have considered, among other things: (1) the complexity, expense, and likely duration of the litigation, through trial and any appeals that might be taken; (2) the stage of the litigation and amount of fact gathering and expert development completed; (3) the potential for Norfolk Southern to prevail in opposing class certification or on the merits; and (4) the range of possible recovery, and have determined that this Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Representatives and the Settlement Class. Specifically:

1.       Class Counsel strongly believe that this Settlement Agreement and the Settlement Class definition are appropriate given the vast fact discovery and expert development that have now been undertaken.  Depositions and discovery confirm the "impact zone" that is reflected in the Settlement Agreement.  Upon review and analysis of the vast record, including extensive environmental data, any impact of the Incident extends no further than a 20-mile radius from the Derailment Site, and any claims for relief arising out of, or relating to, the Incident beyond a 20-mile radius are without merit. As reflected in this Settlement, using a geographic radius of 20 miles for all claims

(excepting only Personal Injury Claims, limited to a 10-mile radius) fairly and adequately compensates those in East Palestine and the surrounding affected communities for the Incident. Moreover, the allocation formula, which, as described further below, is based on a weighted point system that heavily considers proximity to the Incident and expert opinions as to the ensuing spread of toxins, both prioritizes those Households most impacted and protects the outlying Households from the risk of an adverse ruling or verdict.

2.      Eligible Settlement Class Members' ability to voluntarily elect to participate in and receive a Personal Injury Payment if present within a 10-mile radius of the Incident is designed to compensate those individuals who have suffered, or may suffer, a physical injury arising from the Incident. Because, in Class Counsel's view, class actions for Personal Injury Claims are not legally viable, this Settlement seeks to nevertheless address all compensable personal injuries on a broad scale. Those Settlement Class Members who participate will be compensated for past, present, and future personal injuries from the Incident. The Settlement avoids risks of a complete non-recovery for any person within the 10-mile radius and provides compensation for personal injuries now and in the years to come. Class and Co-Lead Counsel—including counsel who represent individuals with such injuries—are confident that the 10-mile radius participation definition is more than expansive enough to ensure that all of those Settlement Class Members with Personal Injury Claims are eligible for additional relief in the form of Personal Injury Payments. Simply stated, the likelihood of success on the merits for Personal Injury Claims outside the 10-mile radius is extremely remote given the science, fact record, and expert analysis.

K.      Upon careful review and analysis of the extensive record, Norfolk Southern has concluded in light of the costs, risks, and burden of litigation, that this Settlement Agreement in this complex putative class action litigation is appropriate. Norfolk Southern and Norfolk Southern's Counsel agree with the Class Representatives and Class Counsel that this Settlement Agreement is a fair, reasonable, and adequate resolution. Norfolk Southern reached this conclusion after considering, among other things, (1) the factual and legal issues relating to the litigation, (2) the substantial benefits of this Settlement Agreement, (3) the expense that would be necessary to defend claims through trial and any appeals that might be taken, and (4) the benefits of resolving protracted and complex litigation.

L.      The Parties desire to settle, compromise, and resolve fully the Action.

M.      The Parties will seek Court review and approval of the Settlement Agreement, and, upon preliminary approval by the Court, the Parties will seek a Final Judgment from the Court dismissing the Action with prejudice.

N.      This Settlement Agreement will not be construed as evidence, nor as an admission by Norfolk Southern, of any liability or wrongdoing whatsoever or as an admission by the Class Representatives, or Settlement Class Members, of any lack of merit in their claims.

NOW, THEREFORE, in consideration of the agreements, promises, and covenants set forth in this Settlement Agreement, including the Release, this Action shall be settled and compromised under the following terms and conditions.

## II.    DEFINITIONS

For the purposes of this Settlement Agreement, the following terms (designated by initial capitalization throughout this Agreement) will have the meanings set forth in this Section II.

A.    "Action" means the consolidated case *In re: East Palestine Train Derailment*, No. 4:23-CV-00242 (N.D. Ohio).  It includes all putative class actions and individual actions composing this consolidated case (*i.e.*, all individual or putative class action complaints filed in this Court that have been, or are in the future, consolidated into this Action), including but not limited to:

| Class Actions |
|---|
| 1.  *Feezle et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00242 (N.D. Ohio Feb. 7, 2023) |
| 2.  *Eisley et al. v. Norfolk Southern Ry. Co.*, 4:23-CV-00250 (N.D. Ohio Feb. 8, 2023) |
| 3.  *Hall et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00257 (N.D. Ohio Feb. 9, 2023) |
| 4.  *Erdos et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00268 (N.D. Ohio Feb. 9, 2023) |
| 5.  *Kinder et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00292 (N.D. Ohio Feb. 15, 2023) |
| 6.  *Canterbury et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00298 (N.D. Ohio Feb. 15, 2023) |
| 7.  *Battaglia et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00303 (N.D. Ohio Feb. 16, 2023) |
| 8.  *Davis et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00308 (N.D. Ohio Feb. 16, 2023) |
| 9.  *Ibel et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00315 (N.D. Ohio Feb. 17, 2023) |
| 10. *Baker et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00324 (N.D. Ohio Feb. 20, 2023) |
| 11. *Snyder et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00344 (N.D. Ohio Feb. 22, 2023) |
| 12. *Dettmer et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00345 (N.D. Ohio Feb. 22, 2023) |

13. *Fisher et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00350 (N.D. Ohio Feb. 23, 2023)

14. *Atkinson et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00363 (N.D. Ohio Feb. 23, 2023)

15. *Bodnar et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00380 (N.D. Ohio Feb. 24, 2023)

16. *Mozuch et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00415 (N.D. Ohio Mar. 1, 2023)

17. *Smith et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00429 (N.D. Ohio Mar. 2, 2023)

18. *Affeltranger et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00440 (N.D. Ohio Mar. 3, 2023)

19. *Irizarry et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00479 (N.D. Ohio Mar. 9, 2023)

20. *Policaro et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00495 (N.D. Ohio Mar. 11, 2023)

21. *Barnhouse v. Norfolk Southern Corp. et al.*, 4:23-CV-00510 (N.D. Ohio Mar. 13, 2023)

22. *Kurtz, Jr. et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00529 (N.D. Ohio, Mar. 15, 2023)

23. *Bunts et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00586 (N.D. Ohio Mar. 21, 2023)

24. *Loyd et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00634 (N.D. Ohio Mar. 24, 2023)

| **Individual Actions** |
|---|

1. *Ceramfab, Inc. et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00509 (N.D. Ohio Mar. 13, 2023)

2. *Culixte v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-0600 (N.D. Ohio Mar. 21, 2023)

3. *Gurney et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00601 (N.D. Ohio Mar. 21, 2023)

4. *Hamilton et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00602 (N. D. Ohio Mar. 21, 2023)

5. *Hammond v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00603 (N.D. Ohio Mar. 21, 2023)

6. *McAller et al. v. Norfolk Southern Ry. Co. et al.*, 4:23-CV-00604 (N. D. Ohio Mar. 21, 2023)

7. *Mann et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-00672 (N.D. Ohio Mar. 30, 2023)

8. *Turner v. Norfolk Southern Train Co. et al.*, 4:23-CV-00870 (N.D. Ohio Apr. 13, 2023)

9. *Ceramfab, Inc. et al. v. Norfolk Southern Corp. et al.*, 4:23-CV-2206 (N.D. Ohio Nov. 14, 2023)

10. *Almasy et al. v. Norfolk Southern Corp. et al.*, 4:24-CV-00452 (N.D. Ohio Mar. 8, 2024)

B. "Administrative Deposit" means a payment of five million dollars ($5,000,000.00) into the Escrow Account paid within fourteen (14) days after the grant of Preliminary Approval by the Court.

C. "Administrative Expenses" means the costs incurred in administering this Settlement, including the costs of Notice.

D. "Administrator" or "Settlement Administrator" means Kroll Settlement Administration, LLC, subject to approval of the Court, which will perform services associated with the administration of the Settlement Agreement including but not limited to providing the Notice; creating and maintaining the Settlement Website; establishing the qualified settlement fund and complying with its tax filing, paying and reporting obligations; receiving and processing Claim Forms; providing information and reports to Class Counsel and Norfolk Southern's Counsel upon request or as otherwise required by this Settlement Agreement; sending payments under the terms of the Settlement; being responsible for any tax reporting; and performing such other settlement administration matters set forth herein, contemplated by the Settlement, and/or ordered by the Court.

E. "Agreement," "Settlement Agreement," or "Settlement" means this Settlement Agreement and all accompanying exhibits, including any subsequent amendments thereto and any exhibits to such amendments.

F. "Business" means any corporation, company, foundation, association, labor organization, firm, partnership, society, joint stock company, or group of organizations, as well as any unincorporated or other business or trading name that lacks independent legal form or status and under which any individual trades or conducts business.

G. "Claim" means a request to participate in the Settlement Fund submitted by a Settlement Class Member to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

DocuSign Envelope ID: 69F566E7-7872-4479-9889-A459C0E5356C

H. "Claim Deadline" means the date ninety (90) days after the Notice Date, which is the date by which Settlement Class Members must respond to the Notice of this Settlement by submitting a Claim Form.

I. "Claim for Extraordinary Loss or Damage" or "Claim for Extraordinary Injury" means any Claims for documented loss, damage, or injury that are so different in kind or degree from those experienced by the majority of Settlement Class Members that they may not be adequately addressed by the general plan of allocation and, in the discretion of the Settlement Administrator, may entitle a Settlement Class Member to an additional award or payment from the Settlement Fund, pursuant to Sections XIII.C.1 and XIII.C.3.

J. "Claim Form" means a document making a Claim—for Direct Payment, Business Loss, or Personal Injury—in substantially the forms attached here as Exhibit A (Individual Claim Form) and Exhibit B (Business Loss Claim Form).

K. "Class Counsel" means the court-appointed interim class action counsel who are so designated and who are signatories to this Settlement Agreement, namely, Seth A. Katz of Burg Simpson Eldredge Hersh & Jardine, P.C., M. Elizabeth Graham of Grant & Eisenhofer P.A., and Jayne Conroy of Simmons Hanly Conroy LLC.

L. "Class Representatives" means Plaintiffs Steven McKay, Susan Scheufele, Brenda Williams, Dawn Baughman, David Anderson, James Ross, Jon Luke Affeltranger, Rosemary Mozuch, Charles Mozuch, Lance Beck, Clarissa Cohan, Rollerena Auto Sales LLC, Harold Feezle, DalQan Holdings, LLC, Valley View MPH LLC, and Competition & Luxury Vehicle Club of Darlington, LLC, or such other or different persons as may be appointed by the Court as the representatives of the Settlement Class.

M. "Co-Lead Counsel" means the court-appointed co-lead counsel who are so designated, namely, Seth A. Katz of Burg Simpson Eldredge Hersh & Jardine, P.C., M. Elizabeth Graham of Grant & Eisenhofer P.A., Jayne Conroy of Simmons Hanly Conroy LLC, and T. Michael Morgan of Morgan & Morgan, P.A.

N. "Complaint" means, unless specified otherwise, the First Amended Master Consolidated Class Action Complaint filed in the Action on August 14, 2023, and any subsequent or amended complaint filed in the Action.

O. "Court" means the United States District Court for the Northern District of Ohio.

P. "Defendants" or "Norfolk Southern" means Norfolk Southern Railway Company and Norfolk Southern Corporation.

Q. "Defense Counsel" or "Norfolk Southern's Counsel" means Wilmer Cutler Pickering Hale and Dorr LLP and Dickie, McCamey & Chilcote, P.C.

R. "Derailment Site" means the site of the derailment of Norfolk Southern Train 32N on February 3, 2023, in East Palestine, Ohio (Latitude: 40.8360395°N, Longitude: -80.5222838°W).

S.     "Effective Date" means one business day following the later of: (1) the date upon which the time expires for filing or noticing any appeal of the Final Judgment; (2) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal(s) (including but not limited to the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (3) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Judgment.

T.     "Eligible Personal Injury Settlement Class Member" means a Settlement Class Member Person who (1) was physically located within 10 miles of the Derailment Site at any time between the date of the Incident and the Settlement Date, and (2) affirms his/her/their presence within those 10 miles during that time, pursuant to Section XIII.C.3.

U.     "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defense Counsel at a depository institution insured by the Federal Deposit Insurance Corporation that will constitute a court-approved "qualified settlement fund" for federal tax purposes pursuant to 26 C.F.R. § 1.468B-1.

V.     "Fee Award" means the amount of attorneys' fees and reimbursement of costs to Class Counsel approved by the Court to be paid out of the Settlement Fund.

W.     "Final Approval Hearing" means the hearing before the Court where Plaintiffs will request that the Court grant Final Approval of the Settlement and enter the Final Judgment, thereby finally approving the Settlement as fair, reasonable, and adequate, and determining the Fee Award and the Service Awards to the Class Representatives.

X.     "Final Approval" means the Court's order finally approving the Settlement.

Y.     "Final Judgment" means the final order and judgment to be entered by the Court confirming certification of the Settlement Class for purposes of Settlement, approving the Settlement of the Action in accordance with this Settlement Agreement after the Final Approval Hearing, and dismissing the Action with prejudice.

Z.     "Household" means all Persons occupying a single housing unit.

AA.     "Incident" means the February 3, 2023 derailment of Norfolk Southern train 32N in East Palestine, Ohio, including without limitation the February 6, 2023 controlled release (also referred to as the vent and burn) of hazardous materials contained in certain derailed railcars and the chemical release, fire, emergency response, clean-up, remediation, shelter-in-place and evacuation in and around East Palestine, Ohio following the February 3, 2023 train derailment and February 6, 2023 controlled release.

BB.     "Minor Approval Process" means the process whereby Class Counsel shall take all necessary steps to secure valid and legally enforceable releases, including Personal Injury Releases, for minor Settlement Class Members (*i.e.*, Settlement Class Members who have not, as of the Claim Deadline, reached the age of majority under applicable law).

CC.     "Non-Settling Railcar Defendants" means the new defendants named in Plaintiffs' First Amended Master Consolidated Class Action Complaint, filed on August 14, 2023: OxyVinyls LP, GATX Corporation, General American Marks Company, and Trinity Industries Leasing Company.

DD.     "Notice" or "Settlement Notice" means the notice of this proposed Settlement and Final Approval Hearing, which, subject to Court approval, is to be disseminated to the Settlement Class substantially in the manner set forth in this Settlement Agreement, and which fulfills the requirements of Due Process and Federal Rule of Civil Procedure 23, and is substantially in the form of Exhibit C (short-form Notice) and Exhibit D (long-form Notice).

EE.     "Notice Date" means the date by which the Notice is disseminated to the Settlement Class, which shall be a date no later than twenty-eight (28) days after entry of Preliminary Approval.

FF.     "Parties" means Norfolk Southern and Class Representatives, individually and on behalf of the Settlement Class (both of which may be referred to individually as a "Party").

GG.     "Person" means any individual natural person or any agent or beneficiary thereof.

HH.     "Personal Injury Claim" means a personal and/or bodily injury claim as defined in Paragraph 5 of Exhibit E (Personal Injury Release).  For avoidance of doubt, claims for medical monitoring, or mental or emotional injury or harm, are not Personal Injury Claims and instead are included in the definition of Released Claims, below.

II.     "Personal Injury Settlement Fund" means that portion of the Settlement Fund allocated to satisfy Claims for Personal Injury Payment, as determined by the Settlement Administrator in consultation with Class Counsel, pursuant to Section XIII.D.

JJ.     "Plaintiffs" or "Named Plaintiffs" means Steven McKay, Susan Scheufele, Brenda Williams, Dawn Baughman, David Anderson, James Ross, Jon Luke Affeltranger, Rosemary Mozuch, Charles Mozuch, Lance Beck, Clarissa Cohan, Rollerena Auto Sales LLC, Harold Feezle, DalQan Holdings, LLC, Valley View MPH LLC, and Competition & Luxury Vehicle Club of Darlington, LLC.

KK.     "Preliminary Approval" means the Court's Order preliminarily approving the Agreement, appointing Class Counsel, certifying and/or finding the Settlement Class is likely to be certified for purposes of entering the Final Judgment, and approving the form and manner of the Notice.

LL.     "Release" means the entirety of Section XVI, including any defined terms in this Section II.

DocuSign Envelope ID: 69F86653-7872-4173-9029-4159C0DE356C

MM.    "Released Claims" means any and all past, present, or future claims or causes of action, whether known or unknown, including "Unknown Claims" as defined below, whether in law or in equity, under contract, tort or any other subject area, or under any statute, rule, regulation, order, or law, whether federal, state, or local, on any grounds whatsoever, that were alleged or could have been alleged in the Action relating to the Incident, including without limitation, negligence, gross negligence, strict liability, public nuisance, private nuisance, trespass, trespass to chattels, medical monitoring, mental or emotional injury or harm, spoliation, statutory violations, including but not limited to claims under Ohio R.C. §§ 901.51, 959.02, 42 Pa. C.S.A. § 8313, W.Va. Code § 61-3-41, loss of employment or earning capacity, diminution of property value, property damage (real or personal), loss of use or enjoyment of property, evacuation-related losses, punitive damages, compensatory damages, pain and suffering, injunctive relief, strict liability, willful misconduct, and all other theories, whether existing now or arising in the future, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Incident, with the sole exception of Personal Injury Claims as set forth below.

1.    Personal Injury Claims—and only Personal Injury Claims—are excepted from the definition of Released Claims.

2.    Personal Injury Claims will be released only if an Eligible Personal Injury Settlement Class Member elects to receive a Personal Injury Payment and executes a separate Personal Injury Release.

NN.    "Released Parties" means:

1.    Norfolk Southern and any of its past or present parents, subsidiaries, affiliated companies, and corporations, and any of their past or present officers, directors, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, agents, consultants, contractors, service providers, successors, or assigns;

2.    OxyVinyls LP, GATX Corporation, General American Marks Company, Trinity Industries Leasing Company (collectively defined above as the "Non-Settling Railcar Defendants");

3.    any other manufacturers, owners, lessors, lessees, shippers, and consignees of the rail cars and products involved in the Incident;

4.    the manufacturers, installers, and designers of the rail track or other railroad equipment associated with the Incident, including without limitation Progress Rail;

5.    the Association of American Railroads;

6.    the Terminal Railroad Association of St. Louis;

7.    any persons, business entities, and agencies that assisted in or supported the emergency response, remediation, air monitoring, soil monitoring, water monitoring,

DocuSign Envelope ID: 69FB6957-7872-4173-9929-4459C0DE356C

DocuSign Envelope ID: 69F86953-7872-4173-9029-4159C0DE356C

and clean-up activities associated with the Incident—including for avoidance of doubt and without limitation, Arcadis U.S., Inc.; Braskem America Inc.; Center for Toxicology and Environmental Health (CTEH); EnviroScience, Inc.; Explosive Service International; Specialized Professional Services Inc. (SPSI); Midland Manufacturing; Specialized Response Solutions (SRS); Hazardous Products Abatement Company (HEPACO); EnviroServe; Engineering Systems Inc. (Esi); Cranemasters; Hulcher Services, Inc.; R.J. Corman Railroad Group; and Timken Company—including the activities of private, public, and governmental agencies, entities, and authorities, whether federal, state, county, or local, their employees, officers, agents, members, and volunteers; and

8.     any owners, lessors, and lessees of any other real property located at the site of the Incident.

9.     For the avoidance of doubt, any of the "Released Parties" includes, for any of the foregoing entities, any past or present parents, subsidiaries, affiliated companies, and corporations, and any past or present officers, directors, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, agents, consultants, contractors, service providers, successors, or assigns.

OO.    "Response Deadline" means the date thirty (30) days after the Notice Date, which is the date by which Settlement Class Members must respond to the Notice of this Settlement by (1) submitting a written objection to the Settlement Agreement with the Settlement Administrator; or (2) submitting a request for exclusion to the Settlement Administrator.  The Response Deadline will be set forth in the Notice and on the Settlement Website.

PP.    "Service Award" means such award as the Court may authorize to be paid to the Class Representatives from the Settlement Fund for their service to the Class in bringing and prosecuting this case.

QQ.    "Settlement Class" means all Persons and Businesses residing, owning or otherwise having a legal interest in property, working, or owning or operating a business within a 20-mile radius of the Derailment Site, from February 3, 2023 to the Settlement Date.  Excluded from the Settlement Class are:  Norfolk Southern, and any of its parents, subsidiaries, or affiliates; all duly elected and approved officers of Norfolk Southern, and all directors of Norfolk Southern; Norfolk Southern employees, and contractors of Norfolk Southern and their employees, who were specifically sent by Norfolk Southern to the area in and around the Derailment Site to respond to the Incident and do not otherwise fall within the definition of Settlement Class; Norfolk Southern's Counsel; Class Counsel; a government, political subdivision, public entity, or public agency; and the judge presiding over this Action and the judge's staff.

RR.    "Settlement Class Member" or "Class Member" means a Person or Business who falls within the definition of the Settlement Class and who does not submit a valid request for exclusion from the Settlement Class.

SS.    "Settlement Fund" means the non-reversionary cash settlement amount of six-hundred-million dollars ($600,000,000.00), plus all income earned thereon.  Payments to Class Members from the Settlement Amount shall be allocated pursuant to the terms in Section XIII. The Settlement Fund shall satisfy all monetary obligations of Norfolk Southern under this Settlement Agreement.  In no event shall Norfolk Southern be required to pay more than the amount of six-hundred-million dollars ($600,000,000.00).

TT.    "Settlement Website" means the website to be created, launched, and maintained by the Administrator, which among other things will provide access to relevant settlement administration documents, including the Notice, relevant case documents, and other relevant material.

UU.    "Unknown Claims" means claims that could have been but were not raised in the Action, including but not limited to claims that Plaintiffs or any member of the Settlement Class do not know or suspect to exist, which, if known by him, her, them, or it, might affect his, her, their, or its agreement to release the Released Claims or might affect his, her, theirs, or its decision to agree, to object, or not to object to the Settlement.

## III.    COURT APPROVAL CONTINGENCY

A.    All terms of this Agreement, except as provided in Section III.B, are contingent upon (1) Preliminary Approval of the Settlement by the Court; (2) Final Approval of the Settlement by the Court dismissing the Action with prejudice, including any necessary approvals under the Minor Approval Process; (3) certification by the Court of the Settlement Class for settlement purposes only; and (4) the exhaustion of any appeals.

B.    Notwithstanding the exhaustion of any appeals under Section III.A, the Personal Injury Settlement Fund shall be distributed in accordance with Section XIII.D, and executed Personal Injury Releases shall become effective upon Final Approval, or upon any necessary approvals under the Minor Approval Process, and shall remain effective regardless of any appeals or court decisions relating in any way to this Agreement.

## IV.    PRELIMINARY APPROVAL

A.    The Parties and their counsel agree that, within fourteen (14) days of the Settlement Date, Plaintiffs will file a motion for Preliminary Approval of Class Action Settlement with the Court seeking Preliminary Approval of this proposed Settlement.  The motion for Preliminary Approval shall request that the Court (1) preliminarily approve the terms and conditions of the Settlement Agreement; (2) approve the Notice to the Settlement Class and the Claim Forms and authorize the notice program distributing them; (3) certify the Settlement Class for settlement purposes only and appoint Class Counsel as counsel to the Settlement Class

for purposes of this Settlement; and (4) schedule a Final Approval Hearing, not earlier than one-hundred-fifty (150) days after Preliminary Approval. The motion for Preliminary Approval of Class Action Settlement shall be accompanied by a Proposed Order Granting Preliminary Approval of Class Action Settlement in a form to be agreed upon by the Parties.

B.   The Parties agree to take all commercially reasonable actions necessary to obtain Preliminary and Final Approval of the Settlement and entry of a Final Judgment dismissing all Released Claims against all Released Parties with prejudice. The Parties agree to offer mutual support to the proposed Settlement in all court proceedings and public communications.

C.   Norfolk Southern stipulates, for settlement purposes only, to the certification of the Settlement Class but does not waive, and instead expressly reserves, its right to challenge the propriety of conditional or class certification for any other purpose, as if this Agreement had not been entered into by the Parties, in the event that the Court does not grant Preliminary Approval or Final Approval to the Settlement or the Effective Date does not occur. The Parties agree that, if approved, certification of the Settlement Class is in no way an admission by Norfolk Southern that class certification is proper in the Action, or any other litigation against Norfolk Southern. The Parties further agree that, other than to effectuate the Settlement of this Action in this jurisdiction, the certification of the Settlement Class for settlement purposes only and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, shall not be construed or asserted as an acknowledgement of liability, and shall not be admissible in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, against any of the Released Parties, with the only admissibility exception being on behalf of Norfolk Southern, in its discretion, with respect to the enforcement of any of its rights of contribution, subrogation, or indemnity under any law.

D.   The form of class certification order set forth in the Preliminary Approval Order, Final Approval Order, and Judgment or otherwise, shall expressly state that the Parties agree that certification of the Settlement Class is a conditional certification for settlement purposes only.

V.   SETTLEMENT ADMINISTRATOR

A.   Class Counsel shall retain Kroll Settlement Administration, LLC to serve as Settlement Administrator and perform services associated with the administration of the Settlement including, without limitation, disseminating Notice to Settlement Class Members, disseminating the notices required by the Class Action Fairness Act (CAFA), 28 U.S.C. § 1715, maintaining the Settlement Website, receiving and processing Claim Forms, distributing awards from the Settlement Fund to Settlement Class Members, and complying with the qualified settlement fund's tax obligations.

B.   The Settlement Administrator shall also provide any necessary information to the Court concerning the administration and processing of Claims, including providing reports on request to Class Counsel or Norfolk Southern's Counsel concerning Claims, objections, and

exclusions, and shall respond to inquiries from Class Counsel, Norfolk Southern's Counsel, the Court, and Settlement Class Members.

C.      The Settlement Administrator shall, no later than thirty (30) days after the Response Deadline, provide a final report to Class Counsel and Norfolk Southern's Counsel that identifies the number of requests for exclusion and objections received.

D.      The Settlement Administrator shall, no later than seven (7) days after the Claim Deadline, provide a final report (the "Claims Report") to Class Counsel and Norfolk Southern's Counsel that identifies the number and types of Claims received, including the number of Claims for Personal Injury Payment and Personal Injury Releases, and other pertinent information, including any executed Personal Injury Releases, as well as any submitted Claims Forms.

E.      The costs of administering the Settlement, including the fees and costs paid to the Settlement Administrator, shall be paid from the Settlement Fund.

## VI.    NOTICE

A.      The Parties agree to the following procedures regarding notice:

1.      Within twenty-one (21) days after the Court grants Preliminary Approval of the proposed Settlement, the Settlement Administrator shall establish the Settlement Website, which will inform Settlement Class Members of the terms of this Settlement, their rights, dates and deadlines, and related information.  The Settlement Website shall also make the Claim Forms available for download and provide Settlement Class Members with the ability to complete and submit the Claim Forms electronically.  The Parties shall confer and agree on information posted on the Settlement Website.

2.      Within twenty-eight (28) days after the Court grants Preliminary Approval of the proposed Settlement (the "Notice Date"), the Settlement Administrator shall send the Settlement Notice approved by the Court to all Settlement Class Members, via First Class regular U.S. mail, using the most current mailing addresses presently available to Class Counsel.

3.      No later than five (5) days after the Notice Date, the Settlement Administrator shall provide Notice by publication as set forth in the Notice plan.

B.      Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Settlement Agreement is filed with the Court, the Settlement Administrator shall cause to be served notice of the proposed Settlement as required by law upon the Attorneys General of each U.S. State in which Settlement Class members reside (Ohio, Pennsylvania, and West Virginia), the Attorney General of the United States, and any other required government officials.

## VII.   OBJECTIONS TO SETTLEMENT

A.      The Notice shall provide Settlement Class Members who wish to object to the Settlement, including the Fee Award or Service Award, with instructions that they must serve

any objection on the Settlement Administrator with a written statement objecting to the Settlement.

B.      For an objection to be considered by the Court, the objection must be submitted by the Response Deadline.

C.      In addition, for an objection to be considered by the Court, the objection must set forth:

      1.      a statement that the objection is to the proposed East Palestine Train Derailment Settlement (the formal name of the Action is not required);

      2.      the objector's full name, mailing address, email address, telephone number, address at which the objector lived, or, if a Business, operated, on February 3, 2023, and if, on behalf of a Business, the Business name and address;

      3.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

      4.      the identity of all counsel who represent the objector, if any;

      5.      a statement whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

      6.      the objector's signature (an attorney's signature alone is not sufficient); and

      7.      identification of any class action settlements objected to by the objector and/or objector's counsel in the last three years.

D.      Such written objection and all supporting briefs or other materials must be served on the Settlement Administrator no later than the Response Deadline.  Class Counsel shall file all such written objections with the Court at least twenty (20) days prior to the Final Approval Hearing.  No Person or Business shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely served upon the Settlement Administrator as set forth herein.  Persons or Businesses who wish to speak at the Final Approval Hearing to object to the Settlement must so state in their written objection, as described above.  Persons or Businesses failing to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.  Persons or Businesses that are not Settlement Class Members may not object to the Settlement.

E.      In the exercise of their due diligence, Class Counsel and/or Defense Counsel may seek expedited discovery from an objecting Settlement Class Member regarding the basis for the

objection, to allow them to appropriately respond to the objection. Failure by the objecting Settlement Class Member to comply with expedited discovery requests may result in the Court striking the Settlement Class Member's objection and otherwise denying that Settlement Class Member the opportunity to make an objection or be further heard.

F. To the extent any Settlement Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and Judgment of the Court.

## VIII. EXCLUSIONS FROM SETTLEMENT

A. Any Person or Business in the Settlement Class may submit a request for exclusion from the Settlement on or before the Response Deadline.

B. A request for exclusion from the Settlement by any Person, excluding minor Persons, constitutes a request for exclusion from the Settlement by that Person's entire Household. If a Person requesting exclusion withdraws his or her request for exclusion, that Person's entire Household will be deemed to have withdrawn the request for exclusion as well.

C. To be valid, any request for exclusion must (1) be in writing; (2) identify the case name (*In re: East Palestine Train Derailment*, No. 4:23-CV-00242 (N.D. Ohio)); (3) state the full name, current address, and address of the Person or Business in the Settlement Class seeking exclusion; (4) be signed by the Person or Business seeking exclusion; and (5) be postmarked or received by the Settlement Administrator on or before the Response Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *In re: East Palestine Train Derailment*, No. 4:23-CV-00242 (N.D. Ohio)."

D. A request for exclusion that does not include all of the foregoing information, that is sent to an address or email address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the Persons or Businesses serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved. No Person or Business may request to be excluded from the Settlement Class through "mass" or "class" opt-outs meaning that, with the exception of the treatment of Households under Section VIII.B, each Person or Business who seeks to be excluded must send an individual, separate, request to the Settlement Administrator that complies with all requirements of this Section VIII.

E. Any Person or Business who requests exclusion from the Settlement Class shall not (1) be bound by any orders or Final Judgment entered in the Action; (2) receive a payment under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement or Final Judgment.

F.      Copies of all requests for exclusion from the Settlement Class received by the Administrator (or other person designated to receive exclusion requests) shall be provided to Defense Counsel and Class Counsel no later than fourteen (14) days after the Response Deadline.

## IX.    CLAIMS

A.      All Settlement Class Members will be entitled to submit a Claim against the Settlement Fund.

B.      Claim Forms will be submitted electronically, by mail, or in person at a claims assistance center and will be administered by the Settlement Administrator.  Settlement Class Members will need to submit the information and/or documentation identified in the Claim Form.  Sample Claim Forms are attached as part of the Class Notice, Exhibits C and D.

C.      Claims must be submitted by the Claim Deadline (*i.e.* the date that is ninety (90) days after the Notice Date), although Norfolk Southern and Plaintiffs may agree to have considered Claims received after that date in their discretion and after consultation with the Settlement Administrator.

## X.    FINAL APPROVAL

A.      After Notice to the Settlement Class is given, within fourteen (14) days after the Settlement Administrator provides the Claims Report, Class Counsel shall move the Court for entry of Final Approval and a Final Judgment, which shall include, among other provisions, a request that the Court:

1.      find that it has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve this Settlement Agreement, including all attached Exhibits;

2.      approve the Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members;

3.      direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

4.      find that the Notice implemented pursuant to the Settlement Agreement (a) constitutes the best practicable notice under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; (c) is reasonable and constitutes due, adequate, and sufficient notice to all Persons and Businesses entitled to receive notice; and (d) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

5. finally certify or confirm certification of the Settlement Class under Federal Rule of Civil Procedure 23, including finding that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement;

6. dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

7. incorporate the Release, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

8. state that the Court's final order shall constitute a binding judicial declaration effectuating a judicial compromise of any minor claim and, as appropriate, any necessary approval under the Minor Approval Process;

9. authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Settlement and its implementing documents (including all Exhibits to this Settlement Agreement) that (a) shall be consistent in all material respects with the Final Judgment; and (b) do not limit the rights of Settlement Class Members; and

10. without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose.

B. The Parties shall, in good faith, cooperate, assist, and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court, subject to the terms of this Settlement Agreement.

C. The Final Approval Order shall provide that the Action shall be dismissed with prejudice and without costs, with the Court retaining jurisdiction over the case for purposes of ensuring compliance with the terms of this Settlement Agreement and any order of the Court issued in connection therewith.

## XI. TERMINATION

A. Plaintiffs and Norfolk Southern shall each have the right to terminate the Settlement and this Agreement, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Agreement within thirty (30) days of the Court's final refusal to enter the Preliminary Approval Order in any material respect; the Court's final refusal to approve the Settlement or any material part thereof; the Court's final refusal to enter Final Approval in any material respect as to the Settlement, including any final refusal under the Minor Approval Process; or the date upon which the Court's Final Approval Order is modified or reversed in any material respect by a final order of any appellate court.

B.      Any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of litigation expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Final Approval Order or Final Judgment, and shall not be grounds for termination of the Settlement.

C.      In addition to the grounds set forth above, Norfolk Southern shall have the unilateral right to terminate the Settlement under the conditions set forth in Norfolk Southern's supplemental agreement with Plaintiffs (the "Supplemental Termination Agreement"), by serving upon Class Counsel a notice of termination within seven (7) days of its receipt from the Settlement Administrator of the Claims Report specified in Section V.D hereof, if the Settlement Class Members' participation rates trigger the numerical thresholds specified in the Supplemental Termination Agreement.  The Supplemental Termination Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Termination Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiffs and Norfolk Southern concerning its interpretation or application, in which event the Parties shall submit the Supplemental Termination Agreement to the Court in camera and request that the Court afford it confidential treatment.

D.      If (1) Norfolk Southern exercises its right to terminate the Settlement as provided in this Agreement, including the Supplemental Termination Agreement referenced above; (2) Plaintiffs exercise their right to terminate the Settlement as provided in this Agreement; (3) the Court refuses to grant Preliminary Approval or Final Approval of the Settlement; or (4) the Effective Date as to the Agreement otherwise fails to occur, then, except as provided in Section III.B, the Settlement and the relevant portions of this Agreement shall be canceled and terminated, Plaintiffs and Norfolk Southern shall revert to their respective positions in the Action as of April 26, 2024, and the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement, except for any order staying the Action, shall be treated as vacated, *nunc pro tunc*.

## XII.  SETTLEMENT FUND

A.      In consideration of the settlement of the Released Claims by the Settlement Class against Norfolk Southern, Norfolk Southern shall pay the amount of the Settlement Fund ($600,000,000.00).  The Settlement Fund is inclusive of Class Counsel's Fee Award, Administrative Deposit, Administrative Expenses, and Service Awards, if any.  The Settlement Fund shall satisfy all monetary obligations of Norfolk Southern under the Settlement Agreement. In no event shall Norfolk Southern be required to pay more than the amount of six-hundred-million dollars ($600,000,000.00).

B.      Upon payment, the Settlement Fund shall become a "qualified settlement fund," as defined in 26 C.F.R. § 1.468B-1.  Class Counsel and/or the Settlement Administrator shall establish an income-bearing account designated as a "qualified settlement fund," as defined in 26 C.F.R. § 1.468B-1, pursuant to the Internal Revenue Code (the "Escrow Account").

C.      Neither the Parties nor the Settlement Administrator shall take any position in any filing or before any tax authority that is inconsistent with treating the Settlement Fund as a "qualified settlement fund," as defined in 26 C.F.R. § 1.468B-1.  Norfolk Southern shall be the "transferor" and the Settlement Administrator shall be the "administrator" of the Settlement Fund within the meaning of 26 C.F.R. §§ 1.468B-1(d)(1) and 1.468B-2(k)(3), respectively.  As a result, the Settlement Administrator will be responsible for all tax paying, filing, withholding and reporting obligations of the "qualified settlement fund," including without limitation those arising from any payments made from the Settlement Fund, including any reporting required on IRS Form 1099, if any, for distributions made from the Settlement Fund.  The Parties agree to take all necessary and reasonable actions to qualify the Settlement Fund pursuant to the United States Treasury Regulations.

D.      Norfolk Southern shall have no responsibility or liability relating to the administration, investment, or distribution of the Settlement Fund, which shall be the sole responsibility of Class Counsel and the Settlement Administrator.

E.      Norfolk Southern shall pay the Administrative Deposit of five million dollars ($5,000,000.00) into the Escrow Account within fourteen (14) days after the grant of Preliminary Approval by the Court.

F.      Norfolk Southern shall pay the Personal Injury Settlement Fund and the Fee Award into the Escrow Account within fourteen (14) days after the grant of Final Approval by the Court.

G.      The balance of the Settlement Fund—less the amount of the Administrative Deposit, the Personal Injury Settlement Fund, and the Fee Award—shall be paid by Norfolk Southern to the Escrow Account within ten (10) days of the Effective Date.  The six-hundred-million-dollar ($600,000,000.00) Settlement Fund is the maximum amount that Norfolk Southern will pay for the entire Settlement, including all costs and fees of any kind.

H.      Recipients of any payment under this Settlement will be responsible for any taxes that may be assessed on such payments.

## XIII.   DISTRIBUTION OF SETTLEMENT FUND

A.      *Common Fund.*  This is a common fund settlement to be administered on a claims-made basis.

B.      *Payment of Administrative Expenses, Fee Award, Service Awards, and Personal Injury Settlement Fund.*  As set forth in this Settlement Agreement, the Administrative Expenses,

Fee Award, Service Award, and Personal Injury Settlement Fund will be paid from the Settlement Fund.

       C.     *Plan of Allocation*.  The amount of the Settlement Fund plus any income accrued thereon less the Administrative Expenses, Fee Award, and Service Award shall be distributed to Settlement Class Members as follows, pursuant to allocation formulas and amounts to be determined by Class Counsel—subject to review and consent by Norfolk Southern with consent not to be unreasonably withheld, and with any disputes about reasonableness to be decided by binding arbitration before Judge Phillips:

          1.     Direct Payments

             a.     All Settlement Class Member Persons who submit an approved Claim Form shall receive a direct payment ("Direct Payment") per Household, which shall be a portion of the remaining Settlement Fund after payment of all approved Business Loss Payments, Personal Injury Payments, the Fee Award, Service Awards, and Administrative Expenses.

             b.     The pro rata amount of the Direct Payment shall be determined by a point grading system to be determined by Class Counsel and the Settlement Administrator, including factors such as geographic proximity, relocation mandates, length of displacement, and the amounts of any prior payments, settlements, loans, or other financial payouts by Norfolk Southern.

             c.     The pro rata amount of the Direct Payment shall be determined per Household of a Settlement Class Member submitting an approved Claim Form.  If any Settlement Class Member in a Household submits an approved Claim Form, then a Direct Payment shall be distributed to that Household.

             d.     Settlement Class Member Persons may, at their election, submit Claims for Extraordinary Loss or Damage above any award issued under the Direct Payment point grading system to be determined by Class Counsel and the Settlement Administrator.  Claims for Extraordinary Loss or Damage shall be submitted on a Household basis and must include itemized damages or losses supported by dated documentation.  Claims for Extraordinary Loss or Damage shall be evaluated and, if appropriate, accepted and awarded subject to the discretion of the Settlement Administrator.

             e.     Any Direct Payment, including any additional amounts awarded for Claims for Extraordinary Loss or Damage, will be less any prior payments, settlements, loans, or other financial payment made by Norfolk Southern arising from or relating to the Incident, including but not limited

to payments from the Norfolk Southern Family Assistance Center and payments from the Norfolk Southern Value Assurance Program.

2.    Businesses Loss Payments

    a.    Settlement Class Member Businesses may submit a Claim Form seeking a business loss payment ("Business Loss Payment").

    b.    Business Loss Payments require proof of an actual net business financial loss between February 3, 2023 and the Settlement Date arising from or relating to the Incident, to be determined by Class Counsel and the Administrator.

    c.    Any Business Loss Payment will be less any prior payments, settlements, loans, or other financial payments made by Norfolk Southern arising from or relating to the Incident, including but not limited to payments from the Norfolk Southern Family Assistance Center and payments from the Norfolk Southern Value Assurance Program.

    d.    The amount of each Business Loss Payment shall be determined pursuant to an allocation formula by Class Counsel and the Administrator. The Business Loss Payment Claim Form and process shall not inquire into a Settlement Class Member's tax treatment of any business loss claimed.

    e.    Any unallocated monies for Business Loss Payments will be reallocated to the Direct Payment distribution.

3.    Personal Injury Payments

    a.    Eligible Personal Injury Settlement Class Members will also be eligible for a personal injury payment ("Personal Injury Payment").

    b.    To be eligible for a Personal Injury Payment, an Eligible Personal Injury Settlement Class Member must submit a Claim Form, in the form attached as Exhibit A to the Settlement Agreement, confirming presence within the 10-mile radius of the Derailment Site such that he/she/they claims to have suffered an exposure to potential toxins, accompanied by a duly executed Personal Injury Release (Exhibit E). Each Eligible Personal Injury Settlement Class Member submitting a Claim Form for a Personal Injury Payment must duly execute a Personal Injury Release in order to receive a Personal Injury Payment. A Claim Form for a Personal Injury Payment may not be submitted on behalf of an entire Household; each Eligible Personal Injury Settlement Class Member in the Household who seeks a Personal Injury Payment must duly execute a separate Personal Injury Release.

c.    Eligible Personal Injury Settlement Class Members may, at their election, submit Claims for Extraordinary Injury above any award issued by the Settlement Administrator.  Claims for Extraordinary Injury shall be submitted on an individual basis and must include itemized injuries supported by dated documentation.  Claims for Extraordinary Injury shall be evaluated and, if appropriate, accepted and awarded subject to the discretion of the Settlement Administrator.

d.    To the extent an Eligible Personal Injury Settlement Class Member is a minor, any Personal Injury Payments:  (i) made to or on behalf of any such minor shall be in accordance with the orders issued by the court overseeing the compromise of such claims pursuant to the Minor Approval Process; (ii) made to any trust, account, or fund on behalf of any such minor shall be issued from the qualified settlement fund only pursuant to joint written instructions from Class Counsel and Norfolk Southern's Counsel.

e.    Class Counsel will work in good faith to encourage Eligible Personal Injury Settlement Class Members to seek and obtain Personal Injury Payments by submitting Claim Forms for Personal Injury Payments and Personal Injury Releases.

f.    Any Personal Injury Payment, including for any additional amounts awarded for Claims for Extraordinary Injury, will be less any prior payments, settlements, loans, or other financial payout made by Norfolk Southern arising from or relating to any Personal Injury Claim arising from the Incident, including but not limited to payments from the Norfolk Southern Family Assistance Center arising from or relating to any Personal Injury Claim.

g.    The amount of each Personal Injury Payment shall be determined pursuant to an allocation formula by Class Counsel and the Administrator.

h.    In the Settlement Administrator's Claims Report, the Settlement Administrator shall assign a final value to all Claims for Personal Injury Payment for all Eligible Personal Injury Settlement Class Members who have submitted a Claim Form and executed a Personal Injury Release, and that final value shall be the total amount of the Personal Injury Settlement Fund paid by Norfolk Southern pursuant to Section XII.F; that final value shall be exclusive of any Claim for Extraordinary Injury, which shall be evaluated and, if appropriate, and awarded pursuant to Section XIII.C.3.c.

DocuSign Envelope ID: 69F86657-7872-4173-9929-4459C0DE356C

> i.    Any unallocated monies for Personal Injury Payments will be reallocated to the Direct Payment distribution.

D.    *Distribution of Personal Injury Settlement Fund*

1.    Within thirty (30) days of Final Approval, and subject to any required Claim verification by the Settlement Administrator, the Settlement Administrator shall begin to distribute the Personal Injury Settlement Fund as follows:

> a.    the Settlement Administrator shall begin to issue and mail to each Eligible Personal Injury Settlement Class Member who submits a Claim Form accompanied by a duly executed Personal Injury Release a check in the amount determined to be his/her/their award, pursuant to the allocation plan described in Section XIII.C; and

> b.    the Settlement Administrator shall pay any such Eligible Personal Injury Settlement Class Member who is represented separately by counsel his/her/their check in accordance with Class Counsel's written instructions.

2.    Any Eligible Personal Injury Settlement Class Member's check returned to the Settlement Administrator by the Postal Service with a forwarding address shall be re-mailed by the Settlement Administrator within seven (7) days following its receipt of the returned mail.  If any Eligible Personal Injury Settlement Class Member's check is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to locate the correct address and shall promptly re-mail the check after verifying its validity.

3.    Each Eligible Personal Injury Settlement Class Member will have ninety (90) days from the date on which the checks are issued to cash or deposit his/her/their check, and each check shall bear a legend stating that the check shall be void after 90 days.  If any check is not cashed or deposited in that period of time, that check will become void.

4.    Any individual settlement payment or portions thereof that remain unnegotiated ninety (90) days following the mailing of the Personal Injury Payment award shall be deemed unclaimed.  In such event, those Eligible Personal Injury Settlement Class Members shall be deemed to have irrevocably waived any right or claim to a Personal Injury Payment, but the Settlement Agreement and Personal Injury Release nevertheless will be binding on them.

5.    If an Eligible Personal Injury Settlement Class Member notifies the Settlement Administrator or Class Counsel that he/she/they believes that a check has been lost or stolen, the Settlement Administrator shall promptly stop payment on such check. If the check in question has not been negotiated before the stop payment order, the

Settlement Administrator will issue a replacement check, from which the fees associated with the stop-payment order will first be deducted. The Eligible Personal Injury Settlement Class Member will have an additional forty-five (45) days to cash or deposit the issued check from the date of re-mailing. If any check is not cashed or deposited in that period of time, the check will be voided.

6.      If there remains any residual from the Personal Injury Settlement Fund after all payments are made under this Settlement Agreement because settlement checks are not cashed or deposited within ninety (90) days after issuance, the residual shall be paid to Settlement Class Members who cashed their checks in a pro-rata distribution if economically feasible; otherwise, Class Counsel shall apply to have any residual distributed to a cy pres fund that directly benefits the residents of or around East Palestine, to be approved by the Court.

E.      *Distribution of Settlement Fund*

1.      Within thirty (30) days after the Effective Date, the Settlement Administrator shall begin to distribute the Settlement Fund as follows:

a.      the Settlement Administrator shall begin to issue and mail to each Settlement Class Member who submits a Claim a check in the amount determined to be his/her/their award, pursuant to the allocation plan described in Section XIII.C; and

b.      the Settlement Administrator shall issue and mail to each Plaintiff any Service Award approved by the Court.

2.      Any Settlement Class Member's check returned to the Settlement Administrator by the Postal Service with a forwarding address shall be re-mailed by the Settlement Administrator within seven (7) days following its receipt of the returned mail. If any Settlement Class Member's check is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to locate the correct address and shall promptly re-mail the Settlement Class Member's check after verifying its validity.

3.      Each Settlement Class Member will have ninety (90) days from the date on which the checks are issued to cash or deposit his or her settlement check, and each check shall bear a legend stating that the check shall be void after ninety (90) days. If any settlement check is not cashed or deposited in that period of time, that settlement check will become void.

4.      Any individual settlement payment or portions thereof that remain unnegotiated ninety (90) days following the mailing of the Settlement award shall be deemed unclaimed. In such event, those Settlement Class Members will be deemed to have irrevocably waived any right or claim to a settlement payment, but the Settlement

Agreement and Release of claims contained therein nevertheless will be binding upon them.

5.      If a Settlement Class Member notifies the Settlement Administrator or Class Counsel that he or she believes that a settlement check has been lost or stolen, the Settlement Administrator shall promptly stop payment on such check.  If the settlement check in question has not been negotiated prior to the stop payment order, the Settlement Administrator will issue a replacement check, from which the fees associated with the stop-payment order will first be deducted.  The Class Member will have an additional forty-five (45) days to cash or deposit the re-issued check from the date of re-mailing.  If any settlement check is not cashed or deposited in that period of time, that settlement check will be voided.

6.      If there remains any residual from the Settlement Fund after all payments are made under this Agreement because settlement checks are not cashed or deposited within ninety (90) days after issuance, the residual shall be paid to Settlement Class Members who cashed their checks in a pro-rata distribution if economically feasible; otherwise, Class Counsel shall apply to have any residual distributed to a cy pres fund that directly benefits the residents of or around East Palestine, to be approved by the Court.

## XIV.   ATTORNEYS' FEES AND COSTS

A.      Class Counsel and Norfolk Southern's Counsel represent that they have not discussed attorneys' fees and reimbursements of costs prior to agreement on the material terms of this Settlement Agreement.

B.      Class Counsel may petition the Court for a Fee Award in conjunction with the Settlement for work performed in connection with the Action pursuant to Rules 23(h) and 54(d)(2) of the Federal Rules of Civil Procedure.  Any such petition shall be filed within fourteen (14) days after the Settlement Administrator provides the Claims Report (*i.e.*, a final report to Class Counsel and Norfolk Southern's Counsel that identifies the number and types of Claims received).

C.      Any attorneys' fees awarded in conjunction with the Settlement shall be paid from the Settlement Fund and shall reduce the Settlement Fund payable to Settlement Class Members.  As part of the petition for a Fee Award, Class Counsel may seek a reimbursement of costs and expenses, which reimbursement shall be paid if allowed by the Court from the Settlement Fund and shall reduce the Settlement Fund payable to Settlement Class Members.

D.      The Fee Award awarded to Class Counsel will be paid from the Settlement Fund into the Escrow Account pursuant to Section XII.F (*i.e.*, within fourteen (14) days after the grant of Final Approval) and wired from the Escrow Account to an account number identified by Class Counsel.  If, however, at the time of the grant of Final Approval the Court has not issued its order on the Fee Award, Class Counsel will be paid from the Escrow Account to an account

number identified by Class Counsel within two (2) business days of such order on the Fee Award.

E.      If this Settlement is terminated pursuant to Section XI or modified or reversed in any material respect by a final order of any appellate court, or if the Fee Award is modified or reversed on any appeal, Class Counsel shall return to Norfolk Southern any and all attorneys' fees and costs previously paid to Class Counsel as any part of the Fee Award, plus accrued interest at the same net rate as is earned by the Settlement Fund, within fourteen (14) days of such termination or entry of an order on appeal modifying or reversing Final Approval or the Fee Award.

## XV.     SERVICE AWARD TO PLAINTIFFS

A.      Class Counsel may petition for a Service Award to Named Plaintiffs.  Any such petition shall be filed within fourteen (14) days after the Settlement Administrator provides the Claims Report to Class Counsel and Norfolk Southern's Counsel that identifies the number and types of Claims received.  Any Service Award granted to Named Plaintiffs shall be paid from the Settlement Fund and shall reduce the Settlement Fund payable to the Settlement Class Members, and shall be in addition to payments that such Named Plaintiffs shall receive as Settlement Class Members.

B.      Any such Service Award granted by the Court shall be distributed by the Settlement Administrator in a separate check mailed contemporaneously with the mailing of checks to the Class and shall be reported to state and federal taxing authorities as non-wage income on IRS Form 1099.

C.      Norfolk Southern will not oppose any request by Class Counsel for Service Awards to the Named Plaintiffs that do not exceed fifteen-thousand dollars ($15,000) per Named Plaintiff.

## XVI.     RELEASE

A.      Upon the Effective Date, by operation of the entry of the Final Approval Order and accompanying Final Judgment, Plaintiffs and all Settlement Class Members shall be deemed to fully, forever, and irrevocably release, remise, and discharge the Released Parties from any and all Released Claims, and shall be enjoined from continuing, instituting, or prosecuting any legal proceeding against the Released Parties relating in any way to the Released Claims.

B.      Upon the Effective Date, Plaintiffs and all Settlement Class Members shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any other analogous state or federal law), which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE

RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE
MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
DEBTOR OR RELEASED PARTY.

Upon the Effective Date, Plaintiffs and all Settlement Class Members also shall be
deemed to have, and shall have, expressly waived and relinquished, to the fullest extent
permitted by law, any and all provisions, rights and benefits conferred by any law of any state or
territory of the United States, or principle of common law, or the law of any jurisdiction outside
of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil
Code.  Plaintiffs and Settlement Class Members acknowledge that they may discover facts in
addition to or different from those that they now know or believe to be true with respect to the
subject matter of this Release, but that it is their intention to finally and forever settle and release
the Released Claims, notwithstanding any Unknown Claims they may have.

C.      The Released Claims also include a release of all claims for attorneys' fees and
costs incurred by Plaintiffs, Settlement Class Members, or Class Counsel in connection with the
Action and the Settlement of the Action.

D.      Settlement Class Members understand and agree that this Release is a full and
final release applying to both those Released Claims that are currently known, anticipated, or
disclosed and to all those Released Claims that are presently unknown, unanticipated, or
undisclosed to any and all Settlement Class Members arising out of the alleged facts,
circumstances, and occurrences underlying: (1) the claims set forth in the Action; or (2) the
Released Parties' conduct with respect to the Action.

E.      Personal Injury Claims will be released only if a Settlement Class Member elects
to receive a Personal Injury Payment and executes a separate Personal Injury Release.

F.      Class Counsel shall take all necessary steps to secure valid and legally
enforceable releases, including Personal Injury Releases, for minor Settlement Class Members
(*i.e.*, Settlement Class Members who have not, as of the Claim Deadline, reached the age of
majority under applicable law).

G.      Settlement Class Members retain claims, if any, against persons or entities who
are not Released Parties, but such reservation, if any, creates no basis for a claim of contribution,
subrogation, or indemnification (collectively, an "Insurer Claim"), however denominated, by the
non-Released Party against the Released Party.  For avoidance of doubt, this Release shall apply
to all related Insurer Claims of Settlement Class Members' subrogees or insurance carriers, and
Settlement Class Members expressly waive any contractual or other right or claim of
contribution, subrogation, or indemnification by any insurer or other party for an Insurer Claim
against any Released Parties.  If a Settlement Class Member has made an insurance claim or has
received insurance proceeds for any itemized loss or damage caused by the Incident, and the
Settlement Class Member submits an itemized claim for the same loss or damage under the
Settlement, then the Settlement Class Member will indemnify Released Parties for any liability

that Released Parties, or any of them, incur for an Insurer Claim, provided that (a) the Insurer Claim is brought by an entity seeking to recover payment of insurance proceeds to the Settlement Class Member for the same itemized loss or damage; and (b) the amount for which the Settlement Class Member indemnifies Released Parties shall be limited to only that amount of the Settlement payment to the Settlement Class Member made directly for said itemized loss or damage, if any.

H.      This Agreement, including this Release, and any Personal Injury Releases, is not intended to affect—and instead expressly preserves—any and all of Norfolk Southern's rights of contribution, subrogation, or indemnity under any law, including for avoidance of doubt and without limitation Norfolk Southern's claims against the Non-Settling Railcar Defendants under Ohio law, including Ohio R.C. § 2307.25, titled "Right of contribution; settlements; subrogation; indemnity," Ohio R.C. § 2307.26, titled "Contribution," Ohio R.C. § 2307.28, titled "Release or covenant not to sue or not to enforce judgment," or any other applicable law.

## XVII.  NO ADMISSION OF LIABILITY

A.      Neither this Agreement (whether or not consummated), including the exhibits hereto and the plan of allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Agreement, nor any proceedings taken pursuant to or in connection with this Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith) constitute or shall be offered against Norfolk Southern as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Norfolk Southern with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Norfolk Southern or in any way referred to for any other reason as against Norfolk Southern, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement.

B.      However, if this Agreement is approved by the Court, the Parties and the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## XVIII. MISCELLANEOUS PROVISIONS

A.      *Complete Agreement.*  Other than as stated herein and in the Supplemental Termination Agreement referenced and defined above, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefor.  This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements,

commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

B. *Arbitration.* The Parties agree to meet and confer in good faith to resolve any disagreements over the implementation of the terms of this Agreement or any other documents necessary to effectuate the Settlement. If the meet and confer is not successful, the Parties agree to binding, non-appealable arbitration before Judge Phillips to resolve any disagreements over the implementation of the terms of this Agreement or any other documents necessary to effectuate the Settlement. If ordered by Judge Phillips, the prevailing Party in any such dispute will be awarded the costs of the arbitration and its attorneys' fees.

C. *Knowing and Voluntary Agreement.* Each Party agrees that he, she, or it is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. Each Party further affirms that he, she, or it has not been coerced, threatened, or intimidated into signing this Agreement; that he, she, or it has been advised to consult with an attorney; and that he, she, or it in fact has consulted with an attorney before signing this Agreement. Class Counsel represent that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of the claims asserted on behalf of Settlement Class Members arising from or relating to the Incident. Based on their own independent investigation and the extensive litigation and mediation, which led to this Settlement, Class Counsel state that they are of the opinion that the Settlement with Norfolk Southern is fair, reasonable, and adequate, and is in the best interest of the Members of the Settlement Class, in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Norfolk Southern.

D. *Notices.* Any notices issued pursuant to the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel as follows:

| Plaintiffs | Norfolk Southern |
|---|---|
| M. Elizabeth Graham<br>GRANT & EISENHOFER P.A.<br>123 South Justison Street<br>Wilmington, DE 19801<br>302-622-7000<br>Fax: 302-622-7061<br>Email: egraham@gelaw.com<br><br>Seth A. Katz<br>BURG SIMPSON ELDREDGE<br>  HERSH & JARDINE, P.C.<br>40 Inverness Drive East<br>Englewood, CO 80112<br>303-792-5595<br>Fax: 303-708-0527<br>Email: skatz@burgsimpson.com<br><br>Jayne Conroy<br>SIMMONS HANLY CONROY LLC<br>One Court Street<br>Alton, IL 62002<br>618-259-2222<br>Fax: 618-259-2251<br>Email: jconroy@simmonsfirm.com<br><br>T. Michael Morgan<br>MORGAN & MORGAN<br>20 North Orange Avenue, Suite 1600<br>Orlando, Florida 32801<br>407-420-1414<br>Fax: 407-245-3389<br>Email: mmorgan@forthepeople.com | Alan E. Schoenfeld<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>212-230-8800<br>Email: alan.schoenfeld@wilmerhale.com<br><br>Albinas Prizgintas<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>202-663-6719<br>Fax: 202-663-6363<br>Email: albinas.prizgintas@wilmerhale.com |

E.     *Severability.*  If any part of this Agreement is found to be illegal, invalid, inoperative, or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed, and enforced to effect the purposes thereof to the fullest extent permitted by law.  If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.

F.  *Binding on Successors and Assigns.*  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, issue, next-of-kin, executors, administrators, successors, and assigns.

G.  *Counterparts.*  This Agreement may be executed in counterparts, including by electronic means, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to the Parties.

H.  *Headings.*  The headings used in this Agreement are for convenient reference only, and do not alter or limit the terms of each section.

I.  *Amendment or Modification.*  This Agreement may be amended or modified only by a written instrument signed by all Parties and their counsel.

J.  *Authorization to Enter into Settlement Agreement.*  Counsel for Plaintiffs and Norfolk Southern's Counsel are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such parties to effectuate its terms, and to execute any other documents required to carry out the terms of this Agreement.

K.  *Governing Law.*  All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Ohio without regard to its principles of conflict of laws.

L.  *Jurisdiction of the Court.*  Any dispute regarding the interpretation or validity of, or otherwise arising out of, this Agreement, or relating to the Action or the Released Claims, including any disputes regarding fees, costs and/or expenses amongst counsel, shall be subject to the exclusive jurisdiction of the Court and shall be decided pursuant to the laws of the State of Ohio.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and Plaintiffs and Norfolk Southern and their respective counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the Settlement embodied in this Agreement and all orders and judgments entered in connection therewith. Furthermore, pursuant to Northern District of Ohio Local Rule 3.1 and in the interests of judicial efficiency and economy, the Parties agree that, subject to Court approval, the Court will have jurisdiction over any opt-out litigation arising out of or relating to the Incident filed in, removed to, or transferred to the Court, and that any such litigation will be deemed related to the Action under Northern District of Ohio Local Rule 3.1.

M.  *Invalidity of Any Provision.*  Plaintiffs and Norfolk Southern request that before declaring any provision of this Agreement invalid, the Court shall first attempt to construe all provisions valid to the fullest extent possible consistent with applicable precedents.

N. *Waiver of Right to Object.* By signing this Agreement, Plaintiffs and Class Counsel, and Norfolk Southern and Defense Counsel, agree to be bound by the terms herein and further agree not to object to any of the terms of this Agreement. Any such objection shall therefore be void and of no force or effect.

O. *Public Communications.* Class Counsel (including their firms and any representative on their behalf) agree that they will not make any statements that disparage Norfolk Southern's conduct, character, or business reputation. Facts in the public domain shall not be considered disparaging.

P. *Non-Use of Work Product.* Unless inconsistent with their ethical obligations or order of the Court, or as otherwise agreed to in writing by Class Counsel and Defense Counsel, Class Counsel agree that they will not use, nor will they allow to be used, any work product derived from any discovery in this Action, whether or not any such work product includes information designated protected under the protective order in this case, in the prosecution or litigation of any other case, claim, or action.

**IN WITNESS WHEREOF**, Plaintiffs and Norfolk Southern and their respective counsel have executed this Agreement as of the date first set forth below.

**Plaintiff:** _Steven McKay_     Date: 4/26/2024

**Plaintiff:** _Susan Scheufele_     Date: 4/26/2024

**Plaintiff:** _Brenda Williams_     Date: 4/26/2024

**Plaintiff:** _Dawn Baughman_     Date: 4/26/2024

**Plaintiff:** _David Anderson_     Date: 4/26/2024

**Plaintiff:** _James Ross_     Date: 4/26/2024

**Plaintiff:** _John Luke Affeltranger_     Date: 4/26/2024

**Plaintiff:** _Rosemary Mozuch_     Date: 4/26/2024

**Plaintiff:** _Charles Mozuch_     Date: 4/26/2024

**Plaintiff:** _Lance Beck_     Date: 4/26/2024

**Plaintiff:** _Clarissa Cohan_     Date: 4/26/2024

**Plaintiff:** _Harold Feezle_
94EF685CC66346E...

Rollerena Auto Sales LLC

Date: 4/26/2024

By: Harold Feezle

Title: President

**Plaintiff:** _Harold Feezle_
94EF685CC66346E...

Harold Feezle

Date: 4/26/2024

**Plaintiff:** _Allen Ryan_
99298A2DD57B433...

DalQan Holdings, LLC

Date: 4/26/2024

By: Allen Ryan

Title: In House Counsel

**Plaintiff:** _David Anderson_
FF6309763FA9455...

Valley View MPH LLC

Date: 4/26/2024

By: David Anderson

Title: Owner

**Plaintiff:** _Jon Luke Affeltranger_
9A4A911264FD4D3...

Competition & Luxury Vehicle Club
of Darlington, LLC

Date: 4/26/2024

By: Jon Luke Affeltranger

Title: Owner

36

**Class & Co-Lead Counsel:** _____ Date: 4/26/2024 _____

M. Elizabeth Graham

GRANT & EISENHOFER P.A.

**Class & Co-Lead Counsel:** _____ Date: 4/26/2024 _____

Seth A. Katz

BURG SIMPSON ELDREDGE

   HERSH & JARDINE, P.C.

**Class & Co-Lead Counsel:** _____ Date: 4/26/2024 _____

Jayne Conroy

SIMMONS HANLY CONROY LLC

**Co-Lead Counsel:** _____ Date: 4/26/2024 _____

T. Michael Morgan

MORGAN & MORGAN

DocuSign Envelope ID: D85A2518-76D0-4FFD-B9A1-BEAA40ECD8EF

**Defendant:** _Jason Morris_                                       Date: _____  4/26/2024

Norfolk Southern Corporation

By: _____  Jason Morris

Title: _____  Vice President Law

**Defendant:** _Jason Morris_                                       Date: _____  4/26/2024

Norfolk Southern Railway Company

By: _____  Jason Morris

Title: _____  Vice President Law

**Defendants' Counsel:** _Alan E. Schoenfeld_ _____   Date: _____  4/26/2024

Alan Schoenfeld
WILMER CUTLER PICKERING
  HALE AND DORR LLP

**Defendants' Counsel:** _Albinas J. Prizgintas_ _____   Date: _____  4/26/2024

Albinas Prizgintas
WILMER CUTLER PICKERING
  HALE AND DORR LLP

## EXHIBIT A

## Individual Claim Form

<table>
<tr><td>

MUST BE FILED
ONLINE OR
POSTMARKED
NO LATER THAN
&lt;&lt;DATE&gt;&gt;

</td><td>

*In re: East Palestine Train Derailment*
United States District Court for the Northern
District of Ohio
Case No. 4:23-cv-00242

**INDIVIDUAL CLAIM FORM**

</td><td>

For Office Use
Only

</td></tr>
</table>

## CLASS MEMBER INFORMATION

Current Resident:

&lt;&lt;Address1&gt;&gt;

&lt;&lt;Address2&gt;&gt;

&lt;&lt;City&gt;&gt;, &lt;&lt;ST&gt;&gt; &lt;&lt;Zip&gt;&gt;-&lt;&lt;Zip+4&gt;&gt;

**If you have moved since 2-3-23, provide name and current mailing address:**

First Name _____ MI _____ Last Name _____

Address 1 _____ Unit/Apartment # _____

Address 2 _____

City _____ State _____ Zip _____

# I. Direct Payment

*All claimants must complete Section I.* ***Please submit only one Claim Form per household.***

➢ Physical address on February 3, 2023, if different than above (*CANNOT BE A P.O. BOX*):

_____
Street Address

_____ _____ _____ ___ ___ ___ ___ ___
City                                          State          Zip

➢ Email address:_____ Telephone #:_____

➢ Did you ___ live, ___ work, or ___ own property within 20-miles of the derailment site ("Class Area") on February 3, 2023? **Please select all that apply.**

➢ Proof of residence/ownership/employment within 20-miles of the derailment site on February 3, 2023. Select an option and attach a copy of one of the following documents

showing your address **that covers February 2023** to this form (driver's license is not sufficient proof of residence):

___ Gas Bill (attach a copy)

___ Electric Bill (attach a copy)

___ Other Utility Bill (attach a copy)

___ Pay Stub (attach a copy)

___ Other (such as lease or bank account statement) (describe and attach a copy):

_____

### A. Residents / Property Owners

*Complete **only** if you lived or owned property in the Class Area as identified above.*

➢ Number of people physically residing in your household on 2/3/23: ____ Adults

____ Children (under the age of 18)

➢ Number of adults physically residing in your household on 2/3/23 born before 2/3/1958:

_____

➢ Were you evacuated/displaced from your residence? ____ Yes ____ No. If you answered "yes", please provide the dates and address(es) to which you were evacuated or stayed during your displacement:

_____

➢ Total number of days you were displaced from your residence? ____ days

➢ Date you permanently returned to your residence: ___ ___ / ___ ___ / ___ ___ ___ ___

➢ Acreage of property you owned in within 20-miles of the derailment: _____

➢ Was your residence, property, and/or personal property physically damaged? ____ Yes ____ No

➢ If you answered "yes" to the previous question, select the applicable damage and provide itemized details regarding the type, cost, and extent of the damage to your residence, property, and/or personal property:

| Type of Damage | Description of Damage (attach additional pages as necessary) |
|---|---|
| __ Fire/water/smoke damage | |
| __ Structural damage | |
| __ Contamination | |
| __ Other damage | |

*Page 2 of 7*

➢ **Claim for Extraordinary Loss or Damage.** If you believe you have experienced extraordinary losses or damages that are supported by dated documentation, you may submit a claim for additional compensation. Such a claim must itemize or list those losses or damages for evaluation by the Settlement Administrator. These claims will undergo detailed review by the Settlement Administrator and must be accompanied at the time of submission by all dated documentary evidence. <u>**Submission of a claim for extraordinary loss or damage will significantly delay payment of your award, if any, and there is no guarantee that your claim will be approved or that you will receive an award greater than you might otherwise receive under the Direct Payment process (attach additional pages as necessary).**</u>

_____

_____

_____

_____

_____

### B. Employees

*Complete **only** if you worked within 20-miles of the derailment as identified above.*

➢ Name and contact information of employer on 2/3/23:

_____

➢ Average daily salary or wage as of 2/3/23: _____

➢ Total number of days missed from work on or after 2/3/23 as a result of the derailment: _____ days

➢ Why the derailment resulted in missed time from work:

_____

_____

---

**Complete the items in Section II ONLY IF you were physically located within 10 miles of the derailment site between 2/3/23 – 4/26/24 and are seeking a Personal Injury Payment.  If you are not making a claim in Section II, skip to Section III.**

---

## II. Personal Injury Payment

*For those who choose to participate, a Personal Injury Payment is available only to eligible Settlement Class Members who were physically located within 10 miles of the derailment site between 2/3/23 – 4/26/24.  If you are eligible, it is your decision whether to seek this Personal Injury Payment, and **you are not required to participate to otherwise receive any other benefits under the Settlement**.  Those choosing to submit a Personal Injury Claim Form **must also** return a separately completed Individual Settlement and Final Agreement to Release Personal Injury Claims ("Personal Injury*

*Release"*) for **each household member** claimed below. A copy of the Personal Injury Release is included with this Claim Form, and additional copies may be obtained by visiting the East Palestine Settlement Center or website www.EastPalestineTrainSettlement.com.

**Head of Household (Person Completing this Claim Form)**

➢ Name of participating household member: _____

➢ Date of birth of participating household member: _____

➢ Physical location between 2/3/23 – 2/8/23, if different from physical address above:

_____

➢ Do you believe you were exposed to chemicals as a result of the derailment? __ Yes __ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ Did you suffer physical symptoms or injuries caused by the derailment? ___ Yes ___ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ If you answered "yes" to the previous question, describe the applicable symptoms or injuries and identify whether you sought medical treatment by a medical professional and/or were formally diagnosed by a medical professional (attach additional pages as necessary). If you leave this question blank, the Settlement Administrator will construe your answer as "no.":

| Description of Symptoms or Injuries | Medical Treatment by Medical Professional (Y/N) | Formal Diagnosis by Medical Professional (Y/N) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

➢ **Claim for Extraordinary Injury.** If you believe you have experienced extraordinary injuries that are supported by dated documentation, you may submit a claim for additional compensation. Such a claim must itemize or list those injuries for evaluation by the Settlement Administrator. These claims will undergo detailed review by the Settlement Administrator and must be accompanied at the time of submission by all dated documentary evidence. **Submission of a claim for extraordinary injury will significantly delay payment of your award, if any, and there is no guarantee that your claim will be approved or that you will receive an award greater than you might otherwise receive under the Personal Injury Payment process (attach additional pages as necessary).**

➢ **Attach a copy of a valid, government issued identification for this household member. Household Member No. 2**

➢ Name of participating household member: _____

➢ Date of birth of participating household member: _____

➢ Physical location between 2/3/23 – 2/8/23, if different from physical address above:

_____

➢ Do you believe you were exposed to chemicals as a result of the derailment? __ Yes __ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ Did you suffer physical symptoms or injuries caused by the derailment? ___ Yes ___ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ If you answered "yes" to the previous question, describe the applicable symptoms or injuries and identify whether you sought medical treatment by a medical professional and/or were formally diagnosed by a medical professional (attach additional pages as necessary). If you leave this question blank, the Settlement Administrator will construe your answer as "no.":

| Description of Symptoms or Injuries | Medical Treatment by Medical Professional (Y/N) | Formal Diagnosis by Medical Professional (Y/N) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

➢ **If this household member is over the age of 16, attach a copy of a valid, government issued identification.**

<u>**Household Member No. 3**</u>

➢ Name of participating household member: _____

➢ Date of birth of participating household member: _____

➢ Physical location between 2/3/23 – 2/8/23, if different from physical address above:

_____

➢ Do you believe you were exposed to chemicals as a result of the derailment? __ Yes __ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ Did you suffer physical symptoms or injuries caused by the derailment? ___ Yes ___ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ If you answered "yes" to the previous question, describe the applicable symptoms or injuries and identify whether you sought medical treatment by a medical professional and/or were formally diagnosed by a medical professional (attach additional pages as necessary). If you leave this question blank, the Settlement Administrator will construe your answer as "no.":

*Page 5 of 7*

| Description of Symptoms or Injuries | Medical Treatment by Medical Professional (Y/N) | Formal Diagnosis by Medical Professional (Y/N) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

➢ **If this household member is over the age of 16, attach a copy of a valid, government issued identification.**

<u>**Household Member No. 4**</u>

➢ Name of participating household member: _____

➢ Date of birth of participating household member: _____

➢ Physical location between 2/3/23 – 2/8/23, if different from physical address above:

_____

➢ Do you believe you were exposed to chemicals as a result of the derailment? __ Yes __ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ Did you suffer physical symptoms or injuries caused by the derailment? ___ Yes ___ No

*This is not a condition for participation in the Personal Injury Payment.*

➢ If you answered "yes" to the previous question, describe the applicable symptoms or injuries and identify whether you sought medical treatment by a medical professional and/or were formally diagnosed by a medical professional (attach additional pages as necessary). If you leave this question blank, the Settlement Administrator will construe your answer as "no.":

| Description of Symptoms or Injuries | Medical Treatment by Medical Professional (Y/N) | Formal Diagnosis by Medical Professional (Y/N) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

➢ **If this household member is over the age of 16, attach a copy of a valid, government issued identification.**

<u>**Household Member No. 5**</u>

➢ Name of participating household member: _____

➢ Date of birth of participating household member: _____

➢ Physical location between 2/3/23 – 2/8/23, if different from physical address above:

_____

➢ Do you believe you were exposed to chemicals as a result of the derailment? __ Yes __ No

   *This is not a condition for participation in the Personal Injury Payment.*

➢ Did you suffer physical symptoms or injuries caused by the derailment? ___ Yes ___ No

   *This is not a condition for participation in the Personal Injury Payment.*

➢ If you answered "yes" to the previous question, describe the applicable symptoms or injuries and identify whether you sought medical treatment by a medical professional and/or were formally diagnosed by a medical professional (attach additional pages as necessary). If you leave this question blank, the Settlement Administrator will construe your answer as "no.":

| Description of Symptoms or Injuries | Medical Treatment by Medical Professional (Y/N) | Formal Diagnosis by Medical Professional (Y/N) |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

➢ **If this household member is over the age of 16, attach a copy of a valid, government issued identification.**

### III. Affirmation and Certification

*All claimants must complete Section III.*

**By signing below and submitting this claim, I, on behalf of myself and the members of my household identified above, swear or affirm under penalty of perjury that neither myself nor any member of my household has been fully compensated for loss, damages, or injury incurred as a result of the February 3, 2023 derailment of Norfolk Southern Train 32N, including the February 6, 2023 "vent and burn" (the "Incident") by any prior insurance payments, and that all information contained herein and all information submitted to the Settlement Administrator is truthful and accurate.**

_____     ___ ___/ ___ ___/ ___ ___ ___ ___
**Signature of Claimant**                                        **Date**

# **EXHIBIT B**

## **Business Loss Claim Form**



3106400000000

MUST BE FILED
ONLINE OR
POSTMARKED
NO LATER THAN
**<<DATE>>**

*In re: East Palestine Train Derailment*
United States District Court for the Northern
District of Ohio
Case No. 4:23-cv-00242

**BUSINESS LOSS CLAIM FORM**

**For Office Use Only**

## CLASS MEMBER INFORMATION

<<FirstName>> <<LastName>>

<<Address1>>

<<Address2>>

<<City>>, <<ST>> <<Zip>>-<<Zip4>>

**Make address changes below:**

_____
Address 1

_____
Address 2

_____   ___ ___   ___ ___ ___ ___ ___
City                              State              Zip

## I. Complete the Following If Represented by an Attorney:

_____
Attorney Name

_____
Law Firm

_____
Address

_____  ___ ___   ___ ___ ___ ___
City                              ST               Zip

## II. Claim for Actual Net Business Loss:

If you have suffered actual net business losses arising from the February 3, 2023 derailment of
Norfolk Southern Train 32N, including the February 6, 2023 "vent and burn" (the "Incident"),
that have not been compensated by Norfolk Southern, you have the right to submit a claim for
those losses for evaluation by the Settlement Administrator. The Claims will undergo detailed
review by the Settlement Administrator (and must be supported by substantial evidence) and
will take several additional months to review. ***There is no guarantee that your Claim will be
approved***.



TBD

CF



State the basis for your claim of uncompensated or outstanding actual net business losses (attach additional pages as necessary), including your Employer Identification Number and a copy of any city, county and/or state licenses for your business:

_____

_____

_____

_____

Identify and attach all forms of proof submitted to support your claim of uncompensated or outstanding actual net business losses (attach additional pages as necessary). **You must include, at a minimum, your business' federal tax returns for 2022 and 2023, or if your business is not incorporated or does not otherwise have an independent legal status or identify, your personal tax returns for 2022 and 2023**:

_____

_____

_____

Have you received compensation directly from Norfolk Southern?  _____ Yes or _____ No

- o If yes, how much compensation did you receive and for which losses (attach additional pages as necessary)?

| Compensation: | Description of loss: |
|---|---|
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |

Have you made any claim for insurance?  _____ Yes or _____ No

- o If yes, identify your insurer, and how much you received from insurance and for which losses (attach additional pages as necessary)?  Please note that you have an ongoing obligation to provide updates on any insurance payments received, if applicable.

_____

DocuSign Envelope ID: 69FB66E7-7872-4173-9929-4459C9DE356C

Insurer Name and Contact Information



31064



CF



| Compensation: | Description of loss: |
|---|---|
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |
| $_____.____ | |

### III. Affirmation and Certification

**By signing below and submitting this claim, I swear or affirm under penalty of perjury that I have valid, legal authority to act on behalf of the above-referenced business, that the above-referenced business has not been fully compensated for any losses incurred as a result of the Incident by prior insurance payments, and that all information contained herein and all information submitted to the Settlement Administrator is truthful and accurate.**

_____          ___ ___/ ___ ___/ ___ ___ ___ ___
**Signature of Claimant**                                                     **Date**

_____
**Title**





DocuSign Envelope ID: 69FB66E7-7872-4173-9929-4159C0DE356C

# EXHIBIT C

# Notice (Short Form)

**If you were affected by the derailment of Norfolk Southern Train 32N on February 3, 2023, including the February 6, 2023 "vent and burn", please read this summary notice *carefully* – your rights are affected**

**What is this notice about?**

A proposed Settlement has been reached in a class action lawsuit concerning the derailment of Norfolk Southern Train 32N in East Palestine, Ohio, on February 3, 2023, including the February 6, 2023 "vent and burn" (the "Incident"). Plaintiffs claim that Norfolk Southern caused the Incident and, as a result, Plaintiffs claim they suffered certain economic and non-economic losses, including real property damage, personal property damage, displacement expenses, increased risk of diseases, lost wages, loss of business income, emotional distress, disruption, inconvenience, loss of use and enjoyment of property, and loss of goodwill. Norfolk Southern denies the claims asserted in the lawsuit and denies any wrongdoing, including that it violated any law.

**Who is a Class Member?**

If you lived, worked, owned property, or owned or operated a business within 20 miles of the derailment site in East Palestine, Ohio, from February 3, 2023, to April 26, 2024, you are a Class Member. A list of eligible addresses can be found at the website below.

**What does the Settlement provide?**

The Settlement provides a $600 million Settlement Fund to make cash payments to eligible Class Members and for Court-approved payments for settlement administration, attorneys' fees and expenses, and class representative awards. Filing a claim will allow Class Members to receive money under the Settlement, if it is approved by the Court. Awards from the Settlement Fund will be based on a Court-approved formula that takes into account a number of factors, including geographic location, household size, and length of displacement. Individual Class Members who were physically present within 10 miles from the derailment site and decide to participate may also receive additional Court-approved payments in exchange for releases of past, present, and future personal injury claims arising out of the Incident. Class Members that are businesses may apply for itemized compensation of actual net business losses. You do not need to hire a lawyer to participate in the Settlement.

**How can I receive a payment?**

The only way to qualify for a payment is to timely submit a Claim Form. Notices with Claim Forms attached have been mailed to Class Members. You can also obtain a claim form on the website below, by calling 1-833-425-3400, or by writing to:

> In re: East Palestine Train Derailment Settlement
> c/o Kroll Settlement Administration LLC
> PO Box 5324
> New York, NY 10150-5324

**The deadline to file your Claim Form is August 22, 2024**.

**What are my rights?**

You may exclude yourself from being bound by the decisions the Court makes concerning the Settlement by timely filing a valid notice of exclusion ("opt out") with the Settlement Administrator. Alternatively, Class Members who wish to participate in the Settlement but do not like all or part of the Settlement terms can object to the Settlement. To object, you must send a letter to the Settlement Administrator explaining the specific factual and legal reasons why the Settlement should not be approved. The Notice and the website contain specific instructions you must follow to opt out or object. **The deadline to file an opt out or objection is June 24, 2024.** If you do nothing, you will be bound by the terms of the Settlement, but will not receive any payment from the Settlement.

The Court will hold a Final Approval Hearing on September 25, 2024, at 10:00 a.m. at the Thomas D. Lambros Federal Building and United States Courthouse, 125 Market Street, Youngstown, Ohio 44503 to: (a) consider whether the proposed settlement is fair, reasonable, and adequate; and (b) decide the plaintiffs' lawyers' request for fees of up to 27% of the gross settlement value ($162,000,000), costs of notice and administration and case-related expenses of up to 3% of the gross settlement value ($18,000,000), and a $15,000 award to each of the class representatives. The motion for attorneys' fees and costs will be posted on the website after it is filed. You may appear at the hearing, but you are not required to and you may hire an attorney to appear for you, at your own expense.

---

**This is only a summary**.
For additional information including the Claim Form, the Settlement Agreement, how to file a claim, opt out or objection, and Frequently Asked Questions call 1-833-425-3400, or visit www.EastPalestineTrainSettlement.com.

---

DocuSign Envelope ID: 69F86957-7872-4173-9929-4159C0DE356C

# EXHIBIT D

# Notice (Long Form)

# United States District Court for the Northern District of Ohio

# If you lived, worked, owned property or owned or operated a business within 20 miles of the derailment site of Norfolk Southern Train 32N in East Palestine, Ohio, from February 3, 2023 to April 26, 2024, you could receive payment from a class action settlement.

*This Notice is authorized by the United States District Court for the Northern District of Ohio.*
*This is not a solicitation from a lawyer, nor do you need to hire a lawyer to participate.*

- A number of residents, property owners, and businesses – the "Plaintiffs" – within 20 miles of the derailment site of Norfolk Southern Train 32N in East Palestine, Ohio (the "Class Area") sued, among others, Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Norfolk Southern") for losses they suffered from the February 3, 2023 derailment of Norfolk Southern Train 32N, including the "vent and burn" of five railcars on February 6, 2023 (collectively, the "Incident"). Plaintiffs and Norfolk Southern have reached a Class Action Settlement (the "Settlement").

- The Settlement creates a $600 million Settlement Fund. After Court-approved costs and fees, including attorneys' and experts' fees, the remainder of the Settlement Fund will be used to compensate people and businesses covered by the Settlement, called "Settlement Class Members."

- You are a Settlement Class Member if you lived, worked, owned property, or owned or operated a business within 20 miles of the derailment site from February 3, 2023 to April 26, 2024. As a Settlement Class Member, you may be entitled to compensation from the Settlement Fund. The terms of the Settlement are described more fully below.

- **Your legal rights are affected whether you act or not. Please read this Notice carefully.**

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **File a Claim for Payment by August 22, 2024** | Filing the Claim Form(s) included with this Notice, and available at www.EastPalestineTrainSettlement.com, will allow you to receive money under the Settlement, if it is approved by the Court. |
| **File a Notice of Exclusion by June 24, 2024** | If you do not wish to participate in the Settlement, you may exclude yourself or "opt out" of the Settlement Class by writing to the Settlement Administrator. As an "opt out", you will have no rights to payments or benefits as a Settlement Class Member under the Settlement, and you will keep the right, if any, to sue Norfolk Southern. |
| | You do not need to, and should not, file a Notice of Exclusion if you want to participate in the Settlement, but do not want to receive a Personal Injury Payment, as described below. |

Questions? Call Toll-Free 1-833-425-3400 or visit www.EastPalestineTrainSettlement.com

| **Object to the Settlement by June 24, 2024** | If you do not think the Settlement is fair, you may write to the Settlement Administrator to object to its approval by the Court. |
| --- | --- |
| **Do Nothing** | If you do nothing, you will get no payment or benefits from the Settlement and you will give up certain rights. You will be bound by the terms of the Settlement, but will not receive any payment from the Settlement. **However, by doing nothing you will not be giving up your claim, if any, for past, present or future personal injuries you have suffered.** |

- These rights and options—and the deadlines to exercise them—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Please be patient.

Questions? Read on and visit www.EastPalestineTrainSettlement.com

PARA UNA NOTIFICACIÓN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

## General Information

1. **What is this lawsuit about?**

This class action lawsuit seeks to recover money for the people and businesses harmed by the Incident. The Honorable Benita Y. Pearson of the United States District Court for the Northern District of Ohio is the judge overseeing this case, called *In re: East Palestine Train Derailment*, Case No. 4:23-cv-00242. In the lawsuit, the Plaintiffs allege that Norfolk Southern (among others) caused the Incident and, as a result, the Class suffered real property damage, personal property damage, displacement expenses, lost wages, loss of business income, diminution of property value, increased risk of disease, emotional distress, disruption, inconvenience, loss of use and enjoyment of property and loss of goodwill. Norfolk Southern denies the claims asserted in the lawsuit and denies any wrongdoing, including that it violated any law.

2. **Who are the lawyers representing the Settlement Class?**

The Court appointed the following lawyers to represent you and the other Settlement Class Members: Seth A. Katz of Burg Simpson Eldredge Hersh & Jardine, P.C.; M. Elizabeth Graham of Grant & Eisenhofer P.A.; and Jayne Conroy of Simmons Hanly Conroy. The Court also appointed T. Michael Morgan of Morgan & Morgan, P.A. as a Co-Lead Counsel.

These firms are called Co-Lead and Class Counsel. You will not be charged individually for their services; if approved by the Court, Co-Lead and Class Counsel will be compensated from the Settlement. A copy of Co-Lead and Class Counsel's Motion for Attorneys' Fees and Expenses will be available 13 days before September 25, 2024.

## Who is in the Class

3. **Am I part of the Settlement Class?**

You are a Settlement Class Member if you resided, worked, owned property, or owned or operated a business within 20-miles of the Derailment Site from February 3, 2023 to April 26, 2024. You are excluded from the Settlement Class if you are a director or duly elected and approved officer of Norfolk Southern, or any of its parents, subsidiaries, or affiliates; Norfolk Southern employees, and contractors of Norfolk Southern and their employees, who were specifically sent by Norfolk Southern to the area in and around the Derailment Site to respond to the Incident and do not otherwise fall within the definition of Settlement Class; Norfolk Southern's Counsel; Class Counsel; a government, political subdivision, public entity, or public agency; and the judge presiding over this Action and the judge's staff. If you are unsure whether you are part of the Settlement Class, a list of eligible addresses within 20-miles of the derailment site is available on the website www.EastPalestineTrainSettlement.com.

## The Settlement Benefits

**4. What does the Settlement provide?**

The Settlement creates a $600 million Settlement Fund to make: (1) cash payments to Settlement Class Members; and (2) Court-approved payments for Settlement administration, attorneys' fees and expenses, and Class Representative Awards. Class Counsel will request attorneys' fees of up to 27% of the Settlement Fund ($162,000,000), settlement notice and administration costs and attorneys' costs and expenses up to 3% of the Fund ($18,000,000), and a $15,000 award to each of the Class Representatives. The Court may award less than these amounts.

To be eligible for a monetary award from the Settlement, Settlement Class Members must submit a Claim Form(s) (*see* Question 6 below). The amount each individual Settlement Class Member will receive will be determined through a Court-supervised claims process. Not all Settlement Class Members will receive the same amount. You do not need to hire a lawyer to participate in the Settlement.

**This Settlement is separate from Norfolk Southern's ongoing remediation of East Palestine and the surrounding area, as well as claims made by state and federal agencies for, among other things, environmental clean-up.**

**5. What payments can I get from the Settlement?**

After deductions for approved attorneys' fees and costs, Class Representative Awards, and Settlement Notice and Administration costs, the remaining funds will be distributed to Settlement Class Members in the following ways depending on category: (1) Court-approved direct payments to individuals ("Direct Payments"); or (2) itemized compensation for actual net business losses ("Business Loss Payments"). In addition, for those Eligible Settlement Class Members within 10 miles of the derailment site who **voluntarily** choose to participate, Settlement Class Members may also submit claims for personal injury payments ("Personal Injury Payments" for which they may receive additional Court-approved lump sum payments in exchange for releases of past, present, and future personal injury claims arising out of the Incident. The payment options provided by the Settlement are detailed below and more information is available on the website www.EastPalestineTrainSettlement.com.

### Direct Payments

Individual Settlement Class Member households can receive a lump sum Direct Payment from the Settlement Fund based on a Court-approved formula that takes into account a number of factors, including geographic location, household size, acreage, length of displacement, and the nature of property damage, if any. Using these factors, the Settlement Administrator will base your payment on how severely your life was disrupted and any resulting increased risk of future disease. Below are the **potential**, **average** lump sum payment amounts based on proximity to East Palestine, Ohio, for households that participate in the Settlement:

| | |
|---|---|
| 0-2 Miles | Approximately $70,000 |
| 2-4 Miles | Approximately $45,000 |
| 4-7 Miles | Approximately $30,000 |
| 7-10 Miles | Approximately $15,000 |
| 10-15 Miles | Approximately $500 |
| 15-20 Miles | Approximately $250 |

In order to receive a Direct Payment, you must submit a Claim Form. Direct payments will be reduced by any payment you already received from Norfolk Southern. If, after everyone sends in Claim Forms, the compensation claims total more than $600 million, net of all other expenses under the Settlement, the payments will be reduced. If the compensation claims are less than $600 million net of costs, the payments will be increased and/or additional payments will be made on a pro rata basis.

*Extraordinary Loss or Damage Payments*

Individual Settlement Class Members who they have extraordinary claims for uncompensated losses or damages may also submit claims for additional compensation. Claims for extraordinary losses or damages must be supported by dated documentation. **The Settlement Administrator will conduct a detailed review of these claims, which will**

**significantly delay the payment of the Direct Payment, including any additional payment for extraordinary loss or damage**.

<u>**Personal Injury Payments**</u>

Settlement Class Members who were physically located within 10 miles of the derailment site may also receive an additional lump sum Personal Injury Payments ("Eligible Personal Injury Settlement Class Members"). In evaluating claims for Personal Injury Payment, the Settlement Administrator will use objective, Court-approved criteria like the nature of any physical injury and resulting medical treatment, if any, to allocate funds to each Eligible Personal Injury Settlement Class Member. Settlement Class Members who choose to submit a claim for personal injury will be required to separately execute releases of all past, present, or future personal injury claims, known and unknown, related to or arising from the Incident ("Personal Injury Release"). To the extent an Eligible Personal Injury Settlement Class Member is a minor (under 18), additional terms apply, including that any Personal Injury Payments will only be made in accordance with applicable court orders.

**Submission of a personal injury claim is strictly voluntary; you are not required to submit a personal injury claim to otherwise receive any other benefits under the Settlement, if eligible.** Additional information about the Personal Injury Payments, including an example of the required release, is available on the website www.EastPalestineTrainSettlement.com. Below are the **potential**, **average** payment amounts based on proximity to East Palestine, Ohio, for individuals that submit a claim for Personal Injury Payment:

| 0-2 Miles | Approximately $10,000 |
| 2-5 Miles | Approximately $5,000 |
| 5-10 Miles | Approximately $1,000 |

*Extraordinary Injury Payments*

Eligible Personal Injury Settlement Class Members who believe they have extraordinary claims for uncompensated injury may also submit claims for additional compensation. Claims for extraordinary injury must be submitted on an individual basis and must include itemized injuries supported by dated documentation. **The Settlement Administrator will conduct a detailed review of these claims, which will significantly delay payment of the Personal Injury Payment, including any additional payment for extraordinary injury.**

<u>**Actual Net Business Loss Payments**</u>

Settlement Class Members that are businesses may only submit an itemized compensation claim by submitting a Claim Form. The Settlement Administrator will conduct a detailed review of itemized compensation claims, allocating funds for the actual net business losses caused by the Incident. Settlement Class Members that are businesses will have their potential award, if any, reduced by the amount of any payment already received from Norfolk Southern or other sources.

If the Settlement is approved, whether you submit a claim for Direct Payments, Actual Net Business Loss Payments, object, or do nothing, you will not be able to sue, continue to sue, or be part of any other lawsuit against Norfolk Southern relating to the claims that were or could have been asserted in the First Amended Master Consolidated Class Action Complaint, a copy of which is available on the website www.EastPalestineTrainSettlement.com.

## How to Receive a Payment

**6. How can I receive a payment?**

To qualify for payment, you must timely submit a Claim Form. Read the instructions carefully. You can submit the completed Claim Form by mail to In re: East Palestine Train Derailment Settlement, c/o Kroll Settlement Administration, LLC, PO Box 5324, New York, NY 10150-5324, online at www.EastPalestineTrainSettlement.com or in person at the East Palestine Settlement Center located at 191 East Rebecca Street, East Palestine, Ohio 44413.

The completed Claim Form must be submitted by no later than August 22, 2024. If the Court approves the Settlement, payments should start to go out in or around December 2024. But there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the Settlement. Please be patient.

## Excluding Yourself from the Settlement

**7.   How do I get out of the Settlement?**

You may opt out of the Settlement by mailing an opt out request to the Settlement Administrator at:

<div align="center">

In re: East Palestine Train Derailment Settlement
Attn: Exclusions
PO Box 5324
New York, NY 10150-5324

</div>

Settlement Class Members who desire to opt out of the Settlement must mail a written request to opt out stating that they seek exclusion from the Settlement and providing their: (1) name; (2) address; (3) telephone number; (4) e-mail address; (5) Claim ID, if applicable; and (6) information regarding their attorney, if any.

To be valid and effective, an original request to opt out must be signed by the Settlement Class Member, not by the Settlement Class Member's attorneys, if any, or anyone else.  Mass or group opt-outs are not permitted, and each Settlement Class Member may only opt out on behalf of himself, herself or itself.  Electronic signatures (other than DocuSign) are not valid and effective.

**The opt-out request must be postmarked no later than June 24, 2024, or it will be denied as untimely and invalid.**

**8.   What happens if I opt out?**

If you submit a timely and valid request to opt out of the Settlement, you will not have any rights as a Settlement Class Member; you will not receive any payment or other benefits provided by the Settlement; you will not be able to object to the Settlement; and you will keep the right, if any, to sue Norfolk Southern for all claims arising out of the Incident.

## Objecting to the Settlement

**9.   How do I object to the Settlement?**

If you are a Settlement Class Member who wishes to participate in the Settlement but believes the Settlement terms are unfair, you can object to the Settlement. To object, you must send a letter to the Settlement Administrator explaining why you think the Court should not approve the Settlement. This letter must say that you object to the In re: East Palestine Train Derailment Settlement, and include your: (1) name; (2) address at which you lived, worked or owned a property or business from February 3, 2023 to the present; (3) email address; (4) telephone number; (5) signature; (6) documentation establishing your status as a Settlement Class Member; (7) the specific factual and legal reasons why the Settlement should not be approved; (8) whether you will appear or testify at the Final Approval Hearing; and (9) the name and contact information of your attorney, if any, and any class action settlements your attorney has objected to in the last five years. This letter must be mailed to the Settlement Administrator at In re: East Palestine Train Derailment Settlement, c/o Kroll Settlement Administration, LLC, PO Box 5324, New York, NY 10150-5324, postmarked by no later than June 24, 2024.

You do not need to hire an attorney to submit an objection on your behalf; however, if you choose to do so at your own expense, that attorney must: (1) file a notice of appearance with the Court by no later than June 24, 2024; (2) file a sworn declaration attesting to their representation of the Settlement Class Member on whose behalf the objection is being filed; and (3) satisfy on behalf of the Settlement Class Member all substantive requirements for objection described in this Question. Objections cannot be made on behalf of multiple Settlement Class Members; each Settlement Class Member who wishes to object must submit an individual objection as described above.  While the Court will consider your views, you cannot ask the Court to change the Settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.

**Unless the Court directs otherwise, any Settlement Class Member who fails to fully comply with the requirements for objecting will not be able to object to the Settlement, will not be heard on any such objection and/or will not be able to appeal from the Court's disposition of this Settlement. Objectors must still comply with the deadlines for filing claims if they wish to participate in the Settlement.**

**10. What is the difference between objecting and opting out?**

Objecting is telling the Court you do not like something about the Settlement and it should not be approved for any of the Settlement Class Members. You can object to the Settlement only if you do not exclude yourself from the Settlement. You can still get the Settlement benefits if it is approved over your objection.

Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you.

**You cannot opt out of the Settlement and object to it.**

## If You Do Nothing

**11. What happens if I do nothing at all?**

If you take no action at all, you will get no Settlement payment or benefit, but you will have given up your right to start a lawsuit, continue a lawsuit or be part of any other lawsuit against Norfolk Southern relating to the Incident. **However, any claim you may have for personal injury arising out of the Incident against Norfolk Southern will not be affected even if you do nothing.**

## The Final Approval Hearing

**12. When will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on September 25, 2024, at 10:00 a.m. at the Thomas D. Lambros Federal Building and United States Courthouse, 125 Market Street, Youngstown, Ohio 44503. At this hearing, the Court will consider whether the Settlement Agreement and proposed Settlement is a fair, reasonable and adequate resolution of the lawsuit. If there are timely and properly submitted objections, the Court will consider them and any response Plaintiffs and Norfolk Southern may have to those objections. The Court may listen to people who have asked to speak at the hearing. Unless you have objected to the Settlement and asked to speak at the Final Approval Hearing, it is not necessary for you to attend to receive a Settlement payment. At or after the hearing, the Court will decide whether to approve the Settlement. The Court will also decide how much Class Counsel and Named Plaintiffs will be paid from the Settlement Fund, and will make an award for approved litigation, notice and settlement administration costs. If the Court ultimately does not approve the Settlement, or if the Court's approval is reversed on appeal or the Settlement Agreement is terminated, then the Settlement will become null and void. If the Settlement becomes null and void, the case will proceed as though the Settlement Agreement was never entered into.

## Getting More Information

**13. Are more details about the Settlement available?**

Yes. This Notice simply summarizes the proposed Settlement. The specific details are in the Settlement Agreement and other case documents. You can get a copy of these and other documents at www.EastPalestineTrainSettlement.com, by calling 1-833-425-3400 or by accessing the docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.ohnd.uscourts.gov.

All current dates and deadlines are available on the website, although dates may be subject to change with approval of the Court. You may also contact the Settlement Administrator by phone at 1-833-425-3400 or email at info@EastPalestineTrainSettlement.com. Do not contact Class Counsel or the Court to request any additional information.

DocuSign Envelope ID: 69FB66E7-7872-4173-9929-4159C0DE356C

# EXHIBIT E

## Personal Injury Release

# East Palestine Train Derailment

## Important Information About the Attached
## Individual Settlement and Final Agreement to Release Personal Injury Claims

*You have the right to consult with Class Counsel,
or an attorney of your own choosing, before signing a release of legal rights.*

The attached Individual Settlement and Final Agreement to Release Personal Injury Claims ("Personal Injury Release") is a binding legal document. By signing this document, in exchange for a Personal Injury Payment, you are forever waiving and releasing all Personal Injury Claims that you may have against Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively "the Company") or any other Released Party in connection with the February 3, 2023 derailment of Norfolk Southern train 32N in East Palestine, Ohio, including without limitation the February 6, 2023 controlled release (also referred to as the vent and burn) of hazardous materials contained in certain derailed railcars and the chemical release, fire, emergency response, clean-up, remediation, shelter-in-place and evacuation in and around East Palestine, Ohio following the February 3, 2023 train derailment and February 6, 2023 controlled release (all collectively, "the Incident").

**By signing the attached Personal Injury Release, you are forever giving up and discharging any rights that you may have for any Personal Injury Claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Incident even if you are not currently aware of any such Personal Injury Claims and even if any such Personal Injury Claims arise in the future or do not manifest themselves until the future.**

By signing the attached Personal Injury Release, you acknowledge that you have read and understand the terms of the Personal Injury Release, including the capitalized defined terms referenced therein, and that you execute the Personal Injury Release voluntarily and without being pressured or influenced by, and without relying upon, any statement or representation made by any person acting on behalf of the Company.

The Personal Injury Payment that you are eligible for arises under the putative class action *In re: East Palestine Train Derailment*, No. 4:23-CV-00242, pending in the United States District Court for the Northern District of Ohio. A class action settlement has been proposed in that case, but the Court has not yet given final approval to that proposed class action settlement.

Page 1 of 11

- **No Payment Until Final Approval**.  If you decide to sign the attached Personal Injury Release, you will not receive any Personal Injury Payment unless and until the Court issues its final order approving the proposed class action settlement.

- **Payment And Personal Injury Release Effective Regardless Of Any Appeals**.  But if the Court does grant final approval, this Personal Injury Release will become immediately effective (or, if you are a minor, upon completion of any necessary minor approval process), and your determined Personal Injury Payment will be distributed, regardless of any appeals of the proposed class action settlement.

It is possible that an appellate court could modify or reverse any final approval of the proposed class action settlement.  Moreover, it is possible that the terms of the proposed class action settlement may change in the future as a result of further legal proceedings.  **By signing this Personal Injury Release, however, you are forever waiving and releasing all past, present, or future Personal Injury Claims, known and unknown, arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Incident regardless of the outcome or resolution of the proposed class action settlement in *In re: East Palestine Train Derailment*, No. 4:23-CV-00242 (N.D. Ohio).**

## ACKNOWLEDGMENT

I acknowledge that I have read and understand the information above.  I agree to accept the payment as a final settlement of all past, present, or future Personal Injury Claims, known and unknown, related to or arising from the Incident.


_____
Printed Name


_____   _____
Signature                                                                                          Date


_____   _____   _____
Address                                                    Phone Number               Email Address

DocuSign Envelope ID: 69FB6657-7872-4173-9929-4459C6DE356C

## INDIVIDUAL SETTLEMENT AND FINAL AGREEMENT TO RELEASE PERSONAL INJURY CLAIMS

THIS INDIVIDUAL SETTLEMENT AND FINAL AGREEMENT TO RELEASE PERSONAL INJURY CLAIMS ("Personal Injury Release") is made and entered into this ___ day of _____ 2024, by and between _____ [Name] ("Releasor"), and Norfolk Southern Railway Company and Norfolk Southern Corporation (collectively, "Company," and together with Releasor, the "Parties").

Capitalized terms herein have the definition provided in the Class Action Settlement Agreement, dated April 26, 2024, except as otherwise defined in this Personal Injury Release.

## W I T N E S S E T H   T H A T :

WHEREAS, Releasor is a Settlement Class Member in *In re: East Palestine Train Derailment*, No. 4:23-CV-00242, pending in the United States District Court for the Northern District of Ohio;

WHEREAS, the Company and the Class Representatives in that Action, individually and on behalf of the Settlement Class, have agreed to settle that Action by entering into a Settlement Agreement, dated April 26, 2024;

WHEREAS, in addition to any compensation awarded to Releasor through his/her/their membership in the Settlement Class by submission of a Claim, Releasor has chosen to enter into this Personal Injury Release in order to receive the benefit of this Personal Injury Release, namely a Personal Injury Payment;

WHEREAS, Releasor affirms that he/she/they was physically located within 10 miles of the Derailment Site at any time between the date of the Incident (defined below) and the Settlement Date; and

WHEREAS, the Parties hereto desire to enter into this Personal Injury Release relating to the release of Personal Injury Claims (as defined in Paragraph 5 below) that Releasor may have against the Released Parties (as defined in Paragraph 11 below) arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Incident, which is defined to mean the February 3, 2023 derailment of Norfolk Southern train 32N in East Palestine, Ohio, including without limitation the February 6, 2023 controlled release (also referred to as the vent and burn) of hazardous materials contained in certain derailed railcars and the chemical release, fire, emergency response, clean-up, remediation, shelter-in-place and evacuation in

Page 3 of 11

and around East Palestine, Ohio following the February 3, 2023 train derailment and February 6, 2023 controlled release.

NOW, THEREFORE, in consideration of the Personal Injury Payment to be provided to Releasor, the receipt and sufficiency of which is hereby mutually acknowledged by the Parties, the Parties agree as follows:

1.      Releasor shall receive a Personal Injury Payment from the Personal Injury Settlement Fund, with the amount of the Personal Injury Payment to be determined by the Settlement Administrator and Class Counsel, and pursuant to the distribution plan described in Section XIII.C.3 of the Settlement Agreement.

2.      In entering into this Release, Releasor understands that the following table represents the **potential, average** payment amounts based on proximity to the Derailment Site, for individuals seeking a Personal Injury Payment.  Releasor understands that his/her/their payment could be more or less depending on the determination of the Settlement Administrator and Class Counsel.

### **Potential, Average** Personal Injury Payments

| | |
|---|---|
| 0-2 Miles | Approximately $10,000 |
| 2-5 Miles | Approximately $5,000 |
| 5-10 Miles | Approximately $1,000 |

3.      This Personal Injury Release shall become effective upon issuance of the Court's order finally approving the Settlement—or, if Releasor is a minor, upon the completion by Class Counsel of all necessary steps to secure valid and legally enforceable releases for minors.

4.      This Personal Injury Release shall remain effective:

        A.      regardless of whether the Settlement Agreement is ever modified or reversed on any appeal by any court; and

        B.      regardless of any appeals or court decisions relating in any way to the liability of the Released Parties in any current or future litigation.

Capitalized terms in this Personal Injury Release defined by reference to the Settlement Agreement shall continue to have their defined meaning in all events, regardless of whether the foregoing circumstances described in Paragraph 4.A or 4.B occur.

5.     Releasor, for himself/herself and his/her heirs, parents, beneficiaries, administrators, executors, successors, assigns, agents, principals, representatives, subrogees, and subrogors, hereby unconditionally, absolutely, and irrevocably fully and forever releases, acquits, covenants not to sue, and discharges the Released Parties from any and all past, present, or future Personal Injury Claims, defined to mean claims, rights, legal or administrative complaints, demands, suits, liability (including all direct and/or indirect liability), damages, losses, costs, debts, actions, and causes of action (in law or equity), or expenses of any kind whatsoever, known or unknown, that have been or could have been brought in connection with:

   (a)     Past, present, or future personal injury or bodily injury, and any progression and/or exacerbation of personal injury or bodily injury, of whatsoever kind or nature, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the Incident, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation; and/or

   (b)     Loss of past, present, or future salary, wages, or other earnings, impairment of earning capacity, loss of service, ability or capacity, emotional or psychological distress, disease, illness, mental or physical pain or suffering, emotional or mental harm, anguish or loss of enjoyment of life, funeral, burial and estate administration expense, and any and all other injury, loss, damage, harm of whatsoever kind or nature growing out of, arising out of, or arising as a consequence of, whether in whole or in part, directly or indirectly, any personal injury or bodily injury, including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life, to another person, and any progression and/or exacerbation of personal injury or bodily injury to another person, of whatsoever kind or nature, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the Incident, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation; and/or

(c)     Loss of support, services, consortium, companionship, society, or affection, or damage to familial relations arising out of any personal injury or bodily injury, including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life, to another person, and any progression and/or exacerbation of personal injury or bodily injury to another person, of whatsoever kind or nature, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the Incident, or wrongful death and/or survival actions as a result of such injury, progression, and/or exacerbation; and/or

(d)     Increased risk, possibility, or fear of suffering in the future from any disease, injury, illness, emotional or mental harm, condition, or death, in whole or in part arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Incident.

6.      Releasor acknowledges and agrees that unknown consequences or progression of presently known injuries, diseases or illnesses may arise, develop, or be discovered in the future, including disabling conditions not now known to Releasor, and that future medical treatment, including surgery, may be necessary. Releasor understands that he/she/they may have suffered, or may in the future develop, injuries, diseases, illnesses, damages, and/or other harms that are presently unknown to Releasor as a result or consequence of the Incident as set forth above.

7.      Releasor acknowledges and agrees that the consideration received under this Personal Injury Release constitutes full and complete consideration for the release and discharge of Personal Injury Claims as defined in Paragraph 5, including any and all past, present, or future claims, rights, legal or administrative complaints, demands, suits, liability (including all direct and/or indirect liability), damages, losses, costs, debts, actions, and causes of action (in law or equity), or expenses of any kind whatsoever, known or unknown, arising from or otherwise concerning such unknown or future complications or progression, including the effects and consequences thereof and regardless of whether Releasor enters into this Personal Injury Release based upon a misunderstanding of any fact or a misunderstanding of any applicable law.

8.      Releasor understands and agrees that the signing of this Personal Injury Release prevents Releasor or any person or entity acting by or through Releasor from making and/or asserting any further claim, right, demand, suit, cost, debt, action and/or cause of action of any nature whatsoever against Released Parties, or

any of them, concerning the Incident as set forth above. Releasor further understands and agrees that making and/or asserting any further claim, right, demand, suit, cost, debt, action and/or cause of action of any nature whatsoever against Released Parties, or any of them, concerning the Incident as set forth above shall constitute a material breach of the Release and shall entitle the Company to recover the amount of the Personal Injury Payment as well as any attorneys' fees and expenses resulting therefrom.

9. Releasor understands and agrees that the signing of this Personal Injury Release shall be deemed an express waiver and relinquishment to the fullest extent permitted by law, of the provisions, rights, and benefits of Section 1542 of the California Civil Code (or any other analogous state or federal law), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Releasor further understands and agrees that the signing of this Personal Injury Release shall be deemed an express waiver and relinquishment to the fullest extent permitted by law, of any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code. Releasor acknowledges that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Personal Injury Claims (as defined in Paragraph 5 above), notwithstanding any unknown claims they may have.

10. Releasor agrees to indemnify and hold harmless Released Parties, or any of them, for any and all losses, claims, causes of action, actions, liabilities, judgments, verdicts, awards or demands of any kind or nature, by any tortfeasor or alleged tortfeasor, or any other person or entity asserting any independent or derivative claim or right, whether by law, contract or otherwise, including, but not limited to, actions for contribution and/or indemnification, arising out of any of the matters released herein.

11.    Released Parties means:

    A.    Norfolk Southern and any of its past or present parents, subsidiaries, affiliated companies, and corporations, and any of their past or present officers, directors, managers, employees, general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, agents, consultants, contractors, service providers, successors, or assigns;

    B.    OxyVinyls LP, GATX Corporation, General American Marks Company, Trinity Industries Leasing Company (collectively defined as the "Non-Settling Railcar Defendants");

    C.    any other manufacturers, owners, lessors, lessees, shippers, and consignees of the rail cars and products involved in the Incident;

    D.    the manufacturers, installers, and designers of the rail track or other railroad equipment associated with the Incident, including without limitation Progress Rail;

    E.    the Association of American Railroads;

    F.    Terminal Railroad Association of St. Louis;

    G.    any persons, business entities, and agencies that assisted in or supported the emergency response, remediation, air monitoring, soil monitoring, water monitoring, and clean-up activities associated with the Incident—including for avoidance of doubt and without limitation, Arcadis U.S., Inc.; Braskem America Inc.; Center for Toxicology and Environmental Health (CTEH); EnviroScience, Inc.; Explosive Service International; Specialized Professional Services Inc. (SPSI); Midland Manufacturing; Specialized Response Solutions (SRS); Hazardous Products Abatement Company (HEPACO); EnviroServe; Engineering Systems Inc. (Esi); Cranemasters; Hulcher Services, Inc.; R.J. Corman Railroad Group; and Timken Company—including the activities of private, public, and governmental agencies, entities, and authorities, whether federal, state, county, or local, their employees, officers, agents, members, and volunteers; and

    H.    any owners, lessors, and lessees of any other real property located at the site of the Incident.

For the avoidance of doubt, any of the "Released Parties" includes, for any of the foregoing entities, any past or present parents, subsidiaries, affiliated companies, and corporations, and any past or present officers, directors, managers, employees,

general partners, limited partners, principals, insurers, reinsurers, shareholders, attorneys, advisors, representatives, agents, consultants, contractors, service providers, successors, or assigns.

12.     Releasor retains Personal Injury Claims, if any, against persons or entities who are not Released Parties, but such reservation creates no basis for a claim of contribution, subrogation, or indemnification (collectively, an "Insurer Claim"), however denominated, by any non-Released Party against any Released Party.  For avoidance of doubt, this Release shall apply to all related Insurer Claims of the Releasor's subrogees or insurance carriers, and Releasor expressly waives any contractual or other right or claim of contribution, subrogation, or indemnification by any insurer or other party for an Insurer Claim against any Released Parties.  If Releasor has made an insurance claim or has received insurance proceeds for any itemized loss or damage relating to Personal Injury Claims caused by the Incident, and Releasor submits an itemized claim for the same loss or damage as part of the Personal Injury Payment, then Releasor will indemnify Released Parties for any liability that Released Parties, or any of them, incur for an Insurer Claim, provided that (a) the Insurer Claim is brought by an entity seeking to recover payment of insurance proceeds to Releasor for the same itemized loss or damage; and (b) the amount for which Releasor indemnifies Released Parties shall be limited to only that amount of the Personal Injury Payment to Releasor made directly for said itemized loss or damage, if any.

13.     Releasor agrees to satisfy any and all valid liens that have been asserted and/or which could be or may be asserted for reimbursement of any medical benefits provided to the Releasor by a third party, including without limitation Medicare or Medicaid, as a result of any injuries allegedly caused by the Incident.

14.     Releasor is _____ is not_____ [**Check One]** entitled to Medicare Parts A through D.

15.     This Release is not intended to affect—and instead expressly preserves—any and all of Norfolk Southern's rights of contribution, subrogation, or indemnity under any law, including for avoidance or doubt and without limitation Norfolk Southern's claims against the Non-Settling Railcar Defendants under Ohio law, including Ohio R.C. § 2307.25, titled "Right of contribution; settlements; subrogation; indemnity," Ohio R.C. § 2307.26, titled "Contribution," Ohio R.C. § 2307.28, titled "Release or covenant not to sue or not to enforce judgment," or any other applicable law.

16.     Releasor agrees that the provisions of this Personal Injury Release are severable.  In the event that any provision is found to be unlawful or unenforceable, Releasor further agrees that the remaining provisions hereof shall remain in full force and effect.

17.     Releasor agrees this Personal Injury Release constitutes the final, complete, and exclusive agreement and understanding between the Company and Releasor and supersedes any and all other agreements, written or oral, between Company and Releasor with respect to the subject matter of this Personal Injury Release in settlement of Personal Injury Claims arising out of or related to the Incident.

18.     The Personal Injury Release constitutes no admission of liability or wrongdoing by the Company, and the Personal Injury Payment is made purely by way of compromise and settlement.

19.     In entering into this Release, Releasor represents that he/she/they has completely read all terms and that such terms are fully understood and voluntarily accepted by him/her/them.  Releasor hereby confirms that Releasor was afforded the opportunity to and if Releasor so decided did confer with Class Counsel, or an attorney of his/her/their choice, concerning the terms and conditions of this Release.

THUS, RELEASOR HEREBY ACKNOWLEDGES THAT RELEASOR HAS READ THE ENTIRETY OF THIS RELEASE, UNDERSTANDS ITS TERMS AND ITS MEANING AND EFFECT, AND THAT, BY SIGNING THIS RELEASE, UNDERSTANDS AND AGREES THAT RELEASOR IS RELEASING HIS/HER/THEIR RIGHTS REFERENCED HEREIN AGAINST RELEASED PARTIES, AND EACH OF THEM.

_____     _____     _____
Releasor Name                              Releasor Signature                                     Date


_____     _____     _____
Phone Number                               Address                                                       Email Address

*—If Releasor Is A Minor—*

Releasor's Years of Age At The Time of Signature: _____

_____ _____ _____
Parent's Name                    Parent's Signature                      Date


_____ _____ _____
Phone Number                         Address                        Email Address