**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**IN RE: EAST PALESTINE TRAIN
DERAILMENT**

**CASE NO: 4:23-CV-00242**

**JUDGE BENITA Y. PEARSON**

**This document relates to:**  *CeramFab, Inc., et al. v. Norfolk Southern Corporation, et al.*
*Case No. 4:23-cv-00509*

_____

**PLAINTIFFS' MOTION TO RESTORE CASE TO ACTIVE DOCKET**

_____

Plaintiffs CeramFab, Inc., CeramSource, Inc., Yonggong, LLC, and WYG Refractories, LLC, (collectively "CeramFab Plaintiffs"), by and through undersigned counsel, respectfully move this Court to lift the stay of proceedings and restore this case to the Court's active docket. Additionally, CeramFab Plaintiffs respectfully ask this Court to hold a Case Management Conference with the Parties once the stay is lifted in order to timely schedule this matter for trial. Plaintiffs' Motion is supported by the following:

**FACTUAL BACKGROUND**

CeramFab Plaintiffs are businesses located in East Palestine, Ohio that filed a lawsuit against Defendants Norfolk Southern Corporation and Norfolk Southern Railway (hereinafter "Defendants" or "Norfolk Southern") on March 13, 2023, for claims arising from the derailment of Defendants' Train 32N directly adjacent to Plaintiff's property, particularly as to CeramFab, on February 3, 2023. *See CeramFab, Inc., et al. v. Norfolk Southern Corporation, et al.,* Case No. 4:23CV0509. Similar to the CeramFab Plaintiffs, numerous putative class action lawsuits were

also filed against Norfolk Southern in this Court.[1] On April 5, 2023, the Court consolidated those pending lawsuits into a single putative class action lawsuit. (ECF No. 28 in Case No. 4:23CV00242.). The Court also entered an order appointing interim class counsel, co-lead counsel, a Plaintiffs' executive committee, a Plaintiffs' steering committee, Plaintiffs' subcommittees, and community liaison counsel (hereinafter "Class Counsel"). (ECF No. 28 at Page ID #: 565). Pursuant to the same order, Class Counsel filed a consolidated class action complaint on May 4, 2023, and subsequently amended their Complaint on August 14, 2023, to expand their allegations. (ECF No. 31; *see also* ECF No. 138).

At that time, CeramFab Plaintiffs acknowledged the importance of the putative class action and the benefits it might bestow for the majority of the individuals affected by the derailment, but also argued that class consolidation of their particular claims was inappropriate and they did not consent to being part of a Master Consolidated Class Action Complaint (ECF No. 25 at PageID#: 206-209; *see also* ECF No. 29 at PageID#: 641-43). Because the CeramFab Plaintiffs were distinctively situated businesses in the community, with direct proximity to the derailment site and had damages which were unique from any other putative class member, they raised concerns about being sidelined by the class action case's workup and having to await resolution of the various class matters involved while their own derailment related damages continued to compound. (ECF No. 25 at PageID#: 206-209; *see also* ECF No. 29 at PageID#: 641-43). As such, the CeramFab Plaintiffs respectfully asked the Court to allow their claims to proceed parallel to the putative class without being placed under the umbrella of the class structure. *Id*. On April 6, 2023, the Court held

---

[1] Case Nos. 4:23CV00250, 4:23CV00257, 4:23CV00268, 4:23CV00292, 4:23CV00298, 4:23CV00303, 4:23CV00308, 4:23CV00315, 4:23CV00324, 4:23CV00344, 4:23CV00345, 4:23CV00350, 4:23CV00363, 4:23CV00380, 4:23CV00415, 4:23CV00429, 4:23CV00440, 4:23CV00479, 4:23CV00495, 4:23CV00510, 4:23CV00529, 4:23CV00586, 4:23CV00600, 4:23CV00601, 4:23CV00602, 4:23CV00603, 4:23CV00604, 4:23CV00634, and 4:23CV00672.

a hearing regarding the class structure and to specifically address CeramFab Plaintiffs' concerns. (ECF No. 29 at PageID#: 641-43). Ultimately, the Court denied CeramFab Plaintiffs' requests to exclude them from the class structure or continue on a parallel case specific track while the putative class work-up proceeded and instead placed this matter on its administrative docket pending the resolution of the class action. *Id.*[2] Additionally, the Court acknowledged at that time the CeramFab Plaintiffs would have the opportunity to opt out or object to inclusion in the class at various stages in the proceeding. *Id.*[3]

With an eye to providing the affected East Palestine residents the important justice they deserved, the Court then established an aggressive schedule for the parties to move the putative class action case through discovery and toward resolution via its expeditiously entered Case Management Order. (ECF No. 98). Over the next ten months, the appointed Class Counsel engaged in extensive fact discovery, conducted numerous depositions, submitted or replied to various briefings, and participated in multiple settlement discussions.[4] On April 9, 2024, Class

---

[2] On April 28, 2023, following the Court's consolidation order, Plaintiffs voluntarily dismissed their case without prejudice. See *CeramFab, Inc., et al. v. Norfolk Southern Corporation, et al.*, Case No. 4:23CV0509. On November 14, 2023, Plaintiffs filed a second individual non-class lawsuit Case No. 4:23CV2206. On November 16, 2023, the Court issued an order administratively closing and consolidating Case No. 4:23CV2206 into Case No. 4:23CV0242 . (ECF No. 13 in Case No. 4:23CV2206 at PageID #: 71 n. 3).

[3] CeramFab Plaintiffs successfully opted out of the class action settlement before the July 1, 2024 deadline.

[4] During this period, CeramFab Plaintiffs were engaged in their own discussions with Norfolk Southern and Putative Class Counsel such that all parties were aware the CeramFab Plaintiffs could never be part of any broader class resolution under those present circumstances. Putative Class Counsel and Norfolk Southern were, therefore, aware prior to their ultimate settlement agreement that CeramFab Plaintiffs would be opting out of the settlement regardless of the benefit that it would be providing to the overwhelming percentage of other affected class members. In short, Norfolk Southern would have entered into its class settlement agreement fully aware that the CeramFab Plaintiffs – and a small portion of other class members (mostly businesses) – would be opting out so there is neither undue surprise nor prejudice to Norfolk Southern which might justify further stays of the CeramFab Plaintiffs' ultimate claims adjudication.

Counsel and Norfolk Southern announced they had reached a $600 million settlement agreement to resolve the Action ("Settlement Agreement") (ECF No. 452-2). On June 28, 2024, CeramFab Plaintiffs opted out of the class action settlement.[5] The Court entered Final Approval of the Settlement Agreement on September 27, 2024. (ECF No. 557). Shortly thereafter, five class members filed a notice of appeal, which is still currently pending. (ECF No. 558; ECF No. 570).

## ARGUMENT

### I.  Restoring Case to Active Docket

Because the class action lawsuit has reached resolution, the Court should now allow the CeramFab Plaintiffs to proceed with litigating their case by restoring it to the Court's active docket. CeramFab Plaintiffs have consistently maintained that their claims are distinct from those of the class action plaintiffs. (See ECF No. 29 at PageID#: 641-43). As "one-of-one" type businesses located in East Palestine, Ohio, with property directly adjacent to the derailment site, continuing contaminates still being found on the subject property through 2024, and operations on several of the business entities still unable to reopen, CeramFab Plaintiffs have suffered unique damages that could not be adequately addressed through the class-wide resolution. The Court previously acknowledged these anticipated concerns by allowing CeramFab Plaintiffs the opportunity to opt out of the class action, which they have now done. (ECF No. 29 at PageID#: 641-43).  With the class action settled and approved by the Court, there is no longer a need to keep the CeramFab case on the administrative docket.

---

[5] While undersigned counsel do represent the opted-out CeramFab Plaintiffs and 25 other class members, over 95% of undersigned's client were opted in to the settlement and no objections were filed by undersigned or undersigned's represented clients. So, while the class settlement was an excellent vehicle to resolve the claims of the overwhelming majority of class members, it's structure could not adequately address certain damages suffered by specific entities (mostly businesses), and this expected eventuality was part I the reasoning initially provided by undersigned or why a non-class parallel track should exist.  (See ECF No. 25 at Page#: 59-62).

Additionally, the resolution of the class action removes any justification for further delay in the adjudication of CeramFab Plaintiffs' individual claims. While the class action settlement is facing appeals[6], particularly regarding direct household payments, CeramFab Plaintiffs continue to suffer significant ongoing monetary damage due to their close proximity to the derailment site, the nature of their businesses, and the effects the derailment has had on those businesses. Delaying this case any further would only exacerbate this monetary damage and would likely result in irreparable harm to CeramFab Plaintiffs. By allowing the case to proceed, the Court can ensure that CeramFab Plaintiffs have the opportunity to seek timely redress for their specific injuries.

Additionally, restoring this case to the active docket does not prejudice the Defendants. Norfolk Southern has been aware of CeramFab Plaintiffs' claims since the initial filing in March 2023 and has had ample time to begin preparing how it will defend the action. Moreover, much of the extensive liability discovery conducted during the class action proceedings will likely be useful in the CeramFab Plaintiffs' case, minimizing any undue burden on the Defendants and allowing for an effective and speedy pre-trial discovery process on all outstanding matters.

Furthermore, restoring this case to the active docket is in the interest of judicial economy and efficiency, as it will allow for the timely resolution of CeramFab Plaintiffs' claims without further unnecessary delay. In addition to the CeramFab Plaintiffs, upon information and belief, around fifty (50) other businesses[7] in or around East Palestine have opted out of the class action settlement and will be pursuing individual lawsuits. (ECF No. 552). It is anticipated that a majority

---

[6] While undersigned do not believe the current class appeals have any merit and will ultimately fail, even if they are successful, the CeramFab Plaintiffs' claims should still be removed from the administrative docket and allowed to proceed. The alternative would likely result in permanent and irreversible damage to the plaintiffs.

[7] At or around twenty (20) out of these fifty (50) businesses are also represented by the undersigned Plaintiffs' counsel and will be filing individual lawsuits before February 2, 2025.

of these opt outs will file an individual lawsuit on or before February 2, 2025. By allowing CeramFab Plaintiffs' – the first non-class plaintiffs which filed a lawsuit – case to proceed now, the Court can establish a framework for managing this new category of individual cases and maintain its oversight of the broader litigation. This proactive approach can help streamline the process and ensure fair and timely consideration of all related cases.

## II.    Case Management Conference

In addition to the arguments above, CeramFab Plaintiffs respectfully request that the Court hold a Case Management Conference with the parties at the Court's earliest convenience. Doing so would serve several important purposes, including, but not limited to: (1) discussing the current status of the case and any developments since the administrative closure; (2) addressing any outstanding issues or motions; (3) determination of track assignment; (4) disclosure of information that may be subject to discovery, including key documents and witness identification; (5) determination of the type and extent of discovery, including the discovery of electronically stored information or use of previous class discovery; (6) determination of a whether any new order is necessary to protect confidential information; (7) setting of a discovery cut-off date and deadline for filing motions; (8) setting of a deadline for joining other parties and amending the pleadings; and (9) setting the date of the next status conference.

This aligns with the Court's authority under Fed. R. Civ. P. 16 and Local Rule 16.3 to expedite the proceedings and facilitate potential resolution. In addition, this will provide the parties an opportunity to clarify the next steps. CeramFab Plaintiffs are prepared to participate in a Case Management Conference at the Court's earliest convenience and we respectfully request that a conference be scheduled within 30 days of restoring this case to the Court's active docket, or as amenable to the Court's schedule.

## CONCLUSION

In conclusion, the unique circumstances of CeramFab Plaintiffs' case, combined with the resolution of the class action and the interests of judicial economy, strongly support restoring this case to the Court's active docket. Allowing the case to proceed will ensure that CeramFab Plaintiffs can pursue their distinct claims without further delay, while also setting a precedent for efficiently managing other opt-out cases arising from the East Palestine derailment. In addition, holding a Case Management Conference early in the litigation process will allow the Court and parties to discuss the track of the case and any developments since the administrative closure or resolution of the Class.

WHEREFORE, CeramFab Plaintiffs respectfully move this Court to grant an Order returning this case to its active docket and setting a date to hold a Case Management Conference.

Dated: January 14, 2025

Respectfully submitted,

*/s/ Jon. C. Conlin*
Jon C. Conlin
F. Jerome Tapley
R. Andrew Jones
Hunter Phares
**CORY WATSON, P.C.**
2131 Magnolia Ave South
Birmingham, AL 35205
Phone: (205) 328-2200
Fax: (205) 324-7896
jconlin@corywatson.com
jtapley@corywatson.com
ajones@corywatson.com
hphares@corywatson.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with this Court's CM/ECF on this 14ʳᵈ day of January 2025 and was thus served electronically upon all counsel of record.

/s/ Jon C. Conlin_____