PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE:  EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) ) ) | CASE NO.  4:23CV0242 |
| | | JUDGE BENITA Y. PEARSON |
| | | **MEMORANDUM OF OPINION AND ORDER** |
| | | [Resolving ECF Nos. 567 and 671] |

        Pending is Plaintiffs' Motion for an Order Requiring Objector Rev. Joseph Sheely to Post

an Appeal Bond (ECF No. 567).  Also pending is Plaintiffs' Motion for an Order Requiring

Appellants Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno to Post an Appeal

Bond (ECF No. 671).  Plaintiffs move the Court for an order requiring the Objecting Settlement

Class Members to post an appeal bond of $850,000 ($25,000 in appeal related taxable expenses

and $825,000 in administrative expenses from the third-party settlement administrator, Kroll

Settlement Administration, LLC ("Kroll") for the delay in administering the settlement).  Delays

caused by the appeals will increase costs of Kroll by $825,000.  *See* Declaration of Scott M.

Fenwick of Kroll (ECF No. 567-2) at PageID #: 14661, ¶ 4.  Plaintiffs also request that any

appeal bond be the responsibility of all appellants such that if any Appellant withdraws their

appeal, the remaining Appellants are responsible for the entire bond amount.  The Court has been

advised, having reviewed the record, the parties' briefs, and the applicable law.  For the reasons

that follow, the motions are granted.

(4:23CV0242)

## I.

On September 27, 2024, Attorney David M. Graham,[1] on behalf of Objecting Settlement Class Member Rev. Joseph Sheely, filed a Notice of Appeal (ECF No. 558) from the Court's order approving the Class Action Settlement Agreement against defendant railway companies. *See* Order (ECF No. 557).  That appeal remains pending.  *See In re:  East Palestine Train Derailment* No. 24-3852 (6th Cir.).

Eleven (11) days later and after Rev. Sheely made public statements that he did not authorize the filing of ECF No. 558, Attorney Graham, on behalf of Objecting Settlement Class Members Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno, filed a Notice of Appeal (ECF No. 570) from ECF No. 557.  That appeal also remains pending.  *See In re:  East Palestine Train Derailment* No. 24-3880 (6th Cir.).

## II.

Under Fed. R. App. P. 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The decision to require bond and the amount thereof falls within the discretion of the district court.  *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp.3d 635, 638 (N.D. Ohio 2016) (citing *In re Munn*, No. 89-2240, 1989 WL 149417, at *1 (6th Cir. Dec. 11, 1989)).  The district court must determine whether bond is appropriate, and, if so, the amount of the bond.  *Id.*

---

[1] On July 2, 2024, Attorney Graham was admitted *pro hac vice* for purposes of appearing and presenting as counsel for and on behalf of Jami Wallace.  *See* Order (ECF No. 488).

(4:23CV0242)

Courts within the Sixth Circuit weigh the following factors to determine whether to impose a bond under Rule 7:  "(1) the appellant's financial ability to post a bond; (2) the risk that the appellant would not pay appellee's costs if the appeal is unsuccessful[;] (3) the merits of the appeal[;] and (4) whether the appellant has shown any bad faith or vexatious conduct."  *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prod. Liab. Litig.*, No. 2:11-md-2233, 2014 WL 2931465, at *2 (S.D. Ohio June 30, 2014) (citing *Gemelas v. Dannon Co., Inc.*, No. 1:08CV0236, 2010 WL 3703811, at *1 (N.D. Ohio Aug. 31, 2010)).  The Court will first discuss whether the four factors which guide a court's appellate bond consideration support Plaintiffs' request, beginning with the bad faith and vexatious conduct factor.

**A.**

After September 27, 2024, Rev. Sheeley publicly stated that he did not authorize the filing of the Notice of Appeal (ECF No. 558), that he told Attorney Graham (counsel for class objectors in both Case Nos. 24-3852 and 24-3880) not to file an appeal in his name, and that he did not want to pursue the appeal that had been filed in his name.  *See* Declaration of Joseph Sheely (ECF No. 660-1) at PageID #: 46311, ¶ 13 ("Please take into consideration that I am suffering from a plethora of physical impairments caused by the exposure to toxic chemical contamination and as such I cannot continue this process with my health conditions and a bond requirement.  The bond requirement added insult to injury for us.  Therefore, I choose not to pursue this appeal."); *see also*  "Pastor says he 'never gave permission' to file appeal over Norfolk Southern settlement," *Canton Repository*, October 1, 2024

(4:23CV0242)

(https://www.cantonrep.com/story/news/courts/2024/10/01/joseph-sheely-norfolk-southerntrain-derailment-appeal-settlement-east-palestine/75471208007/) (last visited Jan. 16, 2025).[2]

In Case No. 24-3852, Plaintiffs-Appellees moved the Court of Appeals for a show cause order against Rev. Sheely to order his counsel to explain why that appeal should not be dismissed. Rev. Sheeley's response in opposition to their motion provides, in relevant part: "After prayerful reflection and careful consideration, I have reconsidered my position regarding this matter and I have decided to proceed with an appeal and hereby authorize and instruct my attorney, David M. Graham, to file and pursue the appeal on my behalf." Declaration of Joseph Sheely (Doc. 31-2 in No. 24-3852) at ¶ 2. In reply, Plaintiffs-Appellees withdrew the request for a show cause order as to why the appeal in Case No. 24-3852 should proceed.

Next, Plaintiffs claim there is bad faith by Carly Tunno because they contend Tunno did not file an objection to the settlement. See Declaration of Scott M. Fenwick of Kroll (ECF No. 667-1) at PageID #: 46378, ¶ 5. Therefore, Plaintiffs argue she cannot properly file an appeal. See Devlin v. Scardelletti, 536 U.S. 1, 10 (2002) (the power to appeal the approval of a settlement is limited to unnamed class members who have objected at the fairness hearing); cf. Fidel v. Farley, 534 F.3d 508, 512-13 (6th Cir. 2008) (an appeal filed by a Rule 23(b)(3) unnamed class member was proper as he filed an objection and was considered a party for purposes of appealing the district court order approving the settlement). Carly Tunno's Declaration is to the contrary. See ECF No. 711 at PageID #: 51592, ¶ 4 ("The last week of June

---

[2] There is also an audio recording of Rev. Sheely calling into the *Ron Verb Show* on September 30, 2024 (https://570wkbn.iheart.com/featured/ron-verb/content/2024-09-30-744-ron-verb-ron-verb-show-monday-september-30-2024/) (beginning at 29:43) (last visited Jan. 16, 2025)).

(4:23CV0242)

2024, I mailed a handwritten letter to the settlement administrator, P.O. Box 5324, New York, NY, as directed in the Long Form Class Notice (ECF No. 452-5, PageID#.6131), stating my reasons why I was objecting to the Proposed Settlement, including all other pertinent information required.").

The "bad faith or vexatious conduct" factor weighs in favor of imposing an appeal bond.

## B.

"[A] district court's prejudging of a case's chances on appeal is a necessary by product of the imposition of a bond pursuant to Rule 7." *In re Polyurethane*, 178 F. Supp.3d at 640 (citing *Tri-Star Pictures, Inc. v. Unger*, 32 F. Supp.2d 144, 149 (S.D.N.Y. 1999), *aff'd*, 198 F.3d 235 (2d Cir. 1999)).  However, "the question of whether an appeal is actually frivolous is best left to the appellate court itself, which has 'the benefit of a fully developed appellate record.' " *Id.* (citing *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 960 (9th Cir. 2007)).  In class action settlements, district courts may require objectors to file large cost bonds either to ensure that appellees are protected against the costs on appeal or to discourage frivolous appeals.  Some courts of appeals frown on this because such bonds encumber the right to appeal and preempt the court of appeals from deciding for itself whether an appeal is frivolous.  *See Azizian*, 499 F.3d at 961.

The Court's Final Approval Order (ECF No. 557) will be overturned by the Court of Appeals only if there has been an abuse of discretion.  *Fidel*, 534 F.3d at 513 ("[w]e review a district court's approval of a settlement as fair, adequate, and reasonable for abuse of discretion.").  Plaintiffs argue Appellants "face[ ] a steep uphill battle to meet this standard and establish that the Court abused its discretion in approving this Settlement."  Plaintiffs'

(4:23CV0242)

Memorandum in Support (ECF No. 567-1) at PageID #: 14652; *see also* Plaintiffs' Memorandum

in Support (ECF No. 671-1) at PageID #: 46668.  The Court agrees.

The record resoundingly supports the fairness of the settlement.  In approving the

settlement, the Court reviewed extensive briefing and conducted a Fairness Hearing, at which it

heard thorough arguments from the parties, posed questions to Class Counsel, and addressed

each Objector's arguments.  The Court also considered the Declaration of U.S. District Judge

Layn R. Phillips (retired) (ECF No. 518-5), who served as the mediator and made the

recommendation that resulted in the settlement.  *See* Transcript of Fairness Hearing (ECF No.

553).  The Court also issued an Order (ECF No. 557), which specifically addressed and overruled

the objections, and approved the Settlement.  The Court is confident in its due diligence and

resultant rulings.  On this record, the Court believes Appellants will not be successful in their

independent appeals.

Therefore, the Court finds that the "merits of the appeal" factor weighs in favor of

imposing bond.

## C.

In addition, the Court examines "the risk that the appellant would not pay appellee's costs

if the appeal loses."  *Brandewie v. Wal-Mart Stores, Inc.*, No. 1:14CV0965, 2016 WL 698110, at

*2 (N.D. Ohio Feb. 22, 2016)* (cite omitted).  Plaintiffs contend that this factor weighs in favor of

imposing bond because there is a risk that the appellants will not pay the costs if their appeal is

dismissed, or the judgment is affirmed.  According to Plaintiffs, a bond will help allay the

reasonable concerns of Class Counsel that the independent appeals will result in additional,

unwarranted costs to the Class.

6

(4:23CV0242)

Although the Court awarded only 3% of the Settlement fund for costs in the present case (*see* Order (ECF No. 556) at PageID #: 14578), as explained by Class Counsel at the Fairness Hearing (*see* ECF No. 553 at PageID #: 14524-26) and in related filings (*see, e.g.*, Plaintiffs' Memorandum in Support (ECF No. 520-1), costs are already anticipated to be more than the 3% awarded. The appeal costs increase the likelihood of that overage.

Accordingly, the Court finds "the risk that the appellants would not pay appellee's costs if the appeal is unsuccessful" factor weighs in favor of imposing a bond.

**D.**

It is the appellant's burden to demonstrate that a bond would constitute a barrier to appeal. *In re Polyurethane*, 178 F. Supp.3d at 641-42. In this case, Appellants are not proceeding *in forma pauperis* in either *In re: East Palestine Train Derailment* No. 24-3852 (6th Cir.) or *In re: East Palestine Train Derailment* No. 24-3880 (6th Cir.). In both appeals, they are represented by Attorney Graham on a contingency fee arrangement. *See* Memorandum in Opposition (ECF No. 725-1) at PageID #: 51730. Appellants Rev. Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno have submitted Declarations that provide, in relevant part, that they lack the financial ability to post a bond. Appellants' Declarations all conclude with a statement intended to indicate that, if the Court were to require an appeal bond of $850,000, or any other non-*de minimis* amount, the Objecting Settlement Class Members would be forced to abandon their appeals. *See* ECF Nos. 660-1, 725-3, 725-4, 725-5, and 725-6.

An appeal bond, in this case, is a guardrail, not a barrier. Despite having been made aware of the possibility of an appeal bond, Appellants proceeded. That alone belies their argument that an appeal bond would be a barrier. Thus "appellants' financial ability to post a

(4:23CV0242)

bond" factor does not detract from the imposition of an appeal bond in the requested amount. Rather, the Court finds an appeal bond in the amount requested an appropriate response to the costly circumstances the appeals trigger.

**III.**

The amount of an appeal bond should be the "amount necessary to ensure payment of costs on appeal." Fed. R. App. P. 7.  The amount of a bond is left to the discretion of the Court. *In re Polyurethane*, 178 F. Supp.3d at 638.  Although there is disagreement as to whether "costs on appeal" may include administrative fees, there is no dispute that Rule 7 permits recovery of costs as defined in 28 U.S.C. § 1920 and Fed. R. App. P. 39.  Costs available under § 1920 include "the marshal and clerk fees, court reporter fees, printing and witness fees, copying fees, docket fees, and compensation of court appointed experts and interpreters." *In re Polyurethane*, 178 F. Supp.3d at 642 (citing *In re Countrywide Financial Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD-01998, 2010 WL 5147222, at *2 (W.D. Ky. Dec. 13, 2010)).  Rule 39(e) provides that the following costs are taxable:  "(1) the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." *See also City of San Antonio v. Hotels.com, L.P.*, 593 U.S. 330, 338 (2021) ("Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals.").  The Court finds that the amount of any of these costs applicable on appeal is appropriate to be posted as bond by the Objecting Settlement Class Members.

(4:23CV0242)

## A.

Class Counsel will incur docket fees related to the transcript of the Fairness Hearing. Class Counsel will also incur docket fees, as not all Class Counsel are admitted to the Sixth Circuit and there are court costs associated with admission.  *See* Fed. R. App. P. 46(a)(3); 6 Cir. R. 46(a)(2).  Although briefs are filed electronically, there will be funds spent on printing and copying during the appeal writing and oral argument stages.  *See* *Vassalle v. Midland Funding, LLC*, No. 3:11CV0096, 2015WL 13632108, at *1 (N.D. Ohio Jan. 27, 2015) (although the Sixth Circuit may not require paper copies to be filed, costs associated with copying and record preparation for counsel are appropriate to include in the appeal bond).

Class Counsel estimate $25,000 in taxable expense for the appeal.  Bonds to cover administrative expenses in the amount of $25,000 in class action cases have been considered reasonable.  *In re Polyurethane*, 178 F. Supp.3d at 643 (court included $10,000 in taxable appeal costs in the appeal bond); *Brandewie*, 2016 WL 698110, at *3 (court found $25,000 in taxable appeal costs for the bond was appropriate).

## B.

As set forth by the district court in *In re Polyurethane*, courts have diverged on what constitutes "costs on appeal" beyond the above amounts.  178 F. Supp.3d at 638 (citing cases).  A district court may exercise discretion to impose a bond amount for attorneys' fees likely to be incurred on appeal when the appeal was taken in bad faith.  *Gemelas*, 2010 WL 3703811 at *1 (citing *Azizian*, 499 F.3d at 959-60; *Young v. New Process Steel, LP*, 419 F.3d 1201, 1202-03 (11th Cir. 2005)).  As in *In re Polyurethane*, the Court may also rely upon its "inherent power to require the posting of cost bonds and to provide for the award of attorneys' fees" even if

(4:23CV0242)

procedural rules are also in place to govern the same conduct. 178 F. Supp.3d at 644 (quoting

*Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1335 (11th Cir. 2002)).

The Objecting Settlement Class Members argue that the size of the requested bond

demonstrates that it is being used to intimidate them from exercising their appellate rights.  At

least one circuit holds that a cost bond may not include anticipated costs of delay in

administering that settlement.  *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d

608, 614-15 (8th Cir. 2017), *amended on other grounds*, 855 F.3d 913 (8th Cir. 2017).

Given the likelihood the Court's Final Approval Order (ECF No. 557) will be affirmed

and that such appeal bond will provide the protections typically afforded appellees during the

pendency of an appeal, particularly in the context of class actions, Class Counsel urge the Court

to impose a substantial appeal bond.

They explain that the appeals will take somewhere between 12 and 24 months to resolve,

and will delay payments to the overwhelming number of Settlement Class Members who support

the settlement, because Norfolk Southern Corporation and Norfolk Southern Railway Company

("Norfolk Southern") are not required to make their final payment of $285 million under the

terms of the settlement until after all appellate rights are exhausted.  *See* Class Action Settlement

Agreement (ECF No. 452-2) at PageID #: 6010, § II.S.  While the voluntary exposure payments

will be distributed to Class Members who have executed a valid release, regardless of any

appeals, the direct payment property damage claims cannot be paid until all appeals are

exhausted.  The Sixth Circuit in *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812 (6th Cir.

2004), permitted delay costs in a $174,429 appellate bond because the underlying statute

permitted the prevailing party on appeal to recover any damages incurred, including reasonable

10

(4:23CV0242)

attorneys' fees and costs.  *Id.* at 817-18.  In *Meta v. Target Corp.*, No. 4:14CV0832 (N.D. Ohio filed April 18, 2014), the court granted a motion for bond to ensure payment of costs, including delay costs, associated with the appeal in which the objectors had a history of frivolous appeals, but the district court did not rely upon *In re Cardizem* in so ruling.  *See* ECF No. 188 in No. 4:14CV0832 (two appellants ordered to each  contribute $40,000 toward a total bond of $80,000 in a $2,150,000 class action settlement).

 Numerous other courts have found that when considering the amount of bond to impose on objectors to class action settlements, serious consideration should be given to the practical effect of prejudicing other Settlement Class Members due to increased administrative costs and delayed disbursement of settlement funds.  These delay costs have been recognized by other courts as appropriate for appeal bonds.  *See In re Nutella Mktg. & Sales Practices Litig.*, 589 Fed.Appx. 53, 61 (3d Cir. 2014) (approving a bond sufficient to cover one year of additional administrative costs due to delay caused by objectors' appeal); *Heekin v. Anthem, Inc.*, No. 1:05-cv-01908-TWP-TAB, 2013 WL 752637, at *4 (S.D. Ind. Feb. 27, 2013) (in a $90 million common fund class settlement case, court included in the bond $235,000 for the administrative costs of the delay caused by the appeal); *In re Checking Account Overdraft Litig.*, No. 1.09-MD-02036-JLK, 2012 WL 456691, at *3 (S.D. Fla. Feb. 14, 2012) (in a $410 million class action settlement, court ordered appeal bond of $616,338 due to the "highly detrimental impact of an appeal as to the entire class"); *Allapattah Servs., Inc. v. Exxon Corp.*, No. 91-0986-CIV, 2006 WL 1132371, at *18 (S.D. Fla. April 7, 2006) (in a $1.075 billion class action settlement, the court ordered an appeal bond of $13.5 million due to "the highly detrimental impact" of an appeal to the entire class).

11

(4:23CV0242)

Mindful that "[a]t some point, if the size of a bond becomes too large, it 'constitutes an impermissible barrier to appeal[,]' " *In re Polyurethane*, 178 F. Supp.3d at 645 (quoting *Adsani v. Miller*, 139 F.3d 67, 76 (2d Cir. 1998)), the Court finds that the requested bond amount is appropriate in light of the unique circumstances of the case at bar.  Therefore, the Court exercises its inherent power to require the posting of an $850,000 bond to cover the appeal related taxable expenses and administrative expenses from the Settlement Administrator, Kroll, for the delay in administering the settlement.

**IV.**

Plaintiffs here have effectively countered the concerns of Appellants Rev. Joseph Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno by demonstrating myriad circumstances that justify a bond in the amount requested.  The Court concludes that in the case at bar, as in those cases cited above, the excess administrative costs created by the delay incident to the appeals, are appropriately characterized as a "cost of appeal" under Rule 7.

Accordingly, Plaintiffs' Motions for an Order Requiring Objector Rev. Joseph Sheely to Post an Appeal Bond (ECF No. 567) and for an Order Requiring Appellants Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno to Post an Appeal Bond (ECF No. 671) are granted.  Within 14 days of entry of this Order, Appellants Rev. Joseph Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno shall each contribute $170,000 towards a total bond of $850,000 to be posted with the Clerk of Court to protect the interests of the Class and ensure payment of costs on appeal.  The appeal bond shall be the responsibility of all Appellants

(4:23CV0242)

If any Appellant withdraws their appeal, the remaining Appellants are responsible for the entire

bond amount.


      IT IS SO ORDERED.


    January 16, 2025                            */s/ Benita Y. Pearson*
Date                                           Benita Y. Pearson
                                             United States District Judge