**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In re:  East Palestine Train Derailment    :        CASE NO.: 4:23-CV-00242-FYP

JUDGE:  BENITA Y. PEARSON

**MEMORANDUM IN SUPPORT OF**

**MOTION OF APPELLANTS JOSEPH SHEELY, ZSUZSA TROYAN, TAMARA**

**FREEZE, SHARON LYNCH, AND CARLY TUNNO TO EXTEND TIME FOR APPEAL**

**OF JANUARY 16, 2025 ORDER SETTING APPEAL BOND**


Respectfully submitted by:

David M. Graham
Attorney for Objectors-Appellants
David Graham, Esq.
David Graham Insurance Lawyers, P.A.
Florida Bar No. 95588
Appearing *pro hac vice*
210 E. Forsyth St.
Jacksonville, FL 32202
(904) 567-6529
Primary e-mail:  dgraham@dginslaw.com
Secondary e-mail: EastPalestine@dginslaw.com

# TABLE OF CONTENTS

Table of Contents — p. i

Table of Authorities — p. ii

Concise Statement of Facts Material to the Motion — p. 1

Argument — p. 1

    Issue I  This Court should extend appellants' time for appealing its Bond Order. — p. 1

Relief Requested — p. 6

Signature of Counsel — p. 6

# TABLE OF AUTHORITIES

## Cases

| | |
|---|---|
| *Baker v. Raulie*, 879 F.2d 1396 (6th Cir. 1989) | p. 3 |
| *Curry v. Eaton Corp.*, 400 F. App'x 51 (6th Cir. 2010) | p. 4 |
| *Deym v. von Fragstein*, 127 F.3d 1102 (Table) (6th Cir. 1997) | p. 5 |
| *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624 (1st Cir. 2000) | p. 3 |
| *Nicholson v. City of Warren*, 467 F.3d 525 (6th Cir. 2006) | p. 3 |
| *Peery v. C.I.R.*, 610 F. App'x 566, 567 (6th Cir. 2015) | pp. 2-3 |
| *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993) | pp. 4, 5 |
| *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453 (6th Cir. 2014) | pp. 4, 5 |
| *Red Carpet Studios v Sater*, 465 F.3d 642 (6th Cir. 2006) | p. 6 |
| *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998) | p. 3 |
| *Schmidt v. FCI Enters. LLC*, 3 F.4th 95 (4th Cir. 2021) | pp. 1, 5 |
| *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996) | p. 4 |
| *Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015) | p. 3 |
| *Tennille v. Western Union Co.*, 774 F.3d 1249 (10th Cir. 2014) | pp. 1, 5 |

## Court Rules

| | |
|---|---|
| Fed. R. App. P. 3(a)(1) | p. 2 |
| Fed. R. App. P. 4(a)(1)(A), (a)(5) | pp. 1, 2, 3 |

## Miscellaneous

| | |
|---|---|
| 16A Fed. Prac. & Proc. Juris. §3950.3 (4th ed.) | p. 3 |

**CONCISE STATEMENT OF FACTS MATERIAL TO THE MOTION**

Following this Court's approval of Settlement, objector Sheely and objectors Troyan, Lynch, Freeze and Tunno timely appealed to the 6th Circuit (ECF Nos. 558 and 570). Class counsel, on behalf of plaintiffs, then filed a motion to require Rev. Sheely to file an appeal bond (ECF No. 567), and a similar motion as to Troyan, Lynch, Freeze and Tunno a month later (ECF No. 671). After answers and replies, this Court granted the motions for appeal bond by opinion and order of January 16, 2025 (ECF No. 733).

Following entry of this Court's January 16, 2025 Order, appellants (Rev. Sheely in 6th Cir. No. 24-3852, Mmes. Troyan, Freeze, Lynch and Tunno in 6th Cir. No. 24-3800) filed motions to set aside the Appeal Bond Order on January 20, 2025. After responses were submitted by class counsel and Norfolk Southern, and a reply was filed by appellants, the 6th Circuit *today* issued its order denying the motions for lack of jurisdiction (Exhibit A), on grounds appellants had to separately appeal the Appeal Bond Order, noting "they could still obtain review of the bond order by filing a direct appeal from that order. See Fed. R. App. P. 4(a)(1)(A), (a)(5) (giving a party thirty days from the date of the order to file an appeal and allowing the district court to extend the time to file an appeal if the party moves for an extension within thirty days after the time to appeal has expired)." (Exhibit A, p. 3).

Appellants accordingly move for just such an extension, and respectfully request that this Court extend the time for appeal of its January 16, 2025 order (ECF No. 733) to allow them 7 days from entry of this Court's order granting this Motion in which to do so.

**ARGUMENT**

**Issue I: This Court should extend appellants' time for appealing its Bond Order.**

In filing motions before the 6th Circuit to review this Court's January 16, 2025 Appeal

Bond Order (ECF No. 733), appellants relied on case law indicating that such a procedure is both proper and within a Court of Appeals' jurisdiction. *Tennille v. Western Union Co.*, 774 F.3d 1249, 1253 (10th Cir. 2014); *Schmidt v. FCI Enters. LLC*, 3 F.4th 95, 100 (4th Cir. 2021). *Schmidt* held (highlighting added):

> Despite the apparent invalidity of the appeal bond, FCI complicated our situation by failing to appeal the entry of the bond directly, ==which it was entitled—but not required—to do==. It simply declined to post the bond, only raising arguments about its validity after the plaintiffs moved to dismiss the appeal in light of its failure to pay. And we would naturally think that '[a] litigant cannot ignore an order setting an appeal bond without consequences to [its] appeal,' perhaps even if the bond was improperly imposed. *In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 818 (6th Cir. 2004). While we understand the futility of requesting that the district court reconsider its appeal-bond ruling under these circumstances, ==we cannot say that the same was true of seeking our review at an earlier juncture. FCI should have done so and risked having its appeal dismissed==.

Today, however, the 6th Circuit held (Exhibit A) that appellants' failure to separately appeal the Appeal Bond Order deprives it of jurisdiction to address the motions for review on their merits. But the 6th Circuit expressly held that appellants can overcome that omission by proceeding under Fed. Rule Appellate Proc. 4(a)(1)(A) and (a)(5):

> they could still obtain review of the bond order by filing a direct appeal from that order. See Fed. R. App. P. 4(a)(1)(A), (a)(5) (giving a party thirty days from the date of the order to file an appeal and allowing the district court to extend the time to file an appeal if the party moves for an extension within thirty days after the time to appeal has expired).

Exhibit A, p. 3.

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "'The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction.'" *Peery v.*

2

*C.I.R.*, 610 F. App'x 566, 567 (6th Cir. 2015) (quoting *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998)); *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (citations omitted).

"The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."[1] Fed. R. App. P. 4(a)(5)(A). "Good cause will be found where forces beyond the control of the [movant] prevented [the] filing of a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citing *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." 16A Fed. Prac. & Proc. Juris. §3950.3 (4th ed.) (quoting Fed. R. App. P. 4(a)(5)(A)(ii) 2002 advisory committee's notes).

Here, appellants' counsel reasonably relied on *Tenille* and *Schmidt* as holding that a timely motion to review an order fixing appeal bond is a viable method of challenging an appeal bond requirement. *Schmidt* expressly holds that the filing of an appeal is one method of doing so, but not the exclusive means. Appellants' counsel also proceeded seasonably, filing motions in the 6th Circuit less than a week after entry of this Court's January 16, 2025 order.

The subsequent passage of time was beyond appellants' control, or that of their counsel. After a reply in support of the motions was filed by appellants' counsel on January 31, 2025, the

---

[1] "[T]he 2002 amendment to Rule 4(a)(5) has made clear that both the excusable-neglect and the good-cause alternatives are available regardless of whether the motion is made before or after the expiration of the appeal deadline." 16A Fed. Prac. & Proc. Juris. §3950.3 (4th ed.); *Tanner v. Yukins*, 776 F.3d 434, 438 (6th Cir. 2015) ("Pursuant to Rule 4(a)(5), a movant may request a filing extension of up to 30 days upon a showing of 'excusable neglect or good cause,' Fed. R. App. P. 4(a)(5)(A)(ii), but must do so within the 30 days following the initial 30-day appeal period. Fed. R. App. P. 4(a)(5)(A)(i).").

3

6th Circuit's consideration continued until issuance of its decision today, March 21, 2025. Had the motion been dismissed for lack of jurisdiction on or before February 18, 2025, appellants would still have been within the 30 days for filing notice of appeal.

In order to determine whether neglect[2] is "excusable" under Fed. R. App. P. 4(a)(1) and (5)(A), the Sixth Circuit applies the four factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (citing *United States v. Thompson*, 82 F.3d 700 (6th Cir. 1996)). Determinations of excusable neglect "sound in equity" and take into account "all relevant circumstances," including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. See *id*. (citing *Pioneer*, 507 U.S. at 395); *Curry v. Eaton Corp.*, 400 F. App'x 51, 56-57 (6th Cir. 2010) (citing *Pioneer*, 507 U.S. at 395).

Here, as to factor 1, class plaintiffs will not be prejudiced by an extension—they were put on notice of appellants' challenge to the Appeal Bond Order less than a week after entry of ECF No. 733, and have already prepared and submitted a brief arguing the merits of the issues.

The time elapsed was not within the control of appellants or their counsel, so factor 2 also favors an extension of time.

Regarding factor 3, class counsel have previously accused appellants or their counsel of bad faith, but their motion to dismiss Rev. Sheely's appeal was denied, and although class

---

[2] "Neglect" "encompasses both simple, faultless omissions to act and omissions caused by carelessness." *Curry v. Eaton Corp.*, 400 F. App'x 51, 56 (6th Cir. 2010) (citing *Pioneer*, 507 U.S. at 388)."

4

counsel argued that Carly Tunno lacked standing to appeal, and thus that her participation in appeal exemplified bad faith and independently justified a bond requirement, in their brief on appeal, they raised no challenge to Ms. Tunno's appellate standing.

Finally, as to factor 4, as shown above, failure to timely appeal the Appeal Bond Order was, at worst, an error made in good faith reliance on pertinent authority—*Tenille* and *Schmidt*.

Appellants acknowledge that not all of the *Pioneer* factors carry equal weight—"the reason for the delay is the factor that is the most critical to the excusable neglect inquiry." *Proctor*, 560 F. App'x at 459 (citing *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)). "Should a district court find excusable neglect, the court must then examine the questions of prejudice and bad faith; if there is any indication of bad faith or any evidence of prejudice to the appellee or to judicial administration, the district court may then choose to exercise its discretion and deny the requested extension." *Curry*, 400 F. App'x at 57 (citing *Thompson*, 82 F.3d at 702 (citing *Pioneer*, 507 U.S. at 397-98)). Even in cases where there is no prejudice to the non-moving party and the delay is minimal with almost no impact on judicial proceedings, a failure to show excusable neglect will still result in denial of a motion to extend time to file an appeal. See *Deym v. von Fragstein*, 127 F.3d 1102 (Table) (6th Cir. 1997) (reversing lower court's grant of 5 day extension on the grounds that "loss of a long-term paralegal assistant, illness of an entrusted associate, and an extraordinary personal workload" does not constitute excusable neglect) (citing among other authorities, *Pioneer*, 507 U.S. at 389).

Here, the reason for failure to timely appeal the Appeal Bond Order was the reasonable reliance on *Tenille* and *Schmidt*. In its decision today, the 6th Circuit finds *Tenille* unpersuasive—but declining to follow *Tenille* is hardly equivalent to declaring that counsel's reliance on *Tenille* was unreasonable, or even neglectful, still less inexcusably so. Moreover, that leaves appellants'

5

reliance on *Schmidt* as an independent basis for "excusing" whatever "neglect" there may have been. Appellants' counsel ought not be castigated for trying not to multiply the proceedings with a third appeal—an attorney who "needlessly multiplies the proceedings" faces sanctions for doing so. *Red Carpet Studios v Sater*, 465 F.3d 642, 646 (6th Cir. 2006). Appellants' counsel strove to avoid exactly that, and, if not destined to be lauded for doing so, at least ought not be penalized for that effort.

## RELIEF REQUESTED

Appellants respectfully request that the time for appealing this Court's January 16, 2025 order be extended to 7 days after this Court's order enters granting the present motion.

Respectfully submitted,

s/ David M. Graham
Attorney for Objectors-Appellants
David Graham, Esq.
David Graham Insurance Lawyers, P.A.
Florida Bar No. 95588
Appearing *pro hac vice*
210 E. Forsyth St.
Jacksonville, FL 32202
(904) 567-6529
Primary e-mail: dgraham@dginslaw.com
Secondary e-mail: EastPalestine@dginslaw.com