IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | Case No. 4:23-CV-00242-BYP<br><br>JUDGE BENITA Y. PEARSON |

### [PROPOSED] PRELIMINARY STATEMENT[1]

The Third-Party Plaintiffs in this case are Norfolk Southern Railway Company and Norfolk Southern Corporation, together referred to as Norfolk Southern.  Norfolk Southern is a Class I railroad that transports goods around the country on its rail network.  There are two Third-Party Defendants, GATX Corporation and OxyVinyls LP.  GATX owns and leases railcars to customers who use them to ship products by rail.  OxyVinyls produces and ships chemical products, including vinyl chloride monomer—also known as VCM.

On February 3, 2023, at approximately 8:53 p.m., eastbound Norfolk Southern Railway Train 32N derailed on Norfolk Southern's Fort Wayne Line in East Palestine, Ohio.  Train 32N originated in Madison, Illinois and was traveling to Conway, Pennsylvania.  [When Train 32N reached Salem, Ohio at 8:17 p.m., it passed a hot box detector (HBD) that sent an alert to Norfolk Southern's Wayside Help Desk indicating a bearing temperature spike.  There was only one analyst at the Wayside Desk when the alert was sent and he was working from his home.  The analyst did not see the alert and took no action.  Train 32N traveled approximately 19 miles and 40 minutes

---

[1] Language without any notations is agreed to by the parties.  Where there is disagreement, the disputed language is color coded with Norfolk Southern's proposed text in blue, GATX's proposed text in red, and OxyVinyls' proposed instruction in green.  Where two parties agree but one party objects, that proposed text is in purple.  In all instances here, the purple text reflects text agreed to by Norfolk Southern and OxyVinyls but not GATX.  In some instances, the parties have added footnotes to explain the basis for their objection where it may not otherwise be apparent.

before reaching East Palestine and derailing.][2][3]  The first car to derail was the 23rd railcar behind the two locomotives, also known as GPLX 75465 or "Car 23."  Car 23 was owned by GATX [and leased to a company called Braskem America, Inc. at the time of the derailment.  GATX was last in GATX's physical possession when it was serviced at GATX's Hearne, Texas facility.  There is no evidence that the L1 bearing exhibited any defects prior to January 31, 2017, the last time it was in GATX's physical possession.][4][5]  In total, 38 cars derailed.  Three days after the derailment, a controlled explosion known as a "vent and burn" was carried out on five railcars that were carrying stabilized[6] vinyl chloride monomer, also known as VCM, produced and shipped by OxyVinyls.

After the derailment and vent and burn, individuals and businesses in East Palestine and the surrounding communities filed a class action lawsuit against Norfolk Southern.  The individual and business plaintiffs alleged that the derailment and vent and burn caused them harm.  Norfolk Southern then sued GATX and OxyVinyls, alleging that they were each partially responsible for

---

[2] Norfolk Southern objects to GATX's proposed language because it does not reflect a neutral presentation of the facts at issue.  GATX's characterization of an "overheated" roller bearing, what the Wayside Help Desk should have done, and other related characterizations are argumentative, inaccurate, and unnecessary to a neutral presentation of the case.  The Notice of Stipulation Regarding Undisputed Facts for Trial will be read to the jury.  Piecemeal references to, or paraphrasing of, that stipulation is unnecessary and confusing for purposes of the preliminary statement.
[3] GATX objects to the jury being given the misimpression that the first relevant fact or event was the derailment.  The proposed revisions include facts agreed to by the parties in the Stipulated Facts.
[4] Norfolk Southern objects to GATX's proposed language.  GATX has represented that it does not, and will not, affirmatively assert that a non-party to the case (such as Braskem USA) is liable.  There is no need to refer to such non-parties in a brief, neutral presentation of the case.  Norfolk Southern further objects to GATX's proposed language because it is argumentative and purports to characterize the evidence in the case.
[5] GATX does not identify Braskem America for purposes of affirmatively asserting third-party liability. The statement is factually accurate and necessary for the jury to understand that GPLX 75465 was not in GATX's possession since January 2017. The proposed language again closely tracks Stipulated Facts that will be undisputed.
[6] OxyVinyls submits that there is no dispute that the VCM was stabilized before being shipped. Norfolk Southern objects because the effect of the derailment on the "stabilized" status of the VCM is an issue for trial.

the harm to the class members.  The class action plaintiffs then amended their lawsuit against Norfolk Southern to add GATX and OxyVinyls as defendants.

Norfolk Southern reached a settlement agreement with the class members.  [This Court approved the settlement, finding it to be fair, adequate, and reasonable.][7]  As part of that settlement, the class members agreed to release [certain of their] claims against Norfolk Southern, GATX, and OxyVinyls.[8]  [In other words, Norfolk Southern's settlement with the class members ended the class action lawsuit against Norfolk Southern, GATX, and OxyVinyls.]  GATX and OxyVinyls were not parties to the settlement and [did not contribute any money to it][9] [Norfolk Southern's claims against OxyVinyls and GATX remain].[10]

This trial is about Norfolk Southern's claims against GATX and OxyVinyls.  Norfolk Southern alleges that GATX and OxyVinyls are each responsible, in part, for the harm to the class members and should reimburse Norfolk Southern for their proportionate share—if any—of fault for the class members' harm resolved by the class action settlement.  This is called a "contribution" action.  [This case will not—and cannot—change the settlement amount.][11]  The only issue for the jury to decide is whether OxyVinyls and GATX should reimburse Norfolk Southern for the amount Norfolk Southern pays in connection with the settlement, based on the percentage of fault, if any, attributable to Norfolk Southern, OxyVinyls, and GATX.

---

[7] OxyVinyls objects to the inclusion of this language as prejudicial, unnecessary and confusing, because it conflates the Court's determination regarding the fairness of the settlement to the class members with the reasonableness Norfolk Southern must demonstrate to carry its burden on a contribution claim.
[8] Norfolk Southern objects to OxyVinyls's proposed language that class members agreed to release "certain of" their claims, because it does not accurately characterize the settlement agreement that fully resolved this action as to the plaintiff class.  OxyVinyls disagrees.  The settlement agreement settlement specifically provides that class members do not need to release, and may retain, claims for personal injury.  *See* Class Action Settlement Agreement, ECF No. 452-2, at PAGEID #6012 ("Personal Injury Claims . . . are excepted from the definition of Released Claims"); Mot. for Final Approval of Settlement, ECF No. 518-1, at 27 ("The Settlement explicitly ensures that no Settlement Class Member is forced to release their right to sue for future symptoms and personal injury.").  As such, suggesting to the jury that class members released all of their claims is incorrect.
[9] GATX objects to Norfolk Southern's proposed language as unnecessary and confusing.
[10] Norfolk Southern objects to GATX's proposed language as unnecessary and confusing.
[11] Norfolk Southern objects to GATX's proposed language as unnecessary and confusing.

[As part of that common liability,] Norfolk Southern alleges that GATX was negligent in [its failure] [failing] to maintain and inspect Car 23 after Hurricane Harvey [, and that this failure led the front right wheel's roller bearing on that car to fail and cause the derailment in East Palestine] [allegedly damaged Car 23 in August 2017, and that this failure led to Car 23's roller bearing failure, thus causing the derailment in East Palestine.]  Separately, Norfolk Southern alleges that OxyVinyls was negligent in its failure to provide accurate emergency response information about vinyl chloride monomer in its federally required Safety Data Sheet, and that this failure led to the vent and burn. [Based on its assertion that GATX and OxyVinyls were each negligent, Norfolk Southern has filed a claim against each defendant, demanding GATX and OxyVinyls each pay their proportionate share of the class action settlement.]

GATX denies that Hurricane Harvey damaged the wheel bearing of Car 23 and denies that it was negligent with regard to [maintaining and inspecting] Car 23 after Hurricane Harvey.  GATX alleges that Norfolk Southern's cost cutting measures and failure to [adequately inspect and] properly monitor Train 32N caused the derailment and [Norfolk Southern's actions caused the] damages it seeks to recover from GATX.[12][13]

OxyVinyls denies that it was negligent.  OxyVinyls contends that its Safety Data Sheet complied with federal law and industry guidance [, and that it matched Norfolk Southern's own

---

[12] Norfolk Southern objects to GATX's proposed language regarding Norfolk Southern's alleged actions as irrelevant, unduly prejudicial, and the subject of a pending motion in limine.

[13] GATX objecting to Norfolk Southern seeking to recharacterize GATX's defense in this matter especially after the Court has previously held that Norfolk Southern's inspection practices are relevant. ECF 741 at 14 ("[H]ow Norfolk Southern's pre-departure inspection practices – and, specifically, its failure to verify or document a pre-departure inspection of GPLX 75465 – may have causally contributed to the derailment. That question implicates a fundamental issue in this case.").

emergency safety guidance for VCM].[14] OxyVinyls further contends that Norfolk Southern did not substantially rely on OxyVinyls' Safety Data Sheet. In addition, OxyVinyls claims that—through a contract it entered with OxyVinyls prior to the derailment—Norfolk Southern waived its right to recover the type of damages that it is seeking from OxyVinyls in this case.

Dated: March 21, 2025

Respectfully submitted.

WILMER CUTLER PICKERING HALE AND DORR LLP

DICKIE, MCCAMEY & CHILCOTE, P.C.

/s/ Jonathan E. Paikin
HOWARD M. SHAPIRO*
ALAN SCHOENFELD*
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
howard.shapiro@wilmerhale.com
alan.schoenfeld@wilmerhale.com

J. LAWSON JOHNSTON
SCOTT D. CLEMENTS, Ohio Bar No. 0096529
Four Gateway Center
444 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Tel.: (412) 281-7272
Fax: (888) 811-7144
ljohnston@dmclaw.com
sclements@dmclaw.com

JONATHAN E. PAIKIN*
BRITTANY AMADI*
ALBINAS PRIZGINTAS*
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel.: (202) 663-6000
Fax: (202) 663-6363
jonathan.paikin@wilmerhale.com
brittany.amadi@wilmerhale.com
albinas.prizgintas@wilmerhale.com

MICHAELA P. SEWALL*
KATHERINE V. MACKEY*
60 State Street

---

[14] Norfolk Southern objects to OxyVinyls's proposed language as misleading and likely to confuse the issues in this case. Norfolk Southern is not a chemical manufacturer and is not subject to the same federally required duty to provide emergency response information. Moreover, the phrase "Norfolk Southern's own emergency safety guidance for VCM" is inaccurate and misleading. OxyVinyls responds that the language proposed is taken directly from paragraph 69 of Norfolk Southern's Third-Party Complaint. *See* ECF No. 119 at PAGEID #1423 ("The information on vinyl chloride in Oxy Vinyls' SDS also matches Norfolk Southern's own emergency safety guidance for vinyl chloride . . .") and, therefore, Norfolk Southern cannot credibly argue that the language is inaccurate and/or misleading.

Boston, MA 02109
Tel.: (617)-526-6000
Fax: (617-526-5000
michaela.sewall@wilmerhale.com
katherine.mackey@wilmerhale.com

*Pro hac vice*

*Counsel for Third-Party Plaintiffs*
*Norfolk Southern Corporation and Norfolk Southern Railway Company*

| | |
|---|---|
| KIRKLAND & ELLIS LLP | BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP |
| */s/ Hariklia ("Carrie") Karis* | |
| HARIKLIA ("CARRIE") KARIS* | JOSEPH A. CASTRODALE (OH: 0018494) |
| ROBERT B. ELLIS* | MEGGAN A. LOUDEN (OH: 0074215) |
| JONATHAN O. EMMANUEL* | 127 Public Square, Suite 4900 |
| AARON STEVENSON* | Cleveland, Ohio 44114 |
| 333 West Wolf Point Plaza | Tel.: (216) 363-4500 |
| Chicago, Illinois 60654 | Fax: (216) 363-4588 |
| Tel.: (312) 862-2000 | jcastrodale@beneschlaw.com |
| Fax: (312) 862-2200 | mlouden@beneschlaw.com |
| hkaris@kirkland.com | |
| rellis@kirkland.com | |
| jon.emmanuel@kirkland.com | |
| aaron.stevenson@kirkland.com | |
| | |
| SYDNEY K. COLLIER* | |
| 4550 Travis Street | |
| Dallas, Texas 75205 | |
| Tel.: (214) 972-1770 | |
| Fax: (214) 972-1771 | |
| Sydne.collier@kirkland.com | |

*Pro hac vice*

*Counsel for Third-Party Defendants*
*GATX Corporation and General American Marks Company*

VORYS, SATER, SEYMOUR AND PEASE LLP

*/s. Kimberly Weber Herlihy*
KIMBERLY WEBER HERLIHY (0068668)
ALYCIA N. BROZ (0070205)
52 East Gay Street
Columbus, Ohio 43215
Tel.: (614) 464-8283
Fax: (614) 464-8283
kwherlihy@vorys.com
anbroz@vorys.com

*Counsel for Third-Party Defendant OxyVinyls LP*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2025, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

*/s/ Jonathan E. Paikin*
Jonathan E. Paikin