## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISON

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 4:23-CV-00242-BYP<br><br>JUDGE BENITA Y. PEARSON<br><br>MAGISTRATE JUDGE<br>CARMEN E. HENDERSON<br><br>**ORDER** |

      This matter came before the Court on Norfolk Southern Railway Company and Norfolk Southern Corporation's Objection to Third-Party Defendants OxyVinyls LP and GATX Corporation and General American Marks Company's use of designated deposition testimony (ECF No. 777, 801, 802) and GATX Corporation's and OxyVinyls LP's opposition to that objection (ECF Nos. 788, 790). A hearing regarding this objection was held on March 19, 2025.

      Regarding OxyVinyls LP's use of designated deposition testimony, during the hearing, OxyVinyls and Norfolk Southern agreed that Ms. Kandy Beckner is ill. Thus, during the hearing, the Court found that she is unavailable under Fed. R. Civ. P. 32(a)(4)(C) and that her deposition testimony may be used at trial in lieu of live testimony. The parties agreed that all objections to Ms. Beckner's deposition testimony and accompanying exhibits will be exchanged in accordance with the Court's deadline of March 28, 2025.

      Regarding GATX Corporation's use of designated deposition testimony, the Court heard from both parties regarding GATX Corporation's intent to offer deposition testimony in lieu of live trial testimony for two witnesses—Mr. William Rowe and Ms. Debbie Long. In its minutes of proceedings from March 19, 2025, the Court wrote that the issue regarding Mr. Rowe's testimony

1

was not ripe as GATX had not determined if it would use his deposition testimony, but upon review of the transcript, the Court notes that during the March 19th hearing, GATX Corporation represented to the Court that it intends to offer Mr. Rowe's live testimony at trial if time permits, and if not, that it will not offer his testimony whatsoever, including via deposition designations. As such, the issue regarding Mr. Rowe's deposition designation is resolved.

Following the resolution of the issue regarding Mr. Rowe's testimony, the only remaining witness from whose deposition GATX intended to designate was Debbie Long. During the hearing, GATX asserted that Norfolk Southern had affirmatively designated testimony from Ms. Long's deposition to use in trial. Norfolk Southern confirmed this. Thus, GATX asserted that it should be permitted to make counter designations from Ms. Long's deposition testimony. Norfolk Southern agreed GATX would be permitted to make appropriate counter designations. The Court then ordered parties to meet and confer regarding the counter designations proposed by GATX Corporation. During the parties' discussions following the hearing, GATX Corporation agreed that it will not affirmatively offer the deposition testimony of Debbie Long. As the parties agreed during the March 19, 2025 hearing, GATX may make counter designations from Ms. Long's deposition testimony in response to the affirmative designations made by Norfolk Southern. These counter designations should be within the scope of the affirmative designations made by Norfolk Southern.

Therefore, Norfolk Southern Railway Company and Norfolk Southern Corporation's Objection to Third-Party Defendants' Use of Designated Depositions (ECF No. 777) is DENIED as to OxyVinyls LP's use of Kandy Beckner's deposition testimony and DENIED as moot as to GATX's use of William Rowe's and Debbie Long's deposition testimony.

IT IS SO ORDERED.

Dated: March 24, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE