PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| *IN RE*: EAST PALESTINE TRAIN DERAILMENT ) ) ) ) ) ) | CASE NO.  4:23-cv-00242<br><br>JUDGE BENITA Y. PEARSON<br><br>**OMNIBUS ORDER**<br>[Resolving Motions *in Limine*] |

Trial commences on March 31, 2025.  The parties expected at trial have filed twenty-six motions *in limine*.  The Court resolves them below.

### Legal Standard

A motion *in limine* is "made before or during trial, to exclude prejudicial evidence before the evidence is actually offered."  *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)).  "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court."  *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).  A court should grant a motion *in limine* to exclude evidence when that evidence is plainly inadmissible.  *See Ind. Ins. Co. v. Gen. Elec. Co*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  If the court cannot determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context.  *Id*.

### Rulings

1. **Motion *in Limine* [805/849&850] To Exclude Evidence, Argument, Or Testimony That The Class Settlement Agreement Was Not Reasonable (No. 1) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**.  No party may argue or solicit testimony that the Class Action settlement or its amount was not reasonable.  The Court has

(4:23CV242)

ruled that the settlement was reasonable.  *See* Order, ECF No. 557.  The use of that descriptor regarding the Class Action settlement amount is limited to a Third-Party Defendant's argument that its contribution should not be more than what is reasonable.

    2.  **Motion *in Limine* [806/851] To Exclude Any Argument, Evidence, Or Mention Of The Scrapping Of Components Of Car 23 (No. 2) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**.  The evidence is not relevant to any claim or defense, and any probative value is substantially outweighed by a risk of undue prejudice.

    3.  **Motion *in Limine* [807/848&852] To Exclude The NTSB Final Report (No. 3) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**.  Both the National Transportation Safety Board's ("NTSB") Final Report and Illustrated Digest are excluded by law, *see* 49 U.S.C. § 1154(b) (barring admission of any "part of" a final NTSB report).

    4.  **Motion *in Limine* [808/860] To Declare Admissions Of Third-Party Plaintiff Norfolk Southern Binding And Uncontroverted Filed By Third-Party Defendant OxyVinyls LP—DEFERRED**.  The Court will revisit the requested relief during trial.  No statements, questions, or argument in reliance on the motion *in limine* shall be made during trial without the Court's ruling.

    5.  **Motion *in Limine* [809/853] To Exclude Evidence Or Argument Related To Norfolk Southern's Inspections (No. 4) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—DEFERRED SUBJECT TO FURTHER BRIEFING**.  No later than 4 p.m. on March 26, 2025, Norfolk Southern shall identify the specific evidence it seeks to exclude; and, within three pages, explain why it should be excluded.  No reply brief shall be filed.  The Court will inquire further, if needed.

    6.  **Motion *in Limine* [810/861] To Exclude Expert Testimony On Factual Determination Filed By Third-Party Defendant OxyVinyls LP—DENIED**.  The Motion seeks reconsideration of the Court's *Daubert* ruling.  *See* ECF No. 743 (granting and denying in part motion to exclude Dr. Coates' opinions).  The Court will give an appropriate cautionary jury instruction regarding witnesses who testify to both fact and opinion evidence.

    7.  **Motion *in Limine* [811/854] To Exclude Evidence, Argument, Or Testimony Regarding Other Derailments (No. 5) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED.**  The Court has not made nor been requested to make a finding of substantial similarity to the matter on trial.  Even if substantially similar, the evidence is substantially more prejudicial than probative—likely to distract the jury, delay proceedings, and cause a trial within a trial.  No witness, including, Norfolk Southern's expert, Mr. Lunsford, may testify about derailments other than that occurring in East Palestine, Ohio in February 2023.

    8.  **Motion *in Limine* [812/847] To Exclude Evidence, Argument, Or Testimony Regarding 2023 Thoroughbred Chemical Safety Award (No. 6) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**.  The award was not given to a party at trial.  Thus, it is not relevant to the matter at trial.  If relevant, such evidence would be

2

(4:23CV242)

unnecessarily distracting to the jury and substantially more prejudicial than probative of the matter on trial.

      9. **Motion *in Limine* [813/862] To Exclude Evidence Of Financial Condition Filed By Third-Party Defendant OxyVinyls LP—GRANTED**. The evidence is not relevant to matter on trial. If a door is opened by OxyVinyls claiming a financial inability to contribute, this ruling will be revisited.

      10. **Motion *in Limine* [814/846] To Exclude Evidence, Argument, Or Testimony Of Hold Harmless Agreements With Emergency Contractors (No. 7) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**. Evidence of hold harmless agreements are not relevant to the issue at trial and likely to confuse the jury and waste time on a trial within a trial. Whether Norfolk Southern could have sued SPSI, SRS, or ESI has no bearing on any claim or defense in this case. Norfolk Southern's contractual agreements with these relevant nonparties shed no light on the allegations of whether GATX negligently failed to inspect and maintain the roller bearings on its car that caused the derailment, nor on whether OxyVinyls provided Norfolk Southern and its contractors with erroneous emergency response information that led to the vent and burn. Nor are the hold harmless agreements relevant to whether Norfolk Southern and its contractors acted reasonably, given the information they had on the ground, in recommending the vent and burn.

      11. **Motion *in Limine* [815/845&855] To Exclude Evidence, Argument, Or Testimony Regarding The Expert Report Drafting Process And Communications Between Experts And Counsel (No. 8) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**. FED. R. CIV. P. 26(b)(4)(C) protects from disclosure communications between counsel and experts whom file a report, unless the expert relies on the communication to formulate an opinion or the communication relates to compensation for the expert's study or testimony. All evidence, argument, or testimony regarding the expert report drafting process, expert report metadata, and communications between experts and counsel are protected work product and is, therefore, excluded.

      12. **Motion *in Limine* [816/863] GATX Corp.'s Motion In Limine To Exclude The Declarations Of Joe Bentrup And Alex Haase Filed By Third-Party Defendant GATX Corp.—DENIED**. Movant claims declarations are out-of-court statements which were prepared nearly a year after the derailment and constitute inadmissible hearsay under Federal Rules of Evidence 801 and 802, and do not meet any exceptions. The time to submit objections to the use of this testimony under Rule 32(a) has passed, and GATX has therefore waived any objection to the use of the deposition at trial. More to the point, both declarations appear to be admissible under Federal Rule of Evidence 807, as indicated by Norfolk Southern, claiming, "[r]ule 807 counsels that a hearsay statement is not excluded if '(1) 'the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement,' (2) the statement is 'more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts,' and (3) notice is given to the adverse party.' *S.C. v. Wyndham Hotels & Resorts, Inc.*, 2024 WL 884672, at *2 (N.D. Ohio Mar. 1, 2024) (quoting FED. R. EVID. 807(a) and holding that transcripts from depositions of defendant's former employees taken in another

3

(4:23CV242)

case were admissible under the residual exception)." *See* Norfolk Southern's Opp'n, ECF No. 863 at PageID #: 60276.

    13. **Motion *in Limine* [817/864] To Exclude Evidence Of Norfolk Southern's Remediation Efforts, Cleanup Costs, And Aid To The East Palestine Community Filed By Third-Party Defendant OxyVinyls LP—GRANTED WITH CAUTION**. Norfolk Southern conceded that the only damages that it is seeking from Third-Party Defendants in this action are contribution damages for some unidentified portion of the amount Norfolk Southern agreed to pay the Class Plaintiffs in settlement. *See, e.g.,* Norfolk Southern's Opp'n to Mot. to Strike, ECF No. 472 at PageID #: 7144; *see also* Hearing Tr. of 01/31/2024, ECF No. 363 at PageID #: 4805. In Norfolk Southern's words: "it is asking only that OxyVinyls contribute its proportionate share of the amount Norfolk Southern has paid and will pay to Plaintiffs pursuant to the $600 million settlement." Opp'n to OxyVinyls' Mot. for Summ. J., ECF No. 676 at PageID #: 47049. Evidence of remediation is not relevant to the matter at trial, unless a door is opened, and the Court revises this ruling.

    14. **Motion *in Limine* [818/866] GATX Corp.'s Motion In Limine To Preclude Evidence And Argument Concerning Any References To Discovery Disputes Filed By Third-Party Defendant GATX Corp.—GRANTED WITH CAUTION**. No evidence of discovery disputes shall be offered unless a door is opened requiring the Court to revisit this issue and revise the herein ruling.

    15. **Motion *in Limine* [819/856] To Exclude Evidence, Argument, Or Testimony Regarding Employee And Other Non-Expert Witness Compensation (No. 9) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**. Norfolk Southern's motion may be shy of detail but when details of the sort added by GATX are considered the ruling is unchanged. Jurors understand that employment is compensated. The amount of compensation is not relevant, and, if it were, it would be more prejudicial than probative of the matter at trial. That a witness has been compensated may be elicited at trial, but not the amount of that compensation.

    16. **Motion *in Limine* [820/843&857] To Exclude Evidence And Argument Regarding Attorney Compensation, Information About The Size Of Parties' Attorneys' Law Firms, Number Of Attorneys, Or The Use Of Jury Consultants By Parties' Counsel (No. 10) Filed By Norfolk Southern Corp., Norfolk Southern Railway Co.—GRANTED**. No evidence of the size of parties' attorneys' law firms, number of attorneys, or the use of jury consultants shall be introduced or alluded to by parties' counsel at trial. Additionally, Norfolk Southern shall not introduce evidence of its good citizenship or of a "make it right" campaign. The latter ruling is subject to being revisited, if a door is opened.

    17. **Motion *in Limine* [821/867] To Exclude Evidence Of Changes And Recommended Changes To OxyVinyls' Safety Data Sheet And Response Policies Filed By Third-Party Defendant OxyVinyls LP—DEFERRED SUBJECT TO FURTHER BRIEFING**. Evidence of changes and recommended changes to the SDS may be admitted, under certain circumstances. No later than 4 p.m. on March 26, 2025, OxyVinyls shall, within

4

(4:23CV242)

three pages, reply.  No additional briefing shall be filed.  The Court will inquire further, if needed.

      18.  **Motion *in Limine* [822/868] To Exclude Testimony Of Defects In The Pressure Relief Devices Filed By Third-Party Defendant OxyVinyls LP—DENIED**.  Witnesses may testify based on their personal observations regarding whether they believed the PRDs were acting erratically or violently.  This testimony is probative to Norfolk Southern's decision to conduct the vent and burn, a key issue in its case against OxyVinyls.  OxyVinyls does not object to lay witnesses testimony about what they personally observed about the PRDs' behavior, but asks that such testimony must be restricted to rational observations within the bounds of Rule 701.  Based on the opposition, Norfolk Southern does not intend to introduce evidence of the PRD activity for the purpose of proving that the PRDs were defective.  Therefore, OxyVinyls' request that the Court "prevent lay witnesses from masking speculative opinions or unreliable conclusory statements as personal observations by excluding testimony opining that the PRDs were defective when no evidence of such exists" is denied.  ECF No. 822 at PageID #: 59248.

      19.  **Motion *in Limine* [823/869] To Exclude Testimony Of William Carroll, Jr. Ph.D Filed By Third-Party Defendant OxyVinyls LP—DENIED.**  It is anticipated that Dr. Carroll will testify based on his personal knowledge about the nature of VCM and the conditions under which it will polymerize.  "Courts routinely hold that witnesses may offer lay testimony under Rule 701 when that testimony is 'based not on 'experience, training or specialized knowledge within the realm of an expert,' but on 'the particularized knowledge that the witness has by virtue of his or her position in the business.'' *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 576 (4th Cir. 2017) (quoting FED. R. EVID. 701, Advisory Committee Note to 2000 Amendment))."  *See* Norfolk Southern's Opp'n, ECF No. 869 at PageID ##: 60338–39.  The anticipated testimony bears directly on a key issue at trial, is based on the witnesses' personal knowledge, and is more probative than prejudicial.  If necessary, a cautionary instruction will be given the jury to distinguish this testimony from expert testimony.

      20.  **Motion *in Limine* [824/870] To Exclude Testimony Of Conflicting OxyVinyls Communication Filed By Third-Party Defendant OxyVinyls LP—DENIED**.  Because Norfolk Southern intends to introduce such testimony to show its witnesses' state of mind, not for the truth of the matter, it is not hearsay and is admissible. *See* FED. R. EVID. 801(c)(2).  Even where this may be true, both layers of hearsay are admissible, making the testimony as a whole admissible.  *See* Norfolk Southern's Opp'n, ECF No. 870 at PageID #: 60345 (citing FED. R. EVID. 803(3) and *United States v. Payne*, 437 F.3d 540, 547 (6th Cir. 2006) ("In order to admit an out-of-court statement that is nested within another, Rule 805 requires that *both* statements be admissible.")).  In addition, as OxyVinyls acknowledges, the statements that OxyVinyls employees made to Norfolk Southern contractors, including Drew McCarty and Chip Day, do not qualify as hearsay because they are statements of an adverse party's agent or employee under Rule 801(d)(2).  All layers are therefore admissible.  To the extent that OxyVinyls becomes concerned about testimony being offered for its truth rather than to show Norfolk Southern employees' state of mind, OxyVinyls may object at trial.

      21.  **Motion *in Limine* [825/871] GATX Corp.'s Motion In Limine To Preclude Evidence And Argument Concerning Norfolk Southern's Expenditures And Community**

(4:23CV242)

**Involvement Filed By Third-Party Defendant GATX Corp.—GRANTED WITH CAUTION.**  If GATX or OxyVinyls alludes to or argues at trial that the dollar amount of the class settlement was unreasonable or unfairly high, evidence of Norfolk Southern's, GATX's and OxyVinyls' expenditures and or community involvement or lack thereof will be admitted, as appropriate.

      22.  **Motion *in Limine* [826/872] GATX Corp.'s Motion In Limine To Exclude Undisclosed Expert Witness Testimony By Jamie Williams Filed By Third-Party Defendant GATX Corp.—DENIED**.  Jamie Williams may testify about his lay, personal knowledge about *Norfolk Southern*'s practices and to what extent Norfolk Southern necessarily relies on actions taken by other railroads, if, as Norfolk Southern indicates, the testimony stems from Mr. Williams' own job responsibilities, which requires Mr. Williams to have personal knowledge about regulations and requirements that Norfolk Southern was required to implement.  Mr. Williams shall not testify broadly about industry practices.  Norfolk Southern has written, "[t]hat is not Williams's role, [and] not his expected testimony."  ECF No. 872 at PageID #: 60357.  The Court expects Norfolk Southern to adhere to that statement.

      23.  **Motion *in Limine* [827/873] GATX Corp.'s Motion In Limine To Preclude Evidence And Argument Concerning Other Weather Events Filed By Third-Party Defendant GATX Corp.—DEFERRED/DENIED IN PART.**  Movant's request is vague.  To the extent the motion is specific, the motion is denied to the extent it requests exclusion of entire documents, like the NTSB's Supplemental Meteorological Specialist's Factual Report's discussion of the effects of Hurricane Harvey, simply because they mention other storms.  The Meteorological Report appears relevant to several disputed issues.  That evidence will not be excluded merely because elsewhere in that same document are mentions of other storms.  To the extent there are concerns about undue prejudice, the parties shall consult and agree on proper redactions of the documents at issue and suggest an appropriate cautionary instruction to be given the jury.  *See* Norfolk Southern's Opp'n, ECF No. 873 at PageID #: 60367 (citing for example *Arrowood Indem. Co. v. Lubrizol Corp.*, 2016 WL 6634747, at *4 (N.D. Ohio Feb. 22, 2016) ("The court will require the parties to remove all privilege designations on the documents, and the court will instruct the jury that the redactions and designations are not relevant to their analysis.")).

      24.  **Motion *in Limine* [828/871] GATX Corp.'s Motion In Limine To Preclude Evidence And Argument Concerning GATX's Post-Derailment Expenditures, Community Involvement, And Settlement Negotiations Filed By Third-Party Defendant GATX Corp.—GRANTED WITH CAUTION**.  If GATX or OxyVinyls alludes to or argues at trial that the dollar amount of the class settlement was unreasonable or unfairly high, evidence of Norfolk Southern's, GATX's and Oxy Vinyls' expenditures and or community involvement or lack thereof will be admitted, if appropriate.

      25.  **Motion *in Limine* [829/874]  GATX Corp.'s Motion In Limine To Preclude Joseph Poplawski From Proffering Hearsay Testimony Filed By Third-Party Defendant GATX Corp.—DENIED TO EXTENT IT CONTRAVENES COURT'S *DAUBERT* RULING (ECF No. 754).  OTHERWISE RULING IS DEFERRED.**

(4:23CV242)

    26. **Motion *in Limine* [830/875] GATX Corp.'s Motion In Limine To Exclude Evidence Of The NTSB's Conclusions And Opinions Filed By GATX Corp.—DENIED.** Ruling on ECF No. 807 is fully incorporated herein. That said, NTSB factual reports—including group chair factual reports—are admissible; NTSB final reports are not.

### Conclusion

    Accordingly, Motions *in Limine*:

- ECF Nos. 810, 816, 822, 823, 824, 826, and 830 are denied;

- ECF Nos. 805, 806, 807, 811, 812, 813, 814, 815, 819, and 820 are granted;

- ECF Nos. 808, 809, and 821 are deferred;

- ECF Nos. 817, 818, 825 and 828 are granted with caution;

- ECF No. 827 and 829 are deferred and denied in part.

In addition, as ordered by the Court above:

- Norfolk Southern shall identify the specific evidence it seeks to exclude and explain why, within three pages, by March 26, 2025 at 4:00 p.m. ( regarding ECF No. 809);

- OxyVinyls shall reply, within three pages, by March 26, 2025 at 4:00 p.m. (regarding ECF No. 821); and

- Parties shall consult and agree on proper redactions and suggest an appropriate cautionary instruction for the jury by March 26, 2025 at 4:00 p.m (regarding ECF No. 827).

No statement, question, oral objection, or argument shall contravene the rulings made herein.

    IT IS SO ORDERED.

| | |
|---|---|
| March 24, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |