IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | Case No. 4:23-CV-00242-BYP<br><br>JUDGE BENITA Y. PEARSON |

**NORFOLK SOUTHERN'S MOTION FOR JUDICIAL NOTICE
CONCERNING THE CLASS ACTION SETTLEMENT**

Pursuant to Rule 201 of the Federal Rules of Evidence, Norfolk Southern respectfully requests that the Court take judicial notice of the facts set forth below, which are contained in documents filed on the docket in this case and identified on Norfolk Southern's Exhibit List (Dkt. 794).  These facts concern the Class Action Settlement Agreement for which Norfolk Southern seeks contribution from GATX and OxyVinyls, and include: (1) the Settlement is for $600,000,000.00; (2) the Settlement Class consists of persons and businesses within a 20-mile radius of the Derailment Site; (3) GATX and OxyVinyls are Released Parties under the Settlement; (4) the Settlement was "vigorously negotiated" between Norfolk Southern and Class Counsel and ultimately based on a "Mediator's Recommendation" from retired United States District Judge Layn Phillips; and (5) this Court found "the Settlement is fair, reasonable, and adequate."

A "court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  A court "may take judicial notice at any stage of the proceeding."  *Id.* 201(d).  And "'[i]n a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed.'"  *United States v. Collier*, 68 Fed. App'x 676, 682 (6th Cir. 2003) (quoting Fed. R. Evid. 201(g)); *United States v. Jones*, 580 F.2d 219, 223 (6th Cir. 1978) (same).

All of the facts identified below are from public court documents and judicial records, which are routinely subject to judicial notice under Rule 201(b).  *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012).  These facts come directly from the Settlement Agreement and this Court's prior Orders.  Indeed, given the unequivocal state of the record, Norfolk Southern respectfully submits that these facts should have been a matter for a joint stipulation.  *See, e.g.*,

Dkt. 885 at 1-2 ("No party may argue or solicit testimony that the Class Action settlement or its amount was not reasonable. The Court has ruled that the settlement was reasonable."). Counsel for Norfolk Southern have engaged counsel for GATX and OxyVinyls regarding this request for judicial notice and proposed a stipulation. As of the time of this filing, no agreement has been reached, making this motion necessary.

The core, indisputable facts of the Settlement Agreement—both those facts reflected on the face of the Agreement (Part I), as well as those facts related to the settlement-negotiation process and found by this Court in its prior Orders (Part II)—fall squarely under Rule 201(b) because they are drawn from the judicial records in this very case. There is no reasonable dispute as to the authenticity and "accuracy," Fed. R. Evid. 201(b)(2), of these judicial records. And Rule 201(b) allows courts to take notice "of current proceedings" and of "'matters of record in the proceedings in other cases'" alike. *Estate of Botvin v. Islamic Republic of Iran*, 873 F. Supp. 2d 232, 236 (D.D.C. 2012) (quoting 2 McCormick on Evid. § 332 (6th ed. 2009)); *see Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) ("[A]s they are court records, this court may take judicial notice of them."); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

Likewise, this Court can take notice of the fact that Class Plaintiffs made the one identified statement below related to the Settlement in their operative complaint in this case (Part III). It is indisputable that Class Plaintiffs' Amended Master Complaint, Dkt. 138, is an authentic document and that the statement appears in the document. The fact of the statement is thus suitable for judicial notice. *See, e.g.*, *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 984 n.13 (9th Cir. 1999) (district court took judicial notice of the fact that class action complaints in other cases contained allegations similar those in the complaint at issue), *superseded by statute on other grounds*; *Haas Automation, Inc. v. Steiner*, 750 F. Supp. 3d 1107,

2

1115 (C.D. Cal. 2024) (taking "judicial notice of the complaint" in another case without "accept[ing] as true allegations in that … complaint"); *In re Smith*, 2012 WL 1123049, at *2 (W.D. Tex. April 3, 2012) (taking "judicial notice of the fact that certain allegations were made" rather than "for the purpose of establishing the facts asserted therein").

Accordingly, Norfolk Southern requests that the Court take judicial notice of the facts set forth below.

### I. The Class Action Settlement Agreement

Norfolk Southern requests that the Court take judicial notice of the following indisputable facts pertaining to the Settlement Agreement:

1. The Settlement is for $600,000,000.00.  **Dkt. 452-2 at ¶ XII.A**, Class Action Settlement Agreement (filed April 26, 2024) (PTX 344).

2. The "Settlement Class" consists of "all Persons and Businesses residing, owning or otherwise having a legal interest in property, working, or owning or operating a business within a 20-mile radius of the Derailment Site, from February 3, 2023 to the Settlement Date." **Dkt. 452-2 ¶ II.QQ**, Class Action Settlement Agreement (filed April 26, 2024) (PTX 344).

3. The Settlement Agreement "discharge[s] the Released Parties from any and all Released Claims." **Dkt. 452-2 ¶ XVI.A**, Class Action Settlement Agreement (filed April 26, 2024) (PTX 344).  The "Released Parties" include GATX Corporation, OxyVinyls LP, and Norfolk Southern.  *Id.* **¶ II.NN**.  The "'Released Claims' means any and all past, present, or future claims or causes of action, whether known or unknown, … that were alleged or could have been alleged in the Action relating to the Incident," *id.* **¶ II.MM**, where "Incident" refers to "the February 3, 2023 derailment of Norfolk Southern train 32N in East Palestine, Ohio, including without limitation the February 6, 2023 controlled release (also referred to as the vent and burn) of hazardous materials contained in certain derailed railcars and the chemical release, fire, emergency response, clean-up, remediation, shelter-in-place and evacuation in and around East Palestine, Ohio following the February 3, 2023 train derailment and February 6, 2023 controlled release," *id.* **¶ II.AA**.

### II. This Court's Prior Orders Concerning The Settlement

Norfolk Southern requests that the Court take judicial notice of the following indisputable facts that have been established by this Court's prior Orders:

3

1. "[T]he Settlement is fair, reasonable, and adequate and in the best interest of Settlement Class Members. … Among the factors supporting the Court's determination are: the significant relief provided to the Settlement Class Members; the risks of ongoing litigation, trial, and appeal; the extensive discovery completed to date; and, the positive reactions of Settlement Class Members." **Dkt. 557 ¶ 7**, Order Approving Settlement Agreement (entered September 27, 2024) (PTX 349).

2. "The Settlement was vigorously negotiated, conducted at arm's length, entered in good faith, and is free of fraud or collusion. The Settlement was negotiated with experienced, adversarial counsel. The terms of the Settlement were reached with the assistance of a highly qualified mediator, retired United States District Judge Layn Phillips, over the course of multiple mediation conferences and lengthy negotiations. Judge Phillips presented a Mediator's Recommendation to the Parties after a second formal mediation, which the Parties agreed to after individually considering the proposal. Following this agreement, the Parties continued frequent negotiation discussions and ultimately reached the Settlement Agreement." **Dkt. 557 ¶ 9**, Order Approving Settlement Agreement (entered September 27, 2024) (PTX 349).

3. "The relief provided for in the Settlement Fund and Settlement Agreement is fair, adequate, and reasonable. This is particularly true considering the complexity and likely duration of litigation in this Action, including any appeals, and likelihood of success on the merits." **Dkt. 557 ¶ 10**, Order Approving Settlement Agreement (entered September 27, 2024) (PTX 349).

4. Norfolk Southern has paid "over half" of the $600,000,000.00 settlement obligation. **Dkt. 730 at 2**, Order Granting Motion for Leave to File Supplemental Pleading to Third-Party Complaint (entered January 13, 2025) (PTX 350).

### III. Prior Statements By Class Action Plaintiffs

Norfolk Southern requests that the Court take judicial notice of the fact that Class Action Plaintiffs made the following statement in pleadings docketed in this case:

> In their First Amended Master Consolidated Complaint, Plaintiffs stated that "[t]his Consolidated Class Action seeks redress for residents, property owners, employees and businesses living, working and/or located in and around the February 3, 2023 Norfolk Southern Freight Train 32N derailment and subsequent 'controlled' release in East Palestine, Ohio (the 'Derailment Site'), that resulted in contamination of, and exposure to, massive amounts of vinyl chloride, dioxins, and other toxic chemicals—including butyl acrylate, benzene, ethylene glycol monobutyl ether, ethylhexyl acrylate, isobutylene, volatile and semi-volatile byproduct compounds and other combustible materials." **Dkt. 138 ¶ 1**, First Amended Master Consolidated Class Action Complaint (filed August 14, 2023) (PTX 343).

5

\* \* \*

For the reasons set forth above, this Court should grant Norfolk Southern's motion and take judicial notice of the identified facts and statements.

Norfolk Southern reserves the right at trial to seek to admit the documents referenced above, including through witness testimony.

Dated: March 25, 2025                                   Respectfully submitted.

WILMER CUTLER PICKERING                                 DICKIE, MCCAMEY &
   HALE AND DORR LLP                                      CHILCOTE, P.C.

*/s/ Howard M. Shapiro*
HOWARD M. SHAPIRO*                                      J. LAWSON JOHNSTON
ALAN SCHOENFELD*                                        SCOTT D. CLEMENTS, Ohio Bar No. 0096529
7 World Trade Center                                    AARON PONZO*
250 Greenwich Street                                    PAUL ROMAN*
New York, NY 10007                                      Two PPG Place, Suite 400
Tel.: (212) 230-8800                                    Pittsburgh, PA 15222
Fax: (212) 230-8888                                     Tel.: (412) 281-7272
howard.shapiro @wilmerhale.com                          Fax: (412) 888-811-7144
alan.schoenfeld @wilmerhale.com                         ljohnston@dmclaw.com
                                                        sclemenets@dmclaw.com
JONATHAN E. PAIKIN*                                     aponzo@dmclaw.com
BRITTANY AMADI*                                         proman@dmclaw.com
ALBINAS PRIZGINTAS*
2100 Pennsylvania Avenue NW                             *Pro hac vice*
Washington, DC 20036
Tel.: (202) 663-6000
Fax: (202) 663-6363
jonathan.paikin@wilmerhale.com
brittany.amadi @wilmerhale.com
albinas.prizgintas @wilmerhale.com

MICHAELA P. SEWALL*
KATHERINE V. MACKEY*
60 State Street
Boston, MA 02109
Tel.: (617) 526-6000
Fax: (617) 526-5000
michaela.sewall@wilmerhale.com
katherine.mackey@wilmerhale.com

*Pro hac vice*

*Counsel for*
*Norfolk Southern Corporation and Norfolk Southern Railway Company*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2025, I caused a copy of the foregoing to be filed with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will provide electronic notice to all counsel of record.

                                                                                                 _/s/ Jonathan E. Paikin_
                                                                               JONATHAN E. PAIKIN