PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | )<br>)   CASE NO. 4:23CV0242<br>)<br>)   JUDGE BENITA Y. PEARSON<br>)<br>)   **ORDER**<br>)   [Resolving ECF No. 876] |

Pending is the Motion of Objectors Joseph Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno to Extend Time for Appeal of January 16, 2025 Order Setting Appeal Bond (ECF No. 876), filed on March 21, 2025. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the motion is denied.

**I.**

On September 27, 2024, Attorney David M. Graham,[1] on behalf of Objecting Settlement Class Member Rev. Joseph Sheely, filed a Notice of Appeal (ECF No. 558) from the Court's order approving the Class Action Settlement Agreement against defendant railway companies. *See* Order (ECF No. 557). That appeal remains pending. *See In re: East Palestine Train Derailment* No. 24-3852 (6th Cir.).

Eleven (11) days later and after Rev. Sheely made public statements that he did not authorize the filing of ECF No. 558, Attorney Graham, on behalf of Objecting Settlement Class

---

[1] On July 2, 2024, Attorney Graham was admitted *pro hac vice* for purposes of appearing and presenting as counsel for and on behalf of Jami Wallace. *See* Order (ECF No. 488).

Members Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno, filed a Notice of Appeal (ECF No. 570) from ECF No. 557.  That appeal also remains pending.  *See In re:  East Palestine Train Derailment* No. 24-3880 (6th Cir.).

On January 16, 2025, the Court entered a Memorandum of Opinion and Order (ECF No. 733) granting Plaintiffs' Motions for an Order Requiring Objector Rev. Joseph Sheely to Post an Appeal Bond (ECF No. 567) and for an Order Requiring Appellants Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno to Post an Appeal Bond (ECF No. 671).  In this separate Order from that previously approving the class action settlement, the Court ordered the Objectors to pay an $850,000 appeal bond.

Rather than file a Notice of Appeal from ECF No. 733, on January 19, 2025 the Objectors filed in the pending related appellate cases separate Motions to Eliminate or Reduce Appeal Bond on behalf of Interested Parties-Appellants[].  The separate motions were fully briefed on January 31, 2025.

On March 21, 2025, the United States Court of Appeals for the Sixth Circuit entered an Order in each of the pending related appellate cases denying the Objectors' motions for lack of jurisdiction to address the merits of the Bond Order (ECF No. 733).  The Order from the Sixth Circuit provides, in relevant part at page 3:  " they could still obtain review of the bond order by filing a direct appeal from that order.  *See* Fed. R. App. P. 4(a)(1)(A), (a)(5) (giving a party thirty days from the date of the order to file an appeal and allowing the district court to extend the time to file an appeal if the party moves for an extension within thirty days after the time to appeal has

2

expired)." *See* *In re: East Palestine Train Derailment* No. 24-3852 (6th Cir.); *In re: East Palestine Train Derailment* No. 24-3880 (6th Cir.) (ECF No. 893-1).[2]

**II.**

Later that same day, the Objectors filed the within Motion (ECF No. 876) in this Court. The Objectors' March 21, 2025 motion is untimely because it was not filed within the grace period allowed by Rule 4(a)(5), which in no event may extend beyond 60 days after the entry of judgment (30 days after the expiration of the original 30-day deadline under Rule 4(a)(1)).[3] Sixty days after the entry of the Bond Order (ECF No. 733) in the case at bar was March 20, 2025. "In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under. . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). Thus, a district court acting under Rule 4(a)(5) may not under any circumstances extend the time for filing the notice of appeal beyond

---

[2] The Sixth Circuit's Order also recognized at page 3 that Appellants had not shown they can "succeed on the merits of their appeals from the final approved settlement."

[3] Fed. R. App. P. 26 governs computation of time. Thirty days from January 16, 2025, was Saturday, February 15, 2025. Because Monday, February 17, 2025, was a federal legal holiday, the cutoff date to appeal from the Bond Order (ECF No. 733) was Tuesday, February 18, 2025.

30 days after the time originally prescribed by Rule 4(a)(1).  *See Hiles v. Army Review Board Agency*, No. 16-3996, 2017 WL 7806617, at *1 (6th Cir. Aug. 23, 2017) ("At most . . . the district court [may] extend[ ] the deadline until . . . 30 days after the original . . . deadline" for filing the notice of appeal) (citing *Endicott Johnson Corp. v. Liberty Mut. Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997) (noting that the district court is never authorized to grant a Rule 4(a)(5) motion that was filed beyond the 30-day extension period)).  Because the within motion was filed on March 21, 2025, Objectors have failed to comply with Rule 4(a)(5)(A)(i).  *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010) (stating the "the district court did not err in holding it lacked authority to grant the plaintiff's untimely motion" because it was filed one day after the cutoff date).  The Objectors admit the within motion "was filed 1 day beyond the time allowed."  Reply Memorandum (ECF No. 912) at PageID #: 61030.

      The Rules do not permit any exception for such a late filing, even upon a showing of excusable neglect or good cause.  Rule 4(a)(5)(A)(ii) does not provide an exception to untimely motions under Rule 4(a)(5)(A)(i) based on excusable neglect or otherwise, despite how Objectors' Memoranda (ECF Nos. 876 and 912) read.  *See In re Cardizem CD Antitrust Litig.*, 391 F.3d 812, 813-14 (6th Cir. 2004) (appellant whom appealed a denial of her objections to the class action settlement properly filed a separate notice of appeal from the bond order).  Objectors' reliance on a passing, conclusory sentence on page 3 of the Sixth Circuit Order that they could overcome the jurisdictional issue by seeking an extension of time under Rule 4(a)(5) is misplaced.  There is no indication that the Sixth Circuit performed the calculation of when Objectors' motion was due.  It is Objectors' burden to demonstrate they timely filed the within motion.  *United States v. Streck*, 62 Fed.Appx. 575, 577 (6th Cir. 2003).  Moreover, "ignorance

4

of the rules or mistakes in construing the rules" does not establish excusable neglect. *Nicholson v. City of Warren*, 467 F.3d 525, 527 (6th Cir. 2006).

### III.

Accordingly, the Motion of Objectors Joseph Sheely, Zsuzsa Troyan, Tamara Freeze, Sharon Lynch, and Carly Tunno to Extend Time for Appeal of January 16, 2025 Order Setting Appeal Bond (ECF No. 876) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

5