PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |
|---|---|
| *IN RE*: EAST PALESTINE TRAIN DERAILMENT | ) CASE NO. 4:23-cv-00242 ) ) JUDGE BENITA Y. PEARSON ) ) **THIRD SUPPLEMENT TO OMNIBUS ORDER** ) [Resolving Motion *in Limine* ECF No. 808] |

The Court addressed the twenty-six motions *in limine* the parties filed. *See* Omnibus Order (ECF No. 885). The Court deferred ruling on OxyVinyl's Motion *in Limine* To Declare Admissions Of Third-Party Plaintiff Norfolk Southern Binding And Uncontroverted Filed By Third-Party Defendant OxyVinyls LP (ECF No. 808). The Court denies the Motion for the reasons below.

**Legal Standard**

A motion *in limine* is "made before or during trial, to exclude prejudicial evidence before the evidence is actually offered." *United States v. Walsh*, 654 F. App'x 689, 693 (6th Cir. 2016) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). "A ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). A court should grant a motion *in limine* to exclude evidence when that evidence is plainly inadmissible. *See Ind. Ins. Co. v. Gen. Elec. Co*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). If the court cannot determine whether certain evidence is clearly inadmissible, it should defer ruling until trial so that questions of foundation, relevancy, and potential prejudice can be evaluated in proper context. *Id*.

(4:23-cv-00242)

## Supplemental Ruling

4. **Motion *in Limine* [808/860] To Declare Admissions Of Third-Party Plaintiff Norfolk Southern Binding And Uncontroverted Filed By Third-Party Defendant OxyVinyls LP—DENIED.**  Movant's request is vague.  To the extent that the motion is specific, the preclusion of all evidence, testimony, or arguments that contradict Norfolk Southern's admissions is denied.  Granting the motion would intrude on the role of the jury by inappropriately resolving factual disputes or weighing evidence; and inappropriately exclude entire theories of the case.  *C & E Servs., Inc. v. Ashland Inc.,* 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (noting "a motion *in limine* should not be used to resolve factual disputes or weigh evidence."); *see also* Hoskins Oil Co., LLC v. Equilon Enterprises LLC, No. 3:16-CV-417, 2019 WL 7756285, at *3 (E.D. Tenn. Apr. 16, 2019) (recognizing, "[g]enerally, 'motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses.'") (citation omitted).  The probative value of the admissions is also substantially outweighed by the likelihood of confusing or misleading the jury.

## Conclusion

Accordingly, the Court denies OxyVinyls' Motion *in Limine* (ECF No. 808).

IT IS SO ORDERED.

| | |
|---|---|
| April 2, 2025 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

2