PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE:  EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) | CASE NO.  4:23-cv-00242<br><br>JUDGE BENITA Y. PEARSON<br><br>**ORDER SUSPENDING AND TERMINATING THE APPONTMENT OF KROLL SETTLEMENT ADMINOISTRATION LLC AS SETTLEMENT ADMINISTRATOR AND APPONTING A SUBSTITUTE SETTLEMENT ADMINISTRATOR** |

Class Counsel, as representatives of the Settlement Class, request that the Court immediately suspend and terminate the appointment of Kroll Settlement Administration LLC ("Kroll") as the Court-appointed Settlement Administrator[1] and appoint Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Substitute Settlement Administrator.  Defendants Norfolk Southern Corporation and Norfolk Southern Railway (collectively, "Norfolk Southern") do not oppose the suspension and termination of Kroll.  The Court having read and considered the contemporaneous Declaration of Seth A. Katz ("Katz Declaration") and Declaration of Michael O'Connor from Epiq, and with good cause appearing, grants the request and Orders as follows:

1.     With the consent of the parties, the Court appointed Kroll as Settlement Administrator for the above-captioned class action settlement ("Settlement") on May 21, 2024. ECF No. 458, ¶ 8.

---

[1] Capitalized terms in this Order shall have the meaning set forth in the Settlement Agreement filed of record at ECF No. 452-2.

(4:23-cv-00242)

2.      On September 27, 2024, the Court issued its Order finally approving the Settlement, which states, in relevant part, the Court:

> . . . retains continuing and exclusive jurisdiction over this action for purposes of resolving issues relating to or ancillary to administration, consummation, interpretation and enforcement of the Settlement Agreement; and, retains jurisdiction for purposes of ensuring compliance with the terms of the Settlement Agreement and any Order of the Court issued in connection therewith.

ECF No. 557 at ¶ 25.

3.      Also on September 27, 2024, the Court approved and adopted the Plan of Distribution – which by its terms made clear that a "point system" was to be used – and directed Kroll as the Settlement Administrator to "implement the Plan according to its terms and conditions."  ECF No. 555.  The Order provides, in relevant part:

> 9.  The Plan considers over a dozen different categories of information and data, and allocates points to each claim based on that data, or, in the case of businesses, based on actual net losses.  The categories of data, as well as the point allocation system and actual loss business payments, are fair, reasonable, and adequate.  That Direct Payments are apportioned by households, rather than individual household members is fair, reasonable, and adequate.  The method of distribution for the Voluntary Exposure Supplement is also fair, reasonable, and adequate.
>
> *   *   *
>
> 13.  The Court hereby approves and adopts the Plan of Distribution as set forth in Exhibit A to the Motion (ECF No. 519-2) and Supplement to the Plan of Distribution Relating to Appeals of Claim Determinations (ECF No. 525 at PageID #: 11564-66), fully incorporating the same by reference in this Order, and further directs the settlement administrator, Kroll Settlement Administration LLC ("Kroll"), to implement the Plan according to its terms and conditions.

4.      "The equitable powers of the Court may be invoked to deal with problems that commonly arise during administration of a settlement . . . and are retained by the Court until the settlement fund is actually disbursed."  *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (cleaned up).

5.      These inherent and equitable powers include oversight and supervision of a class action settlement administrator in the performance of its duties, which include acting diligently

2

(4:23-cv-00242)

and in good faith.  *Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F.Supp.2d 440, 448 (S.D.N.Y. 2004).

6.     The Court finds sufficient reason to believe that Kroll has not fulfilled its obligation to adequately administer the Settlement and related Court Orders including, but not limited to, the Court's Order approving and implementing the Plan of Distribution (ECF No. 555).

7.     Specifically, the Court finds there is sufficient reason to believe that Kroll did not correctly implement the Plan of Distribution by failing to calculate the actual dollar value of each "point" under the Voluntary Exposure payment program before disbursing payments to certain Class Members.

8.     In addition, the Court finds there is sufficient reason to believe that Kroll miscalculated Voluntary Exposure payments to certain Class Members by failing to adhere to the distinction between the Village of East Palestine and the larger East Palestine area (the zip code "44413") as required by the Plan of Distribution.

9.     As a result of these probable errors, the Court finds there is sufficient reason to believe that Kroll overpaid certain Class Members' Voluntary Exposure claims to the detriment of other participating Class Members and the Qualified Settlement Fund ("QSF"), and that Kroll's appointment as Settlement Administrator should be immediately suspended and terminated, so as to protect the Class from further potential harm.

10.     Accordingly, the Court orders that Kroll's appointment as Settlement Administrator in the above-captioned class action settlement is suspended and terminated, relieving it of the rights, duties and obligations of that position except as directed and ordered by the Court.  The Court appoints Epiq as Substitute Settlement Administrator effective immediately.

3

(4:23-cv-00242)

11.    To facilitate the efficient and orderly administration of the Settlement, Kroll is directed and hereby ordered to fully cooperate with Epiq to facilitate the transfer of the Settlement's administration from Kroll to Epiq by:

    a.   Meeting and conferring with Epiq regarding any necessary transitions within one (1) day of service of this Order;

    b.   Re-directing all incoming Class Member inquiries to Epiq and posting Epiq's contact information on the Settlement website within one (1) day of service of this Order;

    c.   Transferring access, control, and responsibility over the Settlement website, email, and toll-free number to Epiq within five (5) days of service of this Order;

    d.   Providing to Epiq and Class Counsel an inventory of all available data and administration-related materials and case reports within seven (7) days of service of this Order, including but not limited to its analysis of the Direct Payment claims, currently in process and due to Class Counsel on June 13, 2025;

    e.   Completely transferring all available data, administration-related materials and case reports to Epiq within ten (10) days of service of this Order; and

    f.   Transferring all rights, responsibility, and access as the administrator of the QSF established by Kroll at Huntington Bank to Epiq within five (5) days of service of this Order.

12.    The Court further directs Class Counsel to engage a qualified auditor to conduct a comprehensive review, audit, and analysis of the issues raised and addressed by this Order to determine the nature, scope, and financial ramifications of any miscalculation errors that may have

(4:23-cv-00242)

been made by Kroll in any payments that Kroll issued to Class Members prior to the date of this

Order.  A copy of the auditor's report shall be submitted to the Court upon its completion.

14.     The Court maintains its ongoing jurisdiction over Kroll for all purposes related to

13.     Class Counsel shall serve Kroll, its counsel, if any, and Epiq with a copy of this

Order *via* electronic mail and file proof of service.

14.     The Court maintains its ongoing jurisdiction over Kroll for all purposes related to

Kroll's conduct in its administration of the Settlement including, but not limited to, ensuring

compliance with the terms of this Order and any other, further or different application(s) for relief

that may be requested by the parties in connection with the Settlement.


        IT IS SO ORDERED.


June 11, 2025                                      */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                  United States District Judge

5