UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | : : : : | Case No. 4:23-cv-0242 <br><br> Judge Benita Y. Pearson |

### CLASS COUNSEL'S REQUEST TO AMEND THE COURT'S PRIOR ORDERS TO RESTRUCTURE THE PROCESS FOR A SHOW CAUSE ORDER AGAINST KROLL SETTLEMENT ADMINISTRATION, LLC

Pursuant to the Court's June 11, 2025, Order (ECF 979) terminating Kroll Settlement Administration, LLC ("Kroll"), the Court maintains ongoing jurisdiction over Kroll to ensure compliance with the Order and "any different application(s) for relief that may be requested by the parties in connection with the Settlement." Wherefore, Class Counsel respectfully requests permission from this Court to amend the Court's prior orders (ECF 979 & 984) to restructure the process established for Class Counsel filing a show cause order against Kroll.

On June 11, 2025, the Court entered an Order terminating Kroll as the settlement administrator in this class action as it found "sufficient reason to believe that Kroll has not fulfilled its obligation to adequately administer the Settlement and related Court Orders including, but not limited to, the Court's Order approving and implementing the Plan of Distribution. (ECF No. 555)." (ECF 979, ¶ 6). The Court further directed "Class Counsel to engage a qualified auditor to conduct a comprehensive review, audit, and analysis of the issues raised and addressed by this Order to determine the nature, scope, and financial ramifications of any miscalculation errors that may have been made by Kroll in any payments that Kroll issued to Class Members prior to the date of this Order," and to provide a copy of the auditor's report to the Court upon its completion. (ECF 979, ¶ 12).

On June 23, 2025, Kroll filed a motion for leave to file a response to the Court's Order terminating it as the Settlement Administrator. (ECF 983). The Court denied Kroll's motion for leave but ordered that Kroll could explain its position in response to an anticipated motion to show cause why it should not be held in contempt for violating the Court's prior Order approving the Settlement Plan of Distribution and Supplement to the Plan of Distribution. (ECF 984). The Court further ordered that "[w]ithin 14 days of the auditor's report being submitted to the Court, *see* Order (ECF No. 979 at PageID # 68826-27, ¶ 12), Class Counsel may serve and filed a Motion to Show Cause." (ECF 984).

The Court's prior orders direct Class Counsel to file a motion to show cause against Kroll only *after* completion of the auditor's report. Class Counsel respectfully requests that the Court re-structure the process for filing the show cause order granting Class Counsel permission to file the anticipated show cause motion in two steps: (a) step one, prior to completion of the audit, a motion to compel Kroll to show cause why it should not be held in civil contempt for violating the Court's Order approving the Plan of Distribution – including seeking disgorgement of all amounts for fees and costs paid to Kroll – and (b) step two, after completion of the review of all of Kroll's work and the audit, a second motion seeking a monetary sanction against Kroll once the work of the Auditor and the Substitute Claims Administrator, Epiq Class Actions & Claims Solutions, Inc. ("Epiq") is completed and there is a determination of the full amount that Kroll's failure to adhere to the Court's order has impacted the Class. The reason that this two-step approach is warranted is because Epiq and Class Counsel continue to find additional errors and violations by Kroll as the review continues. This two-step approach will inform the Court and the impacted community of the progress of the review, explain why this process is taking the amount of time it is taking, and does not prejudice Kroll in any way.

Class Counsel respectfully submits that they can show clear and convincing evidence that Kroll violated the Court's prior Order on the Plan of Distribution and, therefore, seeks to file the first step of its motion to show cause now before completion of the audit. The first step of the motion will be supported by a declaration from Epiq detailing its findings of the various ways that Kroll violated the Court's order approving the Plan of Distribution. Class Counsel understands that those Class Members who submitted Voluntary Exposure Payment claim forms are waiting for information related to the reason that the claims process is being delayed. Class Counsel respectfully submits that proceeding in this two-step fashion will provide the community with valuable information about what is being done by Epiq and Class Counsel to make sure everyone – including the Court – can rely on the accuracy of the claims process.

The reason that a second step in this process will be necessary is that Class Counsel will not be able to calculate the appropriate contempt sanctions against Kroll until all of Epiq's work is completed, the value of a single point is computed, and the auditor's work is completed. Kroll's errors and failures to follow the Court's Order go far beyond mathematical errors – by way of example they run as deep as improper denial of claims, errors in Kroll's underlying data, and applying multipliers that are not contained in the Court's Order requiring Kroll to follow the Plan of Distribution. Unfortunately, because the review process continues to uncover additional errors by Kroll and multiple failures to follow the Court's order, the process of reviewing Kroll's work is taking longer than anticipated and longer than the parties want. However, it is critical that the review and audit be done correctly even if this results in the process taking longer. If the Court finds Kroll in contempt, Class Counsel requests permission to file, after completion of the audit, a motion for sanctions against Kroll for violation of the Court's Order establishing the magnitude of the dollar amount that Kroll's failure to follow the Court's Order has resulted in harm to the Class.

In addition to restructuring the process established in the Court's prior Orders (ECF 979 and 984), pursuant to Local Rule 7.1(f) and paragraph 22 of this Court's Case Management Conference Order and Case Management Plan (ECF 980), Class Counsel also respectfully request an enlargement of the page limit for their brief from 15 pages to 30 pages, excluding any declarations and/or exhibits. Good cause for the requested relief exists. There are many facts and legal issues that the motion needs to thoroughly address. The factual background, findings by Epiq, and identification of the various errors and failures by Kroll to follow the Court's Order cannot adequately be addressed within the confines of 15 pages.

Finally, in order to provide the Court with the requisite details about Kroll's failures to follow the Court's Order it is required that examples be provided – examples of actual claims submitted and reviewed by Kroll – to the Court. In order to protect the identity of the community member who submitted the claims that will be used as concrete examples and proof of Kroll's violation of the Court's Order and the Plan of Distribution, Class Counsel respectfully requests that they be permitted to redact any personal identifying information from the version of the motion being filed on the public docket and provide Chambers with an un-redacted version so that the Court can evaluate the evidence while protecting the identity of the claimant.

Wherefore, Class Counsel respectfully requests:

(a) The Court amend its prior orders to restructure the process for an order to show cause to include two steps rather than the motion being done as one motion. First, permit Class Counsel to file a motion to compel Kroll to show cause why it should not be held in contempt prior to the audit being completed and provided to the Court and, as a second step after the review of Kroll's work and the audit is completed, a motion for sanctions after providing the audit to the

Court.  Class Counsel respectfully requests that they be permitted to file step one of the motion for an order to show cause within 2 days of the Court's ruling on the instant-motion.

(b) They be granted relief from the page limits imposed by L.R. 7.1 and permitted to file a motion not to exceed 30 pages (excluding declarations and exhibits) for each of the two steps of the order to show cause motion; and

(c) They be permitted to file redacted versions of the motions on the public docket to protect personal identifying information related to any claim submitted that is part of the motion or any declaration in support thereof and work with Chambers to provide the Court with an un-redacted version of any such document.

Respectfully submitted,

/s/ M. Elizabeth Graham
M. Elizabeth Graham (pro hac vice)
**GRANT & EISENHOFFER P.A.**
123 S. Justison Street, 6th Floor
Wilmington, DE 19801
302-622-7000
egraham@gelaw.com

Seth A. Katz (pro hac vice)
**BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.**
40 Inverness Drive East
Englewood, CO 80112
303-792-5595
skatz@burgsimpson.com

Jayne Conroy (pro hac vice)
**SIMMONS HANLY CONROY**
112 Madison Avenue, 7th Floor
New York, NY 10016
212-784-6400
jconroy@simmonsfirm.com

*Co-Lead Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2025, a copy of foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/ s/ M. Elizabeth Graham*
M. Elizabeth Graham