PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE:  EAST PALESTINE TRAIN DERAILMENT | )<br>)  CASE NO.  4:23CV0242<br>)<br>)  JUDGE BENITA Y. PEARSON<br>)<br>)  **ORDER**<br>)  [Resolving ECF No. 1000] |

Pending is Class Counsel's Request to Amend the Court's Prior Orders to Restructure the Process for a Show Cause Order Against Kroll Settlement Administrator, LLC ("Kroll") (ECF No. 1000), filed on October 3, 2025.  Class Counsel requests permission to (a) restructure the process established in the Court's prior Orders (ECF Nos. 979 and 984) to allow Class Counsel to file of a Motion to Show Cause Against Kroll in two steps and (b) exceed the page limitation for the memorandum in support of the First Step Motion.  Class Counsel asserts "[t]his two-step approach will inform the Court and the impacted community of the progress of the review, explain why this process is taking the amount of time it is taking, and does not prejudice Kroll in any way."  ECF No. 1000 at PageID #: 69083.  The Court has been advised, having reviewed the record, the request, Kroll's Opposition (ECF No. 1001), and the applicable law.

**I.**

With the consent of the parties, the Court appointed Kroll as Settlement Administrator for the above-captioned class action settlement on May 21, 2024.  *See* Order Granting Motion for Preliminary Approval of Settlement, Appointment of Lead Class Counsel, and Approval of Notice (ECF No. 458).  The Order provides, in relevant part, that "the Settlement Administrator

. . . shall administer the Settlement Agreement and distribution process." ECF No. 458 at PageID #: 6177, ¶ 8.

On September 27, 2024, the Court approved and adopted the Plan of Distribution (ECF No. 519-2) and Supplement to the Plan of Distribution Relating to Appeals of Claim Determinations (ECF No. 525 at PageID #: 11564-66). *See* Order (ECF No. 555). The Order directed Kroll, as the settlement administrator, "to implement the Plan according to its terms and conditions." ECF No. 555 at PageID #: 14546, ¶ 13.

On June 11, 2025, the Court entered an Order Suspending and Terminating the Appointment of Kroll as Settlement Administrator and Appointing a Substitute Settlement Administrator (ECF No. 979).[1] The Court found "sufficient reason to believe that Kroll has not fulfilled its obligation to adequately administer the Settlement and related Court Orders including, but not limited to, the Court's Order approving and implementing the Plan of Distribution (ECF No. 555)." ECF No. 979 at PageID #: 68825, ¶ 6. The Order also provides, in pertinent part:

> 12. The Court further directs Class Counsel to engage a qualified auditor to conduct a comprehensive review, audit, and analysis of the issues raised and addressed by this Order to determine the nature, scope, and financial ramifications of any miscalculation errors that may have been made by Kroll in any payments that Kroll issued to Class Members prior to the date of this Order. A copy of the auditor's report shall be submitted to the Court upon its completion.
> \* \* \*
> 14. The Court maintains its ongoing jurisdiction over Kroll for all purposes related to Kroll's conduct in its administration of the Settlement including, but not limited to, ensuring compliance with the terms of this Order and any other, further or different application(s) for relief that may be requested by the parties in connection with the Settlement.

---

[1] Therefore, the within motion (ECF No. 1000) was filed three months and 22 days after Kroll was suspended and terminated as Settlement Administrator.

ECF No. 979 at PageID #: 68826-27.

On June 23, 2025, the Court entered an Order that provides, in relevant part:

> . . . Kroll may subsequently explain its position in response to the anticipated Motion to Show Cause why it should not be held in contempt for violating the Court's prior Order (ECF No. 555) approving and adopting the Plan of Distribution (ECF No. 519-2) and Supplement to the Plan of Distribution (ECF No. 525 at PageID #: 11564-66).
>
>                                               \*   \*   \*
>
> Within 14 days of the auditor's report being submitted to the Court, *see* Order (ECF No. 979 at PageID #: 68826-27, ¶ 12), Class Counsel may serve and file a Motion to Show Cause.

ECF No. 984.

## II.

Not all of Kroll's objections to a revised process are without merit, but, in sum, they do not carry the day. Kroll overlooks the fact that its own actions suggested a schedule much like that now suggested by Class Counsel when, unbidden, Kroll filed an *instanter* Proposed Response (ECF No. 983-1) to the Order (ECF No. 979) permitting a Show Cause motion to be filed at a later time. Then, Kroll wanted an earlier opportunity to respond, even though it had little more than Class Counsel's allegations to argue against. The proposed modified schedule will take longer and may result in greater exertions, but it allows the Court and Kroll to be better informed of what Class Counsel believes Kroll has allegedly done in contravention of the Court's Orders. In a perfect world, none of this would be necessary. All can agree, we are far from inhabiting a perfect world.

For good cause shown, Class Counsel's request (ECF No. 1000) is granted. On or before October 23, 2025, Class Counsel shall file their Step One Motion to Show Cause for Kroll to explain (a) why it should not be held in civil contempt for violating the Court's prior Order (ECF

No. 555) and (b) why it should not be required to disgorge all amounts for fees and costs paid to it as Settlement Administrator for the class action settlement in the case at bar.  The Step One Motion shall be supported by a Declaration from Epiq Class Action & Claims Solutions, Inc. detailing its findings of the various ways that Kroll violated the Court's prior Order (ECF No. 555) in administering the settlement.

Class Counsel shall (a) publically file a redacted version of examples of actual claims of community members submitted and reviewed by Kroll in their entirety and (b) file under seal an unredacted version of these claims in their entirety.  *See* Electronic Filing Policies and Procedures Manual at §§ 19 and 24.

If it has not already been done, Class Counsel shall produce to counsel for Kroll copies of (a) the Declaration of Seth A. Katz, dated June 10, 2025, and (b) the Declaration of Michael O'Connor, Esq. Regarding Administration Experience for Handling Complex Matters, dated June 10, 2025.  Because the Motion to Show Cause will be filed *before* the auditor's report is submitted to the Court, Class Counsel and Kroll will be given 21 days to conduct discovery of Epiq's findings of the various ways that Kroll allegedly violated the Court's prior Order (ECF No. 555).

Class Counsel and Kroll are each granted leave to file memoranda regarding the Step One Motion that shall each not exceed 30 pages (15 pages over the LR 7.1(f) limit), excluding any declarations and/or exhibits.  Class Counsel's reply memorandum, if any, shall not exceed 15 pages.  All printed matter (including footnotes) must appear in at least 12 point type on pages not exceeding 8 1/2 by 11 inches and type matter not exceeding 6 1/2 by 9 1/2 inches.  Lines of typewritten text shall be double spaced.

A hearing on Class Counsel's Step One Motion to Show Cause Against Kroll is set for December 5, 2025 at 1:30 p.m. before Judge Benita Y. Pearson, Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio.

The Court will address the requirements for Class Counsel's Step Two Motion to Show Cause in a future Order.

IT IS SO ORDERED.

| October 21, 2025 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
|  | United States District Judge |