IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) CASE NO. 4:23-CV-00242-BYP )<br>) JUDGE BENITA Y. PEARSON<br>)<br>) MAGISTRATE JUDGE<br>) CARMEN E. HENDERSON<br>)<br>)<br>) **ORDER**<br>) |

This matter was referred to the Honorable Carmen E. Henderson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), for resolution of the parties' discovery dispute regarding the depositions of Scott M. Fenwick and Co-Lead Class Counsel Elizabeth Graham. (ECF No. 1016).

**Relevant Background**

Kroll Settlement Administration LLC ("Kroll") was previously appointed—and subsequently removed—as Settlement Administrator in this class action. (*See* ECF No. 1004 at 1-2). Epiq Class Action & Claims Solutions, Inc. ("Epiq) was appointed to replace Kroll. (*See* ECF No. 979 at 3). Pursuant to the Court's October 21, 2025 Order, Class Counsel were permitted to file a "Step One Motion to Show Cause" supported by a Declaration from Epiq "detailing its findings of the various ways that Kroll violated" the Court's prior order approving the Plan of Distribution ("Plan"). (ECF No. 1004 at 3-4). After Class Counsel filed their motion, the parties were permitted "to conduct discovery of Epiq's findings of the various ways that Kroll allegedly violated" the Plan. (*Id.* at 4).

1

Class Counsel filed their motion on October 23, 2025. (ECF No. 1005). The motion is supported by the declaration of Michael R. O'Connor of Epiq. (ECF No. 1012-14, "Epiq Declaration"). Class Counsel subsequently noticed the deposition of Scott Fenwick, who oversaw the project for Kroll, and Kroll noticed the deposition of Co-Class Counsel Elizabeth Graham. Kroll objected to Fenwick's deposition and Class Counsel objected to Graham's deposition. A telephonic conference was held on November 3, 2025, to discuss the referred dispute. Counsel for the Class, Kroll, and Norfolk Southern were present at the conference. This Order memorializes the Court's oral rulings on the discovery dispute.

**Fenwick's Deposition**

Kroll objected to Fenwick's deposition on the grounds that it was outside the limited scope of discovery as set forth in the October 21, 2025 Order because Fenwick did not have personal knowledge of Epiq's findings. To the extent the scope of discovery covered Fenwick's deposition, Kroll argued the deposition of Graham was also necessary given communications between Fenwick and Graham regarding how to implement the Plan.

For the reasons explained during the conference, this Court found that because Fenwick has personal knowledge of how Kroll implemented the Plan, his testimony was relevant to the issues before the Court. However, the Court cautioned that questions posed to Fenwick must be narrowly tailored to address his personal knowledge of Kroll's conduct discussed in the Epiq Declaration. Thus, Kroll's objections are OVERRULED and Fenwick's deposition may go forward as noticed.

**Graham's Deposition**

Class Counsel objected to Graham's deposition because deposing counsel is an extraordinary request and is only permissible after the requesting party shows that (1) no other

2

means exist to obtain the information sought; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F. 3d 621, 628 (6th Cir. 2002) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)).

After hearing arguments by the parties, this Court concluded that while the information sought was both relevant and non-privileged, Kroll had not shown that the information was not available through other means. Specifically, to the extent Kroll seeks to discover oral or written communications between its own representatives and Graham, Kroll may obtain that information through its representatives. Accordingly, Kroll failed to satisfy the first factor under *Shelton*, and the Court declined to address the third factor. Class Counsel's objections are SUSTAINED and Kroll is not permitted to depose Class Counsel at this time.[1]

**IT IS SO ORDERED.**

Dated: November 3, 2025

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

[1] However, the Court noted that should Class Counsel seek to rebut any information put forth by Kroll with a declaration concerning Class Counsel's communications with Kroll or its representatives, Kroll could renew its request to depose Class Counsel.