**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE:                                             CASE NO. 4:23-CV-00242-BYP
EAST PALESTINE TRAIN DERAILMENT        JUDGE BENITA Y. PEARSON


**Morgan & Morgan's Memorandum in Support of Motion for Leave to Seek**
**Discovery from Co-Counsel Related to Calculation and Allocation of Fees**

On September 27, 2024, this Court entered an Order granting a fee award to Counsel for Plaintiffs in this case and allowing for distribution of that fee (ECF 556). On October 25, 2024, Morgan & Morgan filed its Motion for Reconsideration and Motion to Enjoin Distribution of Attorneys Fees (ECF 664). Morgan & Morgan's motion was denied by this Court's order on November 18, 2024 (ECF 689). Morgan & Morgan then appealed that order (ECF 713, Notice of Appeal).

The Sixth Circuit affirmed in part and reversed in part and remanded for further proceedings. Consistent with the Mandate of the Sixth Circuit (ECF 1045), Morgan & Morgan seeks leave to request discovery from and depose co-counsel in this case regarding the calculation and allocation of attorney's fees.

Specifically, Morgan & Morgan seeks documents and information relevant to the calculation and allocation of attorney fees, as well as leave to conduct depositions:

- The methodology used for calculating and allocating attorney's fees

1

- Time and billing records including hourly rates

- The distribution formula used to determine each firm's portion of the fee award

- What hours were excluded from the fee allocation and why?

- What hourly multipliers were used and how were they determined?

- What hours were the hourly multipliers applied to and on what basis?

- What meetings (in person, telephonic or virtual) took place between and among any of the co-lead counsel on the issue of fee allocations and/or between and among any of the co-lead counsel and other counsel on the issue of and any agreements to fee allocations.

### Basis for Discovery Request

Federal Rule of Civil Procedure 23(e) and (h) requires district courts to scrutinize the fee award to ensure that each firm involved in this class action was reasonably, fairly, and adequately compensated for its work. The scrutiny required by the district court is not limited to the overall amount of the award. The court must also ensure that the allocation of fees among participating counsel satisfies Rule 23. *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 n. 3 (6th Cir. 1996) (district courts should consider fee-allocation agreements when approving a class settlement); *see also In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (district court has independent duty to ensure fees are reasonable and divided up fairly among plaintiff's counsel). To ensure this, this Court and Morgan & Morgan must have

2

access to documents and data relevant to "how Class Counsel (1) determined the hourly multipliers, (2) decided which multiplier should apply to each firm, [and] (3) distinguished between types of work." *In re E. Palestine Train Derailment*, 160 F.4th 751, 767 (6th Cir. 2025) (Thapar, J., concurring). This Court should have the "basic information" of the audit data and multiplier rates to determine that the fee allocation is fair. *Id.*

Local Rule 26.1 provides that "Absent leave of court, the parties have no authority to modify the limitations placed on discovery by court order." Morgan & Morgan is therefore seeking leave of the Court to pursue discovery with regards to this dispute.

In a similar dispute regarding the allocation of fees among the counsel representing plaintiffs, the Northern District of Illinois determined that it would "review the tiered fee schedule that Class Counsel proposes, as well as the underlying billing documents, and exercise its independent judgment based upon the amounts requested and particular circumstances of this case." *In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 944 (N.D. Ill. 2022). So too here, the Court should have access to the billing documents and other information necessary for it to determine whether the fee allocation is fair, reasonable, and adequate.

To satisfy due process, this Court should allow Morgan & Morgan to seek "the raw material" "needed to sift through the particulars of the [plaintiff's steering

3

committee's] fee application[,]" including "time-and-expense submissions, summaries thereof, detailed accounts of the procedures used by the PSC to gather, review, and audit time records, and the working papers, correspondence, and documentation generated by the PSC's accountants during the compilation process." *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 303 (1st Cir. 1995) (finding that the discovery allowed to be conducted by the objecting plaintiffs' attorneys was sufficient).

Further, in their representations before this Court [1] and on appeal, Class Counsel have insisted "that Morgan & Morgan billed the fewest hours but received the same multiplier as Class Counsel." *In re E. Palestine Train Derailment*, 160 F.4th at 767. However, as the Sixth Circuit recognized, it is impossible to validate Class Counsel's representation without first seeing the audit data and multiplier rates. *Id*. Without this information, the Court cannot verify "that each firm was reasonably, fairly, and adequately compensated for its work, as required by Rule 23." *Id*. This Court should allow Morgan & Morgan to seek discovery for the purpose of collecting and analyzing the data necessary for the Court to ensure that Plaintiffs' counsel are fairly and adequately compensated.

---

[1] *See* Transcript of 11/1/2024 Telephonic Status Conference at 9.

The Court should allow discovery into these areas to ensure that the fee in this case is fair to all class counsel and to verify, at a minimum, that "Class Counsel did the math right." *Id.*

## <u>Conclusion</u>

The Court should grant Morgan & Morgan's request for leave to request discovery and conduct depositions within the scope of the reasonableness, fairness, and adequacy of allocation of fees in this case.

Dated: March 20, 2026

Respectfully submitted by,

*s/ T. Michael Morgan (pro hac vice)*
**MORGAN & MORGAN**
20 North Orange Ave, Suite 1600
Orlando, FL 32801
Tel:    (407) 420-1414
Fax:    (407) 245-3389
Email: mmorgan@forthepeople.com

*s/ Josh Autry*
**MORGAN & MORGAN**
199 Water Street, Suite 1500
New York, NY 10038
Tel:    (859) 899-8785
Fax:    (859) 899-8806
Email: jautry@forthepeople.com