**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

IN RE:                                                    CASE NO. 4:23-CV-00242-BYP
**EAST PALESTINE TRAIN DERAILMENT**    JUDGE BENITA Y. PEARSON

**Morgan & Morgan's Reply in Support of Motion for Leave to Seek Discovery from Co-Counsel Related to Calculation and Allocation of Fees**

**Introduction**

Through its Motion for Leave to Seek Discovery from Co-Counsel Related to Calculation and Allocation of Fees, Morgan & Morgan seeks limited information necessary for this Court to evaluate Class Counsel's calculation and allocation of attorneys' fees as required by the Sixth Circuit. Unlike Class Counsel, Morgan & Morgan has no desire to engage in trading accusations and insinuations on the public docket. Morgan & Morgan seeks one thing and one thing only: the information necessary for this Court to comply with the Sixth Circuit's remand order. Documentary discovery and depositions will be limited and brief.

Despite direction from the Sixth Circuit that there be a fulsome evaluation, Class Counsel opposes Morgan & Morgan's request, insisting (without proof) that its calculations are "fair" and "objective" and that the Court needs no additional information to verify Class Counsel's unsupported claims. Contrary to Class Counsel's assertions, this Court lacks the information necessary to comply with the Sixth Circuit's mandate. This is precisely why Morgan & Morgan seeks discovery relevant to Class Counsel's calculation and allocation of attorneys' fees.

Instead of providing the basic information needed to verify Class Counsel's fee allocation, Class Counsel asks this Court to fulfill the Sixth Circuit's mandate on remand by deciding whether the apportionment of fees was fair without any more information than it had in November of 2024.

1

At that point, all that Class Counsel provided was Class Counsel's own (unverified) explanation of the process, without details about what hours were excluded and why, what categories of work received what multipliers and why, and how many hours were submitted for the firms involved for the various categories. The Court should decline this invitation by Class Counsel and allow for discovery into this issue. Rather than seeking to calculate its own fee apportionment (as Class Counsel did), Morgan & Morgan seeks to provide the Court with sufficient information to allow it to verify that both the methodology used by Class Counsel was fair and that the methodology was fairly applied. It is troubling that Class Counsel refuses to permit a basic verification of its calculation and allocation methods and continues to insist that its methods are fair "because we say so."

The Sixth Circuit, in its majority opinion remanding for further proceedings, made clear that this Court should engage with the arguments presented by Morgan & Morgan related to the underlying calculations of fees, how the multipliers were calculated, how the multipliers were applied to each firm, and how the work was categorized and compensated. *In re E. Palestine Train Derailment*, 160 F.4th 751, 763 (6th Cir. 2025). This Court must also scrutinize and determine, as Class Counsel agrees,[1] whether the fee allocation methodology was objectively applied to Morgan & Morgan. More fundamentally, however, this Court should consider the fairness of the methodology itself. This Court can do neither without a better understanding of, at a minimum, the breakdown of hours across the various categories of work and the multipliers that were applied across each category.

---

[1]     Class Counsel's Response in Opposition to Morgan & Morgan's Motion for Leave to Seek Discovery from Co-Counsel Related to Calculation and Allocation of Fees ("Response"), ECF No. 1051, at p. 1.

**Argument**

**1.  The Sixth Circuit's Mandate on Remand**

The Sixth Circuit remanded this case and instructed this Court to engage in "further consideration of Morgan & Morgan's final argument." *In re E. Palestine Train Derailment*, 160 F.4th at 763. As explained by the Sixth Circuit, Morgan & Morgan's "final argument" is that this Court erred in "failing to scrutinize co-lead counsel's underlying calculations," and "failed to 'verify' co-lead counsel's decision making by insufficiently scrutinizing the allocation to Morgan & Morgan." *Id*. at 756, 761. The Sixth Circuit recognized that at this Court's November 1, 2024, telephonic hearing, Morgan & Morgan notified this Court that it was "concerned with the amount that's been allocated to [Morgan & Morgan]," discussed "discrepancies … found in the allocation [of attorneys' fees]," and explained its belief that "based on the information that had been presented [to Morgan & Morgan] by co-lead class counsel, that co-lead class counsel's shares had been artificially inflated at the expense of other firms, including Morgan & Morgan." *Id*. at 761-62. Specifically, Morgan & Morgan argued that the fees it received from the distribution "were at a $20 million deficit from what should have been received and that excessive multipliers were used for each of class counsel's work." *Id*. at 762.

The Sixth Circuit ultimately concluded this Court abused its discretion by failing to "engage with" and "address" Morgan & Morgan's arguments concerning the calculation and allocation of attorneys' fees. *Id*. at 763. While recognizing that Class Counsel disagrees with Morgan & Morgan's arguments and insists that the fee allocation was based on objective measures, the Sixth Circuit declined to resolve the merits of this dispute. *Id*. Instead, the Sixth Circuit remanded the case back to this Court so that this Court could exercise its "comparative expertise *in scrutinizing the underlying fee agreement*" when evaluating Morgan & Morgan's arguments. *Id*. at 763 (emphasis added.) Accordingly, the mandate from the Sixth Circuit on remand is clear—

this Court must "engage with" and "address" Morgan & Morgan's claims regarding the calculation, allocation, and distribution of attorneys' fees.

### 2. Discovery is Necessary to Comply with the Sixth Circuit's Mandate

To comply with the Sixth Circuit's mandate, the Court must evaluate and scrutinize Class Counsel's calculation and allocation of attorneys' fees to determine, among other things, whether Class Counsel's fees were inflated using artificial multipliers. To do so, the Court must examine the very information Morgan & Morgan seeks through its Motion for Leave to Seek Discovery from Co-Counsel. What this Court cannot do is continue to accept the unverified promises from Class Counsel that the attorneys' fees were calculated and allocated "objectively" and "fairly" without scrutinizing the underlying data to determine whether those representations are true.

Indeed, Class Counsel's own arguments highlight precisely why discovery is necessary in this case. Class Counsel assures the Court, yet again, that "the system of distribution was applied objectively and fairly to Morgan's fee allocation; it was based on an objective number of hours, which were then given multipliers by category that were objectively and equally applied." (Response at 4 (citing ECF No. 986 at 16:20-17:2)). However, the Court is unable to verify these claims because, as rightly pointed out by Judge Thapar in his concurring opinion, Class Counsel *has never explained* how Class Counsel: (1) determined the hourly multipliers; (2) decided which multiplier should apply to each firm; or (3) distinguished between types of work. *In re E. Palestine Train Derailment*, 160 F. 4th at 767 (Thapar, J., concurring).

Class Counsel's accusation that Morgan & Morgan attempts to "conflate the validity of the methodology and process with the question of whether its specific fee award is the objective result of the same," completely misses the point. (Response at 13.) This Court cannot determine whether Morgan & Morgan's fee award is the objective result of a fair process *without scrutinizing the methodology and process* used by Class Counsel to arrive at Morgan & Morgan's fee. This is a

4

task the Court cannot perform without permitting discovery of the very information Morgan & Morgan seeks to obtain.

Furthermore, Class Counsel claims that Morgan & Morgan was given the same leadership multiplier as the three other Co-Lead Counsel's firms but that the same multipliers were applied for work across firms (citing ECF No. 986 at 9:15-25, 11:6-10, 9:25-10:9). Multipliers were therefore "stacked" for certain hours performed by Co-Lead counsel. But again, it is not clear what multipliers were applied for what work, as Morgan & Morgan pointed out in its Motion for Reconsideration (ECF No. 664-1 at pp. 12-13).

In its decision denying Morgan & Morgan's Motion for Reconsideration, this Court evaluated the apportionment process in broad terms, based (it appears) exclusively on Class Counsel's unverified representations at the November 1, 2024, telephonic hearing, explaining that "multipliers were assessed based in part on which law firms had a greater role in contributing to the funding of the litigation. After that, the type of work was given a multiplier, which was applied equally to all firms without regard to whether the attorney was a Co-Lead Counsel, a member of PEC, a member of PSC, and so on." (Order Denying Motion for Reconsideration, ECF No. 689). The Court did not appear to verify Class Counsel's statements, nor evaluate what multipliers were applied to what work and on what basis or how counsel distinguished between types of work. Nor could it, because Class Counsel provided the Court with no such information. The methodology and data upon which Class Counsel's representations are based *have never been disclosed* to this Court; not in Class Counsel's Response Brief, not at the November 1, 2024, conference, and not

in the Motion for Award of Attorney's Fees, the Memorandum in Support, or the accompanying declarations. (*See* ECF No. 520, 520-1 *et seq*).[2]

Morgan & Morgan's concern is the possibility that Class Counsel gave themselves a higher multiplier for the categories of work that they were more involved in and devalued other kinds of work that they were less involved in. Even if these same multipliers were applied equally to all firms, it can hardly be said that such an apportionment would be fair because of the possibility of a purely arbitrary assignment of value for certain kinds of work. But neither Morgan & Morgan nor this Court have seen a breakdown of hours by category and the multipliers for each category, so it is not possible to evaluate whether the methodology was applied objectively to Morgan & Morgan.

As Judge Thapar recognized in his concurrence, it is impossible to validate Class Counsel's representation without first seeing the audit data and multiplier rates. *In re E. Palestine Train Derailment*, 160 F.4th at 767 (Thapar, J., concurring).[3] Without this information, the Court cannot verify "that each firm was reasonably, fairly, and adequately compensated for its work, as required by Rule 23." *Id.* This Court should allow Morgan & Morgan to seek discovery for the purpose of

---

[2]     While Class Counsel continues to criticize Morgan & Morgan for not objecting when the motion for attorneys' fees was filed, one wonders on what basis Morgan & Morgan could have objected considering that the motion for attorneys' fees contains *no information whatsoever* about how the fees were to be allocated among the firms. It is not the total fee amount Morgan & Morgan takes issue with (the only issue addressed in the motion for attorneys' fees); it is the *allocation* of those fees among the firms. As the Sixth Circuit recognized, Morgan & Morgan did not receive that information until four days before the fees would be disbursed, "prevent[ing] the attorneys from negotiating the specific allocation methodology or checking Class Counsel's work." *In re E. Palestine Train Derailment*, 160 F. 4th at 767 (Thapar, J., concurring).

[3]     This Court can and should consider the concurring opinion by Judge Thapar. "In determining the scope of an appellate mandate, the majority, concurring, and dissenting opinions may be consulted." *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992).

collecting and analyzing the data necessary for the Court to comply with the Sixth Circuit's mandate and to ensure that Morgan & Morgan (and every other firm involved) is fairly compensated.

Finally, contrary to Class Counsel's argument, Morgan & Morgan does not seek to use its discovery motion to improperly challenge this Court's authority to delegate the allocation of attorneys' fees to Class Counsel (Response at 15.) Nor does Morgan & Morgan seek to "retract [this Court's] delegation of authority and instead conduct the calculation and allocation of fees itself." (*Id.*) Morgan & Morgan does not dispute that this Court has the authority to delegate the calculation and allocation of attorneys' fees. It is not the delegation of that authority that Morgan & Morgan challenges, it is the fact that Class Counsel's calculations and allocations have not been examined or verified. As explained by the Sixth Circuit, "[r]ecognizing that the district court opted for the trust and verify approach to fee allocation, [Morgan & Morgan] maintains that the court *failed to 'verify' co-lead class counsel's decision making by insufficiently scrutinizing the allocation* to Morgan & Morgan." *In re E. Palestine Train Derailment*, 160 F. 4th at 761 (emphasis added). The only way this Court can "scrutinize" and "verify" Class Counsel's calculation and allocation decisions is by examining the very information Morgan & Morgan seeks to discover.

### Conclusion

This Court should ignore Class Counsel's attempts to muddy the waters here and provide for transparency by granting Morgan & Morgan's motion seeking discovery of the information necessary to verify Class Counsel's fee determination.

Dated: April 10, 2026

                                       Respectfully submitted by,

*s/ T. Michael Morgan (pro hac vice)*
**MORGAN & MORGAN**
20 North Orange Ave, Suite 1600
Orlando, FL 32801
Tel:    (407) 420-1414
Fax:    (407) 245-3389
Email:  mmorgan@forthepeople.com

*s/ Josh Autry*
**MORGAN & MORGAN**
199 Water Street, Suite 1500
New York, NY 10038
Tel:    (859) 899-8785
Fax:    (859) 899-8806
Email:  jautry@forthepeople.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, a copy of this filing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties and counsel of record indicated on the electronic filing receipt. Parties and counsel of record may access this filing through the Court's system.

                                         *s/ T. Michael Morgan*