PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: EAST PALESTINE TRAIN DERAILMENT | ) ) ) ) ) ) ) ) | CASE NO. 4:23CV0242<br>JUDGE BENITA Y. PEARSON<br>**ORDER**<br>[Resolving ECF No. 1050] |

Pending is Morgan & Morgan's Motion for Leave to Seek Discovery from Co-Counsel Related to Calculation and Allocation of Fees (ECF No. 1050). Morgan & Morgan moves the Court to grant it leave to request written discovery from and depose Co-Lead Class Counsel regarding the calculation and allocation of attorneys' fees. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the motion is granted in part.

**I. Background**

The matter before the Court involves only Co-Lead Class Counsel and Morgan & Morgan—the lawyers who sued Norfolk Southern Corporation and Norfolk Southern Railway Company ("Norfolk Southern"). Co-Lead Class Counsel are Seth A. Katz, M. Elizabeth Graham, and Jayne Conroy. They and their law firms are the three primary firms representing the class. The Court previously designated these three attorneys, together with T. Michael Morgan of Morgan & Morgan, P.A. (hereinafter "Morgan & Morgan"), as Co-Lead Counsel, a court-created management role responsible for coordinating both the class and individual actions. *See* Order (ECF No. 28) at PageID #: 562-63. Morgan & Morgan is a law firm that represented a

group of individuals and entities who had filed standalone cases against Norfolk Southern. Its role was not to represent the class, but rather to assist those who opted to file outside of the class structure. Therefore, its work was contiguous to the core of the case. *See* ECF No. 28 at PageID #: 563 n. 3 ("Attorney Morgan will represent individuals and entities who have elected to file cases outside the class action, but are not opposed to the class structure."). This dispute involves a dispute over the allocation of attorneys' fees to Morgan & Morgan. None of the other plaintiffs' firms objected to Co-Lead Class Counsel's allocation decisions.

The Class Action Settlement Agreement includes a "quick pay provision":

> D. The Fee Award awarded to Class Counsel will be paid from the Settlement Fund into the Escrow Account pursuant to Section XII.F (*i.e.*, within fourteen (14) days after the grant of Final Approval) and wired from the Escrow Account to an account number identified by Class Counsel. If, however, at the time of the grant of Final Approval the Court has not issued its order on the Fee Award, Class Counsel will be paid from the Escrow Account to an account number identified by Class Counsel within two (2) business days of such order on the Fee Award.

ECF No. 452-2 at PageID #: 6028-29. The Class Action Settlement Agreement also provides, in relevant part: "Any dispute regarding the interpretation or validity of, or otherwise arising out of, this Agreement, or relating to the Action or the Released Claims, including any disputes regarding fees, costs and/or expenses amongst counsel, shall be subject to the exclusive jurisdiction of the Court and shall be decided pursuant to the laws of the State of Ohio." ECF No. 452-2 at PageID #: 6034, ¶ L.

Early in the litigation, Co-Lead Class Counsel and Morgan & Morgan established guidelines for authorizing and submitting time and expenses incurred on behalf of Plaintiffs ("Billing Guidelines"). The Billing Guidelines explained that firms would be paid, following a

class action fee application, based on time expended on behalf of the Class. The guidelines required all firms to submit time within two (2) months of its expenditure. Acceptable time submissions were limited to those hours incurred for the benefit of all class members, and the guidelines explained that all hourly time would be assigned a rate, considering the task performed. The Court approved those Billing Guidelines in Procedural Case Management Order No. 1 (ECF No. 33) ("Time and Expense CMO"). Morgan & Morgan, like all of the other plaintiffs' firms, agreed to the Billing Guidelines. In anticipation of filing an application, the 39 plaintiffs' firms in the leadership structure of the case submitted their hours to Co-Lead Class Counsel on or before August 23, 2024—the cutoff date to submit hours.

The Court appointed Michelle L. Kranz—an attorney independent of Co-Lead Counsel's law firms—to serve as Liaison Counsel and counsel responsible for record keeping related to time submissions. *See* ECF No. 28 at PageID #: 563. In that role, Attorney Kranz "collected, reviewed, and audited all time and expenses" submitted by all firms. Declaration of Michelle L. Kranz (ECF No. 520-4) at PageID #: 11521, ¶ 8. Attorney Kranz attested that she regularly confirmed work assignments and verified submitted time pursuant to the Billing Guidelines. *See* ECF No. 520-4 at PageID #: 11521-22.

The Court set July 1, 2024, as the cutoff date to lodge any objections to the settlement. *See* Order Granting Motion for Preliminary Approval of Settlement, Appointment of Lead Counsel, and Approval of Notice (ECF No. 458) at PageID #: 6182. That day came and went with no objections by Morgan & Morgan or any of Plaintiffs' other counsel. On September 6, 2024, Co-Lead Class Counsel and Morgan & Morgan jointly moved the Court to grant final approval of the proposed settlement and award attorneys' fees equaling 27% of the total

recovery. *See* Plaintiffs' Motions for Final Approval of Settlement (ECF No. 518) and Award of Attorneys' Fees and Expenses and Service Awards (ECF No. 520).

In response to an objection to how the attorneys' fees would be distributed, Co-Lead Class Counsel and Morgan & Morgan proposed language that, in line with other settlements, authorized Co-Lead Class Counsel (without Morgan & Morgan) to "distribute the fees in a manner that, in the judgment of Co-Lead Class Counsel, fairly compensates each firm for its contribution to the prosecution of Plaintiffs' claims." [Revised Proposed] Order Granting Attorneys' Fees, Expenses, and Service Awards (ECF No. 538-5) at PageID #: 12399-400, filed on September 23, 2024; *see also* Plaintiffs' Reply Memorandum (ECF No. 538) at PageID #: 12345 (citing *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269 at *8 (N.D. Ohio Feb. 26, 2015)); Fed. R. Civ. P. 23(h); 5 William Rubenstein, *Newberg and Rubenstein on Class Actions* § 15:23 (6th ed. Supp. 2026) ("it is implicit in such deference [to self-allocation by Co-Lead Class Counsel of the aggregate fee] that it is the court that has the final authority on how the fee is allocated among counsel").

On September 25, 2024, the Court conducted a fairness hearing at which Seth A. Katz, one of the Co-Lead Class Counsel, argued for empowering class counsel to apportion fees to the plaintiffs' firms. *See* Transcript (ECF No. 553) at PageID #: 14523. Rather than objecting to the proposal, T. Michael Morgan of Morgan & Morgan was silent. Indeed, his lone injection into the hearing was to wave at the district court to note his presence. *See* ECF No. 553 at PageID #: 14429 (''THE COURT: Mr. Morgan, will you gesture? MR. MORGAN: (Indicating.)'').

On September 27, 2024, the Court granted Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Service Awards related to the Class Action Settlement Agreement

reached between Plaintiffs and Norfolk Southern. *See* Order (ECF No. 556) at PageID #: 14578 ("The Court grants Co- Lead Class Counsel authority to distribute the fees in a manner that, in the judgment of Co-Lead Class Counsel, fairly compensates each attorney and/or firm for their contribution to the prosecution of Plaintiffs' class claims.").

The September 2024 Order approving the settlement makes clear that the Court would retain jurisdiction to "resolv[e] issues relating to or ancillary to" the settlement, including "ensuring compliance" with the settlement and any connected court orders. ECF No. 557 at PageID #: 14586. Pursuant to the settlement's quick pay provision, Co-Lead Class Counsel began allocating fees among the 39 firms representing the injured plaintiffs. They assessed Morgan & Morgan's share of the fees at nearly $8 million[1] only four (4) days before the quick pay provision allowed Co-Lead Class Counsel to disburse the funds. *See* Memorandum in Support (ECF No. 664-1) at PageID #: 46335 ("In fact, on October 7, 2024, class counsel sent an email to Attorney Morgan saying, 'We have finalized the allocations and need wire instructions[.]'"). Allocations were finalized by the end of the first week of October 2024, and distributions largely followed thereafter.

Four weeks after the Court gave final approval of the $600 million class action settlement, $162 million in attorneys' fees, and $18 million in costs, Morgan & Morgan challenged the distribution of attorneys' fees and implored the Court to reconsider some of its earlier rulings. *See* Morgan & Morgan & Co-Lead Counsel T. Michael Morgan's Motion to

---

[1] Once fully reviewed, Morgan & Morgan's total approved time totaled 2,711 hours exclusive of 371 hours categorized as document review. *See* Transcript (ECF No. 986) at PageID #: 68856:7-10. The Court notes that Co-Lead Class Counsel now state that Morgan & Morgan had 377 or 370 approved document review hours. *See* Response (ECF No. 1051) at PageID #: 73021; 73024; 73027.

Clarify, Alter, Amend or Reconsider Order (ECF No. 556), and to Enjoin Distribution of Attorneys Fees Prior to Resolution of Appeals (ECF No. 664), filed on October 25, 2024. Despite having been awarded $7,723,709.87 in attorneys' fees (and receiving those fees at an expedited pace), Morgan & Morgan took issue with the process for awarding those fees. In particular, Morgan & Morgan moved the Court to "enjoin the distribution of attorney fees pending the resolution of appeals, and to amend the fee Order (ECF 556) to include a process for judicial review of the fee allocation and appoint Co-Lead Counsel T. Michael Morgan to participate in the allocation process." ECF No. 664 at PageID #: 46330. Morgan & Morgan asserted that there may be issues with its individual fee award, contending that the allocation process lacked transparency, leaving it "unclear whether all approved hours have been compensated in the allocation process." ECF No. 664-1 at PageID #: 46343. After conducting a Telephonic Conference at which Morgan & Morgan raised a new issue of its fee allocation for the first time, *see* ECF No. 986, the Court refused to reverse its earlier decisions. *See* Order (ECF No. 689). Morgan & Morgan appealed. *See* Notice of Appeal (ECF No. 713).

The United States Court of Appeals for the Sixth Circuit subsequently ruled: "We largely agree. Save for a narrow issue as to Morgan & Morgan's specific allocation of the total fee award, which we remand for consideration by the district court, we affirm." *In re E. Palestine Train Derailment*, 160 F.4th 751, 754 (6th Cir. 2025). The Sixth Circuit remanded the case to this Court to allow the Court to exercise its "comparative expertise in scrutinizing the underlying fee agreement" when evaluating Morgan & Morgan's arguments. *Id.* at 763.[2]

---

[2] The Court responds to the majority's opinion; the concurrence does not constitute binding authority. *See* *Fed. Exp. Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d

(continued...)

## II. Law and Analysis

Morgan & Morgan contended in the Sixth Circuit that the district court erred in three (3) respects: (1) by approving the Class Action Settlement Agreement's quick pay provision; (2) authorizing Co-Lead Class Counsel to manage the allocation of attorney's fees among the 39 plaintiffs' firms; and, (3) failing to scrutinize Co-Lead Class Counsel's underlying calculations, which allegedly undervalued Morgan & Morgan's contribution to the litigation. *See id.* at 756. As stated above, only the "*narrow* issue as to Morgan & Morgan's specific allocation of the total fee award" was reversed and remanded to the district court for further proceedings. *Id.* at 754 (emphasis added). Therefore, Morgan & Morgan's request in the within motion to be given leave to request written discovery from and depose Co-Lead Class Counsel regarding the second contention is denied.

Morgan & Morgan claimed in the Sixth Circuit that the district court erred in failing to verify Co-Lead Class Counsel's underlying calculations and decision making, which purportedly undervalued Morgan & Morgan's contribution to the litigation. It argued that Co-Lead Class Counsel misallocated fees, depriving Morgan & Morgan of its full allotment.

---

[2](...continued)
962, 966 n. 2 (6th Cir. 1991) ("a concurring opinion has no binding authority"); *see also Rice v. Great Seneca Fin. Corp.*, Nos. 2:04-cv-0951, 2:04-cv-972, 2010 WL 2541626, at *5 (S.D. Ohio June 18, 2010) ("the view expressed by Great Seneca and the Javitch law firm that the concurring opinion by Judge Oliver dictates the issues on remand is incorrect. Judge Moore clearly delivered the opinion of the court in which Judge Oliver concurred."), *report and recommendation adopted*, Nos. 2:04-cv-0951, 2:04-cv-972, 2010 WL 3910308 (S.D. Ohio Oct. 5, 2010); Ryan M. Moore, *I Concur! Do I Matter?: Developing A Framework for Determining the Precedential Influence of Concurring Opinions*, 84 Temple L. Rev. 743, 743 Spring (2012) ("concurring opinions written by a single appellate-level jurist are not considered binding upon lower courts and have almost no dispositive impact upon the law on which they speak"). *Cf. Maryland v. Wilson*, 519 U.S. 408, 412-13 (1997) (language in a concurrence is not "binding precedent").

Co-Lead Class Counsel insisted during the Telephonic Conference with the undersigned, *see* ECF No. 986 at PageID #: 68856:7-9, and on appeal that Morgan & Morgan received the same leadership multiplier as Co-Lead Class Counsel.[3] Consistent with that position, they further explain that Morgan & Morgan's attorneys' fees were "established by applying the same formula to Morgan & Morgan [ ] as that applied to other law firms." ECF No. 1051 at PageID #: 73016. Co-Lead Class Counsel also argue that the Court already has sufficient information to determine that Morgan & Morgan was fairly compensated relative to its contributions in this matter based on objective measures stemming from the guidelines that the Court approved in the early days of litigation. They urge that there is no basis for Morgan & Morgan to conduct discovery because the allocation system was applied fairly and objectively to Morgan & Morgan at the time attorneys' fees were apportioned. According to Co-Lead Class Counsel, the Court need only explain its decision regarding whether Morgan & Morgan's contributions to this litigation were undervalued; it need not consider additional argument or evidence.

---

[3] All four Co-Lead Counsel firms received a higher multiplier on their non-document review hours based on their leadership role in the litigation because Co-Lead Class Counsel correctly anticipated that Co-Lead Counsel would continue to incur hours defending the Settlement and overseeing payments to the Class. *See* ECF No. 1051 at PageID #: 73025. According to Co-Lead Class Counsel, Morgan & Morgan "has not contributed whatsoever to the continued defense of the Settlement, the Class, or any individuals within both" since August 23, 2024. ECF No. 1051 at PageID #: 73024-25. A review of the Docket Sheet reveals that Morgan & Morgan has not attended any hearing before or conference with the Court on behalf of any class member since September 25, 2024. In addition, the Court received an email message from a class member on February 3, 2026 that provides, in relevant part: "There was a large group of us that were asked to join a video conference call on January 15, 2026 and we were told by our attorneys Morgan and Morgan that because of lack of communication from Epiq that Morgan & Morgan could no longer represent us. They stated that due to not having access to any updated information or communication they had to drop everyone as their clients and have told us to reach out to the train derailment company directly in order to receive information."

Given the Sixth Circuit's remand of the narrow issue as to Morgan & Morgan's specific allocation of the total fee award, the Court will allow limited discovery about Morgan & Morgan's own individual allocation and whether the methodology was objectively applied by Co-Lead Class Counsel to determine Morgan & Morgan's fee. Keeping in mind that the Sixth Circuit affirmed the Court's Order (ECF No. 556) authorizing Co-Lead Class Counsel to manage the allocation of attorney's fees among the 39 firms in the leadership structure of the case at bar, if it is not already in possession of information it purports to seek in discovery, Morgan & Morgan is given 60 days from the date of the within Order to request written discovery from and to depose Co-Lead Class Counsel. No extensions shall be anticipated.

## III. Conclusion

For the reasons set forth herein, Morgan & Morgan's Motion for Leave to Seek Discovery from Co-Counsel Related to Calculation and Allocation of Fees (ECF No. 1050) is granted in part.

The Clerk shall forthwith forward by email to Attorneys T. Michael Morgan and Josh Autry a copy of the email message the Court received from a class member on February 3, 2026. *See* n. 3, *supra*.

IT IS SO ORDERED.

October 15, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge